

**Fishman | Stewart** PLLC
INTELLECTUAL PROPERTY

39533 Woodward Ave., Ste. 140
Bloomfield Hills, Michigan 48304 USA
Tel: +1 (248) 594-0600
Fax: +1 (248) 594-0610

**Douglas P. LaLone**
+1 (248) 594-0650
dlalone@fishstewip.com

**VIA ECF AND FACSIMILE**

September 28, 2017

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007
Fax: (212) 805-7986

Re:   *Bytemark, Inc. v. Xerox Corp. et al.*, Case No. 1:17-cv-01803

Dear Judge Gardephe:

We represent Defendants Xerox Corp. ("Xerox"), ACS Transport Solutions, Inc. ("ACS"), Xerox Transport Solutions, Inc. ("Xerox Transport"), Conduent, Inc. ("Conduent"), and New Jersey Transit Corp. ("NJ Transit") (collectively "Defendants").

Pursuant to Rule IV(A) of the Individual Rules of Practice of this Court, we hereby request a pre-motion conference with regard to Defendants' anticipated motion to dismiss with respect to Counts One through Ten for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), improper venue pursuant to Fed. R. Civ. P. 12(b)(3), and/or indefinite statement pursuant to Fed. R. Civ. P. 12(e). Further, Defendants request an extension of the 25-page limit to 75 pages. Defendants propose that the pre-motion conference be incorporated into the initial conference, which is currently scheduled for October 5, 2017 at 10:00 a.m.

We had several conferences with Mr. Darius Keyhani, counsel for Plaintiff Bytemark, Inc. ("Bytemark") to discuss issues Defendants identified with Plaintiff's original Complaint (DN 1) and first filed Amended Complaint (DN 37), which resulted in the two extensions of 30 days (see DN 34) and 14 days (see DN 39) for Plaintiff to file amended Complaints, the latest of which was filed on September 21, 2017. (DN 40). On September 22, 2017, we had another conference with Mr. Keyhani in which we indicated that there still existed issues with the First Amended Complaint, and both parties agreed that these issues were not likely to be resolved in yet another amended Complaint. Accordingly, Defendants submit herewith this pre-motion letter outlining the deficiencies with Plaintiff's First Amended Complaint.

Further pursuant to Rule IV(A), we note that because this pre-motion letter concerns a motion to dismiss, submission of this letter will stay the Defendants' time to answer or otherwise move with respect to the Amended Complaint.



### A. Piercing of the Corporate Veil to Xerox Has Not Been Established

All of Counts One Through Ten are brought against Xerox. The Amended Complaint alleges no specific acts attributable to Xerox for any of the Counts, but attempts to pierce the corporate veil from ACS Transport and Xerox Transport to Xerox. (*See e.g.*, DN 40 ¶¶ 8, 11, and 12). However, the Amended Complaint does not allege that Xerox's alleged "complete direction and control" was used to commit a fraud or wrong that injured Plaintiff. *See e.g.*, *Reynolds v. Lifewatch, Inc.*, 136 F. Supp. 3d 503, 525 (S.D.N.Y. 2015) (citing *MAG Portfolio Consult, GMBH v. Merlin Biomed Grp.*, 268 F.3d 58, 63 (2d Cir.2001)). In addition, the allegations supporting the piercing of the corporate veil (e.g., "that the Xerox Entities shared common office space, address and/or phone numbers… that the Xerox Entities' funds, profits, and property were intermingled; that the Entities were not treated as independent profit centers; that there was inadequate capitalization; that there was a disregard of corporate formalities; and that the other Entities' debts were guaranteed and paid by Xerox") are merely conclusory, and therefore are insufficient to establish Xerox's liability for any of the Counts. *See e.g.*, *Naftali v. New York Deferred Exch. Corp.*, 2017 U.S. Dist. LEXIS 130936, at *30 (E.D.N.Y. 2017). Accordingly, Plaintiff has failed to state a claim upon which relief may be granted for all Counts at least with respect to Xerox, and therefore the Amended Complaint should be dismissed.

### B. Counts One and Two for Patent Infringement (Rule 12(b)(6))

Plaintiff asserted USPN 9,239,993 ("the '993 patent") and 8,494,967 ("the '967 patent") (collectively "the Asserted Patents"), both entitled "Method And System For Distributing Electronic Tickets With Visual Display" against all Defendants, but has failed to state a claim for which relief may be granted because the Asserted Patents are directed to patent-ineligible subject matter.

In particular, the Court should dismiss the counts for patent infringement because the Asserted Patents are ineligible under 35 U.S.C. § 101. Invalidity under Section 101 is a question of law that may be properly considered on the pleadings. *Lumen View Tech. v. Findthebest.com, Inc.*, 984 F. Supp. 2d 189, 204 (S.D.N.Y. 2013); *see also Crypto Research, LLC v. Assay Abloy, Inc.*, 2017 U.S. Dist. LEXIS 23008, at *8 (E.D.N.Y. 2017) (citing *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607 (Fed. Cir. 2016) (concluding patented process was abstract, and thus patent-ineligible, on a Rule 12(b)(6) motion to dismiss); *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (2014) (finding patented material ineligible for protection on a Rule 12(b)(6) motion to dismiss). The Asserted Patents clearly fail to meet the threshold for patent eligibility under Section 101.

The Supreme Court established a two-step "framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Alice Corp. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). In step one, the Court must "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Id.* at 2355. In step two, the Court must "search for an 'inventive concept' … that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Id.* "[C]omputer functions that are 'well-understood, routine, conventional activit[ies]" previously known to the industry" or that merely



Case 1:17-cv-01803-PGG   Document 41   Filed 09/28/17   Page 3 of 5

Fishman | stewart PLLC
INTELLECTUAL PROPERTY

Hon. Paul G. Gardephe
September 28, 2017
Page 3

"require a generic computer to perform generic computer functions" fail to satisfy part two. *Id.* at 2359 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1294 (2012)). Here, the asserted patent claims do not survive the *Alice Corp* analysis.

Applying step one, the Asserted Patents are directed to the abstract idea – nothing more than a "fundamental economic practice long prevalent in our system of commerce" and a "method of organizing human activity," which are abstract ideas according to the Supreme Court. *Alice Corp.*, 134 S. Ct. at 2356-57. Comparable to the Asserted Patents, the Federal Circuit "recognized that merely presenting the results of abstract processes of collecting and analyzing information, without more (such as identifying a particular tool for presentation), is abstract as an ancillary part of such collection and analysis." *Electric Power Group, LLC v. Alstom S.A. et al.*, 830 F.3d 1350, 1354 (Fed. Cir. 2016). The Federal Circuit also held that "conditioning and controlling access to data based on payment" constitutes an abstract idea. *Smartflash LLC et al. v. Apple Inc.*, 680 Fed. Appx. 977, at *7 (Fed. Cir. 2017). According to the Federal Circuit, the Asserted Patents are clearly directed to an abstract idea, requiring evaluation under part two of the *Alice Corp.* test.

With regard to step two, the Asserted Patents only implement an abstract idea with generic computer technology that adds nothing inventive, thus failing to transform the abstract idea into patent-eligible subject matter. The Federal Circuit has held that "reading, receiving, and responding to payment validation data and, based upon the amount of payment, and access rules, allowing access to multimedia content" with nothing more than "generic computer components" ***does not*** "transform [the] abstract idea into a patent-eligible invention." *Smartflash*, at *7. Further, the asserted claims "do not even require a new source or type of information, or new techniques for analyzing it" and merely "provide a 'humanly comprehensible' amount of information [that] does not transform the otherwise-abstract processes." *Electric Power*, 830 F.3d at 1355. As such, "[n]othing in the claims, understood in light of the specification, requires anything other than off-the-shelf, conventional computer, network, and display technology for gathering, sending, and presenting the desired information." *Id.* The Federal Circuit has "repeatedly held that such invocations of computers and networks that are not even arguably inventive are 'insufficient to pass the test of an inventive concept in the application' of an abstract idea." *Id.*

Accordingly, the Asserted Patents are not patent-eligible under Section 101, thereby necessitating dismissal of Counts One and Two for patent infringement.

### C. Counts Four Through Six for Misappropriation of Trade Secrets (Rule 12(b)(6))

Plaintiff asserts misappropriation of trade secrets in violation of the Defend Trade Secrets Act ("DTSA") (Count Four), New York common law (Count Five), and the New Jersey Trade Secrets Act (Count Six) against all Defendants. The Amended Complaint defines Plaintiff's alleged trade secrets as including "a unique compilation of proprietary information including mobile ticketing development technology and know-how, design and implementation of mobile ticketing technology applications including those relating to its **patented visual validation systems**, back-end application and system management, maintenance and service, user data and account management and associated security features, and aspects of Bytemark's pricing, sales



initiatives and profit generation paradigm." (Emphasis added). (DN 40 ¶ 25). The Amended Complaint does not specify what categories of trade secrets were allegedly misappropriated by Defendants, just broadly referring to Plaintiff's trade secrets. Indeed, the only specific "trade secret" described with any specificity anywhere in the Complaint relates to Plaintiff's patented technology, as the Amended Complaint alleges that "[t]he Xerox Entities offered for sale and sold their infringing visual validation applications and systems, including the exemplary product/system the MyTix mobile application incorporating Bytemark's proprietary technology, to NJ Transit". (DN 40 ¶ 35). However, because patented technology, by its very nature of being patented and therefore in the public domain, it cannot be a trade secret, and the Amended Complaint has not described any other trade secret allegedly misappropriated. Accordingly, Plaintiff has failed to state a claim of misappropriation under state and federal law, and therefore, Counts Four through Six should be dismissed.

### D. Count Seven for Tortious Interference Under NY Law (Rule 12(b)(6))

The Amended Complaint fails to establish that the Defendants acted for a wrongful purpose or used dishonest, unfair, or improper means. *See Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003). The Amended Complaint alleges that the Defendants "interfered with Plaintiff's business relationship with New York Waterway and in so doing, used dishonest, unfair, and improper means." (DN 40 ¶¶ 129). As one example, the Amended Complaint alleges that "[o]n information and belief, NJ Transit developed a cooperative transportation strategy" and "[a]s part of this scheme, NJ Transit, in collaboration with the Xerox Entities and Conduent, offered to provide New York Waterway with Bytemark's proprietary technology." (DN 40 ¶ 130). However, such conduct does not amount to either a crime or an independent tort, nor does any other alleged conduct, and the Amended Complaint does not allege facts that any of the Defendants employed "wrongful means", e.g., physical violence, fraud or misrepresentation, civil suits and criminal prosecutions. *See Abbas v. Martin*, 2017 U.S. App. LEXIS 7403 (2d Cir. 2017); *see also Tri-Star Light Corp. v. Goldstein*, 2017 N.Y. App. Div. LEXIS 5180, at *8 (N.Y. App. Div.2d Dep't June 28, 2017) (stating that "[a]n allegation that the defendant was motivated solely by malice or intended to inflict injury by unlawful means is required." (internal quotation marks omitted)). Accordingly, Plaintiff has failed to state a claim for tortious interference, and therefore Count Seven should be dismissed.

### E. Count Eight for Unfair Competition Under NY Law (Rule 12(b)(6))

A common law unfair competition claim under New York law is generally the "bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *See Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 198 (2d Cir. 2001) (finding that there was no unfair competition because there was no evidence that defendants acted in bad faith). Here, the Amended Complaint alleges that "Defendants acted in bad faith and exploited Bytemark's exclusive commercial advantage", and referenced a "guise of forming a partnership with Plaintiff". (DN 40 ¶ 136). However, none of NJ Transit, Xerox, or Conduent ever formed or communicated an intention to form a partnership with Plaintiff. The Amended Complaint does not allege any other facts that support an allegation of bad faith by any of these Defendants, and therefore, their grouping together within the collective "Defendants" is improper and falls short of the pleading requirements of *Iqbal* and



*Twombly*. Accordingly, Plaintiff has failed to state a claim for unfair competition, and therefore, Count Eight should be dismissed.

### F. Counts Nine and Ten for Unjust Enrichment Under NY and NJ Law (Rule 12(b)(6))

Plaintiff has not alleged how either Xerox, Conduent, or NJ Transit has benefitted other than a mere lumping of all the Defendants together. *See Boccardi Capital Sys. v. D.E. Shaw Laminar Portfolios, L.L.C.*, 2009 U.S. Dist. LEXIS 15486, at *21 (S.D.N.Y. Feb. 9, 2009) ("A claim for unjust enrichment will be dismissed where a plaintiff fails to allege that a benefit was conferred on defendant 'for which plaintiffs should have been compensated or to which plaintiffs were entitled.'"). Accordingly, Plaintiff has failed to state a claim for unfair competition, and therefore, Counts Nine and Ten should be dismissed.

### G. Lack of Personal Jurisdiction (Rule 12(b)(2)), Improper Venue (Rule 12(b)(3)), and Request for More Definite Statement (Rule 12(e))

The Amended Complaint has failed to establish personal jurisdiction and proper venue over all of the Defendants. For example, Plaintiff has failed to establish how ACS and Xerox Transport, Georgia corporations, have continuous and systematic contacts and business activities within the state of New York, or that there were any infringing acts in New York, other than general conclusory statements. In addition, Plaintiff has not alleged how any of ACS, Xerox Transport or NJ Transit "resides" in this District, nor alleged how they "committed acts of infringement and [have] a regular and established place of business" in this District. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). Further, the Amended Complaint confusingly alleges conduct by the collective Defendants throughout, even when not applicable to all Defendants. Thus, the Amended Complaint should be dismissed for lack of personal jurisdiction and improper venue. Alternatively, this Court should require a more definite statement for all Counts.

### H. Conclusion

Accordingly, Defendants respectfully ask for leave to file a motion to dismiss Plaintiff's Amended Complaint. In view of the multitude of issues presented, Defendants also respectfully request an extension of the 25-page limit to 75 pages.

Very truly yours,

**FISHMAN STEWART PLLC**

Douglas P. LaLone
**Counsel for the Defendants**

cc: David Ryan Dehoney, Esq. (via ECF)
David Sochia, Esq. (via ECF)
Dariush Keyhani, Esq. (via ECF)