**MEREDITH & KEYHANI, PLLC**
**125 Park Avenue, 25th Floor**
**New York, New York 10017**
212-760-0098
Facsimile: 212-202-3819
www.meredithkeyhani.com
_____

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial:  212-380-1325

September 28, 2017

**VIA ECF**
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

Re: *Bytemark, Inc. v. Xerox Corp. et al., 1:17-cv-01803-PGG*

Dear Judge Gardephe:

      The parties write this updated joint letter pursuant to the Court's March 22, 2017 Order (Dkt. No. 13).  The initial conference is scheduled for October 5, 2017 at 10:00 a.m.

      Bytemark, Inc. ("Bytemark") is the owner of all rights, title, and interest in and to United States Patent Nos. 8,494,967 ("the '967 patent") and 9,239,993 ("the '993 patent") (collectively the "Patents-in-Suit") and trade secret and confidential information relating to the design and development of the systems and applications and technical support and back-end management and service of its visual validation mobile ticketing technology.  Bytemark filed this action against Defendants asserting federal and state claims including patent infringement under 35 U.S.C. § 271, breach of contract under New York law, violation of the Defend Trade Secrets Act, Misappropriation of Trade Secrets under New York law, Misappropriation of Trade Secrets under New Jersey Trade Secret Act N.J.S.A. 56:15-1, et seq., Tortious Interference with Business Relations under New York law, Unfair Competition under New York law, and Unjust Enrichment.

      The Parties had previously entered into a series of Nondisclosure Agreements and Teaming Agreements for the purpose of potentially developing joint proposals and/or bids relating to providing mobile ticketing solutions to prospective clients in the mass transit industry.  Pursuant to these agreements, Bytemark disclosed its proprietary and confidential information to Defendants.  Bytemark's claims arise out of Defendants' violation of these agreements and subsequent sales and offers to sell visual validation mobile ticketing applications and systems that infringe the asserted claims of the Patents-in-Suit and unlawful use of Bytemark's trade secret and confidential information.  Defendants' arguments are inserted below in brackets.

[Defendants disagree with Bytemark's allegations.  Not only are Bytemark's allegations vague and ambiguous, but they are inaccurate and improper.  Bytemark failed to perform an adequate pre-suit investigation.  Defendants have not violated any agreements with Bytemark.  Bytemark has no trade secrets, and Defendants have not misappropriated or unlawfully used Bytemark's information.  The patents-in-suit are invalid and the Defendants do not infringe.  Bytemark's tortious interference and unjust enrichment claims are baseless as well.  Bytemark has not been harmed by Defendants.]

As discovery proceeds in the case, Plaintiff will determine the necessity of any motions to compel, or other discovery motions.  At the close of fact discovery, Plaintiff will also determine whether it will request leave from the Court to file any dispositive motions with respect to one or more claims.  Plaintiff's necessity for other motions during the course of this litigation, including pretrial motions, will be determined at a time consistent with and in accordance with the Case Management Plan and Scheduling Order entered by the Court in this case.

[Defendants contemplate the following motions: FRCP Rule 12 motions, motions to dismiss, motions to stay, motions to strike, summary judgement motions for invalidity and non-infringement, motions to compel, and motion for attorney fees.

Defendants are requesting leave to file a motion to dismiss.  This will be discussed at the Oct. 5th hearing.  Defendants propose that discovery be stayed pending the Court's resolution of the motion. If the Court does not wish to stay discovery, then defendant's propose the following dates below.]

Defendants' allegations and proposed motion are without merit and Plaintiff opposes any stay of discovery or otherwise in this action.

At this time the prospect of settlement is unknown.

The Parties' revised proposed Case Management Plan and Scheduling Order is attached as Exhibit A.

        Respectfully submitted,

        /s/ Dariush Keyhani
        Dariush Keyhani


cc:  Defendants' counsel of record