UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bytemark, Inc.

　　　　　　　　　　　　Plaintiff(s),

　　　　- against -

XEROX CORP., et al.

　　　　　　　　　　　　Defendant(s).

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

1:17 Civ. 1803 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

　　　　After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.　All parties **do** ☐ / **do not** ☐ consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). [**Check one.**]

2.　This case **is** ☑ / **is not** ☐ to be tried to a jury. [**Check one.**]

3.　No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4.　A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5.　The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6.　The parties must complete <u>fact</u> discovery no later than  March 30, 2018 .
　　[**Insert date; typically 90 days from issuance of this scheduling order.**]

7.　If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.    Serve initial requests for production of documents by November 13, 2017. **[Insert date; typically 2 weeks from issuance of this scheduling order.]**

    b.    Serve interrogatories by November 13, 2017. **[Insert date; typically 2 weeks out from issuance of this scheduling order.]**

    c.    Complete depositions of fact witnesses by March 30, 2018. **[Insert date; typically 90 days from issuance of this scheduling order .]**

        i.    Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    d.    Serve requests to admit no later than February 1, 2018. **[Insert date; typically 75 days out from issuance of this scheduling order.]**

8.    The parties must complete <u>expert</u> discovery no later than May 30, 2018. **[Insert date; typically 30 days after end of fact discovery.]**

    a.  Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by March 29, 2018. **[Insert date; typically 90 days from issuance of this order.]** Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by April 16, 2018. **[Insert date; typically 2 weeks later.]**

    b.  No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph (a). The parties

2