Hon. Paul G. Gardephe<br>
October 24, 2017<br>
Page 1 of 2

**MEREDITH & KEYHANI, PLLC**
125 Park Avenue
25th Floor
New York, New York 10017

---

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial: (212) 380-1325

**VIA ECF AND FACSIMILE**

October 24, 2017

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007
Fax: (212) 805-7986

Re: *Bytemark, Inc. v. Xerox Corp. et al.*, Case No. 1:17-cv-01803

Dear Judge Gardephe:

We represent Plaintiff Bytemark, Inc. We write in response to Defendants' letter dated October 23, 2017, and request that the Court deny Defendants' renewed request for leave to file a motion to dismiss Plaintiff's First Amended Complaint. Plaintiff opposes Defendants' request to file its motion for the substantive reasons set forth in its October 3, 2017 letter to the Court. Additionally, Plaintiff opposes Defendant's request based on the Court's opinions and directions set forth on the record during the Hearing held on October 16, 2017. During this Hearing, the Court made a preliminary finding that all of Defendants' arguments in connection with its proposed motion to dismiss—with the exception of Count 7—lack merit. We agree with the Court's position and believe that Defendants' proposed motion to dismiss would be unnecessary and a waste of the Court's and the parties' time and resources. Regarding Count 7 for tortious interference with business relations under New York law, as noted in Defendants' letter, Plaintiff has decided to withdraw this claim based on the Court's direction.

Furthermore, we object to Defendants' request to extend the page limit to 50 pages and double the page limit permitted by this Court's Rules. We see no reason why Defendants cannot conform to the 25-page limit, especially now that, according to Defendants, "the motion will only be for Counts 1 and 2 for patent infringement, Count 8 for unfair competition under New York law as it relates to Conduent and NJ Transit, and Counts 9 and 10 for unjust enrichment under New York and New Jersey law, respectively, with respect to NJ Transit." Defendants' unreasonable request would place an unnecessary additional burden on the Court and Plaintiff and is a waste of time and resources—particularly in this case, where Defendants' proposed motion is without merit.

Hon. Paul G. Gardephe
October 3, 2017
Page 2 of 2

Finally, as stated in Defendants' October 23, 2017 letter, if the Court does grant Defendants' request for leave to file its motion, Plaintiff wishes to reserve its right to file a sur-reply.

For the foregoing reasons, Plaintiff respectfully asks that the Court deny Defendants' request for leave to file a motion to dismiss the First Amended Complaint and Defendants' request for a page limit extension.  We thank the Court for its time and consideration.

Very truly yours,

*Dariush Keyhani*

Dariush Keyhani
Counsel for Plaintiff


cc:    Defendants' Counsel of Record (via ECF)