# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-01803-PGG |
| | § | Hon. Paul G. Gardephe |
| XEROX CORP., ACS TRANSPORT | § | |
| SOLUTIONS, INC., XEROX | § | |
| TRANSPORT SOLUTIONS, INC., | § | |
| CONDUENT INC., and | § | |
| NEW JERSEY TRANSIT CORP., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' MEMORANDUM IN REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COUNTS ONE, TWO, EIGHT, NINE, AND TEN OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

**ORAL ARGUMENT REQUESTED FOR: January 15, 2018 at 10:00 a.m.**

TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT ................................................................................... 1

II.  DEFENDANTS' REBUTTAL ARGUMENTS ............................................................ 1

   A. Counts One and Two Should Be Dismissed Because Plaintiff Failed to State a Claim Under Rule 12(b)(6) as the Patents are Directed to Non-Statutory Subject Matter ......... 1

      1. Plaintiff Concedes De Novo Review is Proper ........................................................ 1

      2. There Is No Presumption of Validity for a Patent's Subject Matter Eligibility – Plaintiff's Case Law is Not Controlling ................................................................... 1

      3. Plaintiff's Failure to Address the Asserted Claims Is Fatal ..................................... 2

      4. Plaintiff Failed to Rebut "The Asserted Claims are Directed to the Abstract Idea of Conditioning and Controlling Access to the Data Based on Payment" ..................... 3

      5. Plaintiff's Assertions Regarding Preemption are Not Supported by the Claims and are Thus Irrelevant .................................................................................................... 4

      6. Claim Construction is Unnecessary for a Resolution of this Motion ....................... 4

      7. Plaintiff's Alleged Inventive Concept is not Recited in the Claims and Thus is Irrelevant to the § 101 Analysis ................................................................................ 5

      8. The Federal Circuit Has Already Held Plaintiff's Alleged Inventive Concept to be Non-Inventive ............................................................................................................ 5

   B. The Court Should Dismiss Count Eight for Unfair Competition Under New York Law Because Plaintiff Has Failed to State a Claim Under Rule 12(b)(6) ............................... 7

      1. Unfair Competition is Precluded .............................................................................. 7

      2. The Complaint Failed to Allege Bad Faith by Conduent and NJ Transit ................ 8

   C. Plaintiff Failed to State a Claim for Unjust Enrichment under New York Law .............. 8

   D. Plaintiff Failed to State a Claim For Unjust Enrichment Under New Jersey Law Against Conduent and NJ Transit ..................................................................................... 9

III. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Accenture Glob. Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336 (Fed. Cir. 2013).................. 2
*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) ............................................... 2, 6
*Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016) ...................................................... 2
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .............................................................................. 1, 8, 10
*BASCOM Global Internet Servs. v. AT&T Mobility* LLC, 827 F.3d 1341 (Fed. Cir. 2016) .......... 6
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................... 10
*Cereus Prod. Dev., Inc. v. Boom LLC*,
  14 civ. 4292, 2015 U.S. Dist. LEXIS 73503 (S.D.N.Y. June 5, 2015) .......................................... 7
*DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) ................................... 6
*Elec. Power Group, LLC v. Alstom S.A.,* 830 F.3d 1350 (Fed. Cir. 2016) .............................. 5,6, 7
*Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016)................................................... 6
*Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*,
  400 F. App'x 611 (2d Cir. 2010)................................................................................................ 9
*Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307 (Fed. Cir. 2016) .................. 2, 3, 4
*Iron Gate Sec., Inc. v. Lowe's Cos.*,
  15-cv-8814, 2016 U.S. Dist. LEXIS 101796 (S.D.N.Y. August 3, 2016) .......................... 1, 3, 5
*Kamdem-Ouaffo v. PepsiCo, Inc.,* 160 F. Supp. 3d 553 (S.D.N.Y. 2016) ..................................... 1
*Kickstarter, Inc. v. Fan Funded, LLC*,
  11 Civ. 6909, 2015 U.S. Dist. LEXIS 84015 (S.D.N.Y. June 29, 2015) .................................... 2
*Microsoft Corp. v. i4i Ltd. Pship*, 131 S. Ct. 2238 (2011).............................................................. 2
*RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*,
  No. 14CV6294, 2015 U.S. Dist. LEXIS 111823 (S.D.N.Y. Aug. 24, 2015).............................. 7
*ScentSational Techs., LLC v. PepsiCo, Inc.*,
  13 cv 8645, 2017 U.S. Dist. LEXIS 162723 (S.D.N.Y. Sep. 14, 2017) ..................................... 8
*Smart Systems Innovations, LLC v. Chi. Transit Auth.*,
  2016-1233, 2017 U.S. App. LEXIS 20333 (Fed. Cir. October 18, 2017) ................................. 3
*Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138 (Fed. Cir. 2016) ................................... 2
*Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709 (Fed. Cir. 2014)..................................................... 1
*Verint Systems v. Red Box Recorders Ltd.*, 226 F. Supp. 3d 190 (S.D.N.Y 2016) ..................... 1, 3

**Statutes**

35 U.S.C. § 101................................................................................................................*Passim*

**I.     PRELIMINARY STATEMENT**

"[P]laintiff has not 'nudged [its] claim across the line from conceivable to plausible[;] the complaint must be dismissed.'" *Kamdem-Ouaffo v. PepsiCo, Inc.,* 160 F. Supp. 3d 553, 561 (S.D.N.Y. 2016) (internal citations omitted). Plaintiff's assertions "are no more than 'naked assertions devoid of further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)   This motion should be granted.

**II.    DEFENDANTS' REBUTTAL ARGUMENTS**

    **A. Counts One and Two Should Be Dismissed Because Plaintiff Failed to State a Claim Under Rule 12(b)(6) as the Patents are Directed to Non-Statutory Subject Matter**

        **1. Plaintiff Concedes De Novo Review is Proper**

Plaintiff did not contest that this Court reviews questions of patent eligibility under § 101 de novo, as a question of law. Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss (*"Pl's Memo")*, p. 4. Plaintiff also did not rebut that patent eligibility under § 101 "is a pure question of law." Thus, this Court reviews questions of patent eligibility under § 101 de novo, as a question of law.

        **2. There Is No Presumption of Validity for a Patent's Subject Matter Eligibility – Plaintiff's Case Law is Not Controlling**

No presumption of eligibility attends the § 101 inquiry.  Defendants' Memorandum of Law in Support of Motion to Dismiss ("*Defs. Memo*"), pp. 4-5 (citing *Verint Systems v. Red Box Recorders Ltd*., 226 F. Supp. 3d 190, 194 (S.D.N.Y 2016) (quoting *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 717, 720-21 (Fed. Cir. 2014) (Mayer, J., concurring)); *Iron Gate Sec., Inc. v. Lowe's Cos.*, 15-cv-8814, 2016 U.S. Dist. LEXIS 101796, at *14 (S.D.N.Y. August 3, 2016)). "While it is true that, to the extent the Court as factfinder must make factual determinations, the 'clear and convincing' standard applies (e.g., whether a patent's elements existed in prior art), to

1

the extent that the Court is drawing legal conclusions (e.g., whether the subject matter is patent-eligible under § 101), no such standard applies. *Kickstarter, Inc. v. Fan Funded, LLC*, 11 Civ. 6909, 2015 U.S. Dist. LEXIS 84015, at *16-17 (S.D.N.Y. June 29, 2015). *See also Microsoft Corp. v. i4i Ltd. Pship*, 131 S. Ct. 2238, 2253 (2011). There is no presumption of validity and reliance on the clear and convincing evidence standard is improper for a § 101 determination.[1]

### 3. Plaintiff's Failure to Address the Asserted Claims Is Fatal

For both steps under *Alice Corp* the focus is on the claims. It is error to rely, as Plaintiff did here, on "technological details set forth in the patent's specification and not set forth in the claims to find an inventive concept." *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1322 (Fed. Cir. 2016). "The § 101 inquiry must focus on the language of the Asserted Claims themselves." *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1149 (Fed. Cir. 2016). The Federal Circuit has explained, for example, that the "complexity of the implementing software or the level of detail in the specification does not transform a claim reciting only an abstract concept into a patent-eligible system or method." *Accenture Glob. Servs. v. Guidewire Software, Inc.*, 728 F.3d 1336, 1345 (Fed. Cir. 2013); *see also, e.g., Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1242 (Fed. Cir. 2016). As set forth by this Court, "questions relevant to the step two analysis include (1) Is there an improvement <u>recited</u>? (2) Is there a benefit <u>recited</u>? (3) Is something new <u>recited</u>? (4) Does the patent have one or more particular applications? (5) What are the <u>steps and limits to be followed</u> in applying the invention?" *Iron Gate*, at *27-28 (Emphasis added). Here, Plaintiff failed to reference the language of a <u>single claim term</u> and

---

[1] Plaintiff's reliance on *DietGoal* Innovations is improper as it does not reflect current law, is unpublished and is nonprecedential. Plaintiff's reliance on *BASCOM* is misleading in the context of Section 101 standards as it   fails to mention a "presumption of validity" or a burden of "clear and convincing evidence".

merely parroted legal standards without application to the claims. *See* Pl's. Memo pp. 10-19.[2] Accordingly, Plaintiff's analysis is fatally flawed. *Intellectual Ventures,* at 1307.

> **4. Plaintiff Failed to Rebut "The Asserted Claims are Directed to the Abstract Idea of Conditioning and Controlling Access to the Data Based on Payment"**

Plaintiff failed to perform an analysis of the abstract idea of "conditioning and controlling access to the data based on payment" and instead complained about Defendants' methodology, omissions and dissection of the claims. Remarkably, Plaintiff failed to identify a single claim term that was allegedly omitted, oversimplified, or dissected and instead cited *Verint Systems* which does not support its position. *Verint* says "no presumption of eligibility attends [the] § 101 inquiry." Plaintiff's complaints amount to mere distractions – which is fatal to Plaintiff's analysis under § 101.

Plaintiff next argues *Smart Systems* does not apply, stating the claims at issue in *Smart Systems* "involve <u>acquiring identification data</u> from a bankcard, using the <u>data to verify the validity</u> of the bankcard, and <u>denying access</u> to a transit system if the bankcard…" and "involved <u>generic computer functions to deny or grant access to a transit system</u> based on whether a credit card is valid or invalid." *Smart Systems Innovations, LLC v. Chi. Transit Auth.*, 2016-1233, 2017 U.S. App. LEXIS 20333, at *11 (Fed. Cir. October 18, 2017). (emphasis added). Plaintiff, however, failed to establish how these features are distinguishable from the asserted claims.[3] Instead, Plaintiff argues generally that "the Patents-in-Suit are directed to improving specific problems rooted in computer technology and arising in the realm of mobile electronic ticketing and are analogous to a new type of processing ticket data information that improves existing

---

[2] By contrast, Defendants have met their burden by their detailed comparisons between the claims at issue and those already found to be directed to an abstract idea. Defs. Memo, pp. 6-34.
[3] Again, this is because Plaintiff failed to conduct any analysis of its claims.

technological processes." Pl's Memo, p. 11. Again, said alleged improvements and the supposed new type of processing ticket data information are **nowhere to be found in the claims**. Defs. Memo, pp. 9-16. This entire argument is irrelevant.

Plaintiff finally argues the alleged importance of an unclaimed concept of "provid[ing] a <u>human-perceivable</u> visual display that a venue can <u>rely on</u> to verify the ticket, <u>without using a scanning device</u>" and alleges "a nonconventional use of technology to improve the way servers and computers communicate with and transfer information with remote devices in the context of implementing a visual validation mobile electronic ticketing system." Pl's. Memo, pp. 12-13. Again, these alleged inventive concepts are not recited in the claims. It is error for Plaintiff to rely on "technological details set forth in the patent's specification and not set forth in the claims to find an inventive concept." *Intellectual Ventures*, at 1322.  This motion should be granted.

### 5. Plaintiff's Assertions Regarding Preemption are Not Supported by the Claims and are Thus Irrelevant

Plaintiff argues preemption drives the 101 analysis and contends that Defendants' arguments regarding the claims being "completely devoid of any specific structure, improved technological result or specific rules of format" were "contradicted by the specifications and language of the claim" Pl's. Memo, p. 16, but Plaintiff fails to identify such a specific structure, improved technological result or specific rules in the claims, or provide a single utterance from the claims that somehow salvages them under Plaintiff's theory. Accordingly, Plaintiff's assertions regarding preemption have no bearing on the claims.

### 6. Claim Construction is Unnecessary for a Resolution of this Motion

Plaintiff criticizes Defendants' characterization of the invention and technological environment and argues these issues should be "informed by the opinion of one of ordinary skill in the art, not by attorney argument." Pl's. Memo, p. 17. Plaintiff merely rehashes arguments, but

4

failed to identify any term for which claim construction is necessary. Comparable to the present matter, "while the parties have made generalized arguments about claim construction, no particular term in the patent has been put at issue. Accordingly, claim construction is unnecessary for resolution of this motion." *Iron Gate*, at *14-15.

### 7. Plaintiff's Alleged Inventive Concept is not Recited in the Claims and Thus is Irrelevant to the § 101 Analysis

Plaintiff alleged "the claims of the Patents-in-Suit are directed to improving specific problems rooted in computer technology and arising in the realm of mobile electronic ticketing and are analogous to <u>a new type of processing ticket data information</u> that improves existing technological processes." Pl's. Memo, p. 11 (Emphasis added). However, the claims do not recite a "new type of processing ticket data information," nor has Plaintiff even alleged an inventive concept in the claims. Accordingly, the alleged inventive concept is not supported by the claims and thus is irrelevant to the § 101 inquiry.

### 8. The Federal Circuit Has Already Held Plaintiff's Alleged Inventive Concept to be Non-Inventive

The Federal Circuit has already held Plaintiff's alleged inventive concept "a new type of processing ticket data information", Pl's. Memo, p. 11, to be abstract. To wit, "merely selecting information, by content or source, for collection, analysis, and display does nothing significant to differentiate a process from ordinary mental processes, whose implicit exclusion from § 101 undergirds the information-based category of abstract ideas." *Elec. Power Group, LLC v. Alstom S.A.*, 830 F.3d 1350, 1355 (Fed. Cir. 2016). "The claims in this case do not even require a new source or type of information, or new techniques for analyzing it." *Id*. at 1355. "They do not invoke any assertedly inventive programming." *Id*. "Merely requiring the selection and manipulation of information—to provide a 'humanly comprehensible' amount of information

useful for users, ... by itself does not transform the otherwise-abstract processes of information collection and analysis." *Id*.

The claims are further invalid in light of the only three Federal Circuit decisions cited by Plaintiff in support of patent eligibility – *BASCOM Global Internet Servs. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016); and *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014). The claims do not require an inventive concept in "the installation of a filtering tool at a specific location," thus distinguishing the claims at issue from those in *BASCOM*. *Electric Power*, at 1356 (quoting *BASCOM*, at *6). Further, the claims are focused on uses to which existing computer capabilities could be put, but not a specific improvement - a particular database technique - in how computers could carry out one of their basic functions of storage and retrieval of data, as in *Enfish*. *Electric Power* at 1353 (citing *Enfish* at 1335-36); see *BASCOM* at 1341; see *Alice*, at 2360 (noting basic storage function of generic computer). Also, the claims do not require an arguably inventive device or technique for displaying information as in *DDR Holdings*. *Electric Power*, at *1355 (quoting *DDR Holdings* at 1257 (finding an inventive concept in a dual-source integrated hybrid display)). As the Federal Circuit noted in *DDR Holdings*, there "the claimed solution [was] necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." 773 F.3d at 1257. By contrast, here the claims provide a "visual validation display object configured to be readily recognizable visually" by eyes of a human ticket taker – this is an old solution to an old problem associated with, e.g., "the old system: looking at the paper ticket and tearing it in half" as admitted by the specification. '967 Patent, claims 1, 17 and 18, col 1, ln 34-35; see also '993 patent, claims 1 and 8, col 1, ln 37-38. The asserted claims do not include any requirement for performing the

claimed functions by use of anything but entirely conventional, generic technology. *See Electric Power*, at *1356. The claims therefore do not state an arguably inventive concept in the realm of application of the information-based abstract ideas. *See Id*. Accordingly, Plaintiff's alleged inventive concept is non-inventive and thus the patents are invalid.

> **B. The Court Should Dismiss Count Eight for Unfair Competition Under New York Law Because Plaintiff Has Failed to State a Claim Under Rule 12(b)(6)**
>
> **1. Unfair Competition is Precluded**

Plaintiff argued "Bytemark's unfair competition claim is not 'purely based on allegations of patent infringement or copying of an unpatented product' … and 'include[s] additional elements not found in the federal patent law cause of action'" and they allege misappropriation of trade secrets. Pl's. Memo, pp. 19-20. However, these allegations stem from the same set of facts as Plaintiff's breach of contract claim, which similarly precludes the unfair competition claim. *See e.g.*, Dkt. No. 40 ¶ 93 Thus, all bases for Plaintiff's unfair competition claim are precluded by the other Counts in the Complaint.

With respect to preclusion by the breach of contract claim, Plaintiff argued "[h]ere, unlike the cases cited by Defendants, Bytemark is not simply restating or reasserting its allegations for breach of contract, nor is it seeking to obtain the benefit of the contractual bargain through a tort action." Pl's. Memo, p. 22. However, each example arises out of the same subject matter as the breach of contract claim. *See Cereus Prod. Dev., Inc. v. Boom LLC*, 14 civ. 4292, 2015 U.S. Dist. LEXIS 73503, at *8 (S.D.N.Y. June 5, 2015). *See* Dkt. No. 40 ¶¶ 74, 81 & 82.

Thus, the underlying allegations in support of Plaintiff's unfair competition claim are merely restating, albeit in different language, the <u>contractual obligations</u> asserted in the breach of contract claim. *See RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 14CV6294, 2015 U.S. Dist. LEXIS 111823, at *5-6 (S.D.N.Y. Aug. 24, 2015). The examples do not establish a

**legal duty** independent of the contract itself that has been violated. *See ScentSational Techs.,* at *59. Thus, the unfair competition claim is precluded by the breach of contract claim, and accordingly, should be dismissed with respect to Xerox, ACS, and Xerox Transport.

### 2. The Complaint Failed to Allege Bad Faith by Conduent and NJ Transit

Plaintiff argued that "[a]t this preliminary stage of the pleadings, the Complaint's factual allegations – including that '[u]nder the guise of forming a partnership with Plaintiff, Defendants led Plaintiff to disclose its valuable intellectual property, trade secrets, and other confidential information' – sufficiently plead Defendants' bad faith." Pl's. Memo, p. 24. Plaintiff also argued that "Bytemark's position is that it believed it had formed partnerships with all Defendants" and that "[s]ome of these partnerships were based in the Confidentiality Agreements, and others, including those formed with Conduent and NJ Transit, were not." *Id*. However, the Complaint does not allege on what factual basis those other partnerships with Conduent and NJ Transit are based. Because such alleged relationships are the source of Plaintiff's allegation of bad faith, the lack of any further factual allegations describing the relationships with any modicum of detail fails to meet the pleading standards of Rule 8(a). *See Iqbal*, at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Therefore, Plaintiff has failed to plead bad faith on the part of Conduent and NJ Transit and Count Eight should be dismissed as to these Defendants.

### C. Plaintiff Failed to State a Claim for Unjust Enrichment under New York Law

Plaintiff argued its NY claim for unjust enrichment does not duplicate or replace Bytemark's patent infringement, misappropriation of trade secrets, or breach of contract claims, and further, that "the scope of Bytemark's unjust enrichment claim – along with the factual

allegations upon which it is based – differs from each of these other claims." Pl's. Memo, pp. 26-27. However, Plaintiff did not explain how the unjust enrichment claim and the underlying facts are different from these other tort claims, or how no adequate remedy at law exists. *See Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010). Plaintiff further argued that "defendants provide no example of another claim in the Complaint where Plaintiff's unjust enrichment claim is duplicated." Pl's. Memo, p. 27. However, Plaintiff noted that the Complaint alleges that the Defendants' allegedly unlawful conduct includes the alleged infringement of Plaintiff's Patents-in-Suit and misappropriation of Plaintiff's trade secrets. *Id*. at 26. It is unclear how such conduct is not duplicative of claims for patent infringement and misappropriation. The Complaint does not allege any facts independent of these allegations in support of unjust enrichment. Accordingly, the unjust enrichment claim is merely duplicative of the adequate remedies at law sought in Counts One through Six, and therefore, Count Nine for unjust enrichment should be dismissed as to all Defendants.

### D. Plaintiff Failed to State a Claim For Unjust Enrichment Under New Jersey Law Against Conduent and NJ Transit

Plaintiff alleged that "the Complaint pleads facts sufficient to establish a direct relationship between Bytemark and Conduent and Bytemark and NJ Transit", referencing as support the allegation from the Complaint that "Plaintiff shared its valuable intellectual property, trade secrets, and other confidential information with Defendants with the expectation of remuneration in the form of future joint ventures and business contracts." Pl's. Memo, p. 28. Plaintiff further argued "Bytemark is *not* required to provide the precise details regarding its sharing of intellectual property, trade secrets, and other confidential information with Conduent and NJ Transit in order to plausibly claim the existence of a direct relationship." *Id*. at pp. 29-30 (emphasis in original). While the precise details may not be required, some factual basis more

than merely stating that Plaintiff shared information with all of the Defendants with the expectation of remuneration, such as the entering into Confidentiality Agreements, is required. *See Iqbal*, at 678. Plaintiff argued that Confidentiality Agreements were not the only way for Conduent and NJ Transit to have a direct relationship with Bytemark, but the Complaint provided absolutely no details of what those other ways may be. Thus, the allegation in the Complaint relied upon by Plaintiff as establishing a direct relationship is nothing more than a formulaic recitation of the elements of unjust enrichment under New Jersey law, and has failed to "nudge [the] claims across the line from conceivable to plausible." *Bell Atl. Corp v. Twombly*, at 570. Accordingly, Plaintiff has not established a direct relationship between Bytemark and Conduent and Bytemark and NJ Transit and Count Ten should be dismissed.

### III.   CONCLUSION

Defendants' motion should be granted, and Counts One and Two for patent infringement, Count Eight for unfair competition under New York law, and Count Nine for unjust enrichment under New York law should be dismissed with respect to all Defendants, and Count 10 for unjust enrichment under New Jersey law should be dismissed with respect to Conduent and NJ Transit.

Dated: December 11, 2017

Respectfully submitted,

*/s/Douglas P. LaLone*
Douglas P. Lalone, Esq.
Michael T. Fluhler, Esq.
Thomas E. Donohue, Esq.
Christopher W. Wen, Esq.
Fishman Stewart PLLC
39533 Woodward Ave., Suite 140
Bloomfield Hills, MI 48304
Tel.: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com
mfluhler@fishstewip.com
tdonohue@fishstewip.com
cwen@fishstewip.com

*/s/David Dehoney*
David Dehoney
McKool Smith
One Bryant Park
47th Flr
New York, NY 10036
Tel: (212) 402-9424
Fax: (212) 402-9444
ddehoney@mckoolsmith.com

*/s/David Sochia*
David Sochia
McKool Smith
300 Crescent Court
Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4245
Fax: (214) 978-9444
dsochia@mckoolsmith.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 11, 2017, Defendants' Reply to Plaintiff's Response to Defendants' Motion to Dismiss Counts One, Two, Eight, Nine and Ten of Plaintiff's First Amended Complaint was served via e-mail on the following counsel of record:

Dariush Keyhani
*Counsel for Plaintiff Bytemark*
Meredith & Keyhani, P.L.L.C.
125 Park Avenue, 25th Floor
New York, NY 10017
(211) 380-1325
Dkeyhani@meredithKeyhani.com


                                                                */s/Sara N. Jodoin*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:17-cv-01803-PGG |
| § | Hon. Paul G. Gardephe |
| XEROX CORP., ACS TRANSPORT § | |
| SOLUTIONS, INC., XEROX § | |
| TRANSPORT SOLUTIONS, INC., § | |
| CONDUENT INC., and § | |
| NEW JERSEY TRANSIT CORP., § | |
| § | |
| Defendants. § | |

## [PROPOSED] ORDER

Before the Court is Defendants' motion to dismiss Counts One, Two, Eight, and Nine of Plaintiff's First Amended Complaint with respect to all Defendants, and Count Ten with respect to Defendants Conduent Inc. and New Jersey Transit Corp (the "Motion"). Having considered the motion, the Memorandum of Law and Exhibits A-H filed in support thereof, as well as the opposition papers of Plaintiff, and Defendant's Reply Memorandum filed in support of the Motion, the Court is of the opinion that the Motion should be GRANTED, and Counts One, Two, Eight, and Nine of Plaintiff's First Amended Complaint are dismissed with respect to all Defendants, and Count Ten is dismissed with respect to Defendants Conduent and NJ Transit.

SO ORDERED:

_____                    _____
DATE                                                                              Paul G. Gardephe
                                                                                         United States District Judge