

39533 Woodward Ave., Ste. 140
Bloomfield Hills, Michigan 48304 USA
Tel: +1 (248) 594-0600
Fax: +1 (248) 594-0610

**Douglas P. LaLone**
+1 (248) 594-0650
dlalone@fishstewip.com

**VIA ECF AND FACSIMILE**

August 31, 2018

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007
Fax: (212) 805-7986

  Re: *Bytemark, Inc. v. Xerox Corp. et al.*, Case No. 1:17-cv-01803-PGG

Dear Judge Gardephe:

  This letter is in response to Your Honor's Order dated August 27, 2018 (Dkt. No. 68) requesting that the parties (1) provide an update on the status of the *inter partes* review of U.S. Patent No. 8,494,967 ("the '967 Patent"); and (2) address whether this action should be stayed pending resolution of the *inter partes* review.

  With regards to the status of the *inter partes* review, the Oral Hearing was held on August 22, 2018 and the undersigned counsel argued the Petitioner's invalidity positions. During the Oral Hearing, the final official record for both parties was set forth. Patent Trial and Appeal Board (PTAB) heard arguments directly dealing with multiple claim construction issues and their relevance to the prior art references set forth in the petition that was instituted. A decision from the Board is expected on December 4, 2018, and will address the issues of claim construction in addition to delivering a decision on the validity of the '967 Patent claims at issue in the present case. Defendants' position is that a *prima facie* case of invalidity has been made and that the Board will return a decision of invalidity of the '967 Patent.

  Defendants' submit that this action should be stayed pending resolution of the *inter partes* review. To this point, courts consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party; (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set; and (3) whether the stay will likely result in simplifying the case before the court. *Uniloc United States v. Avaya Inc.*, No. 6:15-CV-01168-JRG, 2017 U.S. Dist. LEXIS 168855 (E.D. Tex. Apr. 19, 2017) (citing *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 U.S. Dist. LEXIS 29573, at *5 (E.D. Tex. Mar. 11, 2015)); *cf. VirnetX Inc. v. Apple Inc.*, No. 6:12-CV-00855-RWS, 2018 U.S.



Hon. Paul G. Gardephe
August 31, 2018
Page 2

Dist. LEXIS 6212, at *8 (E.D. Tex. Jan. 12, 2018) (holding that the advanced stage of the proceedings weighs strongly against staying the case).

Regarding the first factor, courts have held that "[a]ny delay in the vindication of patent rights by a stay pending inter partes review of patent claims is prejudicial to a patent owner." *NFC Tech.*, U.S. Dist. LEXIS 29573, at *7. However, "that factor is present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *Id*. Further, here a decision in the *inter partes* review proceeding is only four months away, which is not a prejudicial amount of time for Plaintiff to have to wait to proceed with the present action.

Regarding the second factor, the present action has not reached an advanced stage. Discovery has not even begun, and Defendants' Motion to Dismiss (Dkt. Nos. 51, 52) is still pending. In *VirnetX*, at the time of Apple's motion to stay, the case had already spanned almost seven years, having been tried, appealed, remanded, and tried again. The Court in *VirnetX* noted that courts "'have been nearly uniform in granting motions to stay proceedings in the trial court' in light of instituted PTO proceedings", but found that the "unique circumstances … separate it from the mine-run of cases" granting such motions. *VirnetX*, 2018 U.S. Dist. LEXIS 6212, at *16. No such unique circumstances exist in the present action.

Regarding the third factor, staying this action will simplify the case before the court regardless of the outcome of the *inter partes* review. As noted by the court in *NFC Tech.*, "[i]f the proceedings before the PTAB result in confirmation of the patent claims being asserted in court, defendant will be estopped from challenging the validity of the claims on any ground that was, or could reasonably have been, asserted in the inter partes proceeding… On the other hand, if the proceedings result in cancelation of some or all of the asserted claims, either some portion of the litigation will fall away, or the litigation will come to an end altogether." *NFC Tech.*, U.S. Dist. LEXIS 29573, at *13.

Finally, the '967 Patent is at issue in the Texas litigation *Bytemark, Inc. v. Masabi Ltd.*, Case No. 2:16-cv-00543-JRG-RSP. In that case, the court has stayed the proceedings pending outcome of the *inter partes* review proceeding of the '967 Patent. The Order staying the case (Dkt. No. 137) and a subsequent Order confirming staying the case (Dkt. No. 144) are enclosed herewith for Your Honor's reference.

The consideration of the factors above weigh in favor of this action being stayed pending resolution of the *inter partes* review. Accordingly, Defendants respectfully request leave to file a Motion to Stay pending said resolution.



39533 Woodward Ave., Ste. 140  
Bloomfield Hills, Michigan 48304 USA  
Tel: +1 (248) 594-0600  
Fax: +1 (248) 594-0610

Respectfully submitted,

**FISHMAN STEWART PLLC**

*S/Douglas P. LaLone*
**Douglas P. LaLone**
**Thomas E. Donohue**
**Counsel for the Defendants**
39533 Woodward Ave., Ste. 140
Bloomfield Hills, Michigan 48304
Tel: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com
tdonohue@fishstewip.com

cc: David Dehoney, Esq. (via ECF)
David Sochia, Esq. (via ECF)
Dariush Keyhani, Esq. (via ECF)

Encl: Magistrate's Order from Texas case staying proceedings (Dkt. No. 137)
Magistrate's Order from Texas case confirming Order staying proceedings (Dkt. No. 144)