**MEREDITH & KEYHANI, PLLC**
125 Park Avenue, 25th Floor
New York, New York 10017
212-760-0098
Facsimile: 212-202-3819
www.meredithkeyhani.com

_____

Writer's Direct Email:
dkeyhani@meredithkeyhani.com
Direct Dial:  212-380-1325

August 31, 2018

**VIA ECF**

United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

Re: *Bytemark, Inc. v. Xerox Corp. et al., 1:17-cv-01803-PGG*

Dear Judge Gardephe:

      We represent the Plaintiff in the above referenced matter.  Plaintiff writes this letter pursuant to the Court's August 27, 2018 order (Dkt. No. 68).  The Patent Trial and Appeal Board held a hearing relating to Masabi, Ltd.'s *inter partes* review of U.S. Pat. No. 8,494,967 on August 22, 2018.  This IPR involves the single issue of whether the '967 patent is anticipated by the prior art under § 102.  The parties expect a Final Written Decision on this matter by December 4, 2018.

      Plaintiff respectfully submits that there is no basis to stay the instant case pending the result of a limited IPR challenge brought by a non-party that—even if the outcome were favorable to Defendants—would not streamline this case, result in estoppel, nor have any material effect on the parties' discovery.[1]  The IPR of the '967 patent, the *only* pending AIA petition,[2] relates to one issue of one cause of action[3] out of nine claims asserted by Plaintiff

---

[1] Regardless of whether the PTAB would find one or more claims of the '967 patent invalid, discovery would be substantially the same because both patents-in-suit share the same specification, are asserted against the same accused systems, and cover Plaintiff's systems.  The only possible difference would be that, if at least one claim of the '967 patent survives, Defendants would need to produce sales records predating those of the '993 patent.  Thus, there is no benefit in holding up discovery.

[2] As Plaintiff indicated in its July 13, 2018 letter, the U.S. Patent and Trademark Office denied in their entirety the only other AIA petitions asserted against the patents-in-suit (petitions for CBM of U.S. Pat. Nos. 8,494,967 (CBM2018-00011, Paper 12) and 9,239,993 (CBM2018-00018, Paper 11)).  *See* Dkt. No. 66.

[3] This cause of action is Count One of Plaintiff's First Amended Complaint.  *See* Dkt. No. 37.

1

before this Court.  Thus, staying this proceeding will not simplify the issues in this case: not only are Plaintiff's remaining eight causes of action not encumbered by any pending petitions or proceedings, the pending IPR only implicates a § 102 challenge against the claims of the '967 patent.[4]  All other patent eligibility and validity challenges Defendants may assert, including under §§ 101, 103, and 112, will remain for this Court to resolve.  Also, as Defendants did not join in Masabi's IPR, they are not bound by statutory estoppel.  *See* 35 U.S.C. § 315(e)(2); *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014) ("IPR's estoppel requirement precludes *the petitioner* from asserting an invalidity claim in a civil litigation on any ground that *the petitioner* raised or reasonably could have raised during that *inter partes* review.") (emphasis added); *see also CANVS Corp. v. United States*, 118 Fed. Cl. 587, 595 (2014) (explaining that estoppel did not apply because petitioner who sought the *inter partes* review concerning the patent-in-suit was a third party).  *Cf. Commc'ns, LLC v. D-Link Sys., Inc.*, No. SACV 17-00596 AG, 2018 WL 2734849, at *1 (C.D. Cal. Apr. 10, 2018) (explaining that non-petitioning defendants agreed to be bound by estoppel that would not otherwise apply).  Therefore, even if Plaintiff successfully defends the claims at issue on IPR, the Court would still have to address Defendants' § 102 challenge(s) anyway.[5]

Moreover, the opinions of the PTAB would provide little, if any, guidance to the Court as the substantive standards for determining validity (based on anticipation—the only grounds asserted in the Masabi Petition), and the evidentiary burdens are different on IPR than at the district court.  In particular, with respect to claim construction, in an IPR the Board gives a claim its "broadest reasonable construction in light of the specification of the patent in which it appears," which differs from the *Phillips*-based claim construction principles employed by district courts.  37 C.F.R. § 42.100(b).  Additionally, in an IPR, the petitioner has the burden of proving invalidity by a preponderance of the evidence, whereas at the district court the Defendant must prove invalidity by clear and convincing evidence.  Accordingly, the opinions of the PTAB would likely not aid in simplifying the issues in this case.

Finally, staying this case would be highly prejudicial to Plaintiff.  While the parties expect a decision from the PTAB before the end of this year, an appeal to the Federal Circuit is likely.  A stay would therefore allow Defendants to continue their unlawful conduct—not only infringement, but, e.g., misappropriation of Plaintiff's trade secrets and unfair competition—for years while denying Plaintiff a remedy.  This delay would be particularly prejudicial in this case, because the parties are direct competitors in an exclusive and highly niche market.  Given these unique circumstances, allowing Defendants' unlawful conduct to continue would provide Defendants with a critical market advantage that would irreparably damage Plaintiff's business.

---

[4] By contrast, the Masabi litigation in the Eastern District of Texas involves only two counts, both for patent infringement.  That court took the trial date off the calendar in October 2017, before the IPR petition was instituted and prior to any CBMs being filed.  The court has not reset the trial date and later stayed the case *sua sponte*.

[5] The Court also has the option to sever and stay the single count (Count One) potentially impacted by Masabi's IPR petition.

3

For these reasons, Plaintiff respectfully requests that the Court decline to order a stay in this this case.

Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani

cc: Defendants' counsel of record via ECF