# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

July 23, 2019

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

Re:  *Bytemark, Inc. v. Xerox Corp. et al.,* 1:17-cv-01803-PGG, motion to amend complaint.

      We represent Plaintiff Bytemark, Inc. ("Plaintiff"), in the above-referenced matter.  Pursuant to Rule IV(A) of the Individual Rules of Practice of this Court, we hereby request a pre-motion conference with regard to Plaintiff's anticipated motion for leave to file a third amended complaint. Plaintiff seeks to amend its complaint to add claims of infringement in light of Plaintiff's recently issued patents and Defendants' infringement of claims of these patents.  This is Plaintiff's first request relating to these infringement claims.

      On July 9, 2019, U.S. Patent No. 10,346,764 (the "'764 patent") was issued by the USPTO, and on July 23, 2019, U.S. Patent No. 10,360,567 (the "'567 patent") was issued by the USPTO.  On July 2, 2019, after an investigation of the claims of the '764 patent and the '567 patent and Defendants' MyTix/NJ Transit Application and system, Plaintiff notified Defendants that their application and system practices at least claim 1 of the '764 patent and at least claim 1 of the '567 patent[1] and that Plaintiff intends to seek leave to add claims of infringement to the instant lawsuit. On July 16, 2019, the parties met and conferred regarding the issue, and Defendants stated they would oppose Plaintiff's motion because of alleged case management scheduling concerns and Defendants' belief the newly issued patent claims are invalid under 35 U.S.C. §§ 101 and 102 based on a district court decision[2] and IPR involving other patents previously asserted in this case.[3]

---

[1] Plaintiff notified Defendants that their application and system practiced at least claim 1 of the '622 application, which has since issued as the '567 patent.

[2] *Bytemark, Inc. v. Masabi Ltd.*, 2:16-cv-00543-JRG-RSP (E.D.T.X.).

[3] The parties stipulated to dismiss without prejudice Plaintiff's patent infringement claims relating to the asserted claims of U.S. Patent Nos. 8,494,967 and 9,239,993 pending the outcome of Plaintiff's

Under the Federal Rules of Civil Procedure, leave to amend should be "freely give[n] … when justice so requires." Fed. R. Civ. P. 15(a)(2); *Pasternack v. Lab. Corp. of Am.*, 892 F. Supp. 2d 540, 549 (S.D.N.Y. 2012). It is well-established that leave to amend is "liberally granted." *See, e.g.*, *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). Indeed, "the Supreme Court has stated that, in the absence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment, the leave sought should be given." *Lincoln v. Potter*, 418 F. Supp. 2d 443, 455 (S.D.N.Y. 2006) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo,* 514 F.3d at 191. "'The type of prejudice that warrants denial of leave to amend is usually such that it puts [the opposing party] at an unfair disadvantage,' such as the addition of a new claim on the eve of trial." *Nycomed U.S. Inc., v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *12 (E.D.N.Y. Mar. 26, 2010) (citation omitted). An amendment is futile where it is legally insufficient on its face such that the amended claim could not survive a motion to dismiss. *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). "The burden of establishing prejudice or bad faith falls to the party opposing a motion to amend, as does the burden of establishing futility." *Ferring B.V. v. Serenity Pharm., LLC*, No. 17 CIV. 9922, 2019 WL 117316, at *2 (S.D.N.Y. Jan. 7, 2019).

### A. Plaintiff seeks to add claims of infringement to its complaint in good faith and without undue delay.

There is no bad faith or undue delay associated with Plaintiff's proposed amendment to its complaint. Plaintiff sought to amend its complaint immediately upon issuance of the '764 and '567 patents. As Plaintiff did not have a ripe claim of infringement prior to the issuance of these patents, Plaintiff could not have reasonably included these patent claims in this lawsuit at an earlier time. Additionally, Plaintiff put Defendants on notice that it intended to amend its complaint prior to the '764 patent and '567 patent issuing. As Plaintiff provided Defendants with notice of their infringing conduct and sought to add infringement claims as soon as the claims became ripe, there is no undue delay or bad faith.

### B. Defendants would not be prejudiced by the amendment.

Defendants would not be prejudiced by the proposed amendments to Plaintiff's complaint. The proposed amendments add no new parties and involve the same conduct already alleged against the Defendants, namely Defendants' use, offer for sale, and sale of its MyTix/NJ Transit application and system. Additionally, for purposes of judicial efficiency and the efficient use of the parties' resources, Plaintiff's proposed patent infringement claims (that relate to the exact accused application and systems at issue in this case) should be litigated in one case together and not be separated into two cases.

Further, adding these claims would not impact the schedule of this case. The Court has not yet entered a case management plan or protective order, and the parties have conducted substantially

---

appeals to the Federal Circuit involving the validity of those patents. (Dkt. Nos. 94 and 95). These patent infringement claims are not part of this case.

no discovery.[4]  Further, the parties have not scheduled or conducted any depositions.  As substantially no discovery has occurred in this case and Plaintiff's patent infringement claims directly relate to the accused application and system that is the subject of the other claims in this case (and thus discovery would substantially overlap), Defendants would not be prejudiced by the proposed amendment.

### C. Defendants cannot establish that Plaintiff's claims are futile.

Defendants cannot meet their burden of establishing Plaintiff's proposed claims of patent infringement are futile.  Bytemark's proposed claims of patent infringement involve the same parties and facts previously asserted by Plaintiff, involve the same accused application and system, and Plaintiff's rights stem from valid patents recently issued by the USPTO.

Additionally, any argument that Plaintiff's claims are futile because the previous patents asserted in this case were held invalid under 35 U.S.C. §§ 101 or 102 in Plaintiff's lawsuit against Masabi Ltd. ("Masabi") in the Eastern District of Texas or *inter partes* review would be without merit.  First, Bytemark's newly issued patents include different claims than those held invalid at the district court or IPR.  In the case of the district court decision, both prongs of the *Alice*[5] test focus on the claims and claim limitations of a patent.[6]  Thus, it is unavailing that Plaintiff's infringement claims arising from the newly issued patents would be futile merely because the patents may have overlapping specifications where the claims and claim limitations are distinct.  *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014).  With respect to the IPR, the PTAB did not institute review on all of the asserted claims, and the decision only involved one of the patents previously asserted[7] (and no longer part of this case) against Defendants.  Thus, any argument that all of Plaintiff's infringement claims stemming from the newly issued patents would be futile because of an IPR decision involving some claims of one patent is entirely meritless.

Second, Plaintiff is currently appealing the Masabi case based on numerous grounds, including the district court's failure to apply (or even state) proper evidentiary standards including that the patents enjoy the presumption of validity and Defendant must prove invalidity by clear and convincing evidence; the district court's failure to cite a single *Alice* case post-2017, including its

---

[4] During the pendency of this case, the parties have served discovery requests on each other but the parties have not served documents covered under the parties' proposed protective order on each other, as there is no protective order (Dkt. Nos. 90 and 91) in place at present.

[5] *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014).

[6] In *Alice*, the Supreme Court has established a two-step framework for distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts.  Step one considers whether the claims at issue are directed to a patent-ineligible concept.  If so, step two considers the claim elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application.  *Alice Corp.*, 573 U.S. at 216.

[7] The IPR only involved some claims of U.S. Patent No. 8,494,967 and no claims of U.S. Patent No. 9,239,993.

failure to mention or discuss *Berkheimer*[8] and progeny; and the district court's failure to consider the competing expert testimony[9] with respect to whether the patent claims contained an inventive concept. Thus, given these widespread errors, Defendants cannot establish that claims arising from the newly issued patents (which involve different patent claims) are futile.

Third, the '764 and '567 patents were examined under the most recent law and USPTO guidance. Indeed, in the '567 patent Notice of Allowance, the examiner stated that "the examiner cannot identify an abstract idea that the claims are directed to under the *new* 2019 Guidance." (emphasis added). Therefore, as the recently issued patents enjoy the presumption of validity and patentability under § 101 was expressly examined under the most current legal standards, Defendants cannot establish that Plaintiff's infringement claims are futile.

Accordingly, Plaintiff respectfully requests leave to file a motion to amend its complaint.

Very Truly Yours,

/s/Dariush Keyhani
Dariush Keyhani

cc: Defendants' counsel of record

---

[8] *Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018). This case has been described as a "precedential sea change" in patent subject matter jurisprudence under § 101. *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1378 n.3 (Fed. Cir. 2018).

[9] In addition to the question of fact raised by Plaintiff's expert witness, both this Court and a 35 U.S.C. § 101 subject matter expert found that the claims of the previously asserted patents contain an arguably inventive concept.