# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-01803 |
| | § | |
| XEROX CORP., ACS TRANSPORT | § | |
| SOLUTIONS, INC., XEROX | § | |
| TRANSPORT SOLUTIONS, INC., | § | |
| CONDUENT INC., and | § | |
| NEW JERSEY TRANSIT CORP., | § | |
| | § | |
| Defendants. | § | |

## ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS Plaintiff BYTEMARK, INC. ("Plaintiff") and Defendants Xerox Corp. ("Xerox"), ACS Transport Solutions, Inc. ("ACS"), Xerox Transport Solutions, Inc. ("Xerox Transport"), Conduent Inc. ("Conduent"), and New Jersey Transit Corporation ("NJ Transit") (collectively "Defendants") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

1.  **Applicability of this Protective Order:** This Proposed Protective Order for Confidential Information (the "Protective Order") governs any trial proceedings or hearings held in this action and will also be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" shall refer to the parties in this action that give testimony or produce documents or other information in this action; "Receiving Party" shall refer to the parties in this action that receive such information.

2.   **Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information defined as follows:

a.   For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "Confidential" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

b.   For purposes of this Protective Order, "Highly Confidential – Attorneys' Eyes Only Information" means any Confidential Information as defined in Section 2(a) above that is also extremely sensitive, highly confidential, non-public information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive

means. Such Highly Confidential – Attorneys' Eyes Only Information may include trade secrets; user data and associated security features; pricing information; forecasts, budgets, sales initiatives, and profit generation information; business dealing(s)with customers/prospective customers; proprietary marketing plans and analyses; information related to business competition of the Producing Party; and other related and/or similar information.

      c.     For the purposes of this Protective Order, "Highly Confidential – Source Code" Information means any Confidential Information as defined in Section 2(a) above that also consists of or represents computer code and associated comments and revision histories, formulas, or specifications that define or otherwise describe in detail the algorithms or structure of software/source code, the disclosure of which would create a substantial risk or serious harm that could not be avoided by less restrictive means.

3.    **Persons Authorized to Receive Confidential Information.** The following persons may have access to materials designated as "Confidential:"

      a.     Officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action who have signed the form attached hereto as Exhibit A;

      b.     Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

      c.     Individuals at or affiliated with any insurer with responsibility for managing this litigation in connection with the insurer's potential liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Exhibit A;

d.    this Court, including any appellate court, its support personnel, and court reporters;

e.    stenographers engaged to transcribe depositions the Parties conduct in this action;

f.    Consulting or testifying experts retained by counsel for a party (the "Retaining Party") in connection with this proceeding and who have signed the form attached hereto as Exhibit A ;

g.    A testifying witness at any deposition or other proceeding this action who is the author, sender, recipient, or otherwise has independent personal knowledge of the Confidential Information; and

h.    Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

4.    **Persons Authorized to Receive Highly Confidential – Attorney's Eyes Only and/or Highly Confidential – Source Code Information.** The following persons may have access to materials designated as "Highly Confidential – Attorneys' Eyes Only" and/or "Highly Confidential – Source Code:"

(a)    Outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(b)    consulting or testifying experts of a Retaining Party retained in connection with this proceeding who have signed the form attached hereto as Exhibit A;

(c)    this Court, including any appellate court, its support personnel, and court reporters; and

(d)    stenographers engaged to transcribe depositions the Parties conduct in this

action.

5.     Any copies, summaries, abstracts, or exact duplications of Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information shall be marked "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" and shall be considered Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information subject to the terms and conditions of this Protective Order.

6.     Prior to disclosing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information to a Receiving Party's expert or consultant, or employees, the Receiving Party must serve via electronic mail to the Producing Party a signed copy of the Acknowledgement attached hereto as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past expert or consulting relationships. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

7.     Upon receipt of the information described in Section 6, the Producing Party shall have ten (10) calendar days to serve a written objection to the proposed disclosure of its Confidential Information. The objection must be made for good cause and state, in writing, the specific reasons for such objection. If counsel for the Producing Party objects within ten (10) calendar days, there shall be no disclosure to such person except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) days of the service of the objection. On any motion brought pursuant to this Section, the Producing Party shall bear the

burden of showing why disclosure to that person should be precluded. Failure to timely object operates as a waiver of the Producing Party's right to object to disclosure of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information to such person; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

8. Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

9. Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, or the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Protective Order.

10. The inadvertent failure to designate information produced in discovery as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code shall not be deemed, by itself, to be a waiver of the right to so designate Discovery Materials as such. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such Discovery Materials to any other person prior to later designation of the Discovery Materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as

though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Sections 2(a) - 2(c).

11. If a Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

12. Any person in possession of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information in order to ensure that the confidential nature of the same is maintained.

13. Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential – Source Code" by indicating on the record at the time the testimony is given or within thirty (30) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential – Source Code." If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the final transcript, identifying the specific pages, lines, and/or counter numbers containing the Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly

Confidential – Source Code Information. If no confidentiality designations are made within the thirty (30) calendar day period, the entire transcript shall be considered non-confidential. During the thirty (30) calendar day period, the entire transcript and video shall be treated as Highly Confidential – Attorneys' Eyes Only Information. All originals and copies of deposition transcripts that contain Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information shall be prominently marked as such the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code deposition testimony shall be labeled in accordance with the provisions of Sections 2(a) - 2(c).

14.     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. For the avoidance of doubt, this does not prevent the Receiving Party's counsel, expert, or consultant from taking notes regarding the content and/or functionality of the source code for use in case preparation, or the expert/consultant's review and/or expert report. The Producing Party may visually monitor the activities of the Receiving Party during source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Receiving Party may request paper copies of limited portions of source code that its expert contends are reasonably necessary for the preparation of court filings,

pleadings, expert reports, or other papers, or for deposition or trial, but may not print the entire source code. The Producing Party shall provide all such source code in paper form including bates numbers and the label "Highly Confidential – Source Code." The Producing Party may challenge the amount of source code requested in paper form pursuant to the same dispute resolution procedure and timeframes set forth in Paragraph 7. The Receiving Party shall maintain all paper copies of the source code in a secured, locked area. The Receiving Party shall not create any electronic or additional paper copies of the paper source code unless necessary for court filings, pleadings, expert reports, or other papers, or for deposition or trial.

15. In accordance with Federal Rule of Evidence 502(d), the parties stipulate and agree, and the Court hereby orders, that the disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." In addition, the fact that a document or other material was disclosed shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has disclosed any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the Receiving Party that such document covered by the attorney-

client privilege and/or work product doctrine has been produced, the Receiving Party of said document or material shall return it and all copies within five (5) days to the Producing Party. After the return of the document(s) or material(s), the Receiving Party may challenge the Producing Party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court. In accordance with Federal Rule of Evidence 502(e), the Parties' foregoing stipulation and agreement on the effect of disclosure of Privileged Information is binding on the Parties regardless of whether or not the Court enters this Protective Order.

16. Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," and/or "Highly Confidential – Source Code" provided, however, that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information contrary to the terms of this Protective Order.

17. If a party files a motion or other pleading containing "Highly Confidential – Attorneys' Eyes Only" under seal, then within three (3) days of said filing, the filing party will provide a redacted version of the motion or pleading that the other party may share with "Persons Authorized to Receive Confidential Information" as set forth in Section 3 above, including in-house attorneys.

18. The provisions of this Protective Order shall also apply to materials and deposition testimony produced by non-parties in discovery in this action, and non-parties may designate their materials and deposition testimony as Confidential, Highly Confidential –

Attorneys' Eyes Only, or Highly Confidential – Source Code in accordance with the provisions of this Protective Order.

19.     The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, the right to seek a modification of this Protective Order; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a party designates or marks as containing Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

20.     If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile, or electronic mail transmission to all counsel of record for such Producing Party no later than within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested

discovery materials to the extent permitted by law. In the event a Producing Party objects to the production of the Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information in any manner, the Receiving Party shall not disclose or produce any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information absent a direct court order to do so. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful order issued in another action.

21. Within thirty (30) calendar days after the final disposition of this action, all Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information produced by a Producing Party(including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Receiving Parties. Each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, but only to the extent necessary to preserve a litigation file with respect to this action.

22.     This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

23.     The obligations of this Protective Order shall survive the termination of the action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

24.     In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

25.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

RESPECTFULLY SUBMITTED this October 8, 2019.


**Plaintiff's Counsel**

/s/ Dariush Keyhani
Dariush Keyhani

Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com


**Defendants' Counsel**

By: /s/ David R. Dehoney
David R. Dehoney
ddehoney@mckoolsmith.com
McKool Smith, P.C.
One Bryant Park, 47th Fl.
New York, NY 10036
Tel: (212) 402-9424
Fax: (212) 402-9444

Douglas A. Cawley
dcawley@mckoolsmith.com
David Sochia
dsochia@mckoolsmith.com
Ashley N. Moore
amoore@mckoolsmith
Marcus L. Rabinowitz
mrabinowitz@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4000
Fax: (214) 978-9444

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Dated: Dec. 23, 2019

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 1:17-cv-01803 |
| § | |
| XEROX CORP., ACS TRANSPORT § | |
| SOLUTIONS, INC., XEROX § | |
| TRANSPORT SOLUTIONS, INC., § | |
| CONDUENT INC., and § | |
| NEW JERSEY TRANSIT CORP., § | |
| § | |
| Defendants. § | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, declare as follows:

1.  My address is _____.

2.  My present employer is _____.

3.  My present occupation or job title is _____.

4.  I have received a copy of the Protective Order filed in the above-entitled action, signed by the Court on _____.

5.  I have carefully read and understand the provisions of the Protective Order.

6.  I agree to be bound by all provisions of the Protective Order and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

8.  I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

16

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                           (Signature)