IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP., <br><br> Defendants. | Case No. 1:17-cv-01803-PGG |

**PLAINTIFF BYTEMARK, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................................i

TABLE OF AUTHORITIES............................................................................................ii

I.       BACKGROUND................................................................................................1

II.      LEGAL STANDARD........................................................................................3

III.     ARGUMENT .....................................................................................................4

         A.      Bytemark seeks to add claims of infringement to its complaint in good faith and without undue delay. ..........................................................................................4

         B.      Defendants would not be prejudiced by the amendment.........................................6

         C.      Defendants cannot establish that Bytemark's claims are futile................................8

IV.      CONCLUSION ................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**

*002152706 Ontario Ltd. v. Changer & Dresser, Inc.*, No. 15-CV-20S(F), 2017 WL 11441754 (W.D.N.Y. Nov. 13, 2017) ....................................................................................... 4, 7

*Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354 (Fed. Cir. 2018) ................. 9

*Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014) ............................................................ 9, 10, 11

*Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343 (Fed. Cir. 2018) .................................... 9, 10

*A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311 (S.D.N.Y. 2014) ................................... 6

*Berkheimer v. HP Inc.*, 881 F.3d 1360 (Fed. Cir. 2018) ................................................................. 9

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ............................................................ 7

*ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759 (Fed. Cir. 2019) ............................... 11, 12

*Christiana Gen. Ins. Corp. of NY v. Great Am. Ins. Co.*, 745 F. Supp. 150 (S.D.N.Y. 1990) ........ 5

*Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408 (S.D.N.Y. 2013) ............................. 10

*Droplets, Inc. v. E*Trade Fin. Corp.*, No. 12 Civ. 2326 (CM) (S.D.N.Y. Mar. 25, 2014) ............. 4

*Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91 (S.D.N.Y. 2010) .................................... 4, 7

*E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006) ........................ 3

*Ferring B.V. v. Serenity Pharm., LLC*, No. 17 CIV. 9922, 2019 WL 117316 (S.D.N.Y. Jan. 7, 2019) ................................................................................................ 4, 5, 8, 12

*Foman v. Davis,* 371 U.S. 178 (1962) ............................................................................................ 4

*Grecia v. Bank of N.Y. Mellon Corp.*, 2020 WL 1244125 (S.D.N.Y. Mar. 13, 2020) ................. 12

*Guzman v. Bevona*, 90 F.3d 641 (2d Cir. 1996) ............................................................................. 5

*Index Fund Inc. v. Hagopian*, 91 F.R.D. 599 (S.D.N.Y. 1981) ...................................................... 7

*Inside Radio, Inc. v. Clear Channel Commc'ns, Inc.*, 209 F. Supp. 2d 302 (S.D.N.Y. 2002) ........ 6

*Interconnect Planning Corp. v. Feil*, 774 F.2d 1132 (Fed. Cir. 1985) ........................................... 9

*Katzman v. Sessions*, 156 F.R.D. 35 (E.D.N.Y. 1994) ............................................................... 3, 4

*Lucente v. IBM Corp.,* 310 F.3d 243 (2d Cir. 2002) ....................................................................... 8

*Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192
    (S.D.N.Y. Feb. 8, 2010) ............................................................................................................ 6, 7

*Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902, 2012 WL 3831535
    (S.D.N.Y. Aug. 16, 2012) ............................................................................................................. 8

*Monahan v. New York City Dep't of Corrections*, 214 F.3d 275 (2d Cir. 2000). .......................... 6

*Nycomed U.S. Inc., v. Glenmark Generics Ltd.*, 2010 WL 1257803
    (E.D.N.Y. Mar. 26, 2010) ............................................................................................................. 6

*Quentin Grp. LLC v. Interlink Prod. Int'l Inc.*, No. 97 CIV. 0108 SC, 1997 WL 313156
    (S.D.N.Y. June 9, 1997) ............................................................................................................... 8

*Resorts & Motel Advancement Dev. Agency v. Sloan*, 160 F.R.D. 449 (S.D.N.Y. 1995) ............. 7

*Ruotolo v. City of N.Y.*, 514 F.3d 184 (2d Cir. 2008) ................................................................. 3, 5

*Scheuer v. Rhodes,* 416 U.S. 232 (1974) ....................................................................................... 8

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir. 1981) ....................................... 6, 7

*Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175 (Fed. Cir. 2018) .................... 9

*Todd v. Exxon Corp.,* 275 F.3d 191 (2d Cir. 2001) ....................................................................... 8

*United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248 (2d Cir. 1989) .............. 6

*Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169 (S.D.N.Y. 2004) ... 6

*Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F. Supp. 2d 372 (S.D.N.Y. 2007) ............................... 4

**Statutes**

35 U.S.C. § 101 ..................................................................................................................... 2, 9, 11

35 U.S.C. § 102 ............................................................................................................................ 11

35 U.S.C. § 282 ............................................................................................................................ 10

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................................. 3

Plaintiff Bytemark, Inc. ("Bytemark") respectfully seeks leave to file a Third Amended Complaint (**Ex. D**) against Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively, "Defendants") to add patent infringement claims for recently issued U.S. Patent Nos. 10,346,764 ("the '764 patent") and 10,360,567 ("the "'567 patent") (collectively, "the newly issued patents"). The proposed amendment involves the same conduct already alleged against the Defendants, namely Defendants' use, offer for sale, and sale of the MyTix/NJ Transit application and system. For purposes of judicial efficiency and the prudent use of the parties' resources, Bytemark's proposed patent infringement claims—which relate to the exact accused application and systems already at issue in this case—should be litigated in one case together and not be separated into two cases.

I. **BACKGROUND**

Bytemark sued Defendants on March 10, 2017. In its complaint, Bytemark alleged infringement of certain claims of U.S. Patent Nos. 8,494,967 ("the '967 patent") and 9,239,993 ("the '993 patent") (collectively, "the earlier patents"), along with seven other causes of action involving Defendants' same infringing mobile ticketing applications and systems. (Dkt. #1.) On September 28, 2017, Defendants filed a letter application for leave to file a motion to dismiss. (Dkt. #41.) In this letter, Defendants argued that Bytemark had failed to state a claim for infringement of the earlier patents. In a telephone conference held on October 16, 2017, the Court stated that Bytemark "ha[d] likely pled a sufficiently inventive concept to survive a motion to dismiss." (10/16/17 Transcript at 16:14-16.) Defendants moved to dismiss Bytemark's patent infringement claims on December 11, 2017. (Dkt. #51, 52.)

On September 24, 2018, the Court stayed Bytemark's patent claims pending resolution of the *inter partes* review of the '967 patent. (Dkt. #71.) On February 7, 2019, the Eastern District of

1

Texas invalidated the asserted claims of the earlier patents under 35 U.S.C. § 101 as ineligible subject matter. *See Bytemark, Inc., v. Masabi Ltd.*, Civ. No. 2:16-cv-00543 (E.D. Tex.). On March 11, 2019, the parties in the instant case stipulated to dismiss without prejudice Bytemark's patent infringement claims relating to the earlier patents pending the outcome of Bytemark's appeals of the patents' validity to the Federal Circuit. (Dkt. #94, 95.) On February 10, 2020, a panel of the U.S. Court of Appeals for the Federal Circuit affirmed the district court's decision in a nonprecedential opinion, without comment, pursuant to Federal Circuit Rule 36. *See Bytemark, Inc. v. Masabi Ltd.*, 2019-1628 (Fed. Cir.).

Meanwhile, on July 9, 2019, the United States Patent and Trademark Office ("USPTO") issued the '764 patent ("Method and system for distributing electronic tickets with visual display for verification") **(Ex. A)**. On July 23, 2019, the USPTO issued the '567 patent ("Method and system for distributing electronic tickets with data integrity checking") **(Ex. B)**. The newly issued patents have overlapping specifications with the earlier patents but include different claims and claim limitations than those held invalid by the Federal Circuit. The newly issued patents were examined under the most recent law and USPTO guidance, and the USPTO granted the patents with full knowledge that the earlier patents had been held unpatentable. Indeed, in the '567 patent Notice of Allowance, the examiner stated that "the examiner cannot identify an abstract idea that the claims are directed to under the *new* 2019 Updated Guidance" (emphasis added). **(Ex. C, at 3.)**

Previously, on July 2, 2019, after an investigation of the claims of the newly issued patents and Defendants' MyTix/NJ Transit Application and system, Bytemark notified Defendants that their application and system practices at least claim 1 of the '764 patent and at least claim 1 of the

2

'567 patent[1] and that Bytemark intended to seek leave to add claims of infringement to the instant lawsuit. On July 16, 2019, the parties met and conferred regarding the issue, and Defendants stated they would oppose Bytemark's motion. On July 23, 2019, Bytemark requested a pre-motion conference with the Court regarding its anticipated motion for leave to file a third amended complaint. (Dkt. #98.)

The Court has not yet entered a case management plan in this case. On December 23, 2019, the Court entered its protective order. (Dkt. #102.) Prior to that date, the parties had served discovery requests on each other but had not produced documents covered under the protective order. Since the protective order was entered, only Bytemark has produced documents in response to the parties' discovery requests. The parties have not scheduled or conducted any depositions, and substantially no discovery has occurred in this case.

On March 17, 2020, the Court set deadlines for Bytemark's motion to amend its complaint. (Dkt. #103.) Pursuant to the Court's order, Bytemark now seeks to assert infringement of the two newly issued patents.

## II.   LEGAL STANDARD

A party may amend its pleading by the court's leave, and leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a)(2); *E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 282 (S.D.N.Y. 2006) ("This mandate to give leave freely is to be heeded.") (citations omitted). It is well-established that leave to amend is "liberally granted." *See, e.g.*, *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). The "discretionary approach of the federal rules fosters a full adjudication of the merits of the parties' disputes within a single

---

[1] Bytemark notified Defendants that their application and system practiced at least claim 1 of the '622 application, which has since issued as the '567 patent.

3

comprehensive proceeding." *Katzman v. Sessions*, 156 F.R.D. 35, 38 (E.D.N.Y. 1994). "Where ... the original and proposed claims are interrelated, it also serves judicial efficiency to permit them to be brought in the same action." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 102 n.5 (S.D.N.Y. 2010).

A motion to amend should only be denied "for good reasons, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Xerox Corp. v. Media Scis. Int'l, Inc.*, 511 F. Supp. 2d 372, 379 (S.D.N.Y. 2007) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The burden of establishing prejudice or bad faith falls to the party opposing a motion to amend, as does the burden of establishing futility." *Ferring B.V. v. Serenity Pharm., LLC*, No. 17 CIV. 9922, 2019 WL 117316, at *2 (S.D.N.Y. Jan. 7, 2019). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

Applying these principles, courts have allowed parties to amend their complaints to add new patent infringement claims. *See, e.g.*, *002152706 Ontario Ltd. v. Changer & Dresser, Inc.*, No. 15-CV-20S(F), 2017 WL 11441754, at *2 (W.D.N.Y. Nov. 13, 2017) (allowing plaintiff to add claim of infringement of recently issued continuation patent); *Droplets, Inc. v. E*Trade Fin. Corp.*, No. 12 Civ. 2326 (CM) (S.D.N.Y. Mar. 25, 2014) (allowing plaintiff to add claim of infringement of newly issued patent, even where amendment "could end up resulting in some very real inefficiencies").

### III. ARGUMENT

**A. Bytemark seeks to add claims of infringement to its complaint in good faith and without undue delay.**

4

Delay alone, in the absence of bad faith or prejudice, is not a sufficient reason for denying a motion to amend. *Ruotolo*, 514 F.3d at 191. "Parties have been permitted to assert new claims long after they acquired the facts necessary to support such claims, and have even been permitted to amend a complaint on the eve of trial." *Christiana Gen. Ins. Corp. of NY v. Great Am. Ins. Co.*, 745 F. Supp. 150, 164 (S.D.N.Y. 1990) (citations omitted); *see also Guzman v. Bevona*, 90 F.3d 641, 649 (2d Cir. 1996). "The burden of establishing prejudice or bad faith falls to the party opposing a motion to amend ...." *Ferring*, 2019 WL 117316, at *2.

There is no bad faith or undue delay associated with Bytemark's proposed amendment to its complaint. Bytemark sought to amend its complaint immediately upon issuance of the newly issued patents. The '764 patent issued on July 9, 2019, and the '567 patent issued on July 23, 2019. On July 16, 2019, Bytemark met and conferred with Defendants regarding amendment, and on July 23, 2019, Bytemark requested a pre-motion conference with the Court regarding its anticipated motion for leave to file a third amended complaint. As Bytemark did not have a ripe claim of infringement prior to the issuance of these patents, Bytemark could not have reasonably included these patent claims in this lawsuit at an earlier time.

Additionally, Bytemark put Defendants on notice that it intended to amend its complaint prior to the patents issuing. On July 2, 2019, after an investigation of the claims of the newly issued patents and Defendants' MyTix/NJ Transit Application and system, Bytemark notified Defendants that their application and system practices at least claim 1 of the '764 patent and at least claim 1 of the '567 patent and that Bytemark intended to seek leave to add claims of infringement to the instant lawsuit.

As Bytemark provided Defendants with notice of their infringing conduct and sought to add infringement claims as soon as the claims became ripe, there is no undue delay or bad faith.

### B. Defendants would not be prejudiced by the amendment.

"'The type of prejudice that warrants denial of leave to amend is usually such that it puts [the opposing party] at an unfair disadvantage,' such as the addition of a new claim on the eve of trial." *Nycomed U.S. Inc., v. Glenmark Generics Ltd.*, 2010 WL 1257803, at *12 (E.D.N.Y. Mar. 26, 2010) (citation omitted). "[O]nly *undue* prejudice justifies denial of leave to amend." *A.V.E.L.A., Inc. v. Estate of Monroe*, 34 F. Supp. 3d 311, 317 (S.D.N.Y. 2014) (emphasis in original). "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Id.* (citations omitted).

Prejudice results when the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000). "Whether a party had prior notice of a claim and whether the new claim arises from the same transaction as the claims in the original pleading are central to this determination." *A.V.E.L.A.*, 34 F. Supp. 3d at 317 (citing *Monahan,* 214 F.3d at 284). Thus, courts grants leave to amend where the new claims "relate[] closely to the original claim" or involve essentially the same facts underlying the previous claims. *See, e.g.*, *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *Urban Box Office Network, Inc. v. Interfase Managers, L.P.*, 232 F.R.D. 169, 172 (S.D.N.Y. 2004); *Inside Radio, Inc. v. Clear Channel Commc'ns, Inc.*, 209 F. Supp. 2d 302, 305 (S.D.N.Y. 2002).

Further, the prospect of additional discovery does not by itself foreclose a motion to amend. *See United States v. Continental Ill. Nat'l Bank & Trust Co.,* 889 F.2d 1248, 1255 (2d Cir. 1989); *A.V.E.L.A.*, 34 F. Supp. 3d at 318. Allegations that amendment will require

6

the expenditure of additional time, effort, or money do not constitute "undue prejudice." *Margel v. E.G.L. Gem Lab Ltd.*, No. 04 Civ. 1514, 2010 WL 445192, at *12 (S.D.N.Y. Feb. 8, 2010) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).  As this Court has noted, any "prejudice that would flow from any additional required discovery can generally be mitigated by adjustments to the discovery schedule." *Id.* (collecting cases).  Indeed, where there is time available for additional discovery—e.g., discovery has not been completed and/or the case is not trial-ready—the Court has allowed amendment.  *See, e.g.*, *Resorts & Motel Advancement Dev. Agency v. Sloan*, 160 F.R.D. 449, 451 (S.D.N.Y. 1995); *Index Fund Inc. v. Hagopian*, 91 F.R.D. 599, 606 (S.D.N.Y. 1981).

Here, Defendants would not be prejudiced by the proposed amendments to Bytemark's complaint.  The proposed amendments add no new parties and involve the same conduct already alleged against Defendants—namely, Defendants' use, offer for sale, and sale of their MyTix/NJ Transit application and system.  *See State Teachers*, 654 F.2d at 856.  Additionally, for purposes of judicial efficiency and the efficient use of the parties' resources, Bytemark's proposed patent infringement claims—which relate to the exact accused application and systems at issue in this case—should be litigated in one case together and not be separated into two cases.  *See Duling*, 265 F.R.D. at 102 n.5; *see also 002152706 Ontario Ltd.*, 2017 WL 11441754, at *2 (explaining that although additional litigation time and expense may be necessary to deal with the claims raised by the new patent, those issues "w[ould] not disappear" if plaintiffs' amendment was rejected and plaintiffs then raised the claims in a new action).

Moreover, adding these claims would not impact the schedule of this case.  The Court has not yet entered a case management plan, substantially no discovery has occurred to date, and no date has been set for a trial.  The Court entered its protective order on December 23, 2019 (Dkt.

#102), and, prior to that, the parties had not produced any documents covered under the protective order. Since the protective order was entered, only Bytemark has produced documents in response to the parties' discovery requests. The parties have not scheduled or conducted any depositions.

As substantially no discovery has occurred in this case, and Bytemark's patent infringement claims directly relate to the accused application and system that is the subject of the other claims in this case (and thus discovery would substantially overlap), Defendants would not be prejudiced by the proposed amendment.

### C. Defendants cannot establish that Bytemark's claims are futile.

An amendment is futile where it is legally insufficient on its face such that the amended claim could not survive a motion to dismiss. *Lucente v. IBM Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Under that standard, the proper inquiry "is not whether a [moving party] will ultimately prevail but whether [that party] is entitled to offer evidence to support the claims." *Todd v. Exxon Corp.,* 275 F.3d 191, 198 (2d Cir. 2001) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). "[A]ny inquiry into the merits of the claim is limited." *Quentin Grp. LLC v. Interlink Prod. Int'l Inc.*, No. 97 CIV. 0108 SC, 1997 WL 313156, at *4 (S.D.N.Y. June 9, 1997). "In assessing the claimed futility of a proposed amended pleading, the court must assume the truth of the factual allegations set forth in the proposed amended pleading." *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09 CIV. 902, 2012 WL 3831535, at *1-2 (S.D.N.Y. Aug. 16, 2012) (citations omitted). The burden of establishing futility falls to the non-moving party. *Ferring*, 2019 WL 117316, at *2.

Defendants cannot meet their burden of establishing Bytemark's proposed claims of patent infringement are futile. The newly issued patents were examined under the most recent law and USPTO guidance. Indeed, in the '567 patent Notice of Allowance, the examiner stated that "the examiner cannot identify an abstract idea that the claims are directed to under the *new* 2019

Updated Guidance" (emphasis added). **(**Ex. C, at 3.**)** Further, "duly issued patents are presumed valid." *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018). Defendants—not Bytemark—bear the burden of demonstrating that the claims lack patent eligibility, and they must prove by clear and convincing evidence that a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan.[2] *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1356 (Fed. Cir. 2018); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). As the recently issued patents enjoy the presumption of validity, and patentability under 35 U.S.C. § 101 was expressly examined under the most current legal standards, Bytemark's infringement claims could survive a motion to dismiss.

Moreover, any argument that Bytemark's claims are futile because certain claims of the earlier patents were held invalid lacks merit. First, Bytemark's newly issued patents include different claims than those previously held invalid by a Federal Circuit panel in a non-precedential Rule 36 decision. Step one of the *Alice* § 101 patent eligibility test considers whether the *claims* at issue are directed to a patent-ineligible concept. *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014). The Federal Circuit has held that "improving security … can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem." *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1348 (Fed. Cir. 2018). Step two considers the *claim elements of each claim both individually and as an ordered combination* to determine whether the additional elements transform the nature of the claim into a patent-eligible application. *Id.* Each *claim* of a patent enjoys the presumption

---

[2] The examiner's decision is evidence the Court must consider in determining whether Defendants have met this burden. *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir. 1985).

9

of validity.  35 U.S.C. § 282; *Cognex Corp. v. Microscan Sys., Inc.*, 990 F. Supp. 2d 408, 413 (S.D.N.Y. 2013).

The claims of the newly issued patents differ from those of the earlier patents and are directed towards patent-eligible subject matter.  For example, claim 1 of the '567 patent is directed toward security features to detect and prevent fraud, and the preamble describes "a mobile ticketing system for detecting fraudulent activity of tickets using data integrity."  In contrast, both claim 1 of the '967 patent and claim 1 of the '993 patent are methods relating to visual validation and do not recite the distinct limitations of claim 1 of the '567 patent.

Further, under *Alice* step one, the USPTO examiner explicitly stated he was unable to identify an abstract idea under the new 2019 Guidance.  (Ex. C, at 3.)  Additionally, claim 1 of the '567 patent addresses issues of fraud that arise in computer technology associated with mobile ticketing and discloses a system that improves the relevant computer functionality.  The Federal Circuit has found similar claims to be not abstract.  *See Ancora Techs.*, 2018 WL 6005021, at *4 ("[I]mproving security … can be a non-abstract computer-functionality improvement if done by a specific technique that departs from earlier approaches to solve a specific computer problem.").  Consistent with *Ancora*, claim 1 of the '567 patent discloses a specific system that improves the relevant technology and is not merely directed at a result or effect.  For example, claim 1 of the '567 patent recites a specific server configuration for fraud detection and mitigation that "receive[s] the pass with the data from the mobile device and determine if there is any mismatch in the received data of the pass by comparing the received data with the data transmitted"; "block[s] the user account in an event of the received data is mismatched with the transmitted data and detected as a fraudulent activity"; and "determine[s] the occurrence of the fraudulent activity associated with the user … and store[s] in a data record

10

associated with the user account a data value indicating the fraudulent activity and in dependence on the data value indicating fraudulent activity, the code in the ticket payload makes the pass, including the validation visual object, no longer available on the device." (Ex. B, at 17:49-18:12.)

With respect to *Alice* step two, the claim limitations considered individually and as an ordered combination differ from the claim elements of the claims of the earlier patents. Further, the claims of the '567 patent contain an inventive concept that makes the subject matter something significantly more than an abstract idea.[3]

Because the newly issued patents include different claims and claim elements from the earlier patents and a different ordered combination of elements, the *Alice* analysis here would necessarily be different. Bytemark's infringement claims arising from the newly issued patents would not be futile where the patents have overlapping specifications with the earlier patents but the claims and claim limitations are distinct and presumed valid until proven otherwise, by clear and convincing evidence.[4] *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019), *cert. denied*, 140 S. Ct. 983 (2020) (stating that the specification, although "helpful in

---

[3] Similarly, the claims and claim elements of the '764 patent are distinct from the earlier patents, which is relevant to step one and step two of the § 101 subject matter eligibility analysis. Notably, the claim element of claim 1 of the '764 patent that recites "code that destroys the validating visual object in a predetermined period of time after initial display or upon some predetermined input event" clearly distinguishes the claim from the claims of the earlier patents.

[4] Additionally, any argument that Bytemark's claims are futile because one of the previously asserted patents in this case was held invalid under 35 U.S.C. § 102 during *inter partes* review lacks merit. First, the IPR decision involved only one of the previously asserted patents (the '967 patent only), and only *some* of the claims of that patent. As discussed above, the '967 patent is not a part of this case, and Bytemark's newly issued patents include different claims and claim limitations from those held invalid by the PTAB. Bytemark's infringement claims stemming from the newly issued patents would not be futile based of an IPR decision involving some claims of one patent no longer at issue in this case.

illuminating what a claim is directed to ... must always yield to the claim language in identifying that focus"); *Grecia v. Bank of N.Y. Mellon Corp.*, 2020 WL 1244125, at *4 (S.D.N.Y. Mar. 13, 2020).

Accordingly, Defendants cannot meet their burden of establishing that amendment would be futile. *See Ferring*, 2019 WL 117316, at *2.

### IV.     CONCLUSION

For these reasons, Bytemark respectfully seeks leave to amend its complaint.

Dated: April 17, 2020                                     Respectfully submitted,

                                                          s/ Dariush Keyhani
                                                          Dariush Keyhani
                                                          Keyhani LLC
                                                          1050 30th Street NW
                                                          Washington, DC 20007
                                                          Telephone: (202) 748-8950
                                                          Fax: (202) 318-8958
                                                          dkeyhani@keyhanillc.com
                                                          *Attorneys for Plaintiff*