# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP., <br><br> Defendants. | Case No. 1:17-cv-01803-PGG |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL DOCUMENT PRODUCTION**

Defendants' Memorandum of Law in Opposition to Bytemark's Motion to Compel Document Production ("Def. Opposition") establishes that they have absolutely no basis for continuing to withhold the discovery requested by Bytemark. Defendants concede that all of the information requested by Bytemark is relevant. They state that they are willing to produce the requested information if Bytemark produces the trade secrets documents identified in Defendants' requests—an offer Bytemark has made time and time again. Thus, there is no reason for Defendants' continued obstruction, which is a needless waste of the Court's and the parties' time and resources. Bytemark respectfully requests that the Court grant its motion to compel.

**I.      Defendants agree that the information requested by Bytemark is relevant and that they are obligated to produce it.**

In their Opposition, Defendants state: **"To be clear, Defendants do not dispute that the requested documents are relevant to Bytemark's claims. Nor do Defendants contend that it need not produce the requested document[s]."** *See* Def. Opposition at 9. It is undisputed that Defendants need to produce the information requested by Bytemark, and their continued failure to do so violates Rule 26. *See* Fed. R. Civ. P. 26(b)(1) (stating that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Defendants' unsupported, unilateral determination that Bytemark must satisfy certain preconditions in order to receive relevant, discoverable information is a violation of the Federal Rules and does not relieve Defendants of their obligations. *See* Plaintiff's Memorandum in Support of Motion to Compel Document Production ("Bytemark Motion"), at 4-8; Plaintiff's Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order ("Bytemark Response"), at 5-15.

Even so, as discussed *infra*, Bytemark has repeatedly offered to compromise with Defendants and address their concerns about protecting their confidential information by immediately producing of all of the source code and confidential information in its possession that

1

forms the basis of its trade secrets claims, and making this production prior to any production of confidential or proprietary materials by Defendants. *See, e.g.*, Bytemark Motion at 3; Bytemark Response at 5-6, 12-13 & Ex. F-G. As Defendants acknowledge that all of the information sought by Bytemark is relevant and that they have an obligation to produce it, and Bytemark has gone out of its way to compromise with Defendants and comply with their demands (even though Byetmark's discovery obligations are independent, *see* Section III, *infra*), Defendants have zero excuse for their continued obstruction.

## II. Defendants agree that they will produce the requested information if Bytemark produces the trade secrets documents identified in their requests.

In their Response, Defendants return to the position they previously took, then subsequently changed, that Bytemark may "identify" its trade secrets via document production. *See* Def. Opposition at 9 ("Defendants will produce the requested confidential information *after* Bytemark identifies its trade secrets with reasonable particularity. Bytemark should have done this via a trade secret disclosure, as required by this and many other courts, **or by producing the trade secret documents identified in Defendants' Requests**.") (emphasis added). Defendants' statement should mark the end of this dispute, as Bytemark has repeatedly agreed that it would produce all of the source code and confidential information in its possession that forms the basis of its trade secrets claims. *See, e.g.*, Bytemark Motion at 3; Bytemark Response at 5-6, 12-13 & Ex. F. In fact, not only did Bytemark agree, it set a specific time and place—August 14, 2020, at its New York City office—to do so. *See* Bytemark Motion at 3 & Ex. F-G. On top of that, Bytemark has further stated that it would produce a response to contention Interrogatory No. 1 in accordance with the Court's Local Rules. *See* Bytemark Response at 6-7. (Bytemark addressed Defendants' unsupported alternative demand for a trade secret contention disclosure in its Response to Defendants' motion to compel. *See generally* Bytemark Response.)

2

Given that the parties are in full agreement as to this issue, Defendants have no reason to continue to hold up discovery in this case.

### III. Defendants' obligation to produce the requested information is independent of Bytemark's obligations to respond to Defendants' discovery requests.

In yet another attempt to distract from their own failure to comply with the Federal Rules, Defendants point to alleged deficiencies in Bytemark's document production. This argument is not only false, it is irrelevant. "It is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations." *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148–49 (S.D.N.Y. 2014); *Gropper v. David Ellis Real Estate, L.P.*, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent ...."). The law is clear that Defendants' may not refuse to fulfill their discovery obligations based on their belief that Bytemark's document production has been unsatisfactory.

Defendants' characterization of Bytemark's document production is untrue, however, and is merely an attempt to divert attention from their own actions. In all of the parties' discussions, Defendants have not indicated to Bytemark that its document production was deficient. Following the Court's entry of its protective order, Bytemark produced, e.g., confidential NDAs and teaming agreements between the parties that are central to this dispute and confidential NDAs between Bytemark and its employees, all of which are responsive to Defendants' document requests and relevant to Bytemark's claims for breach of contract, trade secret misappropriation, unfair competition, and/or unjust enrichment. Bytemark also repeatedly offered to make available all of the source code and confidential information in its possession that forms the basis of its trade

secrets claims, and set a date and place when it would do so. Bytemark Motion at 3; Bytemark Response at 5-6, 12-13 & Ex. F-G.

If Defendants truly believe that Bytemark's document production is deficient, the proper remedy is not to unilaterally withhold relevant documents. Rather, Defendants should raise this issue with Bytemark in accordance with the Local Rules, and, if necessary, file their own motion to compel. The fact remains that Defendants have produced none of the confidential information sought by Bytemark, including since the Court entered its protective order. The five pages of documents cited by Defendants in their Response provide no useful information and include:

1) Eight lines of meeting minutes that contain no information about Bytemark's technology or Defendants' accused systems (CONDUENT0000294).

2) A half-page long "meeting agenda" that contains vague bullet points such as "introduction," "overview of our companies," and "thinking ahead - Price" and contains no information about Bytemark's technology or Defendants' accused systems (CONDUENT0000296).

3) An email from Virginia Railway Express to Bytemark (informing Bytemark's CEO that Bytemark has been selected for an interview) that does not mention any Defendant and contains no information about Bytemark's technology or Defendants' accused systems (CONDUENT0000310).

4) A four-line email dated June 7, 2013 8:54 PM, from Xerox to Bytemark that contains no information about Bytemark's technology or Defendants' accused systems (CONDUENT0000378).

5) An identical copy of the email dated June 7, 2013 8:54 PM (CONDUENT0000436).

*See* Def. Opposition at 5-6.  In sum, Defendants are impermissibly holding hostage key evidence they admit is relevant and that Bytemark needs to support each of the claims in its complaint.

### IV.     Conclusion

For these reasons, Bytemark requests that the Court grant its motion to compel in full.

| | |
|---|---|
| Dated: January 6, 2021 | Respectfully submitted,<br><br>s/ Dariush Keyhani<br>Dariush Keyhani<br>Keyhani LLC<br>1050 30th Street NW<br>Washington, DC 20007<br>Telephone: (202) 748-8950<br>Fax: (202) 318-8958<br>dkeyhani@keyhanillc.com<br>*Attorneys for Plaintiff* |