IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., <br><br>      Plaintiff, <br><br> v. <br><br> XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP., <br><br>      Defendants. | Case No. 1:17-cv-01803-PGG-KNF |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE DKT. #118

Plaintiff Bytemark, Inc. ("Bytemark") respectfully moves this Court for an Order striking Defendants' Reply in Support of Its Motion to Compel and Motion for Protective Order ("Reply," Dkt. #118) for exceeding the page limitations set by the Court.  In its December 14, 2020 Order (Dkt. #110), the Court stated that "reply memoranda of law shall be no longer than 6 double-spaced pages" and that "[t]he Court will not entertain any requests to extend the number of pages."  Defendants' Reply exceeds the 6-page limit.

District courts have broad discretion to decide whether to penalize a party for failure to comply with their orders and applicable rules.  *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73-74 (2d Cir. 2001); *Arminio v. Holder*, No. 15 CIV. 5812 (NSR), 2019 WL 176804, at *3 (S.D.N.Y. Jan. 11, 2019); *Perez v. U.S. Immigration & Customs Enf't*, No. 19CV3154PGGJLC, 2020 WL 4557387, at *3 (S.D.N.Y. Aug. 6, 2020) (stating that "[a] court may enforce its rules and orders

by striking noncompliant portions of a party's brief"); *Bletas v. Deluca*, No. 11-CV-1777, 2011 WL 13130878, at *6 (S.D.N.Y. Dec. 16, 2011) (***motion struck for failure to comply with local rules and page limit***).

Bytemark submits that its proposed remedy is proper not only because of Defendants' violation of the Court's Order regarding the page limits but also Defendants' conduct during the briefing of Bytemark's cross-motion to compel (Dkt. #119) that is presently before the Court. Defendants' failure to comply with the page limitation continues a pattern of flagrant disregard for the Court's Order and applicable rules. To start, during the briefing of Bytemark's motion to compel, Defendants violated the Court's clear direction that it would "not entertain any requests to extend ... filing deadlines absent a showing of extraordinary circumstances" (Dkt. #110). At 11:58 PM on January 4, 2021, the due date of their Opposition to Bytemark's Motion to Compel Document Production ("Opposition," Dkt. #122), Defendants informed Bytemark's counsel that "we are running slightly behind" and stated that they were "available to confer if Bytemark objects to our slightly delayed service." See **Ex. B**. Defendants emailed their Opposition to Bytemark on January 5, 2021 (at 12:03 a.m.), after the January 4 due date. See **Ex. C**. Despite this delay, Bytemark filed its reply brief on January 6, 2021 (Dkt. # 121), as if Defendants had timely served their Opposition on January 4.

Defendants proceeded with further violations. In the version of their Opposition that Defendants served on Bytemark, Defendants affixed a certificate of service that included the incorrect date of December 18, 2020. See **Ex. E**. The next morning, Defendants filed a certificate of service with the Court that conspicuously did not include *any* date (Dkt. #114, **Ex. H**)—an omission that was particularly notable given that Defendants had, one week earlier, filed a certificate of service that was identical in form and *did* include a date (Dkt. #111, **Ex. A**).

Defendants' failure to serve or file a certificate of service correctly stating the date they served their Opposition on Bytemark is a violation of the Federal Rules.  *See* Fed. R. Civ. P. 5, Notes of Advisory Committee – 1991 Amendment.

Continuing this pattern of conduct, on the evening of January 5, 2021, Defendants emailed Bytemark a revised version of the Opposition and stated, "Please confirm that Bytemark does not object to Defendants filing the corrected Motion."  *See* **Ex. D, F**.  The revised version of the Opposition, among other changes, omitted the incorrectly dated December 18, 2020 certificate of service (and did not include any certificate of service).  *See* Ex. F.  Bytemark informed Defendants that it objected to the filing of its revised motion.  *See* Ex. D.  On January 6, 2021, Defendants officially filed their Opposition brief on PACER (Dkt #122).  This brief was *not* the version of the Opposition that was served on Bytemark on January 5.  *See* Ex. E, Dkt. #122.  Rather, in the new version, the December 18, 2020 certificate of service had been removed completely, with no indication that Defendants had made such a change.  Defendants have not, at any point, provided to Bytemark *or* the Court a certificate of service with the correct January 5, 2021 date.  Defendants' failure to inform the Court and Bytemark that they filed a revised Opposition brief—and did so over Bytemark's objection—is troubling.

Defendants should not be permitted to disregard the Court's Order and applicable rules with impunity.  Defendants' actions have resulted in unfairness and prejudice to Bytemark, which has had to devote time and resources to deal with Defendants' misconduct and preparation of the instant motion.  Further, Defendants benefited by violating the Court's Order—at Bytemark's detriment—by being able to file additional arguments.  Accordingly, Bytemark respectfully requests that the Court grant its motion to strike, as well as the attorneys' fees and costs associated with the filing of this motion.

4

Dated: January 7, 2021

Respectfully submitted,

<u>s/ Dariush Keyhani</u>
Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Plaintiff*