```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BYTEMARK, INC.,                                       :

                          Plaintiff,                  :         MEMORANDUM AND ORDER

                  v.                                  :         17-CV-1803 (PGG) (KNF)

XEROX CORP., ACS TRANSPORT                            :
SOLUTIONS, INC. XEROX TRANSPORT
SOLUTIONS, INC., CONDUENT INC.,                       :
AND NEW JERSEY TRANSIT CORP.,
                                                      :
                          Defendants.
------------------------------------------------------X
```

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

By an order dated December 14, 2020, the Court denied the parties' December 10, 2020 joint request for a pre-motion conference and directed that, "[o]n or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made. The Local Civil Rules of this court govern the timing of oppositions and replies," noting that the Court "will not entertain any requests to extend the number of pages or filing deadlines absent a showing of extraordinary circumstances. COVID-19 related issues do not constitute extraordinary circumstances." Docket Entry No.110.

**DEFENDANTS' FILINGS**

On December 28, 2020, a certificate of service was filed by the defendants' counsel Ashley N. Moore, stating that "on December 28, 2020, Defendants' Memorandum of Law in Support of Its [sic] Motion to Compel and Motion for Protective Order, and Exhibits A-F were served via e-mail on counsel of record," Docket Entry No. 111. On January 5, 2021, a certificate of service was filed by Ashley N. Moore, stating that "[t]he undersigned certifies that Defendants' Memorandum of Law in Opposition to Bytemark's Motion to Compel Document

1

Production, and Exhibits A-H were served via e-mail on counsel of record," Docket Entry No. 114. On January 6, 2021, a "Notice of Defendants' Motion to Compel and Motion for Protective Order," dated January 6, 2021, was filed asserting that "upon the Declaration of Ashley N. Moore, and the exhibits annexed thereto, the Memorandum of Law, dated December 28, 2020," the defendants "move this Court" for an order compelling the plaintiff

> to identify its trade secrets with reasonable particularity either via a trade secret disclosure or a response to Interrogatory No. 1. Until Bytemark makes this identification, Defendants also seek a Protective Order preventing Bytemark from pursuing the entirety of Defendants' confidential information in an attempt to tailor its trade secrets to fit what it finds there.
>
> Docket Entry No. 115.

"Defendants' Memorandum of Law in Support of Its [sic] Motion to Compel and Motion for Protective Order," Docket Entry No. 116, and "Declaration of Ashley N. Moore in Support of Defendants' Motion to Compel and Motion for Protective Order," Docket Entry No. 117, both dated December 28, 2020, were filed on January 6, 2021. "Defendants' Reply in Support of Its [sic] Motion to Compel and Motion for Protective Order," Docket Entry No. 118, was dated and filed on January 6, 2021. "Defendants' Memorandum of Law in Opposition to Bytemark's Motion to Compel Document Production," Docket Entry No. 122, dated January 4, 2021, was filed on January 6, 2021. The "Declaration of Ashley N. Moore in Support of Defendants' Memorandum of Law in Opposition to Bytemark's Motion to Compel Document Production," Docket Entry No. 123, was dated and filed on January 6, 2021.

## PLAINTIFF'S FILINGS

On December 28, 2020, a certificate of service by Anya Engel stating that "on December 28, 2020, Plaintiff's Motion to Compel Document Production, Plaintiff's Memorandum of Law in Support of Motion to Compel Document Production, Exhibits A-G, and Declaration of Anya

Engel were served via e-mail on counsel of record," Docket Entry No. 112. On January 4, 2021, a certificate of service was filed by Anya Engel, stating that "[t]he undersigned certifies that on January 4, 2021, Plaintiff's Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order, Exhibits D-I, and Declaration of Anya Engel were served via e-mail on counsel of record," Docket Entry No. 113. On January 6, 2021, a "Notice of Plaintiff Bytemark Inc.'s Motion to Compel Document Production," dated December 28, 2020, was filed asserting that "pursuant to the attached Memorandum of Law in Support of Plaintiff Bytemark Inc.'s Motion to Compel Document Production, and accompanying exhibits A-G, Bytemark, Inc. will move before the Honorable Paul G. Gardephe" for an order compelling the defendants "to produce documents and information responsive to Plaintiff's First and Second Sets of Requests for Production, including request numbers 38-40 and 60-62." Docket Entry No. 119. The plaintiff's "Memorandum in Support of Motion to Compel Document Production," Docket Entry No. 120, and "Declaration of Anya Engel," Docket Entry No. 120-8, both dated December 28, 2020, were filed on January 6, 2021. "Plaintiff's Reply in Support of Its Motion to Compel Document Production," Docket Entry No. 121, was dated and filed on January 6, 2021. "Plaintiff's Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order," Docket Entry No. 124, and "Declaration of Anya Engel," Docket Entry No. 124-7, were both dated January 4, 2021, and filed on January 6, 2021.

## PLAINTIFF'S MOTION TO STRIKE

On January 7, 2021, the plaintiff filed the "Notice of Plaintiff's Motion to Strike Dkt. #118," Docket Entry No. 125, dated January 7, 2021. In "Plaintiff's Memorandum of Law in Support of Its Motion to Strike Dkt. #118," Docket Entry No. 126, the plaintiff asserts it seeks to strike the defendants' reply "for exceeding the page limitation set by the Court" in its December

3

14, 2020 order. By a letter-motion dated January 8, 2021, the defendants asserted that they "inadvertently overlooked the Court's Order limiting replies to 6 pages" and requested "that the Court accept the attached 6 page Reply and disregard the 10 page Reply served on January 6 (Dkt. No. 118)." Docket Entry No. 127. By a letter dated January 8, 2021, the plaintiff requested that the Court deny the defendants' request because they "doubled the two-day briefing period for their reply by filing a revised brief on January 8," which "would mark the second time *this week* that Defendants have filed a late brief." Docket Entry No. 128. The plaintiff asserted that "granting Defendants' requests would only reward their repeated, flagrant disregard of the Court's Order and applicable rules and encourage Defendants' belief that they may act with impunity."

## LEGAL STANDARD

> "Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. 'Any less rigid standard would risk encouraging a lax attitude toward filing dates,' *United States v. Boyle,* 469 U.S. [241,] 249 [105 S.Ct. 687, 691-692, 83 L.Ed.2d 622] [ (1985) ]. A filing deadline cannot be complied with, substantially or otherwise, by filing late-even by one day."
>
> Houston v. Lack, 487 U.S. 266, 282, 108 S. Ct. 2379, 2388 (1988).

Local Civil Rule 5.2(a) of this court provides:

> Parties serving and filing papers shall follow the instructions regarding Electronic Case Filing (ECF) published on the website of each respective Court. A paper served and filed by electronic means in accordance with such instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York.

"No certificate of service is required when a paper is served by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(d)(1)(B). Electronic Case Filing Rules and Instructions of this court provide:

4

1.1 Except as expressly provided and in exceptional circumstances preventing a party from filing electronically, all documents required to be filed with the Court must be filed electronically.

\* \* \*

3.1 Except as otherwise provided in section 4 herein, electronic filing of a document in the ECF system consistent with these procedures, together with the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court and constitutes entry of the document on the docket kept by the Clerk under Federal Rules of Civil Procedure 58 and 79 and Federal Rules of Criminal Procedure 49 and 55.

\* \* \*

9.1 In cases assigned to the ECF system, service is complete provided all parties receive a Notice of Electronic Filing (NEF), which is sent automatically by email from the Court (see the NEF for a list of who did/did not receive notice electronically). Transmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail.

\* \* \*

19.1 How is service accomplished for electronically filed documents? Filing and Receiving Users who have appeared in the case will receive a Notice of Electronic Filing (NEF) by e-mail whenever there is case activity. The NEF constitutes service upon all Filing and Receiving Users.

\* \* \*

19.3 Am I required to electronically file proof of service in an ECF case? Only two circumstances require the electronic filing of proof of service in an ECF case: (a) Proof of service for the case initiating document must be electronically filed on the ECF system, and (b) Proof of service must be electronically filed any time a party is served with a paper document.

## APPLICATION OF LEGAL STANDARD

All new civil cases filed in this court after December 2, 2003, are ECF cases, including this case, and they are subject to ECF Rules and Instructions.  The Court's December 14, 2020 order stated clearly and unambiguously: "On or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made.  The Local Civil Rules of this court govern the timing of oppositions and replies."  No motion was made on December 28, 2020, as directed by the Court's December 14, 2020 order, since no "notice of motion, supporting affidavits, and memoranda of law," required by Local Civil Rule 6.1(a) of

this court, were filed on December 28, 2020.  The parties did not seek, at any time, an enlargement of the December 28, 2020 deadline for making their motions and they did not assert, at any time, that the December 14, 2020 order was unclear and ambiguous.

Instead of filing their motion on December 28, 2020, as directed by the Court's December 14, 2020 order, the defendants filed, on December 28, 2020, a "Certificate of Service" by their attorney certifying that "on December 28, 2020, Defendants' Memorandum of Law in Support of Its [sic] Motion to Compel and Motion for Protective Order, and Exhibits A-F were served via e-mail on counsel of record."  The Court's December 14, 2020 order did not direct the defendants to: (a) serve the defendants' motion "via e-mail on counsel of record" on December 28, 2020; and (b) file a "Certificate of Service" of the defendants' motion on December 28, 2020.  The defendants' serving "Defendants' Memorandum of Law in Support of Its [sic] Motion to Compel and Motion for Protective Order, and Exhibits A-F" "via e-mail on counsel of record" was improper and contrary to this court's ECF Rules and Instructions providing that the: (a) "NEF constitutes service upon all Filing and Receiving Users," ECF Section 19.1; (b) NEF "is sent automatically by email from the Court," ECF Section 9.1; and (c) "[t]ransmission of the NEF constitutes service upon all Filing and Receiving Users who are listed as recipients of notice by electronic mail," ECF Section 9.1.  Moreover, "electronic filing of a document in the ECF system" and "the transmission of a Notice of Electronic Filing (NEF) from the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Local Rules of this Court," ECF Section 3.1; thus, filing of a "Certificate of Service" "via e-mail on counsel of record" does not constitute either electronic filing of the motion or the transmission of an NEF from the court.  The defendants'

"Certificate of Service" was not required because it did not concern the case initiating document or service of a paper document, as provided by ECF Section 19.3.

Even assuming that the defendants December 28, 2020 "Certificate of Service" was proper and ordered to be filed by the Court, which it was not, it does not indicate that the "Notice of Defendants' Motion to Compel and Motion for Protective Order," required by Local Civil Rule 6.1(a), was served by the defendants' counsel "via e-mail on counsel of record." Indeed, the defendants' "Notice of Defendants' Motion to Compel and Motion for Protective Order" could not have been served on December 28, 2020, because it is dated January 6, 2021, the date on which the defendants' motion to compel was filed, more than one week after the deadline set forth by the Court's December 14, 2020 order. Additionally, the defendants' December 28, 2020 "Certificate of Service" failed to certify that the "Declaration of Ashley N. Moore in Support of Defendants' Motion to Compel and Motion for Protective Order," dated December 28, 2020, but filed on January 6, 2021, was served by the defendants' counsel "via e-mail on counsel of record," and the defendants did not provide any explanation for the failure.

Instead of filing its motion on December 28, 2020, as directed by the Court's December 14, 2020 order, the plaintiff filed, on December 28, 2020, a "Certificate of Service" by Anya Engel, without identifying Anya Engel as the plaintiff's attorney. It was not until January 6, 2021, that Anya Engel appeared as the plaintiff's attorney by filing the "Declaration of Anya Engel." The Court's December 14, 2020 order did not direct the plaintiff to: (a) serve the plaintiff's motion "via e-mail on counsel of record" on December 28, 2020; and (b) file a "Certificate of Service" of the plaintiff's motion on December 28, 2020. Even assuming that the plaintiff's December 28, 2020 "Certificate of Service" was proper and ordered to be filed by the Court, which it was not, it does not indicate that the December 28, 2020 "Notice of Plaintiff

Bytemark Inc.'s Motion to Compel Document Production," required by Local Civil Rule 6.1(a), was served by the plaintiff "via e-mail on counsel of record." As explained above and for the same reasons for which the defendants' filing of their "Certificate of Service" was improper and contrary to the ECF Rules and Instructions, the plaintiff's filing of its "Certificate of Service" was improper and contrary to the ECF Rules and Instructions. The plaintiff's filing of a "Certificate of Service" "via e-mail on counsel of record" does not constitute either electronic filing of the motion or the transmission of an NEF from the court. The plaintiff's "Certificate of Service" was not required because it did not concern the case initiating document or service of a paper document, as provided by ECF Section 19.3.

The Court's December 14, 2020 order also directed that "[t]he Local Civil Rules of this court govern the timing of oppositions and replies," which meant that oppositions were due on January 4, 2021, and replies on January 7, 2021. Even assuming that the parties complied with the December 28, 2020 deadline for their respective motions, which they did not, their respective oppositions were not filed on January 4, 2021. On January 4, 2021, the plaintiff filed its "Certificate of Service," stating that "on January 4, 2021, Plaintiff's Response in Opposition to Defendants' Motion to Compel and Motion for Protective Order, Exhibits D-I, and Declaration of Anya Engel were served via e-mail on counsel of record." The plaintiff's opposition was not filed until January 6, 2021, the same date when the plaintiff's reply was filed. The defendants filed their "Certificate of Service," by which their counsel "certifies that Defendants' Memorandum of Law in Opposition to Bytemark's Motion to Compel Document Production, and Exhibits A-H were served via e-mail on counsel of record," without indicating any date of service. The defendants' opposition was not filed until January 6, 2021, the same date when the defendants' reply was filed.

**CONCLUSION**

For the foregoing reasons, the Court finds that the defendants and the plaintiff: (1) failed to comply with the Court's December 14, 2020 order; (2) failed to seek an enlargement of time as provided in the December 14, 2020 order; (3) failed to acknowledge the untimely filing of their motions; (4) failed to provide any explanations for their untimely motions; and (5) waived any opportunity to have the Court consider the parties' reasons for untimeliness nunc pro tunc. Accordingly, the defendants' motion, Docket Entry No. 115, and the plaintiff's motion, Docket Entry No. 119, are denied, with prejudice. The plaintiff's motion, Docket Entry No. 125, and the defendants' letter-motion, Docket Entry No. 127, are moot.

Dated: New York, New York  
      January 13, 2021

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE