# KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

___

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

January 14, 2021

**VIA ECF**
Hon. Kevin Nathaniel Fox
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    *RE: Bytemark, Inc. v. Xerox Corp. et al., 1:17-cv-01803-PGG-KNF – Court's January 13, 2021 Order*

Dear Judge Fox:

    We represent Plaintiff Bytemark Inc. ("Bytemark") in this case and submit this letter in response to the Court's January 13, 2021 Order (Dkt. #129). Bytemark truly regrets that its filing of its Motion to Compel Document Production (Dkt. #119) was held to be non-compliant with the Court's December 14, 2020 Order (Dkt. #110). This was not Bytemark's intent. Rather, Bytemark believed, based on its reading of the Court's Order and applicable rules, that the "bundling rule" (i.e., electronically filing motion and reply papers on ECF only when the entire motion has been briefed) was the appropriate manner of filing in this action. We sincerely apologize if this was not the case.

    In determining the procedure for filing its Motion to Compel, Bytemark first carefully reviewed the Court's December 14, 2020 Order, which stated that "[t]he Local Civil Rules of this court govern the timing of oppositions and replies," but did not specify the manner of filing the motion and reply papers. Bytemark then reviewed Your Honor's Individual Rules of Practice, which do not specify a manner of filing. Bytemark then proceeded to review the Court's Local Rules and the Individual Rules of Practice of Judge Paul G. Gardephe. Judge Gardephe's individual rules state: "**In all cases** (except pro se cases), the moving party shall electronically file motion and reply papers on ECF only when the entire motion has been briefed." Individual Rule of Practice IV.C (emphasis added). Because Bytemark's motion was filed in a case that is before Judge Gardephe (and all previous motions in this case have been filed under his "bundling rule"), and because Your Honor's Individual Rules and the Court's December 14, 2020 Order did not specify a manner of filing or

1

contradict Judge Gardephe's Rule IV.C, the parties filed their motions in accordance with the bundling rule. Bytemark served its Motion to Compel on Defendants via email on December 28, 2020, the deadline specified in the Court's Order.[1] Defendants served their Motion to Compel on Bytemark via email in the same manner. On January 6, 2021, Bytemark filed its motion and reply papers on ECF, after the entire motion had been briefed. Defendants bundled their motion and reply papers on ECF as well.

Bytemark attempted in good faith to follow the Court's December 14, 2020 Order and sincerely apologizes for misunderstanding the Court's rules regarding the method of filing. Bytemark regrets that its interpretation of the rules was mistaken and respectfully asks that the Court reconsider its January 13, 2021 Order. Should the Court prefer that Bytemark present this matter by formal motion, Bytemark will certainly do so.

Sincerely,

/s/ Dariush Keyhani

Dariush Keyhani<br>*Attorneys for Plaintiff*

cc: All counsel of record for Defendants via ECF

---

[1] Bytemark also filed a certificate of service on ECF to notify the Court that it had served its Motion on Defendants.