UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
BYTEMARK, INC.,                                    :

                Plaintiff,     :

                     `

          v.                              :

XEROX CORP., ACS TRANSPORT           :
SOLUTIONS, INC. XEROX TRANSPORT
SOLUTIONS, INC., CONDUENT INC.,      :
AND NEW JERSEY TRANSIT CORP.,
                        :

              Defendants.
------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**MEMORANDUM AND ORDER**

17-CV-1803 (PGG) (KNF)

Before the Court are: (1) the plaintiff's January 14, 2021 letter requesting "that the Court reconsider its January 13, 2021 Order," Docket Entry No. 130; and (2) the defendants' "request that the Court reconsider its denial of Defendants' Motion," Docket Entry No. 131.

The plaintiff asserts:

> Bytemark truly regrets that its filing of its Motion to Compel Document Production (Dkt. #119) was held to be non-compliant with the Court's December 14, 2020 Order (Dkt. #110). This was not Bytemark's intent. Rather, Bytemark believed, based on its reading of the Court's Order and applicable rules, that the "bundling rule" (i.e., electronically filing motion and reply papers on ECF [Electronic Case Filing] only when the entire motion has been briefed) was the appropriate manner of filing in this action. We sincerely apologize if this was not the case. In determining the procedure for filing its Motion to Compel, Bytemark first carefully reviewed the Court's December 14, 2020 Order, which stated that "[t]he Local Civil Rules of this court govern the timing of oppositions and replies," but did not specify the manner of filing the motion and reply papers. Bytemark then reviewed Your Honor's Individual Rules of Practice, which do not specify a manner of filing. Bytemark then proceeded to review the Court's Local Rules and the Individual Rules of Practice of Judge Paul G. Gardephe. Judge Gardephe's individual rules state: "In all cases (except pro se cases), the moving party shall electronically file motion and reply papers on ECF only when the entire motion has been briefed." Individual Rule of Practice IV.C (emphasis added). Because Bytemark's motion was filed in a case that is before Judge Gardephe (and all previous motions in this case have been filed under his "bundling rule"), and because Your Honor's

1

Individual Rules and the Court's December 14, 2020 Order did not specify a manner of filing or contradict Judge Gardephe's Rule IV.C, the parties filed their motions in accordance with the bundling rule.  Bytemark served its Motion to Compel on Defendants via email on December 28, 2020, the deadline specified in the Court's Order.  Defendants served their Motion to Compel on Bytemark via email in the same manner.  On January 6, 2021, Bytemark filed its motion and reply papers on ECF, after the entire motion had been briefed.  Defendants bundled their motion and reply papers on ECF as well.   Bytemark attempted in good faith to follow the Court's December 14, 2020 Order and sincerely apologizes for misunderstanding the Court's rules regarding the method of filing.  Bytemark regrets that its interpretation of the rules was mistaken and respectfully asks that the Court reconsider its January 13, 2021 Order. Should the Court prefer that Bytemark present this matter by formal motion, Bytemark will certainly do so.

The defendants assert:

Defendants truly regret any inconvenience to the Court stemming from their misunderstanding of the appropriate filing mechanism.  Like Plaintiff, we reviewed the Court's December 14th Order (Dkt. No. 110), your Honor's and Judge Gardephe's individual rules and procedures, and believed we were to follow the bundling rule for the filing of our motion papers. *See* Judge Gardephe's Individual Rule of Practice IV.C (requiring the parties to "file motion and reply papers on ECF only when the entire motion has been briefed.").  As Plaintiff notes in its letter, Defendants served their Motion to Compel and Motion for Protective Order (Dkt. No. 115) on Plaintiff via email on December 28th with a Certificate of Service (Dkt. No. 111) filed on the docket that same day. All papers related to both parties' motions were then filed via ECF on January 6, 2021 (the day that replies in support of the respective motions were due). Defendants believed that such filings were timely and in compliance with the Court's Order, and sincerely apologize for their error in this regard. With this letter, or by formal motion if the Court prefers, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion.

## *Legal Standard*

Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.

Local Civil Rule 6.3.

2

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983) (citation omitted).

***Application of Legal Standard***

In its letter-motion, the plaintiff requests "that the Court reconsider its January 13, 2021 Order" asserting: "Should the Court prefer that Bytemark present this matter by formal motion, Bytemark will certainly do so."  In their letter-motion, the defendants assert: "With this letter, or by formal motion if the Court prefers, Defendants respectfully request that the Court reconsider its denial of Defendants' Motion."  The parties' letter-motions requesting "that the Court reconsider" its January 13, 2020 order are not permitted under Section 13.1 of the ECF Rules and Instructions of this court, which provides that "Letters requesting relief must be permitted by the Local Rules and these Rules and must be filed using the ECF Filing Event MOTION."  Motions for reconsideration, governed by Local Civil Rule 6.3 of this court, are not permitted to be made by letter-motion under the Local Civil Rules and the ECF Rules and Instruction.  Moreover, the Court is an unbiased adjudicator bound by the law and rules and is not in the business of having preferences or advising how the parties should litigate the case.  To suggest otherwise is improper, unacceptable and reflects on the parties' counsel's lack of familiarity with the rules of this court and their misunderstanding of the Court's role.  Notwithstanding these improprieties, the Court will consider the assertions made by the parties in their letter-motions.

In their letter-motions, the parties did not make citation to any legal authority or assert any intervening change of controlling law, the availability of new evidence, or a need to correct a clear error or prevent manifest injustice.  The parties did not explain the bases for believing: (a) they were to follow "the bundling rule for … filing" motion papers in connection with their

motions **referred specifically to the Court** by the assigned district judge's December 11, 2020 order, Docket Entry No. 109; and (b) the Individual Rules of Practice of the assigned district judge would apply to the proceedings before this Court.  The parties have not, at any time, asserted that the Court's December 14, 2020 order, Docket Entry No. 110, directing that " [o]n or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made," was unclear and ambiguous, nor have they raised any issue with the Court in connection with their respective review and understanding of the Court's Individual Rules of Practice and those of the assigned district judge.  The Court's December 14, 2020 order, issued pursuant to the assigned district judge's December 11, 2010 reference order, stated clearly and unambiguously, that any motions shall be "made" on or before December 28, 2020.  The parties did not explain why, despite the December 11, 2020 reference order, their notices of motion state that the parties "will move before the Honorable Paul G. Gardephe," rather than this Court to which the parties' motions were referred by the December 11, 2020 order.  The parties did not assert that the December 11, 2020 reference order was unclear and ambiguous.

When the parties' respective attorneys were admitted to this court, they certified, pursuant to Local Civil Rule 1.3 of this court, that they have read and are familiar with, inter alia, "the provisions of the Judicial Code (Title 28 U.S.C.) which pertain to the jurisdiction of, and practice in, the United States District Courts" and "the Federal Rules of Civil Procedure," including Rule 72, stating: "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision."  Fed. R. Civ. P. 72(a).  Title 28 of the Unites States Code, including Section 636, and Fed. R. Civ. P. 72 make clear that the parties' motions were referenced to be heard and decided by this Court

4

pursuant to the December 11, 2020 reference order; thus, the parties' notices of motion, erroneously stating that the parties are moving before the assigned district judge, show a lack of familiarity with Tile 28 of the United States Code and the Federal Rules of Civil Procedure.

The defendants assert that they "believed we were to follow the bundling rule for the filing of our motion papers.  *See* Judge Gardephe's Individual Rule of Practice IV.C (requiring the parties to 'file motion and reply papers on ECF only when the entire motion has been briefed.')."  However, "Judge Gardephe's Individual Rule of Practice IV.C" does not require, as the defendants assert, "the parties" to "'file motion and reply papers on ECF only when the entire motion has been briefed"; rather, it requires "the moving party" to "electronically file motion and reply papers on ECF <u>only when the entire motion has been briefed</u>," and "[t]he responding party" to " electronically file opposition papers only when noticed by the moving party that the motion and reply papers are being filed."

The plaintiff asserts that "the parties filed their motions in accordance with the bundling rule" and "all previous motions in this case have been filed under [the assigned district judge's] 'bundling rule,'" and the defendants assert that they "believed we were to follow the bundling rule for the filing of our motion papers."  If the parties, as they assert, believed they were to follow the assigned district judge's "bundling rule for the filing" of their motion papers and that "all previous motions in this case have been filed under his 'bundling rule,'" they failed to explain why they filed their certificates of service on December 28, 2020, prior to filing their motions to compel under the "bundling rule for filing," when such certificates of service filings: (i) are not part of  "Judge Gardephe's Individual Rule of Practice IV.C"; (ii) are not part of this Court's Individual Rules of Practice; (iii) were not directed by the December 14, 2020 order; (iv) were not made in connection with any, let alone "all previous motions in this case" asserted to

5

"have been filed under [Judge Gardephe's] 'bundling rule'"; and (v) are not required by the ECF Rules and Instructions of this court. Thus, the parties' assertions that they believed they were to follow the assigned district judge's "bundling rule for the filing" of their motion papers is contradicted by their filing certificates of service, not contemplated by the "bundling rule for the filing" or any other rule or order. Knowing, based upon the parties' review of the individual rules of the assigned district judge and this Court, that: (a) the assigned district judge's "bundling rule for the filing" does not direct the filing of the certificates of service filed on December 28, 2020; and (b) this Court's Individual Rules of Practice do not direct the filing of the certificates of service filed on December 28, 2020, the parties determined, without raising any issues with the Court, to make and follow their own rules in responding to the Court's December 14, 2020 order. The filing of the parties' certificates of service, on December 28, 2020, shows that the parties understood that their motions were due to be made before this Court on December 28, 2020, as ordered by the Court's December 14, 2020 order, but the parties determined, unreasonably, without any justification, without seeking any guidance from the Court and at their own peril, to make up and follow their own rules in connection with responding to the Court's December 14, 2020 order.

The only motions filed under "the bundling rule" in this case were the defendants' motion to dismiss, Docket Entry No. 51, and the plaintiff's motion for leave to amend the complaint, Docket Entry No. 104, both of which included a notice of motion. The parties failed to explain why: (a) their December 28, 2020 certificates of service, Docket Entry Nos. 111 and 112, did not include notices of motion; (b) the defendants' notice of motion, Docket Entry No. 115, was dated January 6, 2020, which is more than one week after the defendants' motion was due to be made

under the December 14, 2020 order; and (c) the plaintiff's notice of motion, dated December 28,

2020, was not served on the defendants on December 28, 2020.

*Conclusion*

Having considered the parties' letter-motions, the Court finds that the plaintiff and the

defendants failed to establish any of the grounds for granting their respective requests for the

Court to reconsider its January 13, 2020 order.  Therefore, the Court finds that denying the

parties' requests, Docket Entry Nos. 130 and 131, is warranted.

Dated: New York, New York                          SO ORDERED:
      January 21, 2021

                                   KEVIN NATHANIEL FOX
                                   UNITED STATES MAGISTRATE JUDGE