**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BYTEMARK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP.,<br><br>    Defendants. | Case No. 1:17-cv-01803-PGG-KNF |

**PLAINTIFF BYTEMARK, INC.'S OBJECTIONS TO THE JANUARY 13, 2021 ORDER
(DKT. #129) OF THE UNITED STATES MAGISTRATE JUDGE**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ......................................................................................................... ii

I. INTRODUCTION ...............................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND ........................................................1

III. STANDARD OF REVIEW .................................................................................................4

IV. ARGUMENT .......................................................................................................................6

    A.     The parties' following of the "bundling rule" was reasonable and justified, and the Magistrate Judge's determination that the parties "ma[d]e up and follow[ed] their own rules" was erroneous. ......................................................................................7

    B.     The Magistrate Judge impermissibly sanctioned the parties without affording them notice or an opportunity to be heard. ....................................................................10

    C.     Any lack of compliance with the Local Rules was nonwillful, and the Magistrate Judge's denial of Bytemark's Motion to Compel based on such noncompliance was impermissible and contrary to law. .....................................................................12

    D.     The Magistrate Judge clearly erred in resting his decision on an incorrect and incomplete view of the factual record. ..................................................................13

    E.     The Magistrate Judge's sanction of denial with prejudice was overly broad and severe. ....................................................................................................................14

V. CONCLUSION ..................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Buck v. Cleary*, 345 F. App'x 660 (2d Cir. 2009) .......................................................................12

*Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15CV2926, 2020 WL 1242616
(E.D.N.Y. Mar. 16, 2020)..................................................................................................5, 6

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ............................................................................15

*City of NY v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2017 WL 633445
(S.D.N.Y. Feb. 14, 2017)..................................................................................................6, 15

*Contino v. United States*, 535 F.3d 124 (2d Cir. 2008) ..........................................................12, 13

*Dandong v. Pinnacle Performance Ltd.*, No. 10 CIV. 8086 LBS, 2012 WL 4793870
(S.D.N.Y. Oct. 9, 2012)....................................................................................................6, 12

*Estate of Jackson ex rel. Jackson v. Cty. of Suffolk*, No. 12 Civ. 1455, 2014 WL 3513403
(E.D.N.Y. July 15, 2014)........................................................................................................6

*Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379 (1988) ................................................................9

*In re Deutsche Bank AG Sec. Litig.*, No. 09 CIV. 1714, 2009 WL 4277202
(S.D.N.Y. Nov. 23, 2009).....................................................................................................12

*In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720,
2018 WL 4158290
(E.D.N.Y. Aug. 30, 2018) ......................................................................................................5

*Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010) ...............................................................................5

*Kriss v. Bayrock Grp., LLC*, No. 10 CIV. 3959 LGSFM, 2015 WL 1305772
(S.D.N.Y. Mar. 23, 2015).......................................................................................................6

*Lin v. City of NY*, No. 14 CIV. 9994 (PAE), 2016 WL 6962536
(S.D.N.Y. Nov. 28, 2016).......................................................................................................6

*LoSacco v. City of Middletown*, 71 F.3d 88 (2d Cir. 1995)............................................................5

*Martinez v. City of NY*, No. 16 CV 79, 2018 WL 604019
(E.D.N.Y. Jan. 24, 2018)....................................................................................................5, 6

*Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253 (2d Cir. 1999) ..................................................11


*Rogue Wave Software, Inc. v. BTI Sys., Inc.*, No. 16 CIV. 7772 (VM), 2018 WL 6920770 (S.D.N.Y. Dec. 14, 2018) ...................................................................................... 11

*Sakon v. Andreo*, 119 F.3d 109 (2d Cir. 1997) .......................................................................... 5, 10

*Schlaifer, Nance & Co. v. Estate of Andy Warhol,* 194 F.3d 323 (2d Cir. 1999) ............ 4, 5, 10, 11

*Shim-Larkin v. City of NY*, No. 16-CV-6099 (AJN), 2020 WL 5758751 (S.D.N.Y. Sept. 28, 2020) ............................................................................... 6, 9, 10, 11, 14

*Terracciano v. McGarrity*, No. 16 CIV. 1324 (LAP), 2017 WL 2297013 (S.D.N.Y. May 24, 2017) ............................................................................................. 12, 13

*Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522 (2d Cir. 1990) ........................................... 5

*Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transp., N.V.*, 572 F.3d 96 (2d Cir. 2009) ............................................................................................................... 12, 13

*United States v. Seltzer*, 227 F.3d 36 (2d Cir. 2000) ................................................................ 5, 11

*Vega v. Rell*, 611 F. App'x 22 (2d Cir. 2015) ................................................................................. 5

**Rules**

Fed. R. Civ. P. 72 ....................................................................................................................... 1, 6

Fed. R. Civ. P. 83(a)(2) ...................................................................................................... 1, 12, 13

Individual R. of Prac. of Judge Paul G. Gardephe IV.C ......................................................... 3, 8, 9

I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff Bytemark, Inc. ("Bytemark") objects to the United States Magistrate Judge's January 13, 2021 Order ("January 13 Order," Dkt. #129).[1]  The Magistrate Judge's decision to deny with prejudice Bytemark's Motion to Compel Document Production ("Motion to Compel," Dkt. #119) as a sanction for the parties' purported violation of the Court's December 14, 2020 Order ("December 14 Order," Dkt. #110) was reversible error.  In his January 13 Order, the Magistrate Judge held that both parties failed to timely file their respective motions to compel.  However, the parties had timely served their papers, on the date and timeline specified in the Court's December 14 Order.  As the parties subsequently explained to the Court, they had believed that the motions should be filed in accordance with the "bundling rule" and, therefore, did not electronically file their papers on ECF until the entire motion had been briefed. This belief was based upon a reasonable, good-faith interpretation of the applicable rules.

The Magistrate Judge's sanction of denial with prejudice, without considering the parties' briefing on the merits, potentially bars Bytemark from obtaining discovery of relevant information that is key to proving each of its claims in this case.  Moreover, the sanction was imposed without affording Bytemark notice or an opportunity to be heard, contravenes Federal Rule 83(a)(2)'s mandate that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply," rested on an incorrect and incomplete view of the factual record, and was overly broad and severe.  Accordingly, Bytemark respectfully asks that the Court set aside the Magistrate Judge's January 13 Order.

II.  FACTUAL AND PROCEDURAL BACKGROUND

On December 11, 2020, the Court referred to Magistrate Judge Kevin Nathaniel Fox the

---

[1] For the same reasons, Bytemark also objects to the Court's January 21, 2021 Order (Dkt. #132).

"Specific Non-Dispositive Motion/Dispute" (Dkt. # 109) detailed by Bytemark and Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively, "Defendants") in their December 10, 2020 joint discovery dispute letter to the Court (Dkt. #108).  Central to the parties' dispute are Bytemark's requests for production which relate to information and documents regarding the workings of Defendants' accused electronic mobile ticketing systems.  *See generally* Dkt. #120-121.  This information is crucial for Bytemark to prove all of its claims in this case, and Defendants concede that "the requested documents are relevant to Bytemark's claims" and that Defendants are obligated to produce them.  Dkt. #121, at 1.  The parties have spent significant resources litigating this dispute over the course of almost one year.[2]  Declaration of Dariush Keyhani (Jan. 27, 2021), ¶ 4.  There has been no instance or allegation of misconduct by Bytemark in this litigation.

On December 14, 2020, the Magistrate Judge issued an order stating in part, "On or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made.  The Local Civil Rules of this court govern the timing of oppositions and replies."  *See* Dkt. #110 ("December 14 Order").  On December 28, 2020, the deadline set by the Court, Bytemark served its Motion to Compel—which included the notice of motion, memorandum of law, supporting exhibits, authenticating declaration, and certificate of service—on Defendants via email.  *See* Keyhani Decl. ¶ 5, Ex. A.  The same day, Defendants served on Bytemark via email their Memorandum of Law in Support of Its Motion to Compel and Motion for Protective Order and Exhibits A-F.  *See id.*  Both parties also filed certificates of service with

---

[2] Bytemark spent considerable time and resources drafting both sets of its requests for production, meeting and conferring/communicating with Defendants regarding these requests, drafting the parties' joint letter, briefing its motion to compel, and responding to Defendants' motion to compel/motion for a protective order.  Keyhani Decl. ¶ 4.

the Court via ECF. *See* Dkt. #111-112.

Bytemark's determination that it should follow the Court's "bundling rule" in filing its motion was based on a careful review and reasonable interpretation of (1) the Court's December 14 Order, (2) the Individual Rules of Practice of Judge Kevin Nathaniel Fox, (3) the Court's Local Rules, and (4) the Individual Rules of Practice of Judge Paul G. Gardephe. Keyhani Decl. ¶ 6. Defendants independently reached the same conclusion based on their review of these rules. *See* Dkt. #131. Bytemark filed a certificate of service with the Court, even though it was aware that it was not required to do so, to provide notice to the Court, its constituents, and the public that it had served its Motion to Compel on Defendants. Keyhani Decl. ¶ 8. On January 6, 2021, Bytemark filed its motion and reply papers on ECF—after the entire motion had been briefed—in accordance with the Court's bundling rule. *See* Judge Gardephe R. IV.C; Keyhani Decl. ¶ 9; Dkt. #119-121. Defendants subsequently filed their response in opposition to Bytemark's motion on ECF. Dkt. #122. On January 13, 2021, the Magistrate Judge issued an order denying with prejudice Bytemark's Motion to Compel. Dkt. #129. According to the Magistrate Judge, the parties did not comply with the December 28, 2020 deadline for their respective motions, and thus "failed to comply with the Court's December 14, 2020 order." *Id.* at 5-9.

On January 14, 2021, Bytemark filed a letter with the Court ("January 14 Letter," Dkt. #130), explaining that it had filed its Motion to Compel in accordance with the bundling rule and had attempted in good faith to follow the Court's December 14, 2020 Order. Bytemark also apologized for misunderstanding the Court's rules regarding the method of filing, stating that any mistake was not intentional and that Bytemark had, in fact, carefully reviewed the rules. *Id.* On January 15, 2021, Defendants filed a separate letter with the Court, stating that, like Bytemark, they had reviewed the December 14 Order and applicable rules and believed they "were to follow the bundling rule for the

3

filing of [their] motion papers." Dkt. #131, at 1. Bytemark's concise January 14 Letter was not intended to be a formal motion for reconsideration;[3] rather, Bytemark intended to apologize to the Court and to provide an explanation as to why it had not filed its Motion to Compel via ECF on December 28, 2020 (and, rather, had served it to Defendants via email on that date and filed its motion and reply papers on ECF after the entire motion had been briefed). Keyhani Decl. ¶ 10. Bytemark communicated to the Court through the letter in an effort not to be litigious and to conserve the parties' and the Court's time, and because it was not clear from the January 13 Order that the Magistrate Judge was aware that the parties had followed the Court's bundling rule. *Id.*

On January 21, 2021, the Magistrate Judge issued an order responding to the parties' letters ("January 21 Order," Dkt. #132). The Magistrate Judge, treating the letters as motions for consideration, affirmed the Court's January 13 Order. The Order concluded that "the parties determined, unreasonably, without any justification, without seeking any guidance from the Court and at their own peril, to make up and follow their own rules in connection with responding to the Court's December 14, 2020 order." Dkt. #132, at 6. Bytemark subsequently filed these Objections.

### III. STANDARD OF REVIEW

The applicable standard of review depends on how the Court construes the Magistrate Judge's sanction of denial of Bytemark's motion with prejudice. If the sanction is narrowly construed to apply only to the specific requests for production identified by Bytemark in its Motion to Compel (i.e., request numbers 38-40 and 60-62)—and ***not*** to subsequent requests relating to the same subject matter—then the Magistrate Judge's decision should be considered nondispositive and reviewed for abuse of discretion. As the Second Circuit has explained, "all aspects of a District

---

[3] Bytemark indicated at the close of the Letter: "Should the Court prefer that Bytemark present this matter by formal motion, Bytemark will certainly do so." Dkt. #131, at 2.

4

Court's decision to impose sanctions [are reviewed] for abuse of discretion." *Schlaifer, Nance & Co. v. Estate of Andy Warhol,* 194 F.3d 323, 333 (2d Cir. 1999). "[T]his Court must be careful to ensure that any such decision to sanction a party or attorney is made with restraint and discretion." *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000) (citation and alterations omitted). "[A]lthough the district court's award of sanctions is reviewed under an abuse-of-discretion standard," an award of sanctions that is made "without reference to any statute, rule, decision, or other authority ... will rarely be upheld." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) (citations omitted). A district court's "interpretation and application of its own local rule" is reviewed for abuse of discretion. *Vega v. Rell*, 611 F. App'x 22, 25 (2d Cir. 2015) (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)).

However, the imposition of certain sanctions, "in some instances, may be considered 'case-dispositive,' requiring de novo review." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citation omitted). "A ruling that terminates a claim is a dispositive ruling," *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720, 2018 WL 4158290, at *8 (E.D.N.Y. Aug. 30, 2018), and "[t]o determine whether a magistrate judge's ruling regarding discovery sanctions is 'dispositive,' the Court must look to the effect of the sanction—if imposed," *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15CV2926, 2020 WL 1242616, at *5 (E.D.N.Y. Mar. 16, 2020) (citing *Kiobel v. Millson*, 592 F.3d 78, 97 (2d Cir. 2010)). Thus, if the Magistrate Judge's decision were somehow to be construed so broadly to preclude Bytemark from obtaining discovery on the ***subject matter*** of the requests for production referenced in the Motion to Compel, the sanction may prove to be dispositive—barring Bytemark from acquiring relevant information that is key to proving each of its claims—and reviewed de novo. *See Martinez v. City of NY*, No. 16 CV 79, 2018 WL 604019, at *32 (E.D.N.Y. Jan. 24, 2018) ("[W]here the

5

sanction imposed would effectively terminate the litigation, the imposition of such a sanction is dispositive and …. [t]he ultimate decision therefore rests with the assigned District Judge." (citations omitted)); *see, e.g.*, *Capricorn*, 2020 WL 1242616, at *4 (striking a pleading as a discovery sanction considered dispositive); *Estate of Jackson ex rel. Jackson v. Cty. of Suffolk*, No. 12 Civ. 1455, 2014 WL 3513403, at *3 (E.D.N.Y. July 15, 2014) (conducting de novo review of spoliation order).  When a magistrate judge exercises a court's inherent powers to sanction parties "in a manner that *may* prove dispositive," courts have, "in the fullness of caution," reviewed the sanctions de novo.  *See Kriss v. Bayrock Grp., LLC*, No. 10 CIV. 3959 LGSFM, 2015 WL 1305772, at *1 (S.D.N.Y. Mar. 23, 2015) (emphasis added); *Jackson*, 2014 WL 3513403, at *3.[4]

## IV.   ARGUMENT

Bytemark respectfully asks that the Court set aside the Magistrate Judge's decision for the following reasons: (A) the parties' following of the Court's "bundling rule" was reasonable and justified, and the Magistrate Judge's determination that the parties "ma[d]e up and follow[ed] their own rules" (Dkt. #132, at 6) was erroneous, (B) the Magistrate Judge impermissibly sanctioned the parties without affording them notice or an opportunity to be heard, (C) any lack of compliance with the Local Rules was nonwillful, and the Magistrate Judge's denial of Bytemark's Motion to Compel

---

[4] Because the Magistrate Judge did not reach the merits of Bytemark's Motion to Compel and his denial with prejudice served as a sanction of the parties, Rule 72(a)'s "clearly erroneous or contrary to law" standard does not apply here.  However, even if the Court were to apply this standard, it would be satisfied.  *See e.g.*, *Shim-Larkin v. City of NY*, No. 16-CV-6099 (AJN), 2020 WL 5758751, at *7 (S.D.N.Y. Sept. 28, 2020) (magistrate judge clearly erred in imposing sanctions based on incomplete view of factual record and without providing notice or opportunity to be heard); *City of NY v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2017 WL 633445, at *5 (S.D.N.Y. Feb. 14, 2017) (magistrate judge clearly erred in foreclosing discovery without stated basis for doing so); *Lin v. City of NY*, No. 14 CIV. 9994 (PAE), 2016 WL 6962536, at *4-5 (S.D.N.Y. Nov. 28, 2016) (vacating magistrate judge's imposition of sanctions where no bad faith was shown); *Dandong v. Pinnacle Performance Ltd.*, No. 10 CIV. 8086 LBS, 2012 WL 4793870, at *6 (S.D.N.Y. Oct. 9, 2012) (magistrate judge's denial of protective order was contrary to law).

based on such noncompliance was impermissible and contrary to law, (D) the Magistrate Judge clearly erred in resting his decision on an incorrect and incomplete view of the factual record, and (E) the Magistrate Judge's sanction of denial with prejudice was overly broad and severe.

> **A.   The parties' following of the "bundling rule" was reasonable and justified, and the Magistrate Judge's determination that the parties "ma[d]e up and follow[ed] their own rules" was erroneous.**

In his January 13 Order, the Magistrate Judge sanctioned the parties for "fail[ing] to comply with the Court's December 14, 2020 order" (Dkt. #129, at 9), and in his January 22 Order, the Magistrate Judge further stated that "the parties determined, unreasonably, without any justification, without seeking any guidance from the Court and at their own peril, to make up and follow their own rules in connection with responding to the Court's December 14, 2020 order" (Dkt. #132, at 6). However, as Bytemark explained in its January 14 Letter (Dkt. #130), and Defendants explained in their January 15 Letter (Dkt. #131),[5] this was not the case.

Bytemark's determination that it should follow the "bundling rule" in filing its Motion to Compel was based on a careful review and reasonable interpretation of (1) the Court's December 14 Order, (2) the Individual Rules of Practice of Judge Kevin Nathaniel Fox, (3) the Court's Local Rules, and (4) the Individual Rules of Practice of Judge Paul G. Gardephe.  Keyhani Decl. ¶ 6. Indeed, Defendants reached the ***identical conclusion*** based on their independent review of these rules.  *See* Dkt. #131; Keyhani Decl. ¶ 7.  The Magistrate Judge's December 14 Order stated, in relevant part, "On or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter ***shall be made***.  The Local Civil Rules of this court govern the timing of oppositions and replies."  Dkt. #110 (emphasis added).  The Order did not specify the

---

[5] Defendants stated: "Like Plaintiff, we reviewed the Court's December 14th Order (Dkt. #110), your Honor's and Judge Gardephe's individual rules and procedures, and believed we were to follow the bundling rule for the filing of our motion papers."  Dkt. #131, at 1.

7

*manner of filing* the motion and reply papers, stating only that motions "shall be made."

Bytemark had filed all previous motions in this case in accordance with the "bundling rule" but was thus aware that the procedure for filing may vary among judges. Accordingly, Bytemark looked to Judge Fox's individual rules of practice for clarification. Judge Fox's individual rules do not specify a manner of filing. Bytemark also reviewed the Court's Local Rules (which leave the manner of filing motions to the individual judges) and the individual rules of Judge Gardephe, the district court judge to which the case is assigned. Judge Gardephe's Individual Rule of Practice IV.C states: "***In all cases*** (except pro se cases), the moving party shall electronically file motion and reply papers on ECF only when the entire motion has been briefed." (emphasis added). Because Bytemark's Motion to Compel is a single dispute in a larger case that was assigned to Judge Gardephe, and because the Magistrate Judge's Individual Rules and the Court's December 14, 2020 Order were silent as to the procedure for filing (and did not otherwise contradict Rule IV.C), Bytemark followed the "bundling rule" for serving and filing its motion. Keyhani Decl. ¶¶ 5-6, 9, Ex. A. Defendants did the same. *Id.* ¶ 5; Dkt. #131.

Consistent with the Court's directive in its December 14 Order that "any motions … shall be made" "[o]n or before December 28, 2020," Bytemark served its Motion to Compel—which included the notice of motion, memorandum of law, supporting exhibits, authenticating declaration, and certificate of service—on Defendants via email on December 28, 2020, the deadline specified in the Order. Keyhani Decl. ¶ 5, Ex. A. On January 6, 2021, Bytemark filed its motion and reply papers on ECF, after the entire motion had been briefed.[6] Dkt. #119-121. Thus, Bytemark did not "make up" any rules; rather, it followed the applicable rules as best as it understood them, and any

---

[6] Similarly, Defendants served their papers on Bytemark via email on December 28, 2020 (Keyhani Decl. ¶ 5, Ex. A), and filed their "bundled" motion and reply papers on ECF on January 6, 2021.

8

misunderstanding was unintentional and the result of ambiguity contained within the rules.

Indeed, aside from his determination that the parties failed to comply with the December 14 Order, Magistrate Judge's decision contains no clear explanation of precisely what terms of the Order or what other applicable rule(s) the parties violated by following the bundling rule. The Magistrate Judge cites some sources of authority, but none of these were violated by use of the bundling rule. For example, the January 13 Order cites *Houston v. Lack*, 487 U.S. 266, 282, 108 S. Ct. 2379, 2388 (1988) (stating that filing deadlines must be enforced), Local Civil Rule 5.2(a) (stating that "[p]arties serving and filing papers shall follow the instructions regarding [ECF] published on the website of each respective Court"), and provisions of the Electronic Case Filing Rules and Instructions of this Court. Dkt. #129, at 4-8. As explained above, however, Bytemark timely served its Motion to Compel on Defendants on December 28, 2020, and when it filed its motion and reply briefing on ECF on January 6, 2021, it did so in compliance with the Court's rules, including the ECF Rules and Instructions.[7] The January 21 Order further cites Federal Rule 72 and Title 28 of the United States Code. Dkt. #132, at 4-5. Bytemark, in following the Court's December 28 Order and Judge Fox's individual rules (and, where Judge Fox's rules were silent, following Judge Gardephe's Rule IV.C which governs "all cases"), acted in accordance with these rules.

For these reasons, Bytemark acted under a reasonable interpretation of the Court's order and applicable rules, and the Magistrate Judge's conclusion that the parties "ma[d]e up and follow[ed] their own rules" (or otherwise flouted the rules or acted in bad faith) was clearly erroneous. *See Shim-Larkin*, 2020 WL 5758751, at *7 (holding that Magistrate Judge clearly erred

---

[7] Although the parties were not required to file certificates of service with the Court on December 28, 2020, the decision to do so did not violate any of the applicable rules.

in imposing sanctions where the party "acted reasonably under the Federal Rules").[8]

### B. The Magistrate Judge impermissibly sanctioned the parties without affording them notice or an opportunity to be heard.

Because the parties were unaware of what rule(s) they were violating, or even that they were in violation of any rule, the Magistrate Judge's sua sponte decision to deny Bytemark any opportunity to have its Motion to Compel considered by the Court—without any notice or opportunity to be heard—violated Bytemark's due process rights, was contrary to law, and warrants reversal. *See Shim-Larkin*, 2020 WL 5758751, at *6.

"Due process requires that courts ***provide notice and opportunity to be heard before imposing* any *kind of sanctions***." *Schlaifer*, 194 F.3d at 334 (emphasis added). A party "must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend [it]self against specific charges." *Id.* (citation omitted); *Sakon*, 119 F.3d at 114 (district court violated party's due process rights where no motion before the court requested sanctions and parties were not alerted that court was considering them sua sponte). "At a minimum, the notice requirement mandates that the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so

---

[8] Although the Magistrate Judge's decision appears to rest on the assumption that the parties knowingly disregarded the rules, it is unclear what motivation the parties would have had for doing so or what they would have gained. Bytemark served its Motion to Compel and supporting documents on the deadline specified in the Court's December 14 Order, Defendants attempted to serve their response brief based on this deadline, and Bytemark filed its motion and reply papers on ECF on January 6, 2021. *See* Dkt. #119-121. Bytemark's briefing was completed in accordance with the timeline set forth in the December 14 Order, and the papers it filed on ECF on January 6 were identical to those served earlier on Defendants. The parties gained no extra time for briefing and did not otherwise benefit from "bundling" their motions rather than filing them directly on ECF.

that the subject of the sanctions motion can prepare a defense." *Schlaifer*, 194 F.3d at 334.  The process due for "relatively moderate sanction[s]," such as "'the imposition of attorney's fees and costs' is less than that required for dispositive sanctions such as striking defenses." *Rogue Wave Software, Inc. v. BTI Sys., Inc.*, No. 16 CIV. 7772, 2018 WL 6920770, at *9 (S.D.N.Y. Dec. 14, 2018) (quoting *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 270 (2d Cir. 1999)).

Here, Bytemark had no notice that it was in violation of any rules because: (1) it was not apparent from the language of the Court's Order or applicable rules, (2) the Court did not inform Bytemark that it was violating any rules until it imposed its January 13 Order denying Bytemark's motion with prejudice, and (3) Defendants' interpretation of the Court's filing rules was identical to Bytemark's (and, accordingly, they also followed the bundling rule).  Bytemark had no notice that sanctions would be levied against it, nor did it have "specific notice of the conduct alleged to be sanctionable and the standard by which that conduct w[ould] be assessed."  *See Seltzer*, 227 F.3d at 42-43; *Shim-Larkin*, 2020 WL 5758751, at *6.  Likewise, the parties were not afforded any opportunity to be heard prior to the Court's imposition of its sanction in the January 13 Order—an omission that was particularly consequential because the sanction was not "relatively moderate" and may even have been dispositive.  *See Rogue Wave*, 2018 WL 6920770, at *9.  The Magistrate Judge faulted the parties for, e.g., "fail[ing] to explain why they filed their certificates of service on December 28, 2020, prior to filing their motions to compel under the 'bundling rule for filing'" (Dkt. #132, at 5), but the parties were given no opportunity to provide such an explanation.

Accordingly, the Magistrate Judge's denial of the Motion to Compel without notice or an opportunity to be heard violated Bytemark's due process rights, was contrary to law, and warrants reversal.  *See Shim-Larkin*, 2020 WL 5758751, at *6.

11

**C.      Any lack of compliance with the Local Rules was nonwillful, and the Magistrate Judge's denial of Bytemark's Motion to Compel based on such noncompliance was impermissible and contrary to law.**

As discussed in Section IV.A., *supra*, the parties acted under a reasonable interpretation of the applicable rules.  However, even if Bytemark had failed to comply with the Local Rules, such noncompliance was not willful, and it was thus contrary to law for the Magistrate Judge to foreclose Bytemark's right to have its Motion to Compel considered on the merits.  Under the Federal Rules, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose ***any*** right[9] because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2) (emphasis added).  "Rule 83(a)(2) was added in the 1995 amendments and … was intended 'to protect against loss of rights in the enforcement of local rules relating to matters of form."  *Contino v. United States*, 535 F.3d 124, 127 (2d Cir. 2008).  Nonwillful failures of compliance under Rule 83 (a)(2) include filing errors.  *See, e.g.*, *Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transp., N.V.*, 572 F.3d 96, 99 (2d Cir. 2009) (motion and supporting documents were filed as one document rather than separately); *Contino*, 535 F.3d at 126 (notice filed electronically rather than in hard copy); *Terracciano v. McGarrity*, No. 16 CIV. 1324 (LAP), 2017 WL 2297013, at *3 (S.D.N.Y. May 24, 2017) (document filed in incorrect format without civil cover sheet); *Dandong*, 2012 WL 4793870, at *1 (objection filed as "Brief" rather than "Objection"); *In re Deutsche Bank AG Sec. Litig.*, No. 09 CIV. 1714, 2009 WL 4277202, at *1 (S.D.N.Y. Nov. 23, 2009) (supporting documents not filed separately from motion).

Here, the Magistrate Judge determined that the parties violated the Court's rules (a conclusion disputed by Bytemark) by electronically filing their motion and reply papers on ECF

---

[9] Rule 83(a)(2)'s scope is not limited to the loss of only 'substantive' rights," and includes anything from the right to present a claim to a jury to the right to move for lead plaintiff status.  *Buck v. Cleary*, 345 F. App'x 660, 662 (2d Cir. 2009); *Deutsche Bank*, 2009 WL 4277202, at *1.

12

only when the entire motion had been briefed. As the parties explained in their letters to the Court, any errors in filing were unintentional and based on a reasonable, good-faith interpretation of the applicable rules. *See* Dkt. #130-131; Keyhani Decl. ¶ 6. Accordingly, it was contrary to law for the Magistrate Judge, on this ground, to deprive Bytemark of its right to have its Motion to Compel considered. *See* Fed. R. Civ. P. 83(a)(2); *Transportes*, 572 F.3d at 99; *Contino*, 535 F.3d at 126. Likewise, the other alleged transgressions noted by the Magistrate Judge either did not violate the Local Rules (or any other rule)[10] or, in the case of the inclusion of the assigned district judge's name on the parties' notices of motion (Dkt. #132, at 4-5), cannot serve as a basis for the parties' loss of rights. *See* Fed. R. Civ. P. 83(a)(2); *Contino*, 535 F.3d at 127; *Terracciano*, 2017 WL 2297013, at *3 (document filed without civil cover sheet was nonwillful error in form).

      **D.**      **The Magistrate Judge clearly erred in resting his decision on an incorrect and incomplete view of the factual record.**

In his January 21 Order, the Magistrate Judge stated that "the plaintiff's notice of motion, dated December 28, 2020, was not served on the defendants on December 28, 2020." Dkt. #132, at 6. This is not the case. As Bytemark explained in its January 14 Letter, "the parties filed their motions in accordance with the bundling rule," and "Bytemark served its Motion to Compel on Defendants via email on December 28, 2020, the deadline specified in the Court's Order." Dkt. #130, at 2. Indeed, Bytemark served on Defendants, by email on December 28, its notice of motion, memorandum of law in support of its motion, supporting exhibits and authenticating declaration, and a certificate of service—all in accordance with the bundling rule.[11] *See* Keyhani Decl. ¶ 5, Ex. A.

---

[10] For example, while it is true that neither Judge Gardephe's individual rules nor the Court's Local Rules required the parties to electronically file certificates of service on December 28, 2020, no rule prohibits taking such an action. *See* Section IV.D., *infra*, for further discussion.

[11] This is consistent with the certificate of service Bytemark filed on ECF on December 28, 2020, which stated that Bytemark served by email on Defendants: "Plaintiff's Motion to Compel

13

Additionally, in his January 21 Order, the Magistrate Judge stated that "the parties' assertions that they believed they were to follow the assigned district judge's 'bundling rule for the filing' of their motion papers is contradicted by their filing certificates of service" and that "the filing of the parties' certificates of service, on December 28, 2020, shows that the parties understood that their motions were due to be made before this Court on December 28." Dkt. #132, at 6. This too is incorrect. Bytemark believed in good faith that it was to follow the bundling rule, and it filed a certificate of service on December 28—even though it was aware that it was not required to do so—to provide notice to the Court, its constituents, and the public that it had served a Motion to Compel on Defendants. Keyhani Decl. ¶¶ 6-8. The Magistrate Judge's reliance on an incorrect and incomplete view of the factual record was error and grounds for setting aside his decision. *See Shim-Larkin*, 2020 WL 5758751, at *7.

### E. The Magistrate Judge's sanction of denial with prejudice was overly broad and severe.

Even assuming that the parties misinterpreted the rules regarding the proper manner of filing, the Magistrate Judge's sanction of denying with prejudice the entirety of Bytemark's Motion to Compel briefing was overly broad and severe. The requests for production at the center of this discovery dispute relate to information and documents regarding the workings of Defendants' accused electronic mobile ticketing systems—information that is crucial for Bytemark to prove all of its claims in this case. *See generally* Dkt. #120-121. Indeed, Defendants concede that "the requested documents are relevant to Bytemark's claims" and that Defendants are obligated to produce the requested documents. Dkt. #121, at 1. The parties have spent significant resources and attorney time litigating this dispute over the course of almost one year. There has

---

Document Production, Plaintiff's Memorandum of Law in Support of Motion to Compel Document Production, Exhibits A-G, and Declaration of Anya Engel." Dkt. #112.

14

been no instance or allegation of misconduct by Bytemark in this litigation.

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). For example, this Court has held that an order "foreclosing discovery as to issues relevant to [a party's] affirmative defenses" (with no stated basis for doing so) was "too broad" and set it aside:

> It is not evident whether Magistrate Judge Fox ruled against FedEx because the City represented it was not withholding any documents, because he found that the seventh affirmative defense fails as a matter of law, or for some other reason. Given that the Order precludes any discovery regarding the parties' agreement, however, the Court finds that it is too broad, foreclosing discovery as to issues relevant to FedEx's affirmative defenses without any stated basis for doing so …. Thus, the Court finds the Order is clearly erroneous and sets it[] aside.

*City of NY*, 2017 WL 633445, at *5. Here, the Magistrate Judge's overly broad and harsh sanction potentially forecloses Bytemark from obtaining relevant information that is key to all of its claims in this case and imposes a significant financial penalty given all of the resources that have been spent litigating the Motion to Compel over the course of almost one year. Moreover, as discussed in Section IV.A., *supra*, the Magistrate Judge's stated reason for imposing the sanction was that the parties "failed to comply with the Court's December 14, 2020 order" (Dkt. #129, at 9), yet the Magistrate Judge did not explain how the parties' conduct violated the terms of the order. Nor was there any particularized finding that Bytemark acted intentionally or in bad faith. Thus, the sanction—which severely penalizes what was, at worst, a nonwillful misreading of an ambiguity in the Court's rules—is contrary to law, an abuse of discretion, and warrants reversal.

## V.     CONCLUSION

For the foregoing reasons, Bytemark respectfully asks that the Court set aside the Magistrate Judge's Order denying with prejudice Bytemark's Motion to Compel.

| | |
|---|---|
| Dated: January 27, 2021 | Respectfully submitted, |
| | s/ Dariush Keyhani |
| | Dariush Keyhani |
| | Keyhani LLC |
| | 1050 30th Street NW |
| | Washington, DC 20007 |
| | Telephone: (202) 748-8950 |
| | Fax: (202) 318-8958 |
| | dkeyhani@keyhanillc.com |
| | *Attorneys for Plaintiff* |
16