UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 1:17-cv-01803 |
| § | (PGG) |
| XEROX CORP., ACS TRANSPORT § | ECF CASE |
| SOLUTIONS, INC., XEROX § | |
| TRANSPORT SOLUTIONS, INC., § | |
| CONDUENT INC., and NEW JERSEY § | |
| TRANSIT CORP., § | |
| § | |
| Defendants. § | |

**DEFENDANTS' OBJECTIONS TO THE JANUARY 13, 2021 ORDER (DKT. #129)
OF THE UNITED STATES MAGISTRATE JUDGE**

1

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 72, Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively "Defendants") object to the United States Magistrate Judge's January 13, 2021 Order ("January 13 Order," Dkt. No. 129) and to the Magistrate Judge's January 21, 2021 Order ("January 21 Order," Dkt. No. 132). To the extent the Court entertains Bytemark's Objections (Dkt. No. 133), the Court should also consider Defendants' Objections for the same reasons.

As Bytemark sets forth in its Objections:

> the Magistrate Judge held that both parties failed to timely file their respective motions to compel. However, the parties had timely served their papers, on the date and timeline specified in the Court's December 14 Order. As the parties subsequently explained to the Court, they had believed that the motions should be filed in accordance with the "bundling rule" and, therefore, did not electronically file their papers on ECF until the entire motion had been briefed. This belief was based upon a reasonable, good-faith interpretation of the applicable rules.

In denying Defendants' Motion to Compel and Motion for Protective Order (Dkt. Nos. 115, 116) on this basis, the Magistrate Judge committed reversible error. Defendants therefore respectfully request that the Court set aside the Magistrate Judge's January 13 Order.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

The parties' dispute, set forth in great detail in their motion papers, relates to whether Bytemark should be given access to all of Defendants' confidential information before identifying its alleged trade secrets. Defendants argue that Bytemark will suffer no burden if it preliminarily identifies its trade secrets before confidential information is produced, but that Defendants will be harmed if Bytemark can view Defendants confidential information before identifying its trade secrets. Bytemark argues that it need not identify its trade secrets until much later in the case. *See* Defendants' Motion (Dkt. No. 116), Response (Dkt. No. 122), and

Reply (Dkt. No. 118). The briefing schedule was outlined in the Magistrate Judge's December 14, 2020 Order ("December 14 Order," Dkt. No. 110), which required the parties to make any motions on this dispute by December 28, 2020.

Like Bytemark, Defendants followed the Court's "bundling rule" after thorough review of (1) the Court's December 14 Order, (2) the Individual Rules of Practice of Judge Kevin Nathaniel Fox, (3) the Court's Local Rules, and (4) the Individual Rules of Practice of Judge Paul G. Gardephe. *See* Dkt. No. 131. Thus, on December 28, 2020, Defendants served their Motion and related papers on Bytemark via email. *See* Moore Decl. ¶ 4. Bytemark does not contest this service. *See id.* On the same day, Defendants also filed a certificate of service to notify the Court that service had been effectuated via the "bundling rule." *See* Dkt. No. 111. On January 6, 2021, Defendants filed their Motion and Reply papers by ECF in accordance with the Court's bundling rule. *See* Judge Gardephe R. IV.C; Moore Decl. ¶ 6; Dkt. Nos. 115-118. On January 6th, Defendants also filed their Response to Bytemark's Motion by ECF. Dkt. Nos. 122-123; Moore Decl. ¶ 7.

On January 13, 2021, the Magistrate Judge issued an order denying with prejudice Defendants' Motion based on a "fail[ure] to comply with the Court's December 14, 2020 order." Dkt. No. 129 at pp. 5-9. On January 14, 2021, Bytemark filed a letter with the Court explaining that it had attempted in good faith to follow the Court's December 14, 2020 Order. Dkt. No. 130. On January 15, 2021, Defendants filed a similar letter. Dkt. No. 131; Moore Decl. ¶ 8.

On January 21, 2021, the Magistrate Judge responded to the parties' letters by affirming his prior January 13 Order. (Dkt. No. 132). Defendants now file these Objections.

**II.    STANDARD OF REVIEW**

3

"[A] District Court's decision to impose sanctions [are reviewed] for abuse of discretion." *Schlaifer, Nance & Co. v. Estate of Andy Warhol,* 194 F.3d 323, 333 (2d Cir. 1999). "[T]his Court must be careful to ensure that any such decision to sanction a party or attorney is made with restraint and discretion." *United States v. Seltzer*, 227 F.3d 36, 39 (2d Cir. 2000) (citation and alterations omitted). "[A]lthough the district court's award of sanctions is reviewed under an abuse-of- discretion standard," an award of sanctions made "without reference to any statute, rule, decision, or other authority . . . will rarely be upheld." *Sakon v. Andreo*, 119 F.3d 109, 113 (2d Cir. 1997) (citations omitted). A district court's "interpretation and application of its own local rule" is reviewed for abuse of discretion. *Vega v. Rell*, 611 F. App'x 22, 25 (2d Cir. 2015) (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995)).

### III.   ARGUMENT

To the extent the Court sets the Magistrate Judge's decision aside for Bytemark's Motion, the same decision should be applied to Defendants' Motion. In particular, the Court should set aside the Magistrate Judge's decision because the parties' reliance on the Court's "bundling rule" was reasonable and justified, the Magistrate Judge's sanction without giving the parties notice or an opportunity to be heard was improper, and the Magistrate Judge's ruling was not only clearly erroneous, but was overly broad and severe.

### A.   The Parties' Reliance on the "Bundling Rule" does Not Justify the Magistrate Judge's Severe Sanction.

The parties both reviewed the Court's December 14 Order, the Magistrate Judge's and Your Honor's individual rules and procedures, and independently came to the same conclusion: the parties should follow the bundling rule for the filing of their motion papers. *See* Dkt No. 131; *see also* Judge Gardephe's Individual Rule of Practice IV.C (requiring the parties to "file

motion and reply papers on ECF only when the entire motion has been briefed."). Bytemark agreed with this interpretation. *See, generally* Dkt. No. 133. The parties therefore filed their motions, responses, and replies on ECF when their entire motions had been briefed (*i.e.,* January 6, 2021). *See* Dkt. Nos. 115-118, 122-123, 127.[1]

The Magistrate Judge's denial of the parties' Motions appears to stem entirely from their following of the bundling rule. *See* Dkt. No. 129 at 9. For that reason, the Magistrate Judge ruled that the parties failed to comply with the December 14 Order, failed seek an enlargement of time, and failed to acknowledge or explain their untimely filings. *See id.* However, as explained above, Defendants timely filed their motion papers in accordance with the bundling rule on January 6, 2021. Thus, the Magistrate Judge's conclusion that the parties "ma[d]e up and follow[ed] their own rules" and the extreme sanction of denial with prejudice is clearly erroneous. *Shim-Larkin v. City of NY*, No. 16-CV-6099 (AJN), 2020 WL 5758751, at *7 (S.D.N.Y. Sept. 28, 2020) (holding that Magistrate Judge clearly erred in imposing sanctions where the party "acted reasonably under the Federal Rules").

Even if the bundling rule did not apply, any noncompliance with the Local Rules was not willful and, therefore, the Magistrate Judge's denial with prejudice is improper. More specifically, Defendants' bundling of their motion papers is, at best, a filing error under Rule 83(a)(2), which is considered nonwillful. *See, e.g.*, *In re Deutsche Bank AG Sec. Litig.*, No. 09 CIV. 1714 (DAB), 2009 WL 4277202, at *2 (S.D.N.Y. Nov. 23, 2009) (granting motion for reconsideration of late filing based on Local Rules). This filing error should not result in

---

[1] Due to a clerical error explained in Dkt. No. 127, Defendants filed an amended Response to Bytemark's Motion to Compel.

depriving Defendants a review of the Motion on the merits. *See, e.g.*, *Transportes Navieros y Terrestres S.A. de C.V. v. Fairmount Heavy Transp., N.V.*, 572 F.3d 96, 100 (2d Cir. 2009).

### B. The Magistrate Judge did Not Give the Parties Notice or an Opportunity to be Heard.

The Magistrate Judge's decision to deny Defendants' Motion without notice or opportunity to be heard is improper for the same reasons detailed in Bytemark's Objections and warrants reversal. *See Shim-Larkin*, 2020 WL 5758751, at *6; *see also Schlaifer*, 194 F.3d at 334 ("Due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions."). The January 14 Order failed to provide notice of Defendants' allegedly sanctionable conduct, or give Defendants an opportunity to be heard on the matter. This is improper, and yet another reason the Magistrate Judge's January 13 Order should be set aside. *See e.g., Schlaifer*, 194 F.3d at 334 ("Due process requires that courts provide notice and opportunity to be hard before imposing any kind of sanctions."); *Shim-Larkin*, 2020 WL 5758751 at *7.

For example, Defendants had no notice of their alleged violation of any applicable rules or that their Motion would be denied with prejudice until the January 13 Order issued. In addition, Defendants had no opportunity to be heard on the full circumstances surrounding the January 13 Order. As Bytemark stated in its Objections, "the Magistrate Judge faulted the parties for, e.g., 'fail[ing] to explain why they filed their certificates of service on December 28, 2020, prior to filing their motions to compel under the 'bundling rule for filing'' (Dkt. #132, at 5), but the parties were given no opportunity to provide such an explanation." Dkt No. 133 at 11. For the same reasons, Defendants were also denied their due process rights, and request that the Court reverse the January 13 Order.

      **C.**      **The Magistrate Judge's Ruling Relies on an Incorrect Summary of the Factual Record.**

The Magistrate Judge noted a variety of allegedly missed deadlines (because the parties following the bundling rule), and that the parties' certificates of service contradicted their assertions that the bundling rule applied. Dkt. No. 132 at 6. As Bytemark's Objection points out, this is incorrect. Defendants followed the bundling rule based on its good faith understanding of the applicable rules and orders, and filed certificates of service to notify the Court that they had served their motion papers in accordance with the Court's deadlines. By relying on an incorrect and incomplete record to deny Defendants' Motion, the January 13 Order was in error and should be set aside. *See Shim-Larkin*, 2020 WL 5758751 at *7.

      **D.**      **The January 13 Order Denying Defendants' Motion with Prejudice is Overly Broad and Severe.**

The Magistrate Judge's denial with prejudice of Defendants' Motion without considering the merits is an overly broad and severe sanction. Bytemark's alleged trade secrets are the heart of its case. Without an understanding of what those trade secrets are, Defendants are at a loss as to what discovery is relevant to the case. See Dkt. No. 115. Even more important is that, without this information, Bytemark can conduct a fishing expedition into Defendants' proprietary information and tailor its trade secrets accordingly. *Id.* Having Bytemark's alleged trade secrets now is critical to preventing this gamesmanship. *Id.* Foreclosing Defendants' ability to understand the contours of Bytemark's case is too broad and severe a sanction, and should therefore be set aside. *City of NY v. FedEx Ground Package Sys., Inc.*, No. 13 CIV. 9173 (ER), 2017 WL 633445, at *5 (S.D.N.Y. Feb. 14, 2017) ("Given that the Order precludes any discovery regarding the parties' agreement, however, the Court finds that it is too broad, foreclosing discovery as to issues relevant to FedEx's affirmative defenses without any stated basis for doing so.").

## IV.  CONCLUSION

Defendants respectfully request that the Court set aside the Magistrate Judge's Order denying Defendants' Motion.

Dated:  January 27, 2021

                Respectfully submitted,

                */s/ Ashley N. Moore*
                Ashley N. Moore (admitted *pro hac vice*)
                David Sochia (admitted *pro hac vice*)
                Douglas A. Cawley (admitted *pro hac vice*)
                Marcus L. Rabinowitz (admitted *pro hac vice*)

                McKool Smith, P.C.
                300 Crescent Court, Suite 1500
                Dallas, Texas 75201
                Tel:   (214) 978-4000
                Fax:  (214) 978-4044
                amoore@mckoolsmith.com
                dsochia@mckoolsmith.com
                dcawley@mckoolsmith.com
                mrabinowitz@mckoolsmith.com

                David R. Dehoney (4616595)
                McKool Smith, P.C.
                One Bryant Park, 47th Floor
                New York, New York 10036
                Tel:   (212) 402-9424
                Fax:  (212) 402-9444
                ddehoney@mckoolsmith.com

                ***Attorneys for Defendants***