**KEYHANI LLC**

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

November 29, 2021

**VIA ECF**
Hon. Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square, Room 705
New York, NY 10007

        RE:    *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-KNF, Discovery Dispute

Dear Judge Gardephe:

      In accordance with Your Honor's Individual Rule of Practice IV(E), we submit this joint letter on behalf of Plaintiff Bytemark, Inc. ("Bytemark") and Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent, Inc., and New Jersey Transit Corp. (collectively, "Defendants"). Plaintiff requests a pre-motion conference to resolve the parties' discovery dispute described below. The parties, represented by Dariush Keyhani on behalf of Bytemark and Ashley Moore and Eliza Beeney on behalf of Defendants, met and conferred by phone on August 31, 2021, at 2:00 PM ET, for approximately thirty minutes. The parties met and conferred a second time on October 13, 2021, at 11:30 AM ET, for approximately twenty minutes. Mr. Keyhani and Frances Stephenson represented Bytemark, while Ms. Beeney and Jonathan Powers represented Defendants. The parties' respective positions are set forth below.

**I.    Bytemark's Position.**

      Bytemark seeks an order compelling Defendants to produce information and documents responsive to its Third Set of Requests for Production ("Third Set of RFPs"). These RFPs relate to Bytemark's newly added patent infringement claims,[1] which were raised for the first time in Bytemark's Third Amended Complaint (Dkt. #139), filed on April 14, 2021. Federal Rule 26 broadly provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. 26(b)(1); *United States ex rel. Bilotta v. Novartis Pharm. Corp.*, No. 11 CIV. 0071 (PGG), 2015 WL 13649823, at *2 (S.D.N.Y. July 29, 2015). "Once any possibility of relevance sufficient to warrant discovery is shown, the burden shifts to the party opposing discovery to show the discovery is improper." *Condit v. Dunne*, 225 F.R.D. 100, 106 (S.D.N.Y. 2004). Defendants have no plausible basis for refusing to comply with Bytemark's discovery requests, which are clearly relevant to Bytemark's claims, and Bytemark requests that the Court compel Defendants to do so.

---

[1] The claims relate to U.S. Patent Nos. 10,346,764 ("the '764 patent") and 10,360,567 ("the '567 patent").

1

Following entry of its Third Amended Complaint, Bytemark served its Third Set of RFPs on Defendants on July 12, 2021. These RFPs contained Request Nos. 63-127, which were directed to Bytemark's newly added patent infringement claims. These infringement claims have never been the subject of any of Bytemark's RFPs prior to serving its Third Set of RFPs, did not exist at the time any of the prior RFPs were served, and none of the requests was, or could have been, identical to any request previously served by Bytemark.[2] This is the first time in this case that Bytemark has served any requests dealing with any patents. On August 11, 2021, Defendants served their Responses and Objections to Plaintiff's Third Set of RFPs ("Responses"). In response to most of Bytemark's requests,[3] Defendants stated: "Defendant objects to this request as duplicative of those requests previously served by Bytemark and previously rejected by the Court in its Order denying Bytemark's Motion to Compel (Dkt. No. 129)." Requests receiving this objection included: "All documents referring or relating to Defendants' investigation of the infringement, validity, or enforceability of the Patents-in-Suit," (Request No. 65), "All documents referring or relating to Defendants' first awareness of the '764 Patent or U.S. Patent Application No. 14/823,157" (Request No. 64), and "All documents and things referring or relating to Defendants' contention that Defendants have not intentionally, willfully, or deliberately infringed" (Request No. 92).

Bytemark met and conferred with Defendants regarding their Responses on August 31, 2021. During the meeting, Defendants reiterated their belief that Bytemark's discovery requests are precluded by the Court's January 13, 2021 order ("1/13 Order") dismissing both parties' motions to compel (Dkt. #129)[4]—even though the Order related only to Bytemark's Second Set of Requests for Production ("Second Set of RFPs"), and Bytemark's Third Set of RFPs are directed to entirely new and unrelated patent infringement claims. Defendants took the position that they are permitted to disregard the Federal Rules unless Bytemark provides case law and factual support to demonstrate otherwise —a position that is without merit. Defendants also made clear that they would not provide the requested documents absent Bytemark's agreement to withdraw all of its trade secrets claims and/or limit the way it can use the information obtained. Defendants' proposals are unreasonable, and Bytemark therefore rejected them.

On September 29, 2021, Bytemark reached out to Defendants regarding RFPs to which Defendants made no objections based on the Court's Order, but for which Defendants had not produced any responsive documents or materials. (Request Nos. 69, 73, 74, 76, 77, 82, 83, 89, 126, and 127). Bytemark agreed not to include these requests in its motion to compel if Defendants agreed either to produce responsive documents or supplement their responses to comply with Federal Rule of Civil Procedure 34. The parties met and conferred for a second time, on October 13, 2021, to discuss these requests. Defendants continued their pattern of delay and obstruction. Defendants basically refused to produce any documents for most of the categories-at-issue. With respect to Request Nos. 76 and 83, Defendants said they would confer with their clients, but refused to provide a time frame. Defendants have not produced any documents or information in response to Bytemark's Third Set of RFPs. To date, Defendants have produced almost none of the information requested by Bytemark, aside from some publicly available documents, even though the requested information is clearly relevant and discoverable under Rule 26.

---

[2] To the extent there were prior patents asserted in this case, those patent claims were stayed and not the subject of any discovery, and have since been dismissed from this case.
[3] Specifically, Request Nos. 63-68, 70-72, 80-81, 84-88, 90-125.
[4] Both parties filed unopposed objections to the Magistrate Judge's 1/13 Order (Dkt. #133, 134), and these objections are currently pending before the Court.

Defendants do not dispute that the Third Set of RFPs seek relevant information. Rather, in an ongoing attempt to evade their Rule 26 obligations, Defendants contend that the Court's 1/13 Order precludes Bytemark from obtaining any discoverable information. This position is without merit. The 1/13 Order has no relation to the current dispute, which involves claims that were not even in existence when the Order was issued. Further, the 1/13 Order was not a decision on the merits of Bytemark's motion to compel responses to its Second Set of RFPs. Rather, the Court dismissed the parties' discovery motions for their mutual failure to file them at the time the Court deemed proper. The 1/13 Order did not hold that Bytemark was not entitled to discovery in this case, or even to discovery that was the subject matter of Bytemark's Second Set of RFPs. And, certainly, the Court's 1/13 Order did not in any way impact or limit Bytemark's right to the discovery requested in its Third Set of RFPs and Bytemark's discovery directed to infringement of its newly added patent claims— claims which did not exist at the time of the 1/13 Order.

Furthermore, in attempting to hide behind the Court's 1/13 Order, Defendants wholly ignore the basis for the prior discovery dispute. In that dispute, Defendants conceded that the documents requested in the Second Set of RFPs were relevant to Bytemark's claims and that Defendants needed to, and were "ready and willing to," produce them. *See, e.g.*, Dkt. #121, at 1; Dkt. #122, at 2. The only reason Bytemark filed the previous motion to compel is that Defendants insisted that they would only produce the information after Bytemark identified its trade secrets with particularity—a position that contravenes precedent, the Federal Rules, and the Court's Local Rules. Here, however, Bytemark's Third Set of RFPs are directed to Bytemark's patent infringement claims, *not* its trade secrets claims; Defendants' previous grounds for withholding discoverable information are therefore inapposite. Defendants' application of trade secrets-specific arguments to discovery directed to entirely separate non-trade secrets claims is without merit.

Defendants' remaining objections (Request Nos. 69, 73, 74, 76, 77, 82, 83, 89, 126, and 127) are similarly unavailing. Defendants' refusal to produce responsive documents violates Rule 34 and this Court's precedent, which requires that responses 1) state with specificity the grounds for objecting to the request; 2) indicate whether documents will be withheld according to the objections and, if so, which documents; and 3) specify the date for production and, if a rolling production, when production will begin and when it will conclude. Fed. R. Civ. P. 34; *Fischer v. Forrest*, No. 14CIV1304, 2017 WL 773694, at *1-3 (S.D.N.Y. Feb. 28, 2017). Further, "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)." *Fischer*, 2017 WL 773694, at *3. Additionally, Defendants' refusal to provide documents responsive to Request Nos. 69, 73, 74, 77, 82, 89 is unfounded. Defendants claim that these requests, which relate to invalidity contentions, are premature. However, the Court has not entered any scheduling order or timeline for production of invalidity contentions in this case, and the Federal Rules of Civil Procedure therefore control.

For these reasons, Bytemark respectfully asks that the Court grant leave to file a motion compelling Defendants to produce all documents responsive to Bytemark's Third Set of RFPs.

## II. Defendants' Position.

The Court should deny Plaintiff's request for a pre-motion conference because Plaintiff's proposed motion is premature and without merit. As an initial matter, Plaintiff's request comes after

3

just two short meet and confers. During the first meet and confer, counsel for Defendants (1) requested case law or factual support for Plaintiff's position, (2) raised the possibility of compromise whereby Defendants would agree to produce responsive information if Plaintiff agreed to use such information only to support its new patent infringement claims, and (3) offered to discuss the requests one-by-one, since the extent to which Defendants' objection applies varies request by request. Counsel for Plaintiff rejected each suggestion, and refused to present the possibility of compromise to his client. Before burdening the Court with the parties' dispute, these issues should be, at a minimum, presented to and seriously considered by Plaintiff.

Plaintiff's proposed motion is also without merit. Plaintiff's complaints concern mainly two of Defendants objections: (1) many if not all of the requests in Plaintiff's Third Set of RFPs are duplicative of previously served requests, which the Court rejected in its Order denying Plaintiff's motion to compel with prejudice, and (2) other of Plaintiff's requests are premature and seek, for example, "[a]ll documents" that Defendants intend to introduce as prior art at trial (RFP 69).

Plaintiff's first complaint should be rejected. In its January 6, 2021 motion to compel, Plaintiff requested that the Court order Defendants to produce documents responsive to each and every one of the requests in Plaintiff's First and Second Set of RFPs. These requests were broad and directed to Plaintiff's theory of the case generally. For example, Plaintiff sought "[a]ll documents concerning any contract or agreement involving the Accused Systems" (RFP 6) and "[a]ll documents referring or relating to any responses to RFPs drafted, prepared, and/or submitted by Defendants that concern the Accused Systems" (RFP 28). The Court denied Plaintiff's motion with prejudice. Plaintiff now urges similar (and in some cases identical) RFPs, also directed to the "Accused Systems" and its theory of the case generally, and asks the Court to compel Defendants to respond. If Judge Fox's Order denying Plaintiff's prior motion "with prejudice" is to be given any effect, it must preclude Plaintiff from seeking the same relief that it sought in the prior motion for a second time now.

Plaintiff's primary argument in response is that its new requests are different, and therefore not precluded, because they are "directed to" new claims. But Plaintiff provides no support for the proposition that discovery begins anew when a plaintiff adds new claims. Moreover, neither the prior requests nor the current set of requests are limited to, or directed at, specific claims; instead, they are directed at the exact same information. For example, new RFP 72 and old RFP 31 are identical and seek "[d]ocuments sufficient to fully describe the process in which Defendants maintain, manage, and obtain access to their sales and financial records in the ordinary course of business on a daily, monthly, quarterly, annual or other time period." As another example, new RFP 67 requests "[a]ll documents referring or relating to the marketing, advertising or promotion of the Accused Systems" where "Accused Systems" is defined as a "mobile ticketing application/system . . . sold or offered for sale, or used by any of the Defendants, including but not limited to . . . MyTix." This request seeks the same information as old RFP 29, requesting "[a]ll documents referring or relating to the marketing, advertising, or promotion of any mobile ticketing application of systems, including but not limited to the MyTix application, offered for sale or sold by Defendants."[5] As these examples demonstrate, Plaintiff's new requests are duplicative of its old and previously rejected requests, and Plaintiff's claim that "none of the requests [are] identical" is untrue.

---

[5] There are many other examples. *See, e.g.*, RFP 75 (duplicative of RFP 32), RFP 71 (duplicative of RFP 30), RFP 123 (duplicative of RFPs 38, 39), RFP 110 (duplicative of RFP 62), RFP 121, 122 (duplicative of RFPs 41-50, 51).

4

Even accepting Defendants' argument that its new requests are "directed to" its new patent infringement claims and therefore should be allowed, Plaintiff should, at a minimum, be precluded from using the information responsive to these requests to support its other claims. Judge Fox's Order denied Plaintiff's request to compel Defendants to produce information responsive to RFPs 1-62 with prejudice. At the time, Plaintiff's breach of contract, misappropriation of trade secrets, and other state law claims were "live." Plaintiff should not be permitted to circumvent Judge Fox's Order under the guise of discovery for its newly added patent claims.

Plaintiff's second complaint should also be rejected because the requests at issue are premature. In essence, Plaintiff's position is that Defendants should be required to disclose their contentions now, and Plaintiff should be permitted to craft its infringement theories later, *after* learning of Defendants' non-infringement and invalidity arguments. *See, e.g.*, RFP 73 ("All documents concerning or relating to Defendants' claims of invalidity or unenforceability of any claim of the Patent-in-Suit"); RFP 89 ("All documents referring or relating to any attempts by Defendants or any third party to design around or avoid practicing the Patents-in-Suit"). Unsurprisingly, Plaintiff has not identified any law in support of this approach.[6] Moreover, it is not clear how Defendants could even respond to, for example, RFP 89, until Plaintiff discloses its infringement theories. Defendants will respond to these requests, but the appropriate time to do so is after Plaintiff discloses its infringement theories.

Plaintiff's primary argument in response is that Defendants "violate[] Rule 34 and this Court's precedent." But Defendants' Responses and Objections comply with Rule 34 and the case law interpreting it, including by stating Defendants' specific objections to each request and by specifying, for example, that Defendants are willing to meet and confer to understand the request (an offer Plaintiff has refused) or that Defendants will produce responsive documents at the appropriate time, *e.g.*, through expert opinion.[7]

For the foregoing reasons, Plaintiff's proposed motion is premature and without merit, and Defendants respectfully request that the Court deny Plaintiff's request for a pre-motion conference.

---

[6] Two of the districts with the largest volume of patent cases, the Northern District of California and the Eastern District of Texas, both reject Plaintiff's proposed approach. Both district's Local Patent Rules require patent holders to disclose their infringement theories 45 days before a defendant discloses its invalidity theories. *See* Northern District of California Patent Local Rule 3-1 and 3-3 (available at https://www.cand.uscourts.gov/rules/patent-local-rules/); Eastern District of Texas Patent Rules at 3-1 and 3-3 (available at https://www.txed.uscourts.gov/?q=patent-rules).

[7] In an eleventh-hour revision to this Letter, Plaintiff added the false allegation that, during the Parties' meet and confer, "Defendants took the position that they are permitted to disregard the Federal Rules" and that Defendants have engaged in a "pattern of delay and obstruction." Both accusations are false. At no point during the parties' meet and confer did Defendants' counsel even remotely suggest that Defendants are not obligated to comply with the Federal Rules. The dispute here is about what those Rules require. As explained above, Plaintiff has not identified a single court interpreting the Federal Rules in the manner it asks this Court to interpret them now.

Respectfully submitted,

| | |
|---|---|
| /s/Dariush Keyhani | /s/Ashley N. Moore |
| Dariush Keyhani | Ashley N. Moore |
| Keyhani LLC | McKool Smith, P.C. |
| 1050 30th Street NW | 300 Crescent Court, Suite 1500 |
| Washington, DC 20007 | Dallas, Texas 75201 |
| Tel: (202) 748-8950 | Tel: (214) 978-4000 |
| Fax: (202) 318-8958 | Fax: (214) 978-4044 |
| dkeyhani@keyhanillc.com | amoore@mckoolsmith.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |