UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BYTEMARK, INC.,

       Plaintiff,

  -against-

XEROX CORP., ACS TRANSPORT
SOLUTIONS, INC., XEROX
TRANSPORT SOLUTIONS, INC.,
CONDUENT INC., and NEW JERSEY
TRANSIT CORP.

       Defendants.

**ORDER**

17 Civ. 1803 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

    Plaintiff Bytemark, Inc. brings this action against Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively "Defendants"), asserting claims for patent infringement, breach of contract, trade secret misappropriation, unfair competition, and unjust enrichment. (See Third Am. Cmplt. ("TAC") (Dkt. No. 139) ¶ 1)

    This Order addresses the parties' discovery dispute and their objections to a discovery order issued by the assigned magistrate judge – the Hon. Kevin N. Fox – as well as his denial of motions for reconsideration. (Dkt. Nos. 129, 132-35)

## BACKGROUND

    On December 10, 2020, the parties filed a joint letter setting forth a discovery dispute. (Dec. 10, 2020 Joint Ltr. (Dkt. No. 108)) Plaintiff sought an order compelling Defendants to produce information and documents responsive to its requests for production. (Id. at 1-3) Defendants refused to respond to Plaintiff's discovery request until Plaintiff disclosed "the allegedly misappropriated trade secrets that form [Plaintiff's] good-faith basis for filing its

lawsuit." (Id. at 4)  Defendants moved to compel Plaintiff to disclose its trade secret information, and sought a protective order as to the discovery sought by Plaintiff.  (Id. at 4-5)

On December 11, 2020, this Court referred the parties' discovery dispute to Magistrate Judge Fox.  (Dkt. No. 109)

In a December 14, 2020 order, Judge Fox directed the parties to brief their respective motions:

> The parties' December 10, 2020 joint request for a pre-motion conference, Docket Entry No. 108, is denied.  On or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made.  The Local Civil Rules of this court govern the timing of oppositions and replies.  Memoranda of law in support of and in opposition to a motion shall be no longer than 15 double-spaced pages in 12-point font, inclusive of a table of contents and a table of authorities, and reply memoranda of law shall be no longer than 6 double-spaced pages in 12-point font.  No footnotes are permitted.  The Court will not entertain any requests to extend the number of pages or filing deadlines absent a showing of extraordinary circumstances.  COVID-19 related issues do not constitute extraordinary circumstances.

(December 14, 2020 Order (Dkt. No. 110))

On December 28, 2020, the parties served their respective motions and supporting documents.  On January 4, 2021, Plaintiff served Defendants with its opposition brief.  On January 5, 2021, at 12:03 a.m., Defendants emailed Plaintiff their opposition brief.  Certificates of service for all papers were filed on the Court's docket.  (Dkt. Nos. 111-114)

On January 6, 2021, the parties filed their respective motions, briefs, and supporting documentation.  (Dkt. Nos. 115-24)

On January 7, 2021, Plaintiff moved to strike Defendants' reply (Dkt. No. 118), arguing that Defendants had exceeded Judge Fox's six-page limit.  (Pltf. Motion to Strike (Dkt. No. 125); Pltf. Br. (Dkt. No. 126) at 1)  In its brief, Plaintiff also noted that Defendants had served their opposition brief at 12:03 a.m. on January 5, 2021, three minutes after the deadline.  (Pltf. Br. (Dkt. No. 126) at 2-3)

In a January 8, 2021 letter, Defendants stated that they had "inadvertently overlooked the Court's Order limiting replies to 6 pages." (Jan. 8, 2021 Def. Ltr. (Dkt. No. 127)) Defendants submitted a new reply brief that complied with Judge Fox's page limits, and asked that their shorter reply be substituted for their previous filing, thus mooting Plaintiff's motion to strike. (Id.) In a January 8, 2021 letter, Plaintiff opposed Defendants' request. (See Jan. 8, 2021 Pltf. Ltr. (Dkt. No. 128))

In a January 13, 2021 order, Judge Fox denied with prejudice both sides' discovery motions (Dkt. Nos. 115, 119), and denied Plaintiff's motion to strike as moot. (January 13, 2021 Order (Dkt. No. 129) at 9) In his order, Judge Fox found that both sides had violated his December 14, 2020 Order by not timely filing their motions and opposition papers on the court's docket. (Id. at 5-8)

Judge Fox noted that his December 14, 2020 Order states that "[o]n or before December 28, 2020, any motions limited solely to the issues raised in the December 10, 2020 joint letter shall be made. The Local Civil Rules of this court govern the timing of opposition and replies." (Id. at 5 (quoting December 14, 2020 Order)) Rather than filing their respective motions on the court's docket by December 28, 2020, the parties had instead merely filed a certificate of service on that date. (Id. at 6)

The parties moved for reconsideration (Jan. 14, 2021 Pltf. Ltr. (Dkt. No. 130); Jan. 15, 2021 Def. Ltr. (Dkt. No. 131)), noting that they had followed this Court's "bundling rule," which requires that motion papers be filed on the court docket only after they are fully briefed. (See Individual Rules IV.C) On January 21, 2021, Judge Fox denied the motions for reconsideration. (Jan. 21, 2021 Order (Dkt. No. 132))

3

On January 27, 2021, the parties filed objections to Judge Fox's January 13, 2021 and January 21, 2021 orders. (Pltf. Obj. (Dkt. No. 133) at 5 & n.1; Def. Obj. (Dkt. No. 134) at 2) Plaintiff asks this Court to "decide the parties' discovery dispute briefing on the merits." (Pltf. Response (Dkt. No. 137) at 1)

## DISCUSSION

I. **REVIEW OF JUDGE FOX'S ORDERS**

Under Federal Rule of Civil Procedure 72, a district judge reviews a "pretrial matter not dispositive of a party's claim or defense" under the "clearly erroneous or . . . contrary to law" standard. Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when . . . the district court is left with the definite and firm conviction that a mistake has been committed. A finding is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Shim-Larkin v. City of New York, No. 16-CV-6099 (AJN), 2020 WL 5758751, at *1 (S.D.N.Y. Sept. 28, 2020) (citations and quotation marks omitted)).

This Court concludes that – in denying the parties' (1) original motions without reaching the merits and with prejudice; and (2) motions for reconsideration – Judge Fox acted in a clearly erroneous fashion and contrary to law.

The Court sees no willful effort to violate Judge Fox's December 14, 2020 Order. Instead, the parties were attempting to follow this Court's Individual Rules, which require that motion papers not be filed on the docket until the matter is fully submitted. Assuming arguendo that the parties erred in following this Court's Individual Rules without consulting with Judge Fox's chambers, the sanction imposed by Judge Fox – a denial of the motions with prejudice – was not proportional to their error, which was not willful. See Shim-Larkin, 2020 WL 5758751,

4

at *6-7 (sustaining objection where magistrate judge's imposition of sanctions did not adequately take into account defendant's explanations).

Accordingly, the parties' objections to Judge Fox's January 13, 2021 and January 21, 2021 orders are sustained, and this Court will address the parties' original motions on the merits.

## II. PLAINTIFF'S MOTION TO COMPEL, AND DEFENDANTS' MOTION TO COMPEL AND FOR A PROTECTIVE ORDER

Plaintiff seeks an order compelling Defendants to respond to Plaintiff's First and Second Set of Requests for Production. These requests seek documents regarding the creation and development of Defendants' allegedly infringing mobile ticketing application. (Pltf. Br. (Dkt. No. 120) at 2; Notice of Motion (Dkt. No. 119)) The requests at issue are as follows:

> **REQUEST NO. 38**: All documents and communications shared between Bytemark and Defendants using Privia project management software.
>
> **REQUEST NO. 39**: All documents and communications shared between Bytemark and Defendants using YouSendIt, Google Drive, Dropbox, and any filing sharing and/or cloud-based system.
>
> **REQUEST NO. 40**: All documents and communications shared between Bytemark and Defendants between 2012 and 2016.
>
> **REQUEST NO. 60**: All versions of the New Jersey Transit app and MyTix app.
>
> **REQUEST NO. 61**: The original API documentation for the MyTix app.
>
> **REQUEST NO. 62**: The mobile application source code for the first released version of the MyTix app.

(Pltf. Br., Ex. B (Dkt. No. 120-2) at 6-7, 9)

Defendants do not dispute the relevance of these documents, nor do they dispute their obligation to produce them in this litigation. (Def. Opp. Br. (Dkt. No. 122) at 10) Instead, Defendants maintain that they are only required to produce this material after Plaintiff "identifies

5

its alleged trade secrets with reasonable particularity." (Id. at 3) Defendants contend that "overwhelming precedent set by this jurisdiction and others" and "[n]otions of fairness" require a plaintiff such as Bytemark to identify its trade secrets prior to discovery. (Id. at 3) Defendants also contend that the Complaint's allegations do not satisfy the "reasonable particularity standard," because it contains "generic descriptions of trade secret categories." (Id. at 9 (quoting, with alterations, Uni-Sys., LLC v. U.S. Tennis Ass'n, No. 17CV147KAMCLP, 2017 WL 4081904, at *4 (E.D.N.Y. Sept. 13, 2017))) According to Defendants, Plaintiff should be required to identify its trade secrets either "via a trade secret disclosure or a response to Interrogatory No. 1."[1] (Notice of Motion (Dkt. No. 115)) Defendants seek an order compelling Plaintiff to make this disclosure, as well as a protective order postponing disclosure of Defendants' confidential information until Plaintiff has identified its trade secrets. (Id.; Def. Br. (Dkt. No. 116) at 13)

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery may proceed "in any sequence," and "discovery by one party does not require any other party to delay its discovery." Fed R. Civ. P. 26(d)(3). "Cases involving trade secret claims follow the normal

---

[1] In Defendants' First Set of Interrogatories, they request that Plaintiff:
"Specify with particularity each and every alleged trade secret that Bytemark claims that Defendants misappropriated by separately explaining in detail the following information for each alleged trade secret: (a) the substantive content of the formula, pattern, compilation, program device, technique or process or any other information alleged to be a trade secret; (b) the means by which the alleged trade secret derives independent economic value from not being generally known; (c) any and all efforts taken by Bytemark to maintain the confidentiality of the trade secret; (d) the Bates Numbers of all documents relating to the contention that the alleged trade secret is, in fact a trade secret; and (e) the persons most knowledgeable about such trade secret."
(Moore Decl., Ex. B (Dkt. No. 117-2) at 3)

procedures set by the Federal Rules." Uni-Sys, 2017 WL 4081904, at *4. However, many federal courts – in recognition of the proprietary concerns in trade secrets cases and the related difficulty in defining the scope of discovery – have required plaintiffs to identify alleged trade secrets with "reasonable particularity":

> Although definitions vary, that standard generally requires that the plaintiff provide enough information about the alleged trade secrets (1) to put the defendant on notice of the nature of plaintiff's claims, and (2) to allow defendant to discern the relevancy of any discovery requests. Id.; accord Switch Commc'ns Grp. v. Ballard, No. 2:11-cv-00285, 2012 WL 2342929 (D. Nev. June 19, 2012).
>
> The standard is flexible and is driven by the Court's discretion. Courts have recognized that a very general showing may be sufficient, particularly in the common scenario where the trade secrets plaintiff may not know which parts of its trade secrets have been misappropriated or cannot determine the full scope of its claims until it gains a better understanding of how a defendant operates. See Vesta Corp. v. Amdocs Mgmt. Ltd., 147 F. Supp. 3d 1147, 1154 (D. Or. 2015) (quoting DeRubeis v. Witten Techs., Inc., 244 F.R.D. at 680). Thus, the strength of the showing sufficient to identify trade secrets with sufficient particularity varies with the facts and stage of the case. See Storagecraft Tech. Corp. v. Symantec Corp., No. 2:07 cv 856 CW, 2009 WL 361282, at *2 (D. Utah Feb. 11, 2009).

(Id.)

Here, Plaintiff asserts that they are willing, and have offered on many occasions, to produce all source code and confidential information that form the basis of its trade secret claims. (Pltf. Reply Br. (Dkt. No. 121) at 3) Citing Local Rule 33.3(c), however, Plaintiff states that it should not be required to respond to Defendants' Interrogatory 1 until Defendants have responded to Plaintiff's document requests.[2] (Pltf. Opp. Br. (Dkt. No. 124) at 4, 7, 11-13)

---

[2] Local Civil Rule 33.3 provides:

> (a) Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

7

Plaintiff argues that this procedure is consistent with this jurisdiction's case law, in which plaintiffs are not required to specify their trade secrets until after "substantial discovery has taken place." (Id. at 7-8 (citing Sit-Up Ltd. v. IAC/InterActiveCorp., No. 05 CIV. 9292 (DLC), 2008 WL 463884, at *6 (S.D.N.Y. Feb. 20, 2008) and Xerox Corp. v. Int'l Bus. Machines Corp., 64 F.R.D. 367, 371 (S.D.N.Y. 1974)))

This case is in its very early stages. Defendants have not produced any confidential documents, and no depositions have been taken. (Pltf. Opp. (Dkt. No. 124) at 12) At this stage of the litigation, Plaintiff is not required – as a prerequisite for obtaining relevant discovery from Defendants – to identify its trade secrets with the specificity that Defendants demand. See Uni-Sys., 2017 WL 4081904, at *4 ("[T]he requirement of reasonable particularity does not create a procedural device to litigate the ultimate merits of the case – that is, to determine as a matter of law on the basis of evidence presented whether the trade secret actually exists." (internal quotations and citations omitted)); Local Rule 33.3(b) ("During discovery, interrogatories [seeking the claims and contentions of the opposing party] may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.").

Defendants' arguments to the contrary are not persuasive. Defendants do not contend that they are insufficiently "inform[ed] . . . of the nature of plaintiff's claims" or that

---

(b) During discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court.

(c) At the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise.

they cannot "determine the relevancy of discovery requests." Uni-Sys., 2017 WL 4081904, at *4. Defendants merely state, in a conclusory fashion, that "continued disputes . . . will arise over Bytemark's failure to define its claims." (Def. Reply (Dkt. No. 127-1) at 6-7; see also Def. Br. (Dkt. No. 116) at 10 ("Absent such a disclosure, the uncertainty in Bytemark's claims will lead to unnecessary disputes, inefficient motions practice, and burdensome discovery.")) This speculative assertion provides no basis to deny Plaintiff relevant discovery.

Defendants also argue that, absent a prior disclosure of Plaintiff's trade secrets, "plaintiff[] . . . could tailor their theory of misappropriation to defendants' work." (Def. Br. (Dkt. No. 116) at 8 (internal quotation marks and citations omitted)) But Plaintiff has agreed to "identify its trade secrets immediately through production of all of the source code and confidential information in its possession . . . and to do so prior to any production of confidential or proprietary materials by Defendants." (Pltf. Opp. (Dkt. No. 124) at 14 (emphasis omitted)) Accordingly, it is not clear how Plaintiff could "tailor [its] theory of misappropriation to defendants' work."

The cases cited by Defendants are not to the contrary. Many arise in a different procedural posture or context. See PaySys Int'l, Inc. v. Atos Se, No. 14-CV-10105 (KBF), 2016 WL 7116132, at *11 (S.D.N.Y. Dec. 5, 2016) (summary judgment); Big Vision Private v. E.I. DuPont De Nemours & Co., 1 F.Supp.3d 224, 262-66 (S.D.N.Y. 2014) (same); ValveTech, Inc. v. Aerojet Rocketdyne, Inc., No. 17-CV-6788-FPG, 2019 WL 4688737, at *4 (W.D.N.Y. Sept. 26, 2019) (motion to dismiss); Heyman v. AR. Winarick, Inc., 325 F.2d 584, 590 (2d Cir. Dec. 24, 1963) (same); DS Parent, Inc. v. Teich, No. 5:13-CV-1489 LEK/DEP, 2014 WL 546358, at *8 (N.D.N.Y. Feb. 10, 2014) (preliminary injunction); Power Conversion, Inc. v. Saft America, Inc., No. 83 Civ. 9185-CSH, 1985 WL 1016, at *2 (S.D.N.Y. May 1, 1985) (allegations of

misappropriation of trade secrets by both parties). Other cases cited by Defendants support Plaintiff's position. See Sit-Up Ltd., 2008 WL 463884, at *5-7 (months after "massive document discovery," court noted that "it is unfair to your clients and to the defendants to conduct discovery without knowing what the assertions are"); Ferguson v. Ferrante, No. 13 CIV. 4468 VEC, 2014 WL 1327968, at *2 (S.D.N.Y. Apr. 3, 2014) (holding that plaintiff need not provide defendants with "the full basis for the belief" that trade secrets were misappropriated because "this can be obtained at [plaintiff's] deposition"); Uni-Systems, 2017 WL 4081904, at *4 (noting that "a very general showing may be sufficient," particularly where "plaintiff [does] not know which parts of its trade secrets have been misappropriated or cannot determine the full scope of its claims until it gains a better understanding of how a defendant operates") (citations omitted).

## CONCLUSION

For the reasons discussed above, the parties' objections to Judge Fox's January 13, 2021 and January 21, 2021 orders (Dkt. Nos. 133-34) are sustained. Plaintiff's motion to strike (Dkt. No. 125) is denied. Plaintiff's motion to compel (Dkt. No. 119) is granted, and Defendant's motion to compel and for a protective order (Dkt. No. 115) is denied. Defendants are directed to respond to Plaintiff's Requests 38-40 and 60-62 of Plaintiff's Second Request for Production by **January 19, 2022**.

Dated: New York, New York
January 11, 2022

SO ORDERED.

_Paul G. Gardephe_
Paul G. Gardephe
United States District Judge