UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

                           Plaintiff(s),

- against -

_____

_____

                          Defendant(s).

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

_____ Civ. _____ (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        After consultation with counsel for the parties, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.     All parties **do**    / **do not**    consent to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). [**Check one.**]

2.     This case **is**    / **is not**    to be tried to a jury. [**Check one.**]

3.     No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties must be filed within 30 days from the date of this Order.

4.     A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5.     The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6.     The parties must complete <u>fact</u> discovery no later than <u>8 months after the stay is either lifted or denied</u>. [**Insert date; typically 90 days from issuance of this scheduling order.**]

7.     If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

a. Serve initial requests for production of documents by _____. **[Insert date; typically 2 weeks from issuance of this scheduling order.**]

b. Serve interrogatories by _____. **[Insert date; typically 2 weeks out from issuance of this scheduling order.**]

c. Complete depositions of fact witnesses by 8 months after the stay is either lifted or denied. **[Insert date; typically 90 days from issuance of this scheduling order .**]

   i. Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

   ii. There is no priority in deposition by reason of a party's status as plaintiff or defendant.

   iii. Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

   iv. Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

d. Serve requests to admit no later than 7 months after the stay is either lifted or denied. **[Insert date; typically 75 days out from issuance of this scheduling order.**]

8. The parties must complete <u>expert</u> discovery no later than 9 months after the stay is either lifted or denied. **[Insert date; typically 30 days after end of fact discovery.**]

a. Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by 8 months plus 7 days after the stay is either lifted or denied. **[Insert date; typically 90 days from issuance of this order.**] Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by 8 months plus 21 days after the stay is either lifted or denied. **[Insert date; typically 2 weeks later.**]

b. No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of the Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph : (a). The parties

may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8.

    c.  Plaintiff(s) anticipate expert testimony concerning the following issue(s):

_____

    d.  Defendant(s) anticipate expert testimony concerning the following issue(s):

_____

9.    No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10.    Parties seeking to make post-discovery dispositive motions should submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by 9 months plus 7 days after the stay is either lifted or denied _____. **[Insert date; typically 1 week after the close of discovery.]** Opposition letters are due 9 months plus 10 days after the stay is either lifted or denied **[Insert date; typically 3 business days later.]**

11.    Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is: _____. **[Insert number of days.]**

13.    At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a Ready Trial Date. At any time on or after the Ready Trial Date, the Court may call the parties to trial upon 48 hours' notice. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts – including, but not limited to, trials and vacations – that would prevent a trial at a particular time. Such notice must come before the Court notifies counsel of an actual trial date, not after counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

14.    Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance – signed by all parties – before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they must immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

15.    The next pretrial conference is scheduled for _____.  [**To be filled in by Court after consultation with parties.**]

16.    One month after the stay is lifted or denied, Plaintiffs shall serve a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112 (¶ 6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

(e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

(f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other Instrumentality that incorporates or reflects that particular claim.

17.    Two months after the stay is lifted or denied, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which must contain the following information:

4

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art sales or public disclosures under pre-AIA 35 U.S.C. § 102(b) / post-AIA 35 U.S.C. § 102(a)(1) shall be identified by specifying the item offered for sale or publicly used or the information known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under pre-AIA 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under pre-AIA 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).  Prior art references under post-AIA 35 U.S.C. § 102(a)(1) showing that the claimed invention was otherwise available to the public shall be identified by specifying the form and nature of the reference, the manner in which the reference was made public, and the date on which the reference was made public;

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified;

(c) A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112 ¶ 6, the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112 ¶ 2 or enablement or written description under 35 U.S.C. § 112 ¶ 1 of any of the asserted claims.

18. a) Leave not required. Each party's "Infringement Contentions" and "Invalidity Contentions" shall be deemed to be that party's final contentions, except as set forth below.

(1) If a party claiming patent infringement believes in good faith that the Court's Claim Construction Ruling so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve "Amended Infringement Contentions" without leave of court that amend its "Infringement Contentions" with respect to the information required by ¶ 16(c) and (d).

(2) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" without leave of court that amend its "Invalidity Contentions" with respect to the information required by ¶ 17 if:

(A) a party claiming patent infringement has served "Amended Infringement Contentions" pursuant to ¶ 18(a)(1), or

(B) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

5

(b) Leave required. Amendment or supplementation of any Infringement Contentions or Invalidity Contentions, other than as expressly permitted in ¶ 18(a), may be made only by order of the Court, which shall be entered only upon a showing of good cause.

19.      Two months after the stay is lifted or denied, Plaintiff shall serve a "Disclosure of Misappropriated Trade Secrets" describing with reasonable particularity all trade secrets that it claims it disclosed to Defendants and which it alleges Defendants misappropriated.

          This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Dated: New York, New York

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

6