# EXHIBIT M

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

# BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

XEROX CORP., ACS TRANSPORT
SOLUTIONS, INC., XEROX
TRANSPORT SOLUTIONS, INC.,
CONDUENT INC., and
NEW JERSEY TRANSIT CORP.,
Petitioner

V.

BYTEMARK, INC.
Patent Owner
Patent No. 9,239,993
Filing Date: May 23, 2013
Issue Date: January 19, 2016
Title: METHOD AND SYSTEM FOR DISTRIBUTING
ELECTRONIC TICKETS WITH VISUAL
DISPLAY

_____

Case CBM2018-0018

_____

**DECLARATION OF DR. SIGURD MELDAL**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. MY BACKGROUND AND QUALIFICATIONS ............................................. 2
III. SUMMARY OF OPINIONS ............................................................................... 5
IV. FACTS AND EVIDENCE UPON WHICH MY OPINIONS ARE BASED ... 6
V. GUIDING LEGAL PRINCIPLES ..................................................................... 6
    A. Covered Business Method Review Eligibility ............................................ 6
    B. Claim Construction ...................................................................................... 7
    C. Level of Ordinary Skill in the Art ............................................................... 7
    D. Standard for 35 U.S.C. § 112, First Paragraph – Written and Enablement Requirements .......................................................................... 9
    E. Standard for 35 U.S.C. § 112, Second Paragraph – Definiteness Requirement ................................................................................................ 10
    F. Standard for Patent-Eligible Subject Matter Under 35 U.S.C. § 101 ...... 10
    G. Standard for Anticipation Under 35 U.S.C. § 102(a) ............................... 11
VI. SUMMARY OF THE '993 BUSINESS METHOD PATENT ...................... 11
    A. Overview of the '993 Patent ....................................................................... 11
    B. The '993 Patent Prosecution History ........................................................ 16
    C. Challenged Claims of the '993 Patent ....................................................... 31
    D. Claim Construction of "Validation Display Object" ............................... 41
VII. PRIOR ART ....................................................................................................... 42
    A. Terrell (2009) ............................................................................................... 42
VIII. CBM ELIGIBILITY ......................................................................................... 45
    A. The Challenged Claims Recite a "Financial Product or Service" .......... 45
    B. The Challenged Claims Do Not Satisfy the Technological Invention Exception .................................................................................... 46
IX. ANALYSIS OF THE CLAIMS IN VIEW OF 35 U.S.C. § 112 .................... 49
X. ANALYSIS OF THE CLAIMS IN VIEW OF 35 U.S.C. § 101 .................... 54
XI. ANALYSIS OF THE CLAIMS IN VIEW OF THE PRIOR ART ............... 60

    A. Ground 3: Each and Every Element of Claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 Patent are Disclosed in Terrell ................................................................................... 60

XII. CONCLUSION ................................................................................... 85

212. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 patent are unpatentable as being directed towards patent ineligible subject matter under 35 U.S.C. § 101.

213. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, and 24 of the '993 patent are unpatentable as anticipated by the prior art references discussed above under 35 U.S.C. § 102.

214. I reserve the right to supplement my opinions in the future to respond to any arguments or positions the patent owner may raise.

215. I declare under penalty of perjury that the foregoing statements and opinions are true and correct to the best of my knowledge.

Date: January 12, 2018

*[signature]*

Sigurd Meldal

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

_____

# BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP.,
Petitioner

V.

BYTEMARK, INC.
Patent Owner

Patent No. 8,494,967
Filing Date: May 18, 2012
Issue Date: July 23, 2013
Title: METHOD AND SYSTEM FOR DISTRIBUTING ELECTRONIC TICKETS WITH VISUAL DISPLAY

_____

Case CBM2018-00011

_____

## DECLARATION OF DR. SIGURD MELDAL

Petitioners Xerox, et al. - Exhibit 1004 - Page 1

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1
II. MY BACKGROUND AND QUALIFICATIONS ............................................ 2
III. SUMMARY OF OPINIONS .............................................................................. 5
IV. FACTS AND EVIDENCE UPON WHICH MY OPINIONS ARE BASED .. 7
V. GUIDING LEGAL PRINCIPLES .................................................................... 7
    A. Covered Business Method Review Eligibility ............................................ 7
    B. Claim Construction ...................................................................................... 8
    C. Person of Ordinary Skill in the Art ............................................................. 8
    D. Enablement and Definiteness Requirements of 35 U.S.C. § 112 ........... 10
    E. Patent-Eligible Subject Matter Under 35 U.S.C. § 101 .......................... 11
    F. Obviousness Under 35 U.S.C. 103(a) ....................................................... 11
VI. THE '967 PATENT ........................................................................................... 12
    A. Specification ................................................................................................ 12
    B. File Wrapper .............................................................................................. 16
    C. Claim Construction .................................................................................... 22
        1. "visual validation display object" ....................................................... 30
VII. PRIOR ART ...................................................................................................... 31
    A. Terrell (2009) .............................................................................................. 31
    B. Saarinen (2005) .......................................................................................... 34
    C. Rosen (1997) ............................................................................................... 35
    D. Wheeler (2005) ........................................................................................... 35
VIII. ANALYSIS OF THE CLAIMS WITH REGARD TO CBM ELIGIBILITY 36
    A. The '967 Patent Claims Recite a Financial Product or Service ............. 36
    B. The '967 Patent Claims Do Not Satisfy the Technological Invention Exception ...................................................................................... 37
IX. ANALYSIS OF THE CLAIMS IN VIEW OF 35 U.S.C. § 112 .................... 39
X. ANALYSIS OF THE CLAIMS IN VIEW OF 35 U.S.C. § 101 .................... 44
XI. ANALYSIS OF THE CLAIMS IN VIEW OF THE PRIOR ART ............... 48

A. Ground 3: Each and Every Element of Claims 1, 3, 4, 5, 6, 17, 18, 20, 21, 22, 23 and 34 of the '967 Patent are invalid under 35 USC 103(a) over Terrell in view of Saarinen ........................................................... 48

B. Ground 4: Each and Every Element of Claims 2 and 19 of the '967 Patent are invalid under 35 USC 103(a) over Terrell in view of Saarinen in further view of Rosen ................................................................... 68

C. Ground 5: Each and Every Element of Claims 1, 3, 4, 5, 6, 17, 18, 20, 21, 22, 23 and 34 of the '967 Patent are invalid under 35 USC 103(a) over Terrell in view of Wheeler. ........................................................ 74

D. Ground 6: Each and Every Element of Claims 2 and 19 of the '967 Patent are invalid under 35 USC 103(a) over Terrell in view of Wheeler in further view of Rosen ................................................................... 92

XII. CONCLUSION ........................................................................................ 98

## XII. CONCLUSION

223. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23 and 34 of the '967 patent are eligible for business method review as they recite a financial product or service and do not satisfy the technological invention exemption.

224. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23 and 34 of the '967 patent are unpatentable for failure to satisfy the enablement and definiteness requirements.

225. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23 and 34 of the '967 patent are unpatentable as being directed towards patent ineligible subject matter.

226. For the foregoing reasons, it is my opinion that claims 1, 2, 3, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23 and 34 of the '967 patent are unpatentable as obvious in view of the prior art references discussed above.

227. I reserve the right to supplement my opinions in the future to respond to any arguments or positions the patent owner may raise.

228. I declare under penalty of perjury that the foregoing statements and opinions are true and correct to the best of my knowledge.

Date: January 10, 2018

Sigurd Meldal

99

Petitioners Xerox, et al. - Exhibit 1004 - Page 102

# Declaration of Sigurd Meldal on Invalidity of U.S. Patent 9,239,993

From:   Lisa Conner <LConner@fishstewip.com>
Sent:   Wed, Aug 16, 2017 at 10:35 pm
To:     'Darius Keyhani', 'atindel@andytindel.com'
Cc:     'Kasia Brozynski (KBrozynski@shannongracey.com)', Thomas E. Donohue, Michael T. Fluhler, 'fstephenson@meredithkeyhani.com', Douglas P. LaLone, Gayna L. Mellema

image001.jpg (6.8 KB)

 Images not displayed.   **SHOW IMAGES**   |   **ALWAYS SHOW IMAGES FROM THIS SENDER**

Dear Counsel:

Below is a link that will contain Masabi's Declaration of Sigurd Meldal on Invalidity of US Patent 9,239,993.

https://fishstewip.sharefile.com/d-s66e51e6bbb1494c8

If you have any questions, please feel free to contact Douglas LaLone directly at 248-594-0650.

Kind regards,

Lisa

| | |
|---|---|
| Fishman Stewart PLLC | **Lisa Conner** | Legal Assistant<br>Fishman Stewart PLLC<br>39533 Woodward Avenue | Suite 140<br>Bloomfield Hills, MI 48304 | USA<br>tel +1 (248) 593-3344 | fax +1 (248) 594-0610<br>**website** | **LinkedIn** | **vCard** | **map** | **email** |

**CONFIDENTIAL AND PRIVILEGED INFORMATION IMPORTANT:** The enclosed message and any attachments are intended for the addressee only and are privileged and confidential. If you are not the addressee, then please DO NOT read, copy or distribute the message or any attachment. Please reply to the sender that you received the message in error and delete it. Thank you.

# Declaration of Sigurd Meldal on Invalidity of US Patent 8,494,967and Disclosures of Expert Witnesses

From: Lisa Conner <LConner@fishstewip.com>
Sent: Wed, Aug 16, 2017 at 9:05 pm
To: 'Darius Keyhani', 'atindel@andytindel.com'
Cc: 'Kasia Brozynski (KBrozynski@shannongracey.com)', Thomas E. Donohue, Michael T. Fluhler, 'fstephenson@meredithkeyhani.com', Douglas P. LaLone, Gayna L. Mellema

image001.jpg (6.8 KB)    Masabi's Disclosures of Expert Witnesses (R1507733x7A4C4).pdf (174.8 KB)  — **Download all**

Images not displayed.   **SHOW IMAGES**   |   **ALWAYS SHOW IMAGES FROM THIS SENDER**

Dear Counsel:

Below is a link that will contain Masabi's Declaration of Sigurd Meldal on Invalidity of US Patent 8,494,967.

https://fishstewip.sharefile.com/d-s8612c362a0549b28

Also, please find attached Masabi's Disclosures of Expert Witnesses.

If you have any questions, please feel free to contact Douglas LaLone directly at 248-594-0650.

Kind regards,

Lisa

---

**Fishman Stewart PLLC**

**Lisa Conner** | Legal Assistant
Fishman Stewart PLLC
39533 Woodward Avenue | Suite 140
Bloomfield Hills, MI 48304 | USA
tel +1 (248) 593-3344 | fax +1 (248) 594-0610

**website** | **LinkedIn** | **vCard** | **map** | **email**

**CONFIDENTIAL AND PRIVILEGED INFORMATION IMPORTANT:** The enclosed message and any attachments are intended for the addressee only and are privileged and confidential. If you are not the addressee, then please DO NOT read, copy or distribute the message or any attachment. Please reply to the sender that you received the message in error and delete it. Thank you.