# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

May 12, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
40 Foley Square Room 705
New York, NY 10007

> RE: *Bytemark, Inc. v. Xerox Corp., et al.*, in the United States District Court for the Southern District of New York; Civil Action No. 1:17-cv-01803-PGG

Dear Judge Gardephe:

We represent Plaintiff Bytemark Inc. ("Bytemark") in this case and submit this letter in response to Defendant New Jersey Transit Corp. ("NJ Transit")'s letter (Dkt. No. 170) requesting a pre-motion conference on a motion for summary judgment based on Eleventh Amendment immunity. For the reasons set forth below Plaintiff respectfully opposes Defendant's request.

**Defendant Misrepresents the Parties' Meet and Confer**

NJ Transit's claim that "Bytemark indicated that it had only one basis for its opposition: that the Third Circuit and Second Circuit apply slightly different factors to determine whether an entity constitutes an arm of the state" is false. During the parties' meet and confer, Bytemark unequivocally informed counsel for NJ Transit that because this case is pending in a district court within the Second Circuit, NJ Transit's reliance on *Karns v. Shanahan* (a Third Circuit case) was misplaced and that under Second Circuit law and Supreme Court precedent, NJ Transit's 11th Amendment argument was without merit. Bytemark made no statement about the strength of NJ Transit's 11th Amendment argument had the case been brought in a different circuit and certainly never "acknowledge[d] that it could not bring its claims against NJ Transit in the United States District Court for the District of New Jersey," as Defendant wrongly asserts.

**Defendant Misstates the Law**

Second Circuit—not Third Circuit—law applies to this issue. And the Third Circuit's decision in *Karns* does not reflect the Second Circuit's approach to determining whether an entity is an arm of the state and thus entitled to Eleventh Amendment immunity. *See Karns v. Shanahan*, 879

F.3d 504 (3d Cir. 2018). The Supreme Court and Third Circuit have acknowledged these divergent approaches. *See, e.g.*, *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 51 (discussing "[t]he conflict between the Second and Third Circuits" and "[t]he intercircuit division"); *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 85 (3d Cir. 2016) ("[T]he particulars of [the Third Circuit's] test differ from analogous tests in other Circuits . . . ."). Defendant's own analysis highlights the Third Circuit's unique approach by relying on two cases from other circuits, both of which were rejected by the court in *Karns*. *See* 879 F.3d at 516 (discussing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp*, 5 F.3d 378 (9th Cir. 1993) and *Morris v. Washington Metro. Area Transit Auth.*, 781 F.2d 218 (D.C. Cir. 1986) and stating "NJ Transit's reliance on both cases is misplaced. [The Third Circuit] ha[s] consistently observed that both *Alaska Cargo Transportation* and *Morris* are inapplicable . . . .").

The Second Circuit applies the *Mancuso* and related *Clissuras* tests.[1] Under Second Circuit law, "the **most important factor** in determining whether a state entity is entitled to sovereign immunity[] is 'whether a judgment against the entity must be satisfied out of a State's treasury,'" and the Second Circuit gives extra weight to this factor. *Leitner*, 779 F.3d at 137 (emphasis added); *Hess*, 513 U.S. at 30, 31, 47 (recognizing that "most Federal Courts of Appeals have identified the 'state treasury' criterion as the most important consideration"). **This differs from the Third Circuit's approach in a significant way**. Under Third Circuit law, courts **no longer treat the state-treasury factor as predominant**. *Karns*, 879 F.3d at 513.[2]

**NJ Transit is Not Entitled to 11th Amendment Immunity Under Second Circuit Law**

Under either the *Mancuso* or *Clissuras* test, NJ Transit would not be afforded 11th Amendment immunity. Indeed, NJ Transit admits that the most important factor(s) considered by the Second Circuit does not weigh in its favor. Under Second Circuit law, "the most important factor[3] in

---

[1] The *Mancuso* test includes six factors: "(1) how the entity is referred to in the documents that created it; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's obligations are binding upon the state." *Leitner*, 779 F.3d at 135 (quoting *Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 293 (2d Cir. 1996)). The *Clissuras* test includes two factors: "(1) the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, and (2) the degree of supervision exercised by the state over the defendant entity." *Id.* (quoting *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 82 (2d Cir. 2004)).

[2] The Third Circuit's decision in *Karns* is far from settled law. The *Karns* decision itself is a departure from the Third Circuit's own precedent in the *en banc* decision in *Fitchick*, where the court held that NJ Transit does not enjoy immunity under the 11th Amendment. *Karns*, 879 F.3d at 524 (citing *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655 (3d Cir. 1989) (en banc)). Further, since the court's decision in *Karns*, and in direct response to it, the New Jersey Legislature swiftly passed the "New Jersey Transit Corporation Employee Protection Act," limiting NJ Transit from asserting sovereign immunity. *See, e.g.*, *Flakker v. N.J. Transit Rail Operations, Inc.*, No. 18-2572, 2019 WL 11585351 (3d Cir. Aug. 21, 2019); *Robinson v. N.J. Transit Rail Operations, Inc.*, 776 F. App'x 99 (3d Cir. 2019). Surely this alters the analysis of the second *Fitchik* factor, "which requires consideration of the status of the agency under state law." *Karns*, 879 F.3d at 516.

[3] This consideration is reflected by the first *Clissuras* factor and the third and sixth *Mancuso* factors. *Leitner,* 779 F.3d at 137.

2

determining whether a state entity is entitled to sovereign immunity[] is 'whether a judgment against the entity must be satisfied out of a State's treasury.'" *Leitner*, 779 F.3d at 137.  In its letter, NJ Transit states that "[a]dmittedly, the State of New Jersey is not under a legal obligation to pay NJ Transit's debts or to reimburse NJ Transit for any judgments that it pays."

To the extent the Court is to consider the less important factors under the *Mancuso/Clissuras* tests, addressing these factors would require some fact discovery on the part of the Plaintiff. Bytemark was not put on notice that NJ Transit intended to raise an 11th Amendment immunity defense until NJ Transit first raised this issue earlier this year—years after the onset of this case.[4] Since then, Defendant appeared to have abandoned the defense until now.  Thus, Bytemark has not sought discovery on this issue because it was not aware until recently that Defendant was going to pursue this issue.  In the event the Court grants NJ Transit leave to file a motion for summary judgment on this issue, Plaintiff asks that the Court set out a briefing schedule that would provide Plaintiff some time to obtain discovery on this issue.

Very Truly Yours,

*/s/Dariush Keyhani*

Dariush Keyhani

---

[4] This issue was not raised as an affirmative defense in Defendants' Answer to Plaintiff's complaint/amended complaints.