IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BYTEMARK, INC.,

    Plaintiff,

    v.

XEROX CORP., ACS TRANSPORT
SOLUTIONS, INC., XEROX
TRANSPORT SOLUTIONS, INC.,
CONDUENT INC., and
NEW JERSEY TRANSIT CORP.,

    Defendants.

Civil Action No. 1:17-cv-01803-PGG-JW

JURY TRIAL DEMANDED

**THIRD PARTY JENNIFER MEREDITH'S MEMORANDUM OF LAW IN SUPPORT
OF HER MOTION TO QUASH DEFENDANTS' SUBPOENA AND FOR A
<u>PROTECTIVE ORDER</u>**

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.      BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II.     LEGAL STANDARDS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

III.    ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        A.      Defendants' Subpoena Primarily Seeks Privileged and Protected Information from
                Bytemark's Attorney Meredith. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

        B.      The Nonprivileged Information that Meredith Can Provide is Irrelevant to the
                Parties' Claims or Defenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        C.      The Burden that Defendants' Subpoena Imposes on Meredith is not Proportional to
                the Needs of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

IV.     CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*,
    262 F.R.D. 293 (S.D.N.Y. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*ATD Corp. v. Lydall, Inc.*,
    159 F.3d 534 (Fed. Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 9

*Bytemark, Inc. v. Masabi Ltd.*,
    No. 2:16-cv-00543, 2018 WL 7272023 (E.D. Tex. Nov. 26, 2018). . . . . . . . . . . . . . . . .1

*Concord Boat Corp. v. Brunswick Corp.*,
    169 F.R.D. 44 (S.D.N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*In re County of Erie*,
    473 F.3d 413 (2d Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982*,
    561 F.Supp. 1247 (E.D.N.Y. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,
    No. 03 CIV. 5560, 2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008). . . . . . . . . . . . . . . . . . .4

*Mackey v. IDT Energy, Inc.*,
    No. 19 MISC. 29, 2019 WL 2004280 (S.D.N.Y. May 7, 2019). . . . . . . . . . . . . . . . . . .5

*Malibu Media, LLC v. Doe*,
    No. 15-CV-3147, 2016 WL 5478433 (S.D.N.Y. Sept. 29, 2016). . . . . . . . . . . . . . . . . .3

*In re Namenda Direct Purchaser Antitrust Litig.*,
    No. 15 Civ. 7488, 2017 WL 3822883 (S.D.N.Y. Aug. 30, 2017). . . . . . . . . . . . . . . . . .5

*In re Novartis & Par Antitrust Litig.*,
    No. 18 CIV. 4361, 2020 WL 3317203 (S.D.N.Y. June 18, 2020). . . . . . . . . . . . . . . 4, 5

*Schoolcraft v. City of New York*,
    No. 10 CIV. 6005(RWS), 2012 WL 2161596 (S.D.N.Y. June 14, 2012). . . . . . . . . . . . .4

*Shaub & Williams, L.L.P. v. Augme Techs., Inc.*,
    No. 13 CIV. 1101, 2014 WL 1033862 (S.D.N.Y. Mar. 17, 2014). . . . . . . . . . . . . . . . . .3

*Softview Computer Prod. Corp. v. Haworth, Inc.*,
    No. 97 CIV. 8815, 2000 WL 351411 (S.D.N.Y. Mar. 31, 2000). . . . . . . . . . . . . . . . . .3, 4

*In re Subpoena Issued to Dennis Friedman*,
    350 F.3d 65 (2d Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*UMB Bank, NA v. Sanofi*,
    No. 15 Civ. 8725, 2017 WL 6398628 (S.D.N.Y. Nov. 22, 2017). . . . . . . . . . . . . . . . .4

*United States v. Int'l Bus. Machines Corp.*,
    83 F.R.D. 97 (S.D.N.Y. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

*US Bank N.A. v. PHL Variable Insurance Co.*,
    No. 12 Civ. 6811, 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012). . . . . . . . . . . . . . . . . .5

*In re World Trade Center Disaster Site Litig.*,
    No. 21 Mc. 100, 2010 WL 3582921 (S.D.N.Y. Sept. 14, 2010). . . . . . . . . . . . . . . . . .5

**Rules**

Fed. R. Civ. P. 26(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 3, 6, 10, 11

Fed. R. Civ. P. 26(b)(2)(C)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 8

Fed. R. Civ. P. 45(d)(2)(B)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Fed. R. Civ. P. 45(d)(3)(A)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 8

Fed. R. Civ. P. 45(d)(3)(A)(iv). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4, 8

Fed. R. Civ. P. 45(e)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

**Treatises**

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
    § 2463.1 (3d ed. 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, third party Jennifer Meredith ("Meredith") hereby moves that the Court quash the Subpoena Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively, "Defendants") served upon Meredith and issue a protective order barring Defendants from seeking unduly burdensome discovery from Meredith.  In the alternative, Meredith moves that the Court modify Defendants' Subpoena so that the discovery sought is within the scope of Rule 26(b)(1) and shift the costs associated with Meredith's compliance to Defendants.

## I.     BACKGROUND

Plaintiff Bytemark, Inc. ("Bytemark") sued Defendants on March 10, 2017, alleging, *inter alia*, infringement of U.S. Patent Nos. 8,494,967 and 9,239,993 ("the '993 patent") (collectively, the "Parent Patents").  Attorney Meredith, who is Bytemark's patent counsel, prosecuted the '993 patent and represented Bytemark as lead counsel for the inter partes review of the Parent Patents. Bytemark stipulated to the dismissal of its patent infringement claims (Dkt. #94; Dkt. #95) after the Parent Patents were found invalid in an unrelated action in the Eastern District of Texas ("the Texas litigation").  *Bytemark, Inc. v. Masabi Ltd.*, No. 2:16-cv-00543, 2018 WL 7272023, at *1 (E.D. Tex. Nov. 26, 2018), *report and recommendation adopted*, No. 2:16-CV-00543, 2019 WL 7272023, at *1 (E.D. Tex. Feb. 7, 2019), *aff'd*, 792 F. App'x 952 (Fed. Cir. 2020).

On May 29, 2020, Bytemark moved for leave to amend its Second Amended Complaint (Dkt. #74) to add patent infringement claims for newly issued U.S. Patent Nos. 10,346,764 and 10,360,567 (collectively, the "Children Patents" or "Patents-in-Suit").  *See* Dkt. #104; Dkt. #105. Meredith prosecuted the Children Patents.  Defendants opposed the motion, arguing in part that "Bytemark's newly issued patents are unenforceable due to inequitable conduct."  Dkt. #107, at

1

2–8.  Defendants premised their inequitable conduct argument on Bytemark's alleged non-disclosure of the Texas litigation to the U.S. Patent and Trademark Office ("PTO").  Dkt. #107, at 3.

In response, Bytemark submitted evidence showing that it adequately disclosed the Texas litigation to the PTO in full compliance with the Manual for Patent Examining Procedure and applicable case law.  Dkt. #106; *see ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998) ("[I]t [cannot] be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application.").  The Court granted Bytemark's Motion to Amend (Dkt. #138), and Bytemark filed its Third Amended Complaint (Dkt. #139).  Defendants answered and reasserted their inequitable conduct argument, which they again premised on non-disclosure—despite Bytemark's evidence showing the contrary.  Dkt. #140, ¶¶ 152–231, 267–70.

On January 10, 2022, the Court issued its Memorandum Opinion, in which it determined "that information concerning the Texas litigation was before the PTO when it considered the '764 and '567 applications, by virtue of the disclosures in the parent patents' applications" and noted that "it is undisputed that Bytemark disclosed the Masabi litigation in connection with the parent patent applications." Dkt. #147, at 20-21.  The Court concluded that, "[b]ecause Bytemark adequately disclosed the *Masabi* litigation to the PTO in connection with the parent patent applications, Defendants have not demonstrated that their inequitable conduct defense is meritorious." Dkt. #147, at 21.

On January 21, 2022, the Court issued an Order stating, "In light of the Court's finding that Defendants did not demonstrate in opposing the motion to amend that Plaintiff had engaged in inequitable conduct (Dkt. No. 147), Defendants are directed to state whether they agree to the

dismissal of their Twelfth Affirmative Defense and Counterclaim V." Dkt. #155. Defendants did not agree to these dismissals, and on January 31, the Court granted Bytemark leave to file a motion to dismiss and strike. Dkt. #160. That motion is now pending before the Court.

On June 6, 2022, Defendants notified Bytemark's counsel of their intent to serve a Subpoena (Defs.' Subpoena, **Ex. A**) on Meredith. Defendants effectuated service on July 1, 2022. Defendants' Subpoena commands Meredith to testify at a deposition and produce documents responsive to thirty broad categories of requests. Defs.' Subpoena, Ex. A.

## II.    LEGAL STANDARDS

Subpoenas issued pursuant to Rule 45 must comply with Rule 26, which sets forth the scope of discovery. *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016). Rule 26 limits the scope of discovery to nonprivileged matters relevant to a party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Courts "must limit the . . . extent of discovery" if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

Courts "must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter." Fed. R. Civ. P. 45(d)(3)(A)(iii). Attorney-client privilege "protects from disclosure '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Shaub & Williams, L.L.P. v. Augme Techs., Inc.*, No. 13 CIV. 1101, 2014 WL 1033862, at *2 (S.D.N.Y. Mar. 17, 2014) (quoting *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). This privilege "may attach to communications regarding patent prosecution, so long as those communications meet the other criteria of the privilege." *Softview Computer Prod. Corp. v. Haworth, Inc.*, No. 97 CIV. 8815, 2000 WL 351411, at *2 (S.D.N.Y. Mar. 31, 2000) (collecting

3

cases).  Attorney work-product protection applies to material that "(1) [is] a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*, No. 03 CIV. 5560, 2008 WL 4452134, at \*9 (S.D.N.Y. Oct. 2, 2008) (quoting *In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982*, 561 F.Supp. 1247, 1257 (E.D.N.Y. 1982)).  Documents pertaining to the patent application process are within the scope of the work-product doctrine.  *See Softview Computer Prod. Corp.*, 2000 WL 351411, at \*5.  When a subpoena seeks the deposition of an opposing party's attorney, courts should consider "the risk of encountering privilege and work-product issues." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003).

Likewise, courts "must quash or modify a subpoena that . . . subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(iv).  "The determination of whether a subpoena is unduly burdensome turns, in part, on why the requested material is relevant." *Schoolcraft v. City of New York*, No. 10 CIV. 6005(RWS), 2012 WL 2161596, at \*2 (S.D.N.Y. June 14, 2012).  A subpoena that "sweepingly pursues material with little apparent or likely relevance to the subject matter . . . runs the greater risk of being found overbroad and unreasonable." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) (quoting *United States v. Int'l Bus. Machines Corp.*, 83 F.R.D. 97, 106–07 (S.D.N.Y. 1979)).  Courts should be "particularly sensitive to weighing the probative value of the information sought against the burden of production" when subpoenas are directed towards nonparties." *In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 4361, 2020 WL 3317203, at \*5 (S.D.N.Y. June 18, 2020) (quoting *UMB Bank, NA v. Sanofi*, No. 15 Civ. 8725, 2017 WL 6398628, at \*1 (S.D.N.Y. Nov. 22, 2017)).

Courts "engage[] in a balancing test to determine whether undue burden exists." *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. Americas*, 262 F.R.D. 293, 299 (S.D.N.Y. 2009).  Focusing

on the reasonableness of the subpoena, *id.* at 299–300 (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2463.1 (3d ed. 2008)), courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document, the time period covered by it, the particularity with which the documents are described and the burden imposed," *In re Novartis & Par Antitrust Litig.*, 2020 WL 3317203, at *5 (quoting *Mackey v. IDT Energy, Inc.*, No. 19 MISC. 29, 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019)).  And when a subpoena seeks discovery from a third party, courts may also consider "the expense or inconvenience that compliance would cause." *Id.* (quoting *Mackey*, 2019 WL 2004280, at *3).

If a court compels a third party to produce documents, it "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P. 45(d)(2)(B)(ii).  "Cost-shifting is particularly appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15 Civ. 7488, 2017 WL 3822883, at *10 (S.D.N.Y. Aug. 30, 2017) (quoting *US Bank N.A. v. PHL Variable Insurance Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012)).  When determining if cost-shifting is warranted, courts consider "(1) whether the party has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation [is] of public importance." *In re Novartis & Par Antitrust Litig.*, 2020 WL 3317203, at *5 (quoting *In re World Trade Center Disaster Site Litig.*, No. 21 Mc. 100, 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010)).

## III.    ARGUMENT

The Court should quash Defendants' Subpoena because it seeks information outside the scope of discovery permitted by Rule 26(b)(1).  The primary purpose of Defendants' Subpoena is to obtain privileged and protected information relating to the Patents-in-Suit from Bytemark's attorney Meredith.  To the extent that Meredith can provide nonprivileged information relating to the Patents-in-Suit, that information is irrelevant "[i]n light of the Court's finding that Defendants did not demonstrate . . . that [Bytemark] had engaged in inequitable conduct."  Dkt. #155; *see also* Dkt. #147, at 18–21.  Moreover, any nonprivileged, relevant information Meredith could provide would be duplicative of Bytemark's production, and, as such, the burden imposed on Meredith by Defendant's Subpoena is not proportional to the needs of the case.

### A.    Defendants' Subpoena Primarily Seeks Privileged and Protected Information from Bytemark's Attorney Meredith.

In seeking to depose Bytemark's attorney Meredith and compel her to produce a sweeping array of documents, Defendants aim to obtain privileged and protected information outside the scope of discovery.  Defendants can readily depose Bytemark witnesses and obtain nonprivileged documents within Bytemark's possession.  But instead, knowing the extent of attorney Meredith's work on behalf of Bytemark in prosecuting the Patents-in-Suit during the pendency of this action and her connection to Bytemark's present counsel, Defendants have chosen to subpoena Meredith in an attempt to acquire non-discoverable information.

An examination of Defendants' Subpoena for documents reveals Defendants' objective of circumventing attorney-client privilege.  For example, Defendants' Subpoena commands attorney Meredith to produce "all Documents relating to Information received by You from an Inventor or Bytemark"—i.e., her client—"concerning the subject matter of each Patent-in-Suit or any Related Patent," (Defs.' Subpoena, Ex. A, Attach. A, No. 8); "all Documents and Communications among

or between Your employees"—i.e., the attorneys representing Bytemark—"related to any of the Patents-in-Suit or Related Patents," (Defs.' Subpoena, Ex. A, Attach. A, No. 9); and "all Documents relating to . . . any decision by any applicant or any other Person"—i.e., Bytemark— "to disclose, to withhold, and/or otherwise not disclose . . . any reference or any other Document during the prosecution of any patent application resulting in each Patent-in-Suit, including without limitation . . . any opinions or advice of counsel"—i.e., Meredith—"concerning the same," (Defs.' Subpoena, Ex. A, Attach. A, No. 20).

Likewise, Defendant's Subpoena for documents presents a clear attempt to obtain protected attorney work product.  For example, Defendants' Subpoena commands attorney Meredith to produce "[a]ny Documents created or discovered in connection with any Prior Art search and/or relating to pre-litigation investigations performed by or on behalf of Bytemark or an Inventor," (Defs.' Subpoena, Ex. A, Attach. A, No. 2); "all Prior Art or potential Prior Art obtained, reviewed, or considered by You before, during, or after the prosecution of each Patent-in-Suit or Related Patents," (Defs.' Subpoena, Ex. A, Attach. A, No. 17); and "all Documents relating to any other lawsuits or legal or administrative proceedings of any kind involving the Patents-in-Suit or Related Patents, including but not limited to depositions, briefs, affidavits motions/briefs, affidavits/declarations, deposition/hearing transcripts, privilege logs, witness statements, exhibits, expert reports, discovery requests and responses thereto, or any court opinions or orders," (Defs.' Subpoena, Ex. A, Attach. A, No. 22).

Because the primary purpose of Defendants' Subpoena is to obtain privileged and protected information regarding the prosecution of the Patents-in-Suit by attorney Meredith during the pendency of this action, there is not just a risk but a certainty that Meredith's compliance would require her to compromise attorney-client and work-product privileges.  These issues make

compliance unreasonable and unduly burdensome given the time and resources required for Meredith to sift out non-discoverable information and withhold it according to Rule 45(e)(2) and Defendants' own instructions.[1]  Furthermore, the information sought from Meredith is duplicative of that already produced by Bytemark, who is the appropriate party to shoulder the burden of assessing attorney-client privilege and work-product issues.

Because Defendants' Subpoena seeks to acquire privileged and protected information outside the scope of discovery and places the burden of withholding such information on third party Meredith, the Court should quash Defendants' Subpoena pursuant to Rules 26(b)(2)(C)(iii) and 45(d)(3)(A)(iii)–(iv).

### B. The Nonprivileged Information that Meredith Can Provide is Irrelevant to the Parties' Claims or Defenses.

To the extent that Meredith can provide nonprivileged information regarding the Patents-in-Suit, that information is irrelevant to the parties' claims or defenses and, therefore, outside the

---

[1] Defendants instruct Meredith as follows:

> 6.     Pursuant to Federal Rule of Civil Procedure 45(e)(2), provide the following Information for any responsive Document or Thing withheld from production on the grounds that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other relevant privilege:
>     a.     The author of the Document;
>     b.     The Person(s) for whom the Document was prepared, to whom it was sent, and who received copies;
>     c.     The date of the Document;
>     d.     A description of the subject matter of the Document;
>     e.     The type of Document (e.g., letter, memorandum, note, report, etc.);
>     f.     The number of pages and attachments; and
>     g.     The nature and the legal basis for the claim of privilege (e.g., attorney-client privileged; attorney work product, etc.).
> 7.     You are to produce any purportedly privileged document containing nonprivileged matter, with the purportedly privileged portion excised or redacted.

Defs.' Subpoena, Ex. A, Attach. A.

scope of discovery.  Although "[D]efendants inequitable conduct argument is premised on the non-disclosure of information," the Court already concluded that Bytemark "adequately disclosed" the information at issue.  Dkt. #147, at 19, 21.  Any testimony or documents Meredith can provide regarding her duty to disclose is irrelevant if—as has already been established—there was no non-disclosure.

To successfully claim inequitable conduct, Defendants "must prove by 'clear and convincing evidence' that [Bytemark] '(1) knew of the withheld material information . . ., and (2) withheld . . . this information with a specific intent to deceive the PTO.'"  Dkt. # 147, at 19 (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328–29, 1329 n.5 (Fed. Cir. 2009)).  But "Defendants do not argue that Bytemark—in connection with the parent patent applications—withheld from the PTO information."  Dkt. #147, at 21.  And "it [cannot] be inequitable conduct for an applicant not to resubmit, in the divisional application, the information that was cited or submitted in the parent application."  Dkt. #147, at 20 (quoting *ATD Corp. v Lydall, Inc.*, 159 F.3d 534, 547 (Fed. Cir. 1998)).  Therefore, the Court rightfully found "that Defendants did not demonstrate . . . that [Bytemark] had engaged in inequitable conduct."  Dkt. #155.

Absent a non-disclosure, Defendants' Subpoena seeks discovery from Meredith that is irrelevant to any of the remaining claims or defenses at issue.  For example, Defendants' Subpoena commands Meredith to produce "[a]ll Documents related to Your knowledge of the court decisions finding the Parent Patents invalid," (Defs.' Subpoena, Ex. A, Attach. A, No. 4); "[a]ll Documents related to any disclosure to the USPTO during the prosecution of the Patents-in-Suit of the court decisions finding the Parent Patents invalid," (Defs.' Subpoena, Ex. A, Attach. A, No. 5); and "[a]ll Documents related to the duty to disclose information material to patentability under 37

9

C.F.R. § 1.56," (Defs.' Subpoena, Ex. A, Attach. A, No. 6).  These requests are simply not relevant given that Bytemark "adequately disclosed" the information at issue.  Dkt. #147, at 21.

In addition to the privileged and protected information discussed above, Defendants' Subpoena seeks to acquire irrelevant information.  Because the information sought is outside the scope of discovery permitted by Rule 26(b)(1), the Court should quash Defendants' Subpoena.

### C.     The Burden that Defendants' Subpoena Imposes on Meredith is not Proportional to the Needs of the Case.

Because Defendants' Subpoena burdens Meredith with providing privileged, protected, and irrelevant testimony and documents, Defendants' proposed discovery is not proportional to the needs of the case.  At best, Defendants' Subpoena is a desperate attempt to circumvent the Court's conclusion that Defendants' inequitable conduct claim lacks merit.  At worst, Defendants' Subpoena is mere harassment of Meredith and Bytemark.

There is no need to depose Meredith or compel her to produce documents in light of the Court's finding that Bytemark did not withhold information from the PTO.  Yet Defendants' Subpoena commands Meredith to produce documents responsive to thirty broad categories of requests described with minimal particularity.  Moreover, these requests are duplicative of the 143 requests for production already served on Bytemark, for example: "[a]ll documents concerning patent eligibility under 35 U.S.C. § 101 and/or the Masabi litigation provided to Jennifer Meredith," (Defs.' 3d Set Reqs. Produc., **Ex. B**, No. 137);  "[a]ll documents concerning whether to submit information arising from the Masabi litigation to the [USPTO] during the pendency of the Asserted Patents," (Defs.' 3d Set Reqs. Produc., Ex. B, No. 142); and "[a]ll documents concerning the awareness of Jennifer Meredith[] . . . of the Masabi litigation and/or any rulings and/or orders associated with the Masabi litigation," (Defs.' 3d Set Reqs. Produc., Ex. B, No. 143).

Any nonprivileged, relevant information Meredith may provide has already been produced by Bytemark or is publicly available.

Because Defendants' Subpoena seeks information that is duplicative, irrelevant, privileged, and protected, the burden it imposes on Meredith clearly outweighs the likely benefit of Defendants' proposed discovery. Therefore, Defendants' Subpoena is not proportional to the needs of the case and outside the scope of discovery, and the Court should quash Defendant's Subpoena.

## IV.    CONCLUSION

For the foregoing reasons, Meredith respectfully asks that the Court quash Defendants' Subpoena and issue a protective order barring Defendants from seeking unduly burdensome discovery from Meredith. In the alternative, Meredith asks that the Court modify Defendants' Subpoena so that the discovery sought is within the scope of Rule 26(b)(1) and shift the costs associated with Meredith's compliance to Defendants.

Dated: July 5, 2022

Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Jennifer Meredith*
