## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **BYTEMARK, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 1:17-CV-01803 (PGG) (JW)** |
| | § | |
| **XEROX CORP., ACS TRANSPORT** | § | |
| **SOLUTIONS, INC., XEROX TRANSPORT** | § | |
| **SOLUTIONS, INC., CONDUENT INC., and** | § | |
| **NEW JERSEY TRANSIT CORP.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## NOTICE OF AMENDED SUBPOENA

Please take notice that, pursuant to Fed. R. Civ. P. 45, Defendants Xerox Corp., ACS

Transport Solutions, Inc., Xerox Transport Solutions, Inc., and Conduent, Inc. intend to serve a

Subpoena, in the form attached hereto, on Jennifer Meredith as soon as service may be

effectuated.

Dated:  June 28, 2022                    Respectfully submitted,


                                         */s/ Ashley N. Moore*_____
                                         Ashley N. Moore (admitted *pro hac vice*)
                                         amoore@mckoolsmith.com
                                         David Sochia (admitted *pro hac vice*)
                                         dsochia@mckoolsmith.com
                                         Douglas A. Cawley (admitted *pro hac vice*)
                                         dcawley@mckoolsmith.com
                                         Jonathan Powers (admitted *pro hac vice*)
                                         jpowers@mckoolsmith.com
                                         **MCKOOL SMITH, P.C.**
                                         300 Crescent Court, Suite 1500
                                         Dallas, Texas 75201
                                         Telephone: (214) 978-4000
                                         Facsimile: (214) 978-4044

                                         Eliza Beeney
                                         ebeeney@mckoolsmith.com
                                         **MCKOOL SMITH, P.C.**
                                         395 9th Avenue, 50th Floor
                                         New York, New York 10001
                                         Telephone: (212) 402-9800
                                         Facsimile: (212) 402-9444

                                         *Attorneys for Defendants*

# MCKOOL SMITH

Ashley Moore
Direct Dial:  214.978.6337
amoore@mckoolsmith.com

300 Crescent Court
Suite 1500
Dallas, TX 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

June 28, 2022

**By Hand**

Jennifer Meredith
205 Main St
East Aurora, NY 14052

Re:  *Bytemark Inc. v. Xerox Corp., et al.*, Civil Action No. 1:17-cv-1803 (PGG) (SDNY)

Dear Ms. Meredith:

Enclosed please find a subpoena for documents and testimony in connection with the above-referenced matter.  This subpoena is being served on you on behalf of Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., and Conduent, Inc. in the above-referenced matter.  A Protective Order has been entered in this matter, and a copy of that is also enclosed.

The Defendants are willing to work with you to make this process as efficient as possible, as well as to identify a mutually agreeable date, time, and place for the deposition.

If you would like to discuss or have any questions regarding the enclosed, please do not hesitate to contact me or any of the counsel listed in the subpoena.

Very Truly Yours,


*/s/ Ashley Moore*


Ashley Moore

Signed this 28th day of June 2022,

/s/ Ashley N. Moore
Ashley N. Moore (admitted *pro hac vice*)
amoore@mckoolsmith.com
David Sochia (admitted *pro hac vice*)
dsochia@mckoolsmith.com
Douglas A. Cawley (admitted *pro hac vice*)
dcawley@mckoolsmith.com
Jonathan Powers (admitted *pro hac vice*)
jpowers@mckoolsmith.com
MCKOOL SMITH, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Eliza Beeney
ebeeney@mckoolsmith.com
MCKOOL SMITH, P.C.
395 9th Avenue, 50th Floor
New York, New York 10001
Telephone: (212) 402-9800
Facsimile: (212) 402-9444

*Attorneys for Defendants*

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

|  |  |
|---|---|
| Bytemark, Inc. | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No.   1:17-CV-01803 (PGG) |
| Xerox Corp., et al. | ) |
|  | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Jennifer Meredith, 260 Madison Avenue, 17th Floor, New York City, NY 10016

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: One Manhattan West<br>395 9th Avenue, 50th Floor<br>New York, NY 10001 | Date and Time:<br><br>07/14/2022 9:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic, real time, and/or audio/visual means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Please produce documents (SEE ATTACHMENT) by July 8, 2022 to Eliza Beeney, McKool Smith, One Manhattan West, 395 9th Avenue, 50th Floor, New York, NY 10001 or by email to ebeeney@mckoolsmith.com.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/28/2022

|  |  |  |
|---|---|---|
| *CLERK OF COURT* |  |  |
|  | OR | /s/ Jonathan Powers |
| *Signature of Clerk or Deputy Clerk* |  | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Xerox Corp., et al.
_____ , who issues or requests this subpoena, are:
attached

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   1:17-CV-01803 (PGG)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions are applicable herein, regardless of whether upper- or lower-case letters are used:

1.      "You" and "Your," means Jennifer Meredith and any person or entity acting on your behalf.

2.      "Bytemark" or "Plaintiff" means Bytemark Inc., including without limitation its predecessors or successors in interest, subsidiaries, divisions, parents and affiliates, past or present, and all past or present directors, principals, officers, partners, agents, representatives, employees, consultants, attorneys, or Entities acting in conjunction, joint venture, or partnership with Plaintiff, and/or any Entities acting under its direction or control or acting for or on its behalf, including but not limited to any current or former officer, employee, or staff thereof.

3.      "Defendants" means, collectively, Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent, Inc., and NJ Transit Corp., including their officers, directors, employees, representatives, consultants, agents, attorneys, accountants, or any person who served in any such role at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies, any joint venture to which any of the foregoing entities, or one of its corporate parents, subsidiaries, affiliates, divisions, or predecessor companies, is a party, and other persons acting on its behalf.

4.      "The '764 patent" means U.S. Patent Application No. 14/823,157 as well as the resulting issued U.S. Patent No. 10,346,764, any patent applications claiming priority to U.S. Patent Application No. 14/823,157, and any utility or provisional application to which the '764 patent claims priority.

5.      "The '567 patent" means U.S. Patent Application No. 14/268,622 as well as the resulting issued U.S. Patent No. 10,360,567, any patent applications claiming priority to U.S. Patent Application No. 14/268,622, and any utility or provisional application to which the '567 patent claims priority.

6.      "The '967 patent" means U.S. Patent Application No. 13/475,881 as well as the resulting issued U.S. Patent No. 8,494,967, any patent applications claiming priority to U.S. Patent Application No. 13/475,881, and any utility or provisional application to which the '967 patent claims priority.

7.      "The '993 patent" means U.S. Patent Application No. 13/901,243 as well as the resulting issued U.S. Patent No. 9,239,993, any patent applications claiming priority to U.S. Patent Application No. 13/901,243, and any utility or provisional application to which the '993 patent claims priority.

8.      "Patents-in-Suit" or "Children Patents" means, individually and collectively, the '764 and '567 patents.

9.      "Parent Patents" means, individually and collectively, the '967 and '993 patents

10.     "Related Patents" means and refers to any patent or patent application that concerns the same or similar subject matter as the Patents-in-Suit and Parent Patents, as well as any continuation, continuation-in-part, divisional, or any other patent or patent applications (including rejected, abandoned, or pending applications) derived in whole or in part from said application, all foreign counterpart patents or patent applications (including rejected, abandoned, or pending applications), and any patent or patent application that claims priority to any utility or provisional application to which the Patents-in-Suit or Parent Patents claim priority.

11.     "Infringe" and "Infringement" mean and include direct infringement, contributory

infringement, infringement by inducement, literal infringement, and/or infringement under the doctrine of equivalents.

12.     "The Bytemark Litigations" means and includes any litigations asserting or involving any of the Patents-in-Suit or Related Patents including, but not limited to:

- *Bytemark Inc. v. Xerox Corp., et al.*, Civil Action No. 1:17-cv-01803 (PGG) (SDNY)
- *Bytemark Inc. v. Masabi Ltd., et al.*, Civil Action No. 2:16-cv-00543-JRG/RSP (EDTX)

13.     "Inventors" collectively means and refers to the individuals listed as named inventors of the Patents-in-Suit. "Inventor" means one or more of the "Inventors."

14.     "Prior Art" includes, by way of example and without limitation, subject matter as described in 35 U.S.C. § 102 and/or 35 U.S.C. § 103 (both prior to and following amendment by the America Invents Act, P.L. 112-29) with respect to any claim of the Patents-in-Suit, including but not limited to patents, printed publications, prototypes, know-how, uses, sales, and offers for sale; and Information, knowledge, Documents, and Things concerning the subject matter of the Patents-in-Suit that were made or existed in the United States or abroad before the filing date of each claim of the Patents-in-Suit or the priority date for the same. For purposes of clarity, until the applicable priority dates for each claim of the Patents-in-Suit are finally determined in the Bytemark Litigations, the relevant dates You should use for Prior Art shall be the filing date of each claim of the Patents-in-Suit.

15.     "Entity" means any corporate entity or any Person.

16.     "USPTO" means and refers to the United States Patent and Trademark Office.

17.     "Person" or "Persons" means any natural person or business, legal or governmental Entity, or association.

18.     "Document(s)" shall be interpreted in the broadest possible sense and at a

minimum shall be synonymous in meaning with and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, and also includes anything that would be a "writing" or "recording" as defined by Rule 1001(1) of the Federal Rules of Evidence.

19.     "Thing(s)" means any tangible item, and shall be construed as broadly as possible under the Federal Rules of Civil Procedure.

20.     "Communication(s)" means any transmission of Information in any context or situation by or between two or more Persons by any means or medium whatsoever, whether in the form of an original, a draft, or a copy, whether stored in hard copy, electronically or digitally, or on tape, either orally or in writing, including but not limited to conversations; correspondence; electronic mails; telexes; facsimile transmissions; telecopies; recordings in any medium of oral, written, or typed communications; telephone or message logs; notes or memoranda relating to written or oral communications; and any translation thereof.

21.     "Information" includes information in any form, including but not limited to documentary, electronic, graphical, or tabular, and communicated by any means, including but not limited to, orally, in writing, or via electronic communication.

22.     "Identify," "identity," and "identification" mean:

(a)     as applied to an individual, to state the individual's full name, present or last known address and telephone number, present or last known employer, present or last known business address and telephone number, present and prior employment positions and corresponding dates of such positions, and a description of his present employment responsibilities;

(b)     as applied to a Person other than a natural person (including but not limited to any business or other Entity), to state the Entity's full name, place and date of

incorporation or formation, principal place of business or activity, and the identity of the natural Persons within that Entity having knowledge of the matter with respect to which that Entity is named;

(c)     as applied to a Document (whether or not any claim of privilege is made in respect thereof), to state the type of Document, the date of creation of the Document, the date of communication of the Document, the names and Identities of the individuals who drafted, authored, or signed the Document or to whom a copy thereof was addressed or sent, a summary of the subject matter and content of the Document, the number of pages of the Document, the present whereabouts of the Document, including without limitation all originals and copies, and the name and address of the present or last-known custodian of the Document;

(d)     as applied to a Thing, to state the date that the Thing was first introduced for sale, the date of the Thing's first sale, all versions, parts, or revision numbers or codes, all product names, and all team names or project titles used in connection with the design, development, testing or engineering of that Thing;

(e)     as applied to a Communication, to state the type of Communication, a summary of the subject matter of the Communication, the date of the Communication and the parties to the Communication, and if such Communication existed in or has been recorded in documentary form, to Identify all such Documents embodying or recording such Communication; or

(f)     as applied to an act or event, to state a description of the act or event, including the circumstances that gave rise to such act or event, the date(s) on/over which the act or event occurred, the Person(s) who performed or contributed to the act or were involved in the event, the Person(s) who have knowledge or Information about the act or event, how and when

the circumstances of such act or event became known by You, and any Document(s) memorializing or describing such act or event.

23.    "Describe" means disclosure of each and every fact, circumstance, condition, and Thing known to You about the subject of the discovery request using the term "describe" and full Identification and description of the source(s) of such facts, circumstances, conditions, and Things, including, but not limited to, Identification of each Person having personal knowledge of such facts, circumstances, conditions, or Things, and Identification of each Document containing Information relating to such facts, circumstances, conditions, or Things.

24.    "Relate" and "refer" are used in their broadest possible sense and include all matters comprising, constituting, containing, concerning, embodying, reflecting, involving, discussing, describing, analyzing, identifying, stating, referring to, dealing with, or in any way pertaining to, for each discovery request, whichever definition makes the discovery request most inclusive.

25.    "And," and "or" shall each be construed disjunctively or conjunctively as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

26.    "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each" as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

27.    "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any" as necessary in order to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

28.    "Include" or "including" means including but not limited to and should not be

read to limit the scope of any particular discovery request, but merely as illustrative of some Information that would be responsive.

29.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered to include also within its meaning the feminine form of the pronoun so used, and vice versa; the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb so used.

## INSTRUCTIONS

The instructions contained in Rule 45 of the Federal Rules of Civil Procedure and the Local Rules of this Court are incorporated herein by reference and are supplemented as follows:

1.      This subpoena calls for You to produce all Documents described by category below that are within Your possession, custody, or control, or are otherwise available to You, including Documents possessed directly by You or are possessed by any of Your officers, directors, employees, agents, representatives, or attorneys.

2.      All Documents that respond, in whole or in part, to any portion of this subpoena are to be produced in their entirety, without abbreviation or expurgation, including all attachments or other matter affixed thereto, along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business. If a Document responsive to any request cannot be produced in its entirety, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

3.      If any requested Document has existed, but has been lost, destroyed, or is no longer within Your possession, custody, or control, then Identify the Document, its author(s), the recipient(s) or addressee(s), the subject matter, and the content. Further, if the Document has been destroyed, state with particularity the date and circumstances surrounding the destruction, and Identify the last known custodian of the Document and each Person who has knowledge of the destruction of any such Document.

4.      The use of any definition in this Attachment is not an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this action.

5.      Each page or sheet should be marked with a consecutive document control

number.

6.      Pursuant to Federal Rule of Civil Procedure 45(e)(2), provide the following

Information for any responsive Document or Thing withheld from production on the grounds

that it is protected from disclosure by the attorney-client privilege, the work product doctrine, or

any other relevant privilege:

      a.      The author of the Document;

      b.      The Person(s) for whom the Document was prepared, to whom it was sent, and who received copies;

      c.      The date of the Document;

      d.      A description of the subject matter of the Document;

      e.      The type of Document (e.g., letter, memorandum, note, report, etc.);

      f.      The number of pages and attachments; and

      g.      The nature and the legal basis for the claim of privilege (e.g., attorney-client privileged; attorney work product, etc.).

7.      You are to produce any purportedly privileged document containing

nonprivileged matter, with the purportedly privileged portion excised or redacted.

8.      This subpoena includes Documents that exist in electronic form (including

electronic mail, back-up tapes, magnetic tapes, optical data storage medium and diskettes).

9.      More than one paragraph of this request may ask for the same Documents. The

presence of such duplication is not to be interpreted to narrow or limit the normal interpretation

placed upon each individual request. Where a Document is requested in more than one numbered

paragraph, only one copy of it need be produced.

10.     If You object to a request, or any part of a request, produce all Documents to

which Your objection does not apply.

## DOCUMENTS AND THINGS TO BE PRODUCED

1.       All Documents produced in response to any subpoena served on You in any of the Bytemark Litigations.

2.       Any Documents created or discovered in connection with any Prior Art search and/or relating to pre-litigation investigations performed by or on behalf of Bytemark or an Inventor.

3.       All Documents related to the Bytemark Litigations that you possessed prior to the issuance of the Patents-in-Suit.

4.       All Documents related to Your knowledge of the court decisions finding the Parent Patents invalid in *Bytemark, Inc. v. Masabi Ltd.*, No. 2:16-cv-543-JRG/RSP, 2018 WL 7272023 (E.D. Tex. Nov. 26, 2018), *report and recommendation adopted*, No. 2:16-cv-543-JRG/RSP, 2019 WL 7882728 (E.D. Tex. Feb. 7, 2019), *aff'd*, 792 F. App'x 952 (Fed. Cir. 2020).

5.       All Documents related to any disclosure to the USPTO during the prosecution of the Patents-in-Suit of the court decisions finding the Parent Patents invalid in *Bytemark, Inc. v. Masabi Ltd.*, No. 2:16-cv-543-JRG/RSP, 2018 WL 7272023 (E.D. Tex. Nov. 26, 2018), *report and recommendation adopted*, No. 2:16-cv-543-JRG/RSP, 2019 WL 7882728 (E.D. Tex. Feb. 7, 2019), *aff'd*, 792 F. App'x 952 (Fed. Cir. 2020).

6.       All Documents related to the duty to disclose information material to patentability under 37 C.F.R. § 1.56.

7.       All Documents relating to the conception and/or reduction to practice—whether actual or constructive—of the subject matter of each claim of each Patent-in-Suit and/or any Related Patent. This includes without limitation invention disclosures, draft patent applications, notebooks, memoranda, reports, journals, drawings, schematics, specifications, diagrams, computer records, diaries, calendars, test results, and patent prosecution records.

8.      Separately for each Patent-in-Suit, all Documents relating to Information received by You from an Inventor or Bytemark concerning the subject matter of each Patent-in-Suit or any Related Patent.

9.      Separately for each Patent-in-Suit, all Documents and Communications among or between Your employees related to any of the Patents-in-Suit or Related Patents.

10.      Separately for each Patent-in-Suit, all Documents relating to Communications between You and any other Person concerning (a) the Patents-in-Suit or any Related Patent, (b) the application for the Patents-in-Suit or any Related Patent, or (c) the subject matter of the Patent-in-Suit or any Related Patent.

11.      Separately for each Patent-in-Suit, all Documents relating to the preparation, filing, or prosecution of the applications for the Patents-in-Suit and any Related Patents. This includes, but is not limited to (a) the prosecution history file for the Patents-in-Suit and each patent, application, and/or provisional application in the Related Patents; (b) all references cited during the prosecution of such patent applications; (c) every Office Action and paper filed or served in the course of the prosecution thereof; (d) all correspondence, memoranda, notes and other Documents relating to the prosecution thereof; (e) all declarations prepared relating to the Patents-in-Suit; (f) all copies of Prior Art received from any person with a duty to disclose information material to patentability to the USPTO, including but not limited to the Inventors and Bytemark; and (g) all inventions disclosures, engineering/lab notebooks, journals, declarations, correspondence, notes, testing results, and/or other Documents relating to any work underlying the alleged inventions claimed in the Patents-in-Suit or Related Patents.

12.      Separately for each Patent-in-Suit, all Documents relating to any Communications, meeting, or contact with the USPTO, or any foreign patent office, concerning

the Patents-in-Suit or any Related Patent.

13.     Separately for each Patent-in-Suit, all Documents relating to the identification or determination of the inventors for the Patents-in-Suit.

14.     Separately for each Patent-in-Suit, all Documents relating to the first disclosure to any Person of the subject matter of any claim of the Patents-in-Suit or Related Patents.

15.     Separately for each Patent-in-Suit, all Documents relating to the first public disclosure to any Person of the subject matter of any claim of the Patents-in-Suit or Related Patents.

16.     Separately for each Patent-in-Suit, all Documents relating to the first public written description, first public use, first public demonstration, first offer to sell, or first sale of the invention(s) claimed in the Patents-in-Suit, Related Patents, or of any embodiment thereof.

17.     Separately for each Patent-in-Suit, all Prior Art or potential Prior Art to the Patents-in-Suit or Related Patents. This includes without limitation all Prior Art or potential Prior Art obtained, reviewed, or considered by You before, during, or after the prosecution of each Patent-in-Suit or Related Patents, including but not limited to any Prior Art asserted against each Patent-in-Suit and Parent Patent in any of the Bytemark Litigations, or any proceeding or brought to Your attention by any Person.

18.     Separately for each Patent-in-Suit, all Documents relating to any effort to search for, identify, locate, collect, review, analyze or otherwise obtain evidence of Prior Art with respect to the Patents-in-Suit or Related Patents including any literature, patent, publication, or Prior Art searches.

19.     Separately for each Patent-in-Suit, all Documents relating to any alleged or potential secondary considerations or other objective evidence of non-obviousness concerning

the Patents-in-Suit or Related Patents (e.g., commercial success, long-felt need, commercial acquiescence, expressions of skepticism, copying, teaching away, successful or failed attempts by others, and/or simultaneous development).

20.     Separately for each Patent-in-Suit, all Documents relating to any decision as to what Prior Art to cite, or not to cite, during the prosecution of the Patents-in-Suit or Related Patents, including but not limited to any public disclosures of the alleged inventions claimed in each of the Patents-in-Suit. This includes without limitation any decision by any applicant or any other Person to disclose, to withhold, and/or otherwise not to disclose (to the U.S. or any foreign patent examiner or office) any reference or any other Document during the prosecution of any patent application resulting in each Patent-in-Suit, including without limitation: (a) any opinions or advice of counsel concerning the same; and (b) any Document relating to the knowledge or understanding of disclosure obligations of any person with a duty to disclose information material to patentability to the USPTO.

21.     Separately for each Patent-in-Suit, all Documents relating to any unique or specialized meaning (different from its everyday common use) of any word or phrase contained in any of the claims of the Patents-in-Suit or Related Patents.

22.     Separately for each Patent-in-Suit, all Documents relating to any other lawsuits or legal or administrative proceedings of any kind involving the Patents-in-Suit or Related Patents, including but not limited to depositions, briefs, affidavits motions/briefs, affidavits/declarations, deposition/hearing transcripts, privilege logs, witness statements, exhibits, expert reports, discovery requests and responses thereto, or any court opinions or orders.

23.     Separately for each Patent-in-Suit, all Documents relating to the research, design, development, operation, manufacture, assembly, testing, marketing, offer for sale, or sale of any

product that allegedly embodies—or whose use allegedly embodies—any claim of the Patents-in-Suit or Related Patents.

24.    All Documents relating to Communications between Bytemark and any Defendant in the Bytemark Litigations, or an Inventor and any Defendant in the Bytemark Litigations.

25.    Any Documents relating to Communications between You and any counsel for Bytemark concerning the Bytemark Litigations, the Patents-in-Suit, or Related Patents.

26.    Any Documents relating to Communications between You and any of the Inventors concerning the Bytemark Litigations.

27.    All Documents relating to any agreements or other arrangements regarding distribution of any proceeds or other benefits generated through licensing, litigating, or otherwise enforcing the Patents-in-Suit or Related Patents, including any compensation with respect to the Bytemark Litigations.

28.    All of Your files related to any Patent-in-Suit and Parent Patents.

29.    All of Your files relating to the named inventors of the Patents-in-Suit and Parent Patents, including Micah Bergdale, Matthew Grasser, Kevin Rejko, Nicholas Ihm, Christopher Guess, Samuel Krueckeberg, and Gregory Valyer,

30.    All Documents relating to the transfer or destruction of any of the Documents requested by any of the foregoing requests.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-01803 |
| | § | |
| XEROX CORP., ACS TRANSPORT | § | |
| SOLUTIONS, INC., XEROX | § | |
| TRANSPORT SOLUTIONS, INC., | § | |
| CONDUENT INC., and | § | |
| NEW JERSEY TRANSIT CORP., | § | |
| | § | |
| Defendants. | § | |

## ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS Plaintiff BYTEMARK, INC. ("Plaintiff") and Defendants Xerox Corp. ("Xerox"), ACS Transport Solutions, Inc. ("ACS"), Xerox Transport Solutions, Inc. ("Xerox Transport"), Conduent Inc. ("Conduent"), and New Jersey Transit Corporation ("NJ Transit") (collectively "Defendants") recognize that certain information related to the subject matter of this action is sensitive and confidential, the Parties stipulate and agree as follows:

1.      **Applicability of this Protective Order:** This Proposed Protective Order for Confidential Information (the "Protective Order") governs any trial proceedings or hearings held in this action and will also be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party in connection with this action (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" shall refer to the parties in this action that give testimony or produce documents or other information in this action; "Receiving Party" shall refer to the parties in this action that receive such information.

2. **Designation of Information:** Any Producing Party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, confidential information defined as follows:

a. For purposes of this Protective Order, "Confidential Information" means any data or information that constitutes, reflects, or discloses non-public, know-how, proprietary data, marketing information, financial information, and/or commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or the unprotected disclosure of which might result in economic or competitive injury, and which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, or devices. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earnings statements; employee benefits data; tax records; and other similar personal financial information. A party may also designate as "Confidential" compilations of publicly available discovery materials, which would not be known publicly in a compiled form.

b. For purposes of this Protective Order, "Highly Confidential – Attorneys' Eyes Only Information" means any Confidential Information as defined in Section 2(a) above that is also extremely sensitive, highly confidential, non-public information, the disclosure of which would create a substantial risk of serious harm that could not be avoided by less restrictive

means. Such Highly Confidential – Attorneys' Eyes Only Information may include trade secrets; user data and associated security features; pricing information; forecasts, budgets, sales initiatives, and profit generation information; business dealing(s)with customers/prospective customers; proprietary marketing plans and analyses; information related to business competition of the Producing Party; and other related and/or similar information.

      c.      For the purposes of this Protective Order, "Highly Confidential – Source Code" Information means any Confidential Information as defined in Section 2(a) above that also consists of or represents computer code and associated comments and revision histories, formulas, or specifications that define or otherwise describe in detail the algorithms or structure of software/source code, the disclosure of which would create a substantial risk or serious harm that could not be avoided by less restrictive means.

      3.      **Persons Authorized to Receive Confidential Information.** The following persons may have access to materials designated as "Confidential:"

      a.      Officers, directors, and employees of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action who have signed the form attached hereto as Exhibit A;

      b.      Counsel for a party (including in-house attorneys, outside attorneys, and legal assistants, clerical personnel, and paralegals employed by such counsel);

      c.      Individuals at or affiliated with any insurer with responsibility for managing this litigation in connection with the insurer's potential liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Exhibit A;

  d. this Court, including any appellate court, its support personnel, and court reporters;

  e. stenographers engaged to transcribe depositions the Parties conduct in this action;

  f. Consulting or testifying experts retained by counsel for a party (the "Retaining Party") in connection with this proceeding and who have signed the form attached hereto as Exhibit A ;

  g. A testifying witness at any deposition or other proceeding this action who is the author, sender, recipient, or otherwise has independent personal knowledge of the Confidential Information; and

  h. Any other person as to whom the parties in writing agree or that the Court in these proceedings designates.

  4. **Persons Authorized to Receive Highly Confidential – Attorney's Eyes Only and/or Highly Confidential – Source Code Information.** The following persons may have access to materials designated as "Highly Confidential – Attorneys' Eyes Only" and/or "Highly Confidential – Source Code:"

  (a) Outside counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

  (b) consulting or testifying experts of a Retaining Party retained in connection with this proceeding who have signed the form attached hereto as Exhibit A;

  (c) this Court, including any appellate court, its support personnel, and court reporters; and

  (d) stenographers engaged to transcribe depositions the Parties conduct in this

action.

5.     Any copies, summaries, abstracts, or exact duplications of Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information shall be marked "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential – Source Code" and shall be considered Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information subject to the terms and conditions of this Protective Order.

6.     Prior to disclosing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code Information to a Receiving Party's expert or consultant, or employees, the Receiving Party must serve via electronic mail to the Producing Party a signed copy of the Acknowledgement attached hereto as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past expert or consulting relationships. Execution of an Acknowledgment by any person is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such Confidential Information or to this Protective Order, including any proceeding relating to the enforcement of this Protective Order.

7.     Upon receipt of the information described in Section 6, the Producing Party shall have ten (10) calendar days to serve a written objection to the proposed disclosure of its Confidential Information. The objection must be made for good cause and state, in writing, the specific reasons for such objection. If counsel for the Producing Party objects within ten (10) calendar days, there shall be no disclosure to such person except by further order of the Court pursuant to a motion brought by the Retaining Party within ten (10) days of the service of the objection. On any motion brought pursuant to this Section, the Producing Party shall bear the

burden of showing why disclosure to that person should be precluded. Failure to timely object operates as a waiver of the Producing Party's right to object to disclosure of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information to such person; likewise, failure to timely file a motion operates as a waiver of the Retaining Party's right to challenge the objection.

8.     Confidential, Highly Confidential – Attorneys' Eyes Only, and Highly Confidential – Source Code Information shall be used only for the purpose of conducting discovery, preparing for pre-trial proceedings, and trial of this action and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

9.     Confidential, Highly Confidential  - Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, or the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall not be disclosed to anyone other than a person permitted to have access under the terms of this Protective Order.

10.     The inadvertent failure to designate information produced in discovery as Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code shall not be deemed, by itself, to be a waiver of the right to so designate Discovery Materials as such. Within a reasonable time of learning of any such inadvertent failure, the Producing Party shall notify all Receiving Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such Discovery Materials to any other person prior to later designation of the Discovery Materials in accordance with this Section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all parties shall treat such information as

though properly designated and take any actions necessary to prevent any unauthorized disclosure subject to the provisions of Sections 2(a) - 2(c).

11. If a Receiving Party learns of any unauthorized possession, knowledge, use or disclosure of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, the Receiving Party shall immediately notify in writing the Producing Party. The Receiving Party shall promptly furnish the Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in preventing its recurrence.

12. Any person in possession of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information must exercise reasonable and appropriate care with regard to the storage, custody and use of Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information in order to ensure that the confidential nature of the same is maintained.

13. Any party or non-party may designate depositions and other testimony (including exhibits) as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential – Source Code" by indicating on the record at the time the testimony is given or within thirty (30) calendar days of receiving the final transcript that the entire testimony or portions thereof shall be designated as "Confidential," "Highly Confidential - Attorneys' Eyes Only," or "Highly Confidential – Source Code." If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the final transcript, identifying the specific pages, lines, and/or counter numbers containing the Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly

Confidential – Source Code Information. If no confidentiality designations are made within the thirty (30) calendar day period, the entire transcript shall be considered non-confidential. During the thirty (30) calendar day period, the entire transcript and video shall be treated as Highly Confidential – Attorneys' Eyes Only Information. All originals and copies of deposition transcripts that contain Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information shall be prominently marked as such the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital storage medium containing Confidential, Highly Confidential – Attorneys' Eyes Only, or Highly Confidential – Source Code deposition testimony shall be labeled in accordance with the provisions of Sections 2(a) - 2(c).

14.     Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours, at an office of the Producing Party's counsel or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. For the avoidance of doubt, this does not prevent the Receiving Party's counsel, expert, or consultant from taking notes regarding the content and/or functionality of the source code for use in case preparation, or the expert/consultant's review and/or expert report. The Producing Party may visually monitor the activities of the Receiving Party during source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code. The Receiving Party may request paper copies of limited portions of source code that its expert contends are reasonably necessary for the preparation of court filings,

pleadings, expert reports, or other papers, or for deposition or trial, but may not print the entire source code. The Producing Party shall provide all such source code in paper form including bates numbers and the label "Highly Confidential – Source Code." The Producing Party may challenge the amount of source code requested in paper form pursuant to the same dispute resolution procedure and timeframes set forth in Paragraph 7. The Receiving Party shall maintain all paper copies of the source code in a secured, locked area. The Receiving Party shall not create any electronic or additional paper copies of the paper source code unless necessary for court filings, pleadings, expert reports, or other papers, or for deposition or trial.

15. In accordance with Federal Rule of Evidence 502(d), the parties stipulate and agree, and the Court hereby orders, that the disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Protective Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that a "federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." In addition, the fact that a document or other material was disclosed shall not be used in any manner as evidence in support of any such alleged waiver. Upon a request from a party that has disclosed any document or other material which it believes may be subject to the attorney-client privilege or work product doctrine, or upon discovery by the Receiving Party that such document covered by the attorney-

client privilege and/or work product doctrine has been produced, the Receiving Party of said document or material shall return it and all copies within five (5) days to the Producing Party. After the return of the document(s) or material(s), the Receiving Party may challenge the Producing Party's claim of attorney-client privilege and/or work product doctrine by making a motion to the Court. In accordance with Federal Rule of Evidence 502(e), the Parties' foregoing stipulation and agreement on the effect of disclosure of Privileged Information is binding on the Parties regardless of whether or not the Court enters this Protective Order.

16.     Nothing in this Protective Order shall bar or otherwise restrict any counsel (including a party's in-house counsel) from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his or her examination of materials designated "Confidential," "Highly Confidential - Attorneys' Eyes Only," and/or "Highly Confidential – Source Code" provided, however, that in rendering such advice and in otherwise communicating with his or her client, the counsel shall not disclose the content or the source of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information contrary to the terms of this Protective Order.

17.     If a party files a motion or other pleading containing "Highly Confidential – Attorneys' Eyes Only" under seal, then within three (3) days of said filing, the filing party will provide a redacted version of the motion or pleading that the other party may share with "Persons Authorized to Receive Confidential Information" as set forth in Section 3 above, including in-house attorneys.

18.     The provisions of this Protective Order shall also apply to materials and deposition testimony produced by non-parties in discovery in this action, and non-parties may designate their materials and deposition testimony as Confidential, Highly Confidential –

Attorneys' Eyes Only, or Highly Confidential – Source Code in accordance with the provisions of this Protective Order.

19.     The Parties each reserve (1) the right to seek or oppose additional or different protection for particular information, documents, materials, items or things, including but not limited to, the right to seek a modification of this Protective Order; and (2) the right to object to the production, disclosure and/or use of any information, documents, materials, items and/or things that a party designates or marks as containing Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information on any other ground(s) it may deem appropriate, including, without limitation, on the ground of attorney-client privilege, work product, and/or any other privilege or protection provided under applicable law. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

20.     If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a party to this Protective Order, seeking materials which were produced or designated as Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by hand, facsimile, or electronic mail transmission to all counsel of record for such Producing Party no later than within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide other parties with the opportunity to object to the immediate production of the requested

discovery materials to the extent permitted by law. In the event a Producing Party objects to the production of the Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information in any manner, the Receiving Party shall not disclose or produce any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information absent a direct court order to do so. Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information shall not constitute a violation of this Protective Order. Nothing in this Protective Order shall be construed as authorizing a party to disobey a lawful order issued in another action.

21.     Within thirty (30) calendar days after the final disposition of this action, all Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information produced by a Producing Party(including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Receiving Parties. Each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential, Highly Confidential – Attorneys' Eyes Only, and/or Highly Confidential – Source Code Information, but only to the extent necessary to preserve a litigation file with respect to this action.

22. This Protective Order may be signed in counterparts, and a facsimile or "PDF" signature shall have the same force and effect as an original ink signature.

23. The obligations of this Protective Order shall survive the termination of the action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

24. In accordance with paragraph 2 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

25. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

RESPECTFULLY SUBMITTED this October 8, 2019.


**Plaintiff's Counsel**

/s/ Dariush Keyhani
Dariush Keyhani

Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com


**Defendants' Counsel**

By: /s/ David R. Dehoney
David R. Dehoney
ddehoney@mckoolsmith.com
McKool Smith, P.C.
One Bryant Park, 47th Fl.
New York, NY 10036
Tel: (212) 402-9424
Fax: (212) 402-9444

Douglas A. Cawley
dcawley@mckoolsmith.com
David Sochia
dsochia@mckoolsmith.com
Ashley N. Moore
amoore@mckoolsmith
Marcus L. Rabinowitz
mrabinowitz@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel: (214) 978-4000
Fax: (214) 978-9444

SO ORDERED:

Paul G. Gardephe, U.S.D.J.

Date: Dec. 23, 2019

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BYTEMARK, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:17-cv-01803 |
| | § | |
| XEROX CORP., ACS TRANSPORT | § | |
| SOLUTIONS, INC., XEROX | § | |
| TRANSPORT SOLUTIONS, INC., | § | |
| CONDUENT INC., and | § | |
| NEW JERSEY TRANSIT CORP., | § | |
| | § | |
| Defendants. | § | |

## ACKNOWLEDGEMENT OF PROTECTIVE ORDER

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job title is _____.

4.      I have received a copy of the Protective Order filed in the above-entitled action, signed by the Court on _____.

5.      I have carefully read and understand the provisions of the Protective Order.

6.      I agree to be bound by all provisions of the Protective Order and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Confidential Information disclosed to me.

8.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____          _____
                                                                          (Signature)