IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., § <br> § <br> Plaintiff, § <br> § <br> vs. § <br> § <br> XEROX CORP., ACS TRANSPORT § <br> SOLUTIONS, INC., XEROX § <br> TRANSPORT SOLUTIONS, INC., § <br> CONDUENT INC., and § <br> NEW JERSEY TRANSIT CORP., § <br> § <br> Defendants. § | Civil Action No. 1:17-cv-01803-PGG-KNF |

**DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent, Inc., and New Jersey Transit Corp ("Defendants") hereby request that Plaintiff Bytemark, Inc. ("Plaintiff" or "Bytemark") produce the documents and things described below. Defendants request that Plaintiff make the production to the undersigned counsel for Defendants at the offices of McKool Smith, 395 9th Avenue, 50th Floor, New York, NY 10001, within thirty (30) days of service hereof, and supplement such production as required by Rule 26(e) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS AND DEFINITIONS**

The Instructions and Definitions set forth in Defendants' First and Second Set of Requests for Production apply to the following requests and are incorporated by reference, except that the following additional definitions shall apply:

1. "Accused Products" means any product or service made or sold by Defendants that you contend infringes (whether literally or under the doctrine of equivalents) any claim of the Asserted Patents. In referring to any product or service as an "Accused Product," Defendants in

no way communicate their agreement that their products or services infringe any claim of the Asserted Patents or are the rightful subject of this suit.

2. "Asserted Patents" means U.S. Patent Nos. 10,360,567 and 10,346,764.

3. "Related Application" means any and all applications related to the Asserted Patents, including any provisional or non-provisional applications, continuations-in-part, divisions, interferences, reexaminations, re-issues, parents, foreign counterpart applications, and any other applications disclosing, describing or claiming any invention disclosed, described or claimed in the Asserted Patents, or claiming the benefit of the filing date of any application whose benefit is claimed in the Asserted Patents, whether or not abandoned and whether or not issued.

4. "Related Patent" means any and all patents based upon or related to any Related Application(s) or Asserted Patents, including any patents or applications that may have been opposed, reexamined, re-issued or subjected to any validity or nullity proceeding.

5. "PTO" means the United States Patent and Trademark Office.

6. "Prior Art" encompasses any document, product, method, process or thing that relates in any way to the issue of whether the Asserted Patents satisfied or fails to satisfy the conditions for patentability set forth in the U.S. Patent code, including without limitation 35 U.S.C. §§ 102 and 103.

7. The "Masabi litigation" means the litigation between Bytemark and Masabi in the Eastern District of Texas, Case No. 2:16-cv-00543 (JRG) (RSP), and the resulting Federal Circuit briefing, appendices, and opinion at Case No. 2019-1628.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 63:**

All documents and things concerning the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 64:**

All communications (or documents relating thereto) relating to the Asserted Patents, Related Patents or Related Applications, including but not limited to all communications (or documents relating thereto) between you and any actual or potential licensee or purchaser of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 65:**

A complete copy of the prosecution history for the Asserted Patents, Related Patents and Related Applications.

**REQUEST FOR PRODUCTION NO. 66:**

All documents concerning the preparation, filing, or prosecution of any of the patent applications from which the Asserted Patents or Related Patents issued, including but not limited to:

(a) drafts of patent applications and drawings, and documents in the possession, custody, or control of any attorney involved in the prosecution of any of the Asserted Patents, Related Patents or Related Applications;

(b) all patents or other publications reviewed in connection with the prosecution by anyone who participated in the prosecution of any of the Asserted Patents, Related Patents or Related Applications;

(c) all Prior Art cited or considered in connection with the prosecution of any of the Asserted Patents, Relates Patents or Related Applications;

(d) all correspondence with the PTO or any foreign patent office regarding the prosecution of any of the Asserted Patents, Related Patents, or Related Applications; and

(e) all internal memoranda and correspondence regarding the prosecution of any of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the Asserted Patents or the claims thereof.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding the validity or invalidity of any of the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding infringement or non-infringement of any of the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things concerning any statement, concern, or contention by any person regarding the enforceability or unenforceability of any of the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding the scope of any of the claims or the interpretation or construction of any term or phrase in the claims of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and things that you intend to rely upon for purposes of construing any of the Asserted Patents' claims.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any products or methods that have not been accused of infringement of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things concerning the alleged infringement of any of the claims of the Asserted Patents by any of the Defendants or any other entity, including internal or external studies, comparisons, reports, or surveys.

**REQUEST FOR PRODUCTION NO. 75:**

Documents sufficient to identify the persons responsible for the design and development of any product or service that you contend uses any of the alleged inventions disclosed or claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 76:**

All documents that concern the determination of inventorship for any alleged invention claimed in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 77:**

All statement (whether written, recorded or otherwise made) by any inventors relating to the subject matter claimed in the Asserted Patents, the Related Patents or the Related Applications.

**REQUEST FOR PRODUCTION NO. 78:**

All documents and things, including without limitation articles, abstracts, publications, product literature, or other papers (including, but not limited to, internal technical memoranda), authored or co-authored by any of the named inventors of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 79:**

All laboratory notebooks, technical files, diaries, appointment calendars, and trip reports, in complete unredacted form, of the inventor(s) of, or referring to any alleged invention disclosed or claimed in, any of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and things relating to your inventorship assignment policies, including without limitation any inventorship assignment agreements or cost-sharing or profit-sharing agreements with inventors.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and things concerning any of the following activities with regard to the subject matter of any of the Asserted Patents, Related Patents or Related Applications:

    (a)    first written description and/or drawing of such subject matter;

    (b)    first publication of such subject matter;

    (c)    first promotion of such subject matter;

    (d)    first advertisement of such subject matter;

    (e)    first offer for sale of such subject matter;

    (f)    first sale of such subject matter;

    (g)    first availability to the public of knowledge of such subject matter;

  (h) first public use of such subject matter;

  (i) all experimental uses or alleged experimental uses of such subject matter.

**REQUEST FOR PRODUCTION NO. 82:**

All documents concerning the making, using, testing, selling, or disclosure, anywhere in the world, of any alleged invention claimed in any application that resulted in the Asserted Patents, Related Patents or Related Applications, or any product, process, or equipment embodying or using such alleged invention, before the effective filing date of such application.

**REQUEST FOR PRODUCTION NO. 83:**

Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, and third-party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, any embodiment of any alleged invention claimed in the Asserted Patents prior to the filing date of any application that resulted in the Asserted Patent.

**REQUEST FOR PRODUCTION NO. 84:**

All documents or things concerning any Prior Art or alleged Prior Art identified by any person as being relevant to the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 85:**

All documents or things known to you, or contended by anyone other than you, to constitute Prior Art to any alleged invention disclosed or claimed in the Asserted Patents, Related Patents or Related Applications, or that refer or relate to such Prior Art.

**REQUEST FOR PRODUCTION NO. 86:**

All documents or things concerning any comparison between any Prior Art or alleged Prior Art and any claim of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 87:**

All documents referring or relating to or evidencing any decision by you or your attorneys or agents regarding what documents (including without limitation patents or printed publications) to cite during prosecution of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 88:**

All documents concerning the level of ordinary skill in the art for the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 89:**

All documents comprising, memorializing, or concerning any sworn statements, including affidavits, declarations, trial and deposition testimony, of:

(a)   any named inventor of the Asserted Patents;

(b)   any attorney involved in the prosecution of the Asserted Patents;

(c)   any person whom you expect to call as a witness (including as an expert witness) at any proceeding in this action; and

(d)   any expert retained by you or any other entity involving the Asserted Patents or claim terms or inventions contained in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 90:**

All documents concerning the opinions of any consultant or expert retained by or for you for the purposes of the instant case, including any materials or other information disclosed or furnished to such expert, or considered or relied upon by such expert, in the formation of his/her opinion or the provision of his/her factual input.

**REQUEST FOR PRODUCTION NO. 91:**

All documents provided to or received from any consultant, witness, or expert retained or relied upon by or for you in connection with the instant case.

**REQUEST FOR PRODUCTION NO. 92:**

All agreements between you or your counsel on the one hand, and any person who is expected to be or was a witness or collaborator or assistant in providing factual or expert assistance with the instance case, on the other hand.

**REQUEST FOR PRODUCTION NO. 93:**

All documents reflecting payments made by or on behalf of you, to any witness or consultant providing factual or expert assistance in the instance case.

**REQUEST FOR PRODUCTION NO. 94:**

All settlement agreements (or agreements releasing any third party from liability for infringement) involving or concerning the Asserted Patents or family members thereto, including but not limited to any agreement creating a covenant not to sue any third party relating to the Asserted Patents or family members thereto, and all documents relating to any negotiation thereof.

**REQUEST FOR PRODUCTION NO. 95:**

All agreements between you and any third party concerning the Asserted Patents, including but not limited to all sales or licenses authorizing or granting rights under the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 96:**

All financial documents, including but not limited to, budget forecasts that concern the Asserted Patents, or any product allegedly covered by any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 97:**

All documents reflecting your business plan or business model with regard to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 98:**

All documents concerning the acquisition, ownership, assignment, holding, or licensing of the Asserted Patents or family members thereto, by any entity at any time.

**REQUEST FOR PRODUCTION NO. 99:**

All documents concerning any offers of sale, assignment, license, or purchase of the Asserted Patents or family members thereto by you or any other owner, assignee, holder, or licensee of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 100:**

All documents reflecting your analysis or projection regarding the financial impact and duration thereof on you allegedly due to the alleged infringement by Defendants of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 101:**

All documents concerning any valuations of technology or patents similar to or related to the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 102:**

All documents concerning the assignment to you of any right, title, or interest or to any of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 103:**

All documents concerning any negotiations, discussions, or other communications between you and any third party (or representative or agent thereof) who holds any right, title, or interest in or to any of the Asserted Patents, Related Patents or Related Applications, or this litigation.

**REQUEST FOR PRODUCTION NO. 104:**

All documents concerning any licensing policy that you may have, including without limitation policies relating to taking or granting licenses to any of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things concerning the maintenance of the Asserted Patents by payment of fees to the PTO as required by 35 U.S.C. § 41.

**REQUEST FOR PRODUCTION NO. 106:**

All marketing, advertising or promotional documents and things concerning any product or method that you allege or believe embodies any claim of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things concerning your allegations of direct infringement.

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things concerning your allegations of indirect infringement.

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things concerning your allegations of willful infringement.

**REQUEST FOR PRODUCTION NO. 110:**

All documents and things concerning your allegations of contributory infringement.

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things supporting, contradicting or otherwise relating to your contention at Paragraphs 46 and 59 of the Third Amended Complaint that "Xerox was and continues to be the mastermind of the Xerox Entities: at all relevant times, it made decisions for the Entities, and directed, implemented, and benefited from their infringement of the Patents-in-Suit."

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things supporting, contradicting or otherwise relating to your decision to name Xerox Corp. as a defendant in this lawsuit.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and things supporting, contradicting or otherwise relating to the investigation referenced in Paragraphs 50 and 63 of the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things relating to the damages that you have claimed or will claim in this case, including all documents related to any of the *Georgia Pacific* factors and/or any allegation of unjust enrichment.

**REQUEST FOR PRODUCTION NO. 115:**

All documents relating to your Prayer for Relief in the Third Amended Complaint, including all documents supporting or otherwise bearing on your requests for damages and injunctive relief.

**REQUEST FOR PRODUCTION NO. 116:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation that the remedies available at law are inadequate to compensate for the injury you allege you have sustained due to the sale of the Accused Products.

**REQUEST FOR PRODUCTION NO. 117:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation by you that based on the balance of hardships between you and Defendants, a remedy in equity is warranted.

**REQUEST FOR PRODUCTION NO. 118:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation that the public would not be disserved by the grant of a permanent injunction.

**REQUEST FOR PRODUCTION NO. 119:**

All communications (or documents relating thereto) relating to the Asserted Patents, Related Patents, or Related Applications, including but not limited to all communications (or documents relating thereto) between you and any of the named inventors of the Asserted Patents, Related Patents or Related Applications.

**REQUEST FOR PRODUCTION NO. 120:**

All documents, communications, statements made, or reports issued by You concerning a patent licensing rate or other measure of value of any patent in the mobile ticketing space.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and things constituting or concerning any business plans, marketing plans, marketing efforts, promotional programs, offers for sale, licensing strategies, or any other means for generating revenue from the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 122:**

Documents sufficient to show your corporate structure, past and present, including your relationship with Siemens AG, Siemens Mobility, Inc., and Yunex Traffic.

**REQUEST FOR PRODUCTION NO. 123:**

All agreements relating to the sale of Bytemark to or from Siemens AG, Siemens Mobility, Inc., Yunex Traffic, or any other entity.

**REQUEST FOR PRODUCTION NO. 124:**

All documents concerning any value assigned to any of the Asserted Patents, Related Patents or Related Applications (either alone, or together with other patents or consideration, including as part of an intellectual property portfolio) for purposes of any acquisition, divestiture, insurance purchase, bankruptcy plan or proceeding, or any other business transaction.

**REQUEST FOR PRODUCTION NO. 125:**

All documents concerning any value assigned to your allegedly misappropriated trade secrets (either alone, or together with other patents or consideration, including as part of an intellectual property portfolio) for purposes of any acquisition, divestiture, insurance purchase, bankruptcy plan or proceeding, or any other business transaction.

**REQUEST FOR PRODUCTION NO. 126:**

All documents that refer to the Accused Products, including but not limited to all communications within Bytemark (including with its management or board of directors) or between Bytemark and any third party.

**REQUEST FOR PRODUCTION NO. 127:**

All documents that refer to this litigation, including but not limited to all communications within Bytemark (including its management or board of directors) or between Bytemark and any third party.

**REQUEST FOR PRODUCTION NO. 128:**

All documents and things relating to your policies and practices with respect to the filing,

storage, retention, and destruction of documents and things.

**REQUEST FOR PRODUCTION NO. 129:**

All documents relating to destruction or loss by you of any document or thing responsive to Defendants' Requests for Production.

**REQUEST FOR PRODUCTION NO. 130:**

All non-privileged documents concerning lawsuits involving the Asserted Patents or family members thereto, including contemplated litigation and including all demand letters or any other correspondence to any third party regarding the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 131:**

All documents concerning any contention by you that this case is exceptional under 35 U.S.C. § 285.

**REQUEST FOR PRODUCTION NO. 132:**

All personnel files of any inventor named in the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 133:**

All documents concerning any efforts by Bytemark to keep its alleged misappropriated trade secrets confidential and/or secret.

**REQUEST FOR PRODUCTION NO. 134:**

All documents concerning whether Bytemark's alleged misappropriated trade secrets are known or unknown to others.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show the attorneys and/or patent agents associated with customer number 30332.

**REQUEST FOR PRODUCTION NO. 136:**

All documents concerning any communication between (1) Jennifer Meredith or any other person associated with the prosecution of the Asserted Patents and (2) Darius Keyhani, Anya Engel, Frances Stephenson, and/or any other attorney, paralegal, or assistant associated with the Masabi litigation that reference or concern the Masabi litigation.

**REQUEST FOR PRODUCTION NO. 137:**

All documents concerning patent eligibility under 35 U.S.C. § 101 and/or the Masabi litigation provided to Jennifer Meredith or any representative associated with customer number 30332.

**REQUEST FOR PRODUCTION NO. 138:**

All documents concerning patent eligibility under 35 U.S.C. § 101 provided to/from Bytemark and/or the inventors of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 139:**

All documents, provided to/from Bytemark and/or the inventors of the Asserted Patents, concerning the allegations, arguments, and/or § 101 rulings by the Eastern District of Texas and/or Federal Circuit concerning the Masabi litigation.

**REQUEST FOR PRODUCTION NO. 140:**

All documents assessing the materiality of the § 101 rulings in the Masabi litigation to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 141:**

All documents concerning the decision not to submit information regarding § 101 in the Masabi litigation to the United States Patent and Trademark Office during the pendency of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 142:**

All documents concerning whether to submit information arising from the Masabi litigation to the United States Patent and Trademark Office during the pendency of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 143:**

All documents concerning the awareness of Jennifer Meredith's or any representative associated with customer number 30332 of the Masabi litigation and/or any rulings and/or orders associated with the Masabi litigation.

Dated:  May 11, 2022

*/s/ Ashley N. Moore*
Ashley N. Moore
Jonathan Powers
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Tel:    (214) 978-4000
Fax:   (214) 978-4044
amoore@mckoolsmith.com
jpowers@mckoolsmith.com

Eliza Beeney
**MCKOOL SMITH, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
Tel:    (212) 402-9424
Fax:   (212) 402-9444
ebeeney@mckoolsmith.com

***Attorneys for Defendants***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 11, 2022 Defendants' Third Set of Requests for Production was served via e-mail on all counsel of record.

*/s/ Ashley N. Moore*
Ashley N. Moore
