# KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com
_____

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

July 8, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

      RE:    *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-KNF, Discovery Dispute

Dear Judge Gardephe:

    Plaintiff Bytemark, Inc. ("Bytemark") submits this letter to the Court to request a pre-motion conference. The parties met and conferred over the phone on May 17, 2022, at 3:00 p.m. for approximately thirty minutes and May 26, 2022, at 2:00 p.m. for approximately one hour. Dariush Keyhani and Frances Stephenson, representing Plaintiff, and Jonathan Powers, representing Defendants, were on the call. The parties have reached an impasse in their discovery dispute, and their respective positions are set forth below.

    Defendants received a draft of this letter on Friday, July 1, 2022. Bytemark sent the draft via email at 3:46 p.m.—prior to the close of business. In its email, Bytemark asked that Defendants' include their position pursuant to Rule IV(E) of the Court's Individual Rules of Practice. Bytemark also indicated its intent to submit this letter to the Court the following week. Defendants' have objected to the filing of this letter and have refused to provide their positions in this letter.

    Bytemark seeks an Order (1) compelling NJ Transit to respond to Plaintiff's Second Set of Interrogatories, (2) Conduent to fully respond to Plaintiff's Second Set of Interrogatories, and (3) Defendants to produce all information and documents responsive to Plaintiff's Third Set of Requests for Production (RFPs). Defendants have no tenable reason for refusing to comply with Bytemark's discovery requests, and Bytemark asks that the Court compel Defendants to respond and produce.

    NJ Transit has refused to respond to Plaintiff's Second Set of Interrogatories served on Defendants on April 8, 2022. Bytemark's Interrogatories are directed at obtaining identification of

Bates Numbers for documents already produced by Defendants in connection with Plaintiff's First, Second, and Third Set of RFPs Nos. 8, 53–55, 108, 109, 124 and 125.[1]

NJ Transit refuses to merely specify the documents it has already produced—a necessary step to ensure that NJ Transit has complied with the Court's Order and fulfilled its duties under the Federal Rules of Civil Procedure. Because Plaintiff's Second Set of Interrogatories requests only that Defendants identify documents already produced, NJ Transit is unable to dispute relevancy or assert privilege. Instead, NJ Transit refuses to respond to Plaintiff's Interrogatories based on its position that NJ Transit is not subject to suit under the Eleventh Amendment of the United States Constitution. As set out in Plaintiff's Letter (Dkt. No. 171), Bytemark believes that NJ Transit is not an arm of the state under Second Circuit law and NJ Transit's reliance on Third Circuit law is misplaced. *See, e.g.*, *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 51 (discussing "[t]he conflict between the Second and Third Circuits" and "[t]he intercircuit division"); *Maliandi v. Montclair State Univ.*, 845 F.3d 77, 85 (3d Cir. 2016) ("[T]he particulars of [the Third Circuit's] test differ from analogous tests in other Circuits . . . .").

NJ Transit has yet to be found immune and has participated in substantial discovery regarding this matter for over **three years**. Prior to May 9, 2022, NJ Transit never raised an Eleventh Amendment objection—not in its Supplemental Responses and Objections to Plaintiff's Third Set of RFPs, its Responses and Objections to Plaintiff's First, Second and Third Sets of RFPs, its Objections and Responses to Plaintiff's First Set of Interrogatories, or even its Memorandum of Law in Opposition to Bytemark's Motion to Compel Document Production (Dkt. No. 122). In fact, NJ Transit has **continued** to participate in discovery even after objecting on Eleventh Amendment grounds, serving its own Third Set of Interrogatories and Third Set of RFPs on Bytemark two days after NJ Transit unilaterally claimed immunity.

Defendants' counsel expressed during the May 26 meet and confer that NJ Transit would no longer produce relevant, nonprivileged documents responsive to Bytemark's Third Set of RFPs, despite NJ Transit never raising an Eleventh Amendment objection in its Supplemental Responses and Objections. NJ Transit has produced no documents responsive to Plaintiff's Third Set of RFPs nor supplemented its production responsive to Plaintiff's First and Second Set of RFPs. And since NJ Transit has now decided to no longer comply with any of Bytemark's discovery requests, Bytemark is unable to distinguish what, if anything, NJ Transit is withholding and on what grounds.

NJ Transit's unilateral decision to halt all discovery is highly prejudicial to Bytemark. Bytemark filed this lawsuit over **five years** ago, and NJ Transit waited until now—as the deadline to complete fact discovery approaches—to claim immunity. Given the absence of any finding of Eleventh Amendment immunity, NJ Transit is obliged under the Federal Rules of Civil Procedure to produce responsive information and documents, at least until a finding of immunity is issued. Because NJ Transit has participated and continues to participate in the discovery process and is unlikely to be

---

[1] Bytemark's First and Second Set of RFPs, including Requests Nos. 8 and 53–55, were the subject of Plaintiff's Motion to Compel (Dkt. No. 119) and the Court's Order granting that Motion (Dkt. No. 148). Defendants also conceded in their Responses and Objections to Plaintiff's Third Set of RFPs that Bytemark's Requests Nos. 108, 109, 124 and 125 are subsumed within the broader requests of Plaintiff's First and Second RFPs.

found an arm of the state under Second Circuit law (*see* Dkt. No. 171), Bytemark respectfully requests that the Court grant an Order compelling NJ Transit to respond and produce.

Bytemark also seeks an Order compelling Conduent to fully respond to Plaintiff's Second Set of Interrogatories, including Interrogatories Nos. 16–19, 21, and Stipulated Revised Interrogatory No. 17.[2] Again, these interrogatories request Bates numbers for documents already produced in response to requests that were the subject of Plaintiff's Motion to Compel (Dkt. No. 119) and the Court's Order granting that Motion (Dkt. No. 148). In response to Interrogatories Nos. 16 and 21, Conduent indicated that "at least the following documents [are] potentially responsive." In response to Interrogatories Nos. 17–19, Conduent failed to identify **any** responsive documents. Because these answers are either incomplete or unclear, Bytemark is unable to ascertain whether Defendants have complied with the Court's Order and met their discovery obligations. As such, Bytemark respectfully requests that the Court compel Conduent to provide precise and complete answers to these interrogatories.

Lastly, Bytemark seeks an Order compelling all Defendants to produce information and documents responsive to Plaintiff's Third Set of RFPs, including in particular, Request Nos. 67, 70, 75, 78, 80-81, 84, 88-89, 96-97, 100-103, 105-107, 111-115, 119, 121-123, and 125. Bytemark served its Third Set of RFPs on Defendants on July 12, 2021—almost a year ago. On August 11, 2021, Defendants submitted their Responses and Objections. On January 28, 2022, Defendants submitted Supplemental Responses and Objections in which they assert a litany of boilerplate objections yet fail to indicate whether any responsive materials are being withheld.

During the May 17, 2022, meet and confer, Defendants agreed to produce all outstanding responsive documents within two weeks. On June 13, 2022, after more than two weeks had passed, Bytemark followed up with Defendants via email. On June 17, 2022, Defendants stated that they would "begin a rolling supplemental document production." And on June 21, 2022, Conduent uploaded a supplemental document production. Almost a third of the documents produced (584 pages) are difficult to read or totally illegible, substantial portions of Conduent's production are duplicative, and some documents—including highly relevant contracts between NJ Transit and Defendants that Bytemark had also previously requested years ago in Plaintiff's First Set of Requests for Documents (Request No. 6)—include only odd-numbered pages and are seemingly incomplete.

Since being served with Bytemark's Third Set of RFPs, only Conduent has produced any documents, and Defendants have not made any further productions to date. The documents Conduent produced are responsive to only a fraction of Bytemark's Requests. Notably missing are documents responsive to Bytemark's Requests for records of all payments made to or received by Defendants relating to the Accused Systems (Requests Nos. 102–04, 108), detailed breakdowns of

---

[2] Conduent took issue with the language "Bytemark's technology and/or the Accused Systems" found in Bytemark's Interrogatories Nos. 17–19. After meeting and conferring, the parties agreed to the language of Bytemark's Stipulated Revised Interrogatory No. 17, which reads, "Identify by Bates number all documents Defendants have produced that are documents and communications shared between Bytemark and Defendants." Bytemark served its Stipulated Revised Interrogatory No. 17 on Conduent on May 25, 2022. Bytemark made service of this Interrogatory by email (as stipulated by the parties) on five of Defendants' attorneys of record. Conduent neither answered nor objected to Stipulated Revised Interrogatory No. 17, providing no response whatsoever.

Defendants' contractual obligations relating to the Accused Systems (Requests Nos. 100–01, 107), and evaluations of the demand and marketability of the Accused Systems (Requests Nos. 67, 78, 81, 88).

In conclusion, Bytemark respectfully requests that the Court compel NJ Transit and Conduent to respond fully to Plaintiff's Second Set of Interrogatories, including Interrogatories Nos. 16–19, 21, and Stipulated Revised Interrogatory No. 17. Bytemark also asks that the Court compel all Defendants—including NJ Transit—to produce information and documents responsive to Plaintiff's Third Set of RFPs as detailed above and provide complete and legible copies of all responsive documents, including the highly relevant contracts.

Very Truly Yours,

/s/ *Dariush Keyhani*

Dariush Keyhani

Served on Defendants' counsel of record via CM/ECF.