# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

———————

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

July 11, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

>     RE:   *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-KNF, Plaintiff's
>           Opposition to Defendants' Request to Strike Bytemark's July 8, 2022 Discovery
>           Letter (Dkt. No. 176)

Dear Judge Gardephe:

      Plaintiff Bytemark, Inc. ("Bytemark") writes this letter to respond to Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc. (collectively, the "Xerox Entities"), Conduent, Inc. ("Conduent"), and New Jersey Transit Corp. ("NJ Transit") (collectively, "Defendants")'s July 11, 2022 letter and to oppose Defendants' Request to Strike Bytemark's July 8, 2022 discovery letter ("Bytemark's Letter").

      Defendants' claim that the parties have not met and conferred on the issues contained in Bytemark's Letter is without merit. As stated in Bytemark's Letter, the parties have already met and conferred over the phone twice on these issues. When it was clear the parties could not resolve these issues, Bytemark provided Defendants with a draft joint letter and ample time to provide their input. Defendants refused to provide their position in the letter. And while Defendants' claim that they only received Bytemark's Stipulated Revised Interrogatory No. 17 for the first time on July 6, 2022, it was sent to five attorneys at Defendants' firm—including all counsel of record—on May 25th, 2022. Notably, Defendants never requested that the PDF of Bytemark's interrogatory attached to the May 25th email be resent, and yet the interrogatory is apparently in their possession. Nevertheless, Plaintiff's interrogatories (including Stipulated Revised Interrogatory No. 17) request Bates numbers for documents that should have already been produced in response to requests that were the subject of Plaintiff's Motion to Compel (Dkt. No. 119) and the Court's Order granting that Motion (Dkt. No. 148). As such, these issues were the subject matter of the parties' previous meet and confers.

Defendants continue to systematically attempt to stall and obstruct Plaintiff's discovery process with belated, incomplete, and problematic productions. The documents at issue that Bytemark has asked Defendants to produce and identify by Bates number include documents Bytemark requested years ago (Bytemark's First and Second Set of Requests), the Court has ordered them to produce, as well as documents requested in Bytemark's Third Set of Requests served a year ago (July 12, 2021). There is no further need for the parties to meet and confer. Defendants are fully aware of what documents they are required to produce and they have continuously chosen to not produce them and delay production. If Defendants do not resolve these issues now, Plaintiff will not have sufficient time to review the documents, determine if their production is complete, and prepare for and conduct necessary depositions and provide sufficient time for Bytemark's experts to incorporate the documents into their expert reports in accordance with the Courts current case management schedule.

Defendants' argument that we have "more than two months" of fact discovery remaining is baseless because Plaintiff needs to have Defendants' documents well in advance of the fact discovery and expert discovery deadlines in order to allow for adequate preparation for depositions and completion of expert reports. Any further delay to production prejudices Bytemark and necessitated Bytemark asking for the Court's assistance. Bytemark respectfully requests that the Court grant the relief requested in Bytemark's Letter.[1]

Very Truly Yours,

*/s/Dariush Keyhani*

Dariush Keyhani

---

[1] In its July 8th 2022 letter, Bytemark requested that the Court compel NJ Transit and Conduent to respond fully to Plaintiff's Second Set of Interrogatories, including Interrogatories Nos. 16–19, 21, and Stipulated Revised Interrogatory No. 17. Bytemark also asked that the Court compel all Defendants—including NJ Transit—to produce information and documents responsive to Plaintiff's Third Set of RFPs, including Requests Nos. 67, 78, 81, 88, 100–04, 107–08, and provide complete, legible copies of all responsive documents, including the highly relevant contracts.

3

Served on Defendants' counsel of record via CM/ECF.