# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONDIS TECHNOLOGY LTD, | |
| Plaintiff, | Civil Action No. 15-4431 (SRC) |
| v. | |
| LG ELECTRONICS, INC. et al., | **OPINION & ORDER** |
| Defendants. | |

**CHESLER**, **U.S.D.J.**

This matter comes before the Court on the appeal of Magistrate Judge Waldor's opinion and order, filed September 19, 2017, by Plaintiff Mondis Technology Ltd ("Mondis"). For the reasons stated below, the Magistrate Judge's order will be affirmed.

In the opinion and order appealed from (the "MJ Decision"), in short, the Magistrate Judge denied the motion by Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. (collectively, "LG") for a protective order and to quash a subpoena served on trial counsel Jeffery Plies ("Plies"). Mondis has appealed this decision.

Mondis first contends that the Magistrate Judge erred in determining "that Mr. Plies' mental impressions concerning preparation of the Spiro declarations are discoverable because LG has a need for them." (Mondis' Br. 16.) First, this is a mischaracterization of the Magistrate Judge's nuanced decision. Furthermore, crucially, Mondis argues as if the work-product doctrine categorically blocks discovery of an attorney's mental impressions, but this is incorrect. As this Court stated years ago in In re Gabapentin Patent Litig., 214 F.R.D. 178, 184 (D.N.J. 2003) – a decision that Mondis quotes repeatedly –, "courts have been refining the contours of

this privilege as it applies to patent prosecutions and litigation for many years, and there remains no bright line rule." Mondis quotes the Third Circuit's decision in In re Cendant Corp. Sec. Litig., 343 F.3d 658, 663 (3d Cir. 2003), holding that mental impressions are "generally afforded near absolute protection from discovery," but this works against Mondis, for two reasons. First, the Third Circuit wrote, "*near* absolute protection" rather than "absolute protection," which leaves room for the exception. Second, Mondis omits the sentence which follows, that such "work product receives greater protection than ordinary work product and is discoverable only upon a showing of rare and exceptional circumstances." The Magistrate Judge's decision correctly recognized these legal principles and did not err. On appeal, Mondis has not even attempted to demonstrate that this case does not fit within the exceptional circumstance exception.

Mondis next argues: "When patent prosecution activities (including reexamination) take place concurrently with, or are in anticipation of, litigation, these prosecution activities are protected by the work-product doctrine." (Mondis' Br. 17.) Again, without commenting on the accuracy of this assertion, as just explained, the protection of the work-product doctrine is not absolute, but *near* absolute. Mr. Plies' role as litigation counsel does not cloak him with absolute protection for his role during patent reexamination.

What Mondis ignores, but the Magistrate Judge recognized, is that attorneys engaged in patent prosecution are routinely subject to discovery when the prosecution process is placed in issue. See, e.g., V. Mane Fils, S.A. v. Int'l Flavors & Fragrances, Inc., 2008 U.S. Dist. LEXIS 63619, at *9 (D.N.J. 2008); Sandvik Intellectual Prop. AB v. Kennametal, Inc., 2012 U.S. Dist. LEXIS 84028, at *6 (W.D. Pa. 2012); aaiPharma, Inc. v. Kremers Urban Dev. Co., 361 F. Supp.

2d 770, 776 (N.D. Ill. 2005).  That LG voluntarily chose to have its trial counsel engage in patent prosecution activity while this lawsuit was pending does not and should not confer a blanket immunity upon that attorney.  If that were the case, parties would be rewarded for making the strategic decision to use a trial attorney to engage in patent prosecution activity which would otherwise be routinely discoverable.

Mondis next argues that, while LG had outlined eight categories of information it sought to discover from Mr. Plies, the Magistrate Judge's decision did not present an item-by-item discussion of each category.  Mondis cites no authority for the proposition that this constitutes reversible error.  Mondis then argues that, furthermore, LG bore the burden of applying the Shelton factors to each and every category, separately.  Again, Mondis cites no authority for the proposition that Shelton – or some other controlling authority – forbids courts from being efficient by aggregating arguments and categories of information.  This appears to be a meritless technicality that Mondis has made up.

Mondis has missed the point that the Magistrate Judge explained clearly: she refused to block the deposition of Mr. Plies in its entirety, but recognized that some of his testimony might be privileged.  As her decision stated:

> Mondis claims that the deposition of Mr. Plies could involve "substantial non-discoverable and privileged information." (Opp. Brief, at 11). While this may be true, it is unreasonable to conclude that all of Mr. Plies' testimony would be privileged. Mondis' argument that Mr. Plies' mental impressions are protected is flawed and as indicated by the deposition of Mr. Gallo, Mr. Plies is the only individual who can attest to certain information regarding the inequitable conduct claim. If certain questions are asked that are privileged, Mr. Plies will be free to object.

(MJ Decision at 9.)  Thus, the Magistrate Judge decided not to pick through every single item on LG's list before the deposition occurred, because objections to individual questions may be made

and decided later.  This is an entirely sensible approach, as it strikes the right balance between one party's right to discover information with the opponent's right to shield it.  Mondis argues as if its right to shield Mr. Plies from discovery is absolute and total, and Mondis is wrong on this point.  As the Magistrate Judge correctly decided, it makes more sense to first allow a deposition to occur, and reserve for later the application of the Shelton factors to specific, individual questions.  Mondis' argument that the Shelton analysis should not, at this stage, have been done in aggregate is neither sensible nor based in law.

A Magistrate Judge's non-dispositive order may be set aside if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A).  Mondis has not persuaded this Court that the order at issue is clearly erroneous or contrary to law.  To the contrary, this Court has reviewed the Magistrate Judge's decision, and finds that it balanced the Shelton factors correctly.  Magistrate Judge Waldor's order, filed September 19, 2017, will be affirmed.

For these reasons,

**IT IS** on this 15th day of November, 2017

**ORDERED** that Plaintiff's appeal (Docket Entry No. 232) of Magistrate Judge Waldor's opinion and order, filed September 19, 2017 is **DENIED**; and it is further

**ORDERED** that the Magistrate Judge's opinion and order, filed September 19, 2017 (Docket Entry No. 226) is **AFFIRMED**.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.