# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| BYTEMARK, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>XEROX CORP., ACS TRANSPORT<br>SOLUTIONS, INC., XEROX<br>TRANSPORT SOLUTIONS, INC.,<br>CONDUENT INC., and<br>NEW JERSEY TRANSIT CORP.,<br><br>    Defendants. | Civil Action No. 1:17-cv-01803-PGG<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Bytemark Inc. ("Plaintiff" or "Bytemark"), for its response to Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. (collectively, "Defendants")'s Requests for Production herein, alleges upon information and/or knowledge and/or belief:

## RESERVATION OF RIGHTS

Plaintiff reserves all objections to the admissibility of any information produced in response to the Requests for Production (the "Requests"). Inadvertent disclosure of any information shall not be a waiver of any claim of privilege, work-product protection, or any other exemption.

## **OBJECTIONS TO DEFENDANTS' DEFINITIONS/INSTRUCTIONS**

Plaintiff object to Defendants' instructions on how to produce and/or identify documents to the extent that they are unduly burdensome and oppressive and/or attempt to impose an obligation upon Plaintiff not required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

## **GENERAL OBJECTIONS**

The following General Objections apply to all of the requests contained in the Requests, irrespective of whether the General Objections are expressly referred to in the specific responses.

The specific objections are intended to amplify the General Objections and neither limit the applicability of any of the General Objections nor waive any objections which may be applicable to each request.

1.      Plaintiff incorporates by reference the General Objections set forth in its responses to the First and Second Set of Requests for Productions and the First and Second Set of Interrogatories.

2.      Plaintiff objects to the Requests because they call for the production of documents outside the scope of discovery permitted under the Court's Local Rules and the Federal Rules of Civil Procedure and seek to impose obligations in excess of those required by the FRCP, Local Rules, and/or applicable case law.

3.      Plaintiff objects to the Requests because they seek information protected from discovery by the attorney-client privilege, by the work product doctrine, as material prepared in anticipation of litigation, or by other doctrines, privileges, rules, or laws.  No Responsive document produced shall result in waiver or limitation of any privilege.

4.     Plaintiff objects to the Requests to the extent they seek information that is protected under confidentiality obligations or agreements with third parties.

5.     Plaintiff objects to the Requests because they are vague and use undefined and ambiguous terms.

6.     Plaintiff objects to the Requests because they lack specificity and fail to describe each requested item and category with reasonable particularity.

7.     Plaintiff objects to the requests because they seek information that is not relevant or material to the subject matter of the pending action and that is not reasonably calculated to lead to discovery of admissible evidence.

8.     Plaintiff objects to the Requests to the extent that they seek documents that do not exist or seek the creation of documents.

9.     Plaintiff objects to the Requests to the extent that they seek information already in Defendant's possession, information available in the public domain, or information that has been filed of record in this action. Providing such information would be duplicative and unduly burdensome, and the responsive information is more easily obtained through other means.

10.     Plaintiff objects to the Requests to the extent they are premature and inconsistent with the scheduling for expert disclosures under the Court's Case Management Plan, Local Rules, and the stipulation of the parties.

11.     Plaintiff objects to the Requests to the extent responsive information can be produced only after entry of an appropriate protective order by the Court.

12.     Plaintiff objects to this Requests to the extent they are duplicative of other Requests.

13.     By responding to the Requests, Plaintiff does not waive any objections based upon lack of authenticity, hearsay, or otherwise, and does not waive any evidentiary objections

whatsoever as to the documents, responses or information contained in or accompanying these responses.  In addition, Plaintiff specifically reserves its rights to challenge the competency, relevancy, materiality and admissibility of such information in any proceeding, hearing, motion or trial in this or any other action.

14.    Plaintiff reserves its right to supplement or modify its responses to the Requests at any time up to and including the time of trial.

15.    The objections set forth above are incorporated in each response below and shall be deemed to be continuing although not specifically referred to in each response.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 63:**

All documents and things concerning the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets

September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

## REQUEST FOR PRODUCTION NO. 64:

All communications (or documents relating thereto) relating to the Asserted Patents, Related Patents or Related Applications, including but not limited to all communications (or documents relating thereto) between you and any actual or potential licensee or purchaser of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

## REQUEST FOR PRODUCTION NO. 65:

A complete copy of the prosecution history for the Asserted Patents, Related Patents and Related Applications.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 66:**

All documents concerning the preparation, filing, or prosecution of any of the patent applications from which the Asserted Patents or Related Patents issued, including but not limited to:

(a) drafts of patent applications and drawings, and documents in the possession, custody, or control of any attorney involved in the prosecution of any of the Asserted Patents, Related Patents or Related Applications;

(b) all patents or other publications reviewed in connection with the prosecution by anyone who participated in the prosecution of any of the Asserted Patents, Related Patents or Related Applications;

(c) all Prior Art cited or considered in connection with the prosecution of any of the Asserted Patents, Relates Patents or Related Applications;

(d) all correspondence with the PTO or any foreign patent office regarding the prosecution of any of the Asserted Patents, Related Patents, or Related Applications; and

(e) all internal memoranda and correspondence regarding the prosecution of any of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 67:**

All documents and things concerning the novelty, patentability, validity, scope, or enforceability of the Asserted Patents or the claims thereof.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 68:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding the validity or invalidity of any of the claims of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 69:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding infringement or non-infringement of any of the claims of the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 70:**

All documents and things concerning any statement, concern, or contention by any person regarding the enforceability or unenforceability of any of the claims of the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 71:**

All documents and things concerning any statement, concern, or contention by any person or entity regarding the scope of any of the claims or the interpretation or construction of any term or phrase in the claims of the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 72:**

All documents and things that you intend to rely upon for purposes of construing any of the Asserted Patents' claims.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 73:**

All documents and things considered, reviewed, or relied upon by you in your analysis and examination of any products or methods that have not been accused of infringement of the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 74:**

All documents and things concerning the alleged infringement of any of the claims of the Asserted Patents by any of the Defendants or any other entity, including internal or external studies, comparisons, reports, or surveys.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

## REQUEST FOR PRODUCTION NO. 75:

Documents sufficient to identify the persons responsible for the design and development of any product or service that you contend uses any of the alleged inventions disclosed or claimed in the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this request is better answered through other discovery such as interrogatory or deposition.

**REQUEST FOR PRODUCTION NO. 76:**

All documents that concern the determination of inventorship for any alleged invention claimed in the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is better answered through other discovery such as interrogatory or deposition.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 77:**

All statement (whether written, recorded or otherwise made) by any inventors relating to the subject matter claimed in the Asserted Patents, the Related Patents or the Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

## REQUEST FOR PRODUCTION NO. 78:

All documents and things, including without limitation articles, abstracts, publications, product literature, or other papers (including, but not limited to, internal technical memoranda), authored or co-authored by any of the named inventors of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is not relevant.

## REQUEST FOR PRODUCTION NO. 79:

All laboratory notebooks, technical files, diaries, appointment calendars, and trip reports, in complete unredacted form, of the inventor(s) of, or referring to any alleged invention disclosed or claimed in, any of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is not relevant.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 80:**

All documents and things relating to your inventorship assignment policies, including without limitation any inventorship assignment agreements or cost-sharing or profit-sharing agreements with inventors.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 81:**

All documents and things concerning any of the following activities with regard to the subject matter of any of the Asserted Patents, Related Patents or Related Applications:

(a) first written description and/or drawing of such subject matter;

(b) first publication of such subject matter;

(c) first promotion of such subject matter;

(d) first advertisement of such subject matter;

(e) first offer for sale of such subject matter;

(f) first sale of such subject matter;

(g) first availability to the public of knowledge of such subject matter;

(h) first public use of such subject matter;

(i) all experimental uses or alleged experimental uses of such subject matter.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to

this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 82:**

All documents concerning the making, using, testing, selling, or disclosure, anywhere in the world, of any alleged invention claimed in any application that resulted in the Asserted Patents, Related Patents or Related Applications, or any product, process, or equipment embodying or using such alleged invention, before the effective filing date of such application.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 83:**

Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, and third-party or joint development agreements) sufficient to evidence

each discussion with, disclosure to, or other manner of providing to a third party, or sale of, or offer to sell, any embodiment of any alleged invention claimed in the Asserted Patents prior to the filing date of any application that resulted in the Asserted Patent.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 84:**

All documents or things concerning any Prior Art or alleged Prior Art identified by any person as being relevant to the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 85:**

All documents or things known to you, or contended by anyone other than you, to constitute Prior Art to any alleged invention disclosed or claimed in the Asserted Patents, Related Patents or Related Applications, or that refer or relate to such Prior Art.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 86:**

All documents or things concerning any comparison between any Prior Art or alleged Prior Art and any claim of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 87:**

All documents referring or relating to or evidencing any decision by you or your attorneys or agents regarding what documents (including without limitation patents or printed publications) to cite during prosecution of the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to

the extent it seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff objects to the extent responsive documents are publicly available or are in Defendants'

possession.

Notwithstanding and without waiver of the foregoing specific objections and the general

objections set forth above, Plaintiff is in the process of searching for documents, if any, that are

responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 88:**

All documents concerning the level of ordinary skill in the art for the Asserted Patents,

Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and

ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to

the extent it seeks information protected by the attorney-client privilege or work product privilege.

Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil

Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the

deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 89:**

All documents comprising, memorializing, or concerning any sworn statements, including affidavits, declarations, trial and deposition testimony, of:

(a) any named inventor of the Asserted Patents;

(b) any attorney involved in the prosecution of the Asserted Patents;

(c) any person whom you expect to call as a witness (including as an expert witness) at any proceeding in this action; and

(d) any expert retained by you or any other entity involving the Asserted Patents or claim terms or inventions contained in the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 90:**

All documents concerning the opinions of any consultant or expert retained by or for you for the purposes of the instant case, including any materials or other information disclosed or furnished to such expert, or considered or relied upon by such expert, in the formation of his/her opinion or the provision of his/her factual input.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2). Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

**REQUEST FOR PRODUCTION NO. 91:**

All documents provided to or received from any consultant, witness, or expert retained or relied upon by or for you in connection with the instant case.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent this category is premature and inconsistent with the Court's Case Management Plan, Local Rules, and the stipulation of the parties.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

## REQUEST FOR PRODUCTION NO. 92:

All agreements between you or your counsel on the one hand, and any person who is expected to be or was a witness or collaborator or assistant in providing factual or expert assistance with the instance case, on the other hand.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil

Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 93:**

All documents reflecting payments made by or on behalf of you, to any witness or consultant providing factual or expert assistance in the instance case.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 94:**

All settlement agreements (or agreements releasing any third party from liability for infringement) involving or concerning the Asserted Patents or family members thereto, including but not limited to any agreement creating a covenant not to sue any third party relating to the Asserted Patents or family members thereto, and all documents relating to any negotiation thereof.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 95:**

All agreements between you and any third party concerning the Asserted Patents, including but not limited to all sales or licenses authorizing or granting rights under the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 96:**

All financial documents, including but not limited to, budget forecasts that concern the Asserted Patents, or any product allegedly covered by any claim of the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 97:**

All documents reflecting your business plan or business model with regard to the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 98:**

All documents concerning the acquisition, ownership, assignment, holding, or licensing of the Asserted Patents or family members thereto, by any entity at any time.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 99:**

All documents concerning any offers of sale, assignment, license, or purchase of the Asserted Patents or family members thereto by you or any other owner, assignee, holder, or licensee of the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 100:**

All documents reflecting your analysis or projection regarding the financial impact and duration thereof on you allegedly due to the alleged infringement by Defendants of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 101:**

All documents concerning any valuations of technology or patents similar to or related to the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 102:**

All documents concerning the assignment to you of any right, title, or interest or to any of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 103:**

All documents concerning any negotiations, discussions, or other communications between you and any third party (or representative or agent thereof) who holds any right, title, or interest in or to any of the Asserted Patents, Related Patents or Related Applications, or this litigation.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 104:**

All documents concerning any licensing policy that you may have, including without limitation policies relating to taking or granting licenses to any of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is not relevant.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 105:**

All documents and things concerning the maintenance of the Asserted Patents by payment of fees to the PTO as required by 35 U.S.C. § 41.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 106:**

All marketing, advertising or promotional documents and things concerning any product or method that you allege or believe embodies any claim of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 107:**

All documents and things concerning your allegations of direct infringement.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product

privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 108:**

All documents and things concerning your allegations of indirect infringement.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 109:**

All documents and things concerning your allegations of willful infringement.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.   Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

## REQUEST FOR PRODUCTION NO. 110:

All documents and things concerning your allegations of contributory infringement.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.   Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and

inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 111:**

All documents and things supporting, contradicting or otherwise relating to your contention at Paragraphs 46 and 59 of the Third Amended Complaint that "Xerox was and continues to be the mastermind of the Xerox Entities: at all relevant times, it made decisions for the Entities, and directed, implemented, and benefited from their infringement of the Patents-in-Suit."

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

**REQUEST FOR PRODUCTION NO. 112:**

All documents and things supporting, contradicting or otherwise relating to your decision to name Xerox Corp. as a defendant in this lawsuit.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

**REQUEST FOR PRODUCTION NO. 113:**

All documents and things supporting, contradicting or otherwise relating to the investigation referenced in Paragraphs 50 and 63 of the Third Amended Complaint.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

**REQUEST FOR PRODUCTION NO. 114:**

All documents and things relating to the damages that you have claimed or will claim in this case, including all documents related to any of the Georgia Pacific factors and/or any allegation of unjust enrichment.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 115:**

All documents relating to your Prayer for Relief in the Third Amended Complaint, including all documents supporting or otherwise bearing on your requests for damages and injunctive relief.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 116:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation that the remedies available at law are inadequate to compensate for the injury you allege you have sustained due to the sale of the Accused Products.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession. Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests. Plaintiff objects to the extent that this request is premature and inconsistent with the

Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 117:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation by you that based on the balance of hardships between you and Defendants, a remedy in equity is warranted.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 118:**

All documents and things supporting, contradicting or otherwise relating to any contention or allegation that the public would not be disserved by the grant of a permanent injunction.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

**REQUEST FOR PRODUCTION NO. 119:**

All communications (or documents relating thereto) relating to the Asserted Patents, Related Patents, or Related Applications, including but not limited to all communications (or documents relating thereto) between you and any of the named inventors of the Asserted Patents, Related Patents or Related Applications.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 120:**

All documents, communications, statements made, or reports issued by You concerning a patent licensing rate or other measure of value of any patent in the mobile ticketing space.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 121:**

All documents and things constituting or concerning any business plans, marketing plans, marketing efforts, promotional programs, offers for sale, licensing strategies, or any other means for generating revenue from the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 122:**

Documents sufficient to show your corporate structure, past and present, including your relationship with Siemens AG, Siemens Mobility, Inc., and Yunex Traffic.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

44

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 123:**

All agreements relating to the sale of Bytemark to or from Siemens AG, Siemens Mobility, Inc., Yunex Traffic, or any other entity.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

**REQUEST FOR PRODUCTION NO. 124:**

All documents concerning any value assigned to any of the Asserted Patents, Related Patents or Related Applications (either alone, or together with other patents or consideration, including as part of an intellectual property portfolio) for purposes of any acquisition, divestiture, insurance purchase, bankruptcy plan or proceeding, or any other business transaction.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 125:**

All documents concerning any value assigned to your allegedly misappropriated trade secrets (either alone, or together with other patents or consideration, including as part of an intellectual property portfolio) for purposes of any acquisition, divestiture, insurance purchase, bankruptcy plan or proceeding, or any other business transaction.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that this request is premature and inconsistent with the Court's Civil

Case Management Plan and Scheduling Order (Dkt. 159), which sets September 29, 2022, as the deadline for disclosures required by Federal Rule of Civil Procedure 26(a)(2).

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 126:**

All documents that refer to the Accused Products, including but not limited to all communications within Bytemark (including with its management or board of directors) or between Bytemark and any third party.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 127:**

All documents that refer to this litigation, including but not limited to all communications within Bytemark (including its management or board of directors) or between Bytemark and any third party.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 128:**

All documents and things relating to your policies and practices with respect to the filing, storage, retention, and destruction of documents and things.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 129:**

All documents relating to destruction or loss by you of any document or thing responsive to Defendants' Requests for Production.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 130:**

All non-privileged documents concerning lawsuits involving the Asserted Patents or family members thereto, including contemplated litigation and including all demand letters or any other correspondence to any third party regarding the Asserted Patents.

**OBJECTIONS/RESPONSE:**   Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.

## REQUEST FOR PRODUCTION NO. 131:

All documents concerning any contention by you that this case is exceptional under 35 U.S.C. § 285.

**OBJECTIONS/RESPONSE:** Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

## REQUEST FOR PRODUCTION NO. 132:

All personnel files of any inventor named in the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the

proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.

**REQUEST FOR PRODUCTION NO. 133:**

All documents concerning any efforts by Bytemark to keep its alleged misappropriated trade secrets confidential and/or secret.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 134:**

All documents concerning whether Bytemark's alleged misappropriated trade secrets are known or unknown to others.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and

not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent responsive documents are publicly available or are in Defendants' possession.  Plaintiff objects to the extent that this request is duplicative of Defendants' earlier requests.

Notwithstanding and without waiver of the foregoing specific objections and the general objections set forth above, Plaintiff is in the process of searching for documents, if any, that are responsive to this request and will produce the documents as they are located.

**REQUEST FOR PRODUCTION NO. 135:**

Documents sufficient to show the attorneys and/or patent agents associated with customer number 30332.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending

before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 136:**

All documents concerning any communication between (1) Jennifer Meredith or any other person associated with the prosecution of the Asserted Patents and (2) Darius Keyhani, Anya Engel, Frances Stephenson, and/or any other attorney, paralegal, or assistant associated with the Masabi litigation that reference or concern the Masabi litigation.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 137:**

All documents concerning patent eligibility under 35 U.S.C. § 101 and/or the Masabi litigation provided to Jennifer Meredith or any representative associated with customer number 30332.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 138:**

All documents concerning patent eligibility under 35 U.S.C. § 101 provided to/from Bytemark and/or the inventors of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth

Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 139:**

All documents, provided to/from Bytemark and/or the inventors of the Asserted Patents, concerning the allegations, arguments, and/or § 101 rulings by the Eastern District of Texas and/or Federal Circuit concerning the Masabi litigation.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege. Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 140:**

All documents assessing the materiality of the § 101 rulings in the Masabi litigation to the Asserted Patents.

**OBJECTIONS/RESPONSE:** Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous. Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 141:**

All documents concerning the decision not to submit information regarding § 101 in the Masabi litigation to the United States Patent and Trademark Office during the pendency of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 142:**

All documents concerning whether to submit information arising from the Masabi litigation to the United States Patent and Trademark Office during the pendency of the Asserted Patents.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

**REQUEST FOR PRODUCTION NO. 143:**

All documents concerning the awareness of Jennifer Meredith's or any representative associated with customer number 30332 of the Masabi litigation and/or any rulings and/or orders associated with the Masabi litigation.

**OBJECTIONS/RESPONSE:**  Plaintiff objects to the extent that this request is not relevant. Plaintiff objects to this request to the extent it is vague and ambiguous.  Plaintiff objects to the extent that this request is overly broad and burdensome and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Plaintiff objects to this request to the extent it seeks information protected by the attorney-client privilege or work product privilege.  Plaintiff objects to the extent that Plaintiff's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense is pending before the Court, which found that Defendants did not demonstrate that Plaintiff had engaged in inequitable conduct (Dkt. No. 147).

Dated: June 10, 2022

Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani (DK-9673)
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the following counsel of record are being served with a copy of this

document via electronic mail on this the 10th day of June, 2022:

amoore@mckoolsmith.com

dsochia@mckoolsmith.com

dcawley@mckoolsmith.com

ebeeney@mckoolsmith.com

jpowers@mckoolsmith.com

<u>s/ Scott Draffin</u>
Scott Draffin