UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYTEMARK, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 1:17-CV-01803 (PGG) (JW) |
| § | |
| XEROX CORP., ACS TRANSPORT § | |
| SOLUTIONS, INC., XEROX § | |
| TRANSPORT SOLUTIONS, INC., § | |
| CONDUENT INC., and NEW JERSEY § | |
| TRANSIT CORP., § | |
| § | |
| Defendants. § | |

**MEMORANDUM OF LAW IN SUPPORT OF NJ TRANSIT'S
MOTION TO STAY PENDING THE COURT'S RULING ON ELEVENTH
AMENDMENT IMMUNITY**

NJ Transit is an arm of the State of New Jersey, and not subject to suit under the Eleventh Amendment of the United States Constitution. *Karns v. Shanahan*, 879 F.3d 504 (3rd Cir. 2018) (holding that NJ Transit is an arm of the state of New Jersey and thus immune from suit). As such, NJ Transit has sought leave to file a motion for summary judgment to establish that immunity and dispose of Bytemark's claims against it. Dkt. 170. While that letter request has been pending, Bytemark has propounded more than a dozen requests for production on NJ Transit and recently sought to compel production of numerous other broad categories of documents. Ex. 1 (Bytemark's Fourth Set of Requests for Production); Dkt. 175.

Bytemark's efforts to burden NJ Transit with these discovery requests threaten to violate the very purpose of Eleventh Amendment immunity. Immunity is an "entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal [immunity] question." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982) (explaining that discovery should not be allowed before immunity defenses are resolved). *Harlow* and *Mitchell* make clear that the defense is meant to give the government and its officials a right, not merely to avoid "standing trial," but also to avoid the burdens of "such pretrial matters as discovery . . . as 'inquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell*, 472 U.S. at 526 (quoting *Harlow*, 457 U.S. at 817).

As such, the Supreme Court has commanded that "until [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (quoting *Harlow*, 457 U.S. at 818). NJ Transit thus asks that the Court stay discovery until this Court, or if necessary, the Second Circuit, resolves NJ Transit's request for summary judgment.[1]

---

[1] If an Eleventh Amendment claim is denied, the sovereign party is entitled to an immediate interlocutory appeal. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993). "And during an interlocutory appeal from the denial of an eleventh amendment claim, the

A stay is all the more appropriate here given the likelihood that NJ Transit prevails on its requested motion for summary judgment. *See, e.g.*, *Love v. Grashorn*, 21-CV-02502-RM-NRN, 2022 WL 1642496, at *3 (D. Colo. May 24, 2022) ("[S]ome courts have also adopted a 'preliminary peek' approach in deciding whether to stay a case pending resolution of a dispositive motion. This involves considering the potential merits of the dispositive motion and assessing the likelihood the motion to dismiss will be granted."); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000) (granting motion to stay and stating the court should "take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted."). In *Karns*, the Third Circuit expressly analyzed NJ Transit's status under the Eleventh Amendment and concluded that NJ Transit is an arm of the state of New Jersey and thus immune from suit. 879 F.3d at 519.

The Second Circuit applies similar factors to the Third Circuit in analyzing an entity's entitlement to Eleventh Amendment protections as an arm of a state. *Compare Karns*, 879 F.3d at 513 (considering "(1) whether the payment of the judgment would come from the state; (2) what status the entity has under state law; and (3) what degree of autonomy the entity has.") *with Walker v. City of Waterbury*, 253 F. App'x 58, 60–61 (2d Cir. 2007) ("[W]hether an entity is an arm of the State depends on six factors: (1) how it is referred to in its documents of origin, (2) how its governing members are appointed, (3) how it is funded, (4) whether its function is traditionally one of local or state government, '(5) whether the state has a veto power over the entity's actions, and (6) whether the entity's financial obligations are binding upon the state.'") (quoting *McGinty v. New York*, 251 F.3d 84, 95–96)). Each factor weighs in favor of finding that NJ Transit is an

---

trial court should stay all further proceedings." *Bell A.-Delaware, Inc. v. Glob. NAPS S., Inc.*, 77 F. Supp. 2d 492 (D. Del. 1999) (citing *Goshtasby v. Board of Trustees*, 123 F.3d 427 (7th Cir. 1997)).

arm of the state. Dkt. 170 at 2–4 (analyzing NJ Transit's status under the Second Circuit's factors). As such, NJ Transit is likely to prevail on its requested motion for summary judgment and the Court should stay any proceedings as to NJ Transit until that motion is fully resolved.

Dated:  July 15, 2022                    Respectfully submitted,

                                          */s/ Ashley N. Moore*
Ashley N. Moore (admitted *pro hac vice*)
amoore@mckoolsmith.com
David Sochia (admitted *pro hac vice*)
dsochia@mckoolsmith.com
Douglas A. Cawley (admitted *pro hac vice*)
dcawley@mckoolsmith.com
Jonathan Powers (admitted *pro hac vice*)
jpowers@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Facsimile: (214) 978-4044

Eliza Beeney
ebeeney@mckoolsmith.com
**MCKOOL SMITH, P.C.**
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9424
Facsimile: (212) 402-9444

*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2022, NJ Transit's Motion to Stay was served via ECF on counsel of record at the following email addresses:

dkeyhani@keyhanillc.com
fstephenson@keyhanillc.com
aengel@keyhanillc.com

By: */s/ Ashley N. Moore*
Ashley Moore