# McKool Smith

Jonathan Powers
Direct Dial: (214) 978-4088
jpowers@McKoolSmith.com

300 Crescent Court
Suite 1500
Dallas, TX 75201

Telephone: (214) 978-4000
Facsimile: (214) 978-4044

July 17, 2022

**VIA ECF**

Hon. Paul G. Gardephe
United States District Judge
Thurgood Marshall
United States Courthouse, Courtroom 705
40 Foley Square
New York, NY 10007
Fax: (212) 805-7986

> RE: *Bytemark, Inc. v. Xerox Corp., et al.*, in the United States District Court for the Southern District of New York; Civil Action No. 1:17-cv-01803-PGG — Bytemark's July 8, 2022 Discovery Letter

Dear Judge Gardephe:

I write regarding Bytemark's July 8, 2022, request for a premotion conference (Dkt. 175). In its letter, Bytemark raises myriad issues, many of which it failed to discuss with Defendants before involving the Court. Defendants have spent the week addressing these newly raised complaints, including by responding to Bytemark's Revised Interrogatory No. 17 and providing native replacements for documents that Bytemark thought were illegible.[1]

Only two issues from Bytemark's letter remain: (1) NJ Transit's discovery obligations under the Eleventh Amendment and (2) Conduent's document production in response to Bytemark's Third Set of RFPs. Neither issue requires a motion. Instead, NJ Transit's discovery obligations should be considered in the context of its pending request for leave to move for summary judgment (Dkt. 170) and motion to stay (Dkts. 181 and 184), and Conduent's document production need not be taken up at all.

---

[1] Bytemark first identified these allegedly illegible documents on July 6, 2022, two days before it raised the issue with the Court. Ex. 1 (July 6, 2022 Email from F. Stephenson). Defendants disagree as to the illegibility of most of the documents, but nonetheless produced native versions to avoid wasting the Court's time and resources on these types of issues.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin | Dallas | Houston | Los Angeles | Marshall | New York | Washington, DC**

### NJ Transit's Eleventh Amendment Immunity

NJ Transit is an arm of the state of New Jersey and thus immune from suit in federal court. *Karns v. Shanahan*, 879 F.3d 504 (3rd Cir. 2018). Bytemark disputes this settled proposition based on a misguided notion that the Second Circuit would come out differently than the Third Circuit on NJ Transit's Eleventh Amendment status. So, to establish its immunity from suit here, NJ Transit requested leave to move for summary judgment. Dkt. 170.

Despite that request, Bytemark now asks the Court to force NJ Transit to respond to dozens of categories of document requests and numerous interrogatories. But the Supreme Court has rejected the tactics that Bytemark seeks to employ against NJ Transit here. It has held that NJ Transit's status under the Eleventh Amendment provides it the right not merely to avoid "standing trial," but also to avoid the burdens of "such pretrial matters as discovery . . . as 'inquiries of this kind can be peculiarly disruptive of effective government.'" *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (quoting *Harlow v. Fitzgerald*, 475 U.S. 800, 817 (1982)). It has thus commanded that "until [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991) (quoting *Harlow*, 457 U.S. at 818). Given these pronouncements and Bytemark's insistence on challenging the Third Circuit's holding in *Karns*, NJ Transit has moved to stay Bytemark's claims against it until NJ Transit's proposed motion for summary judgment is fully resolved. Dkts. 181, 184.

Given that motion, there is no need for Bytemark to file a motion to compel separately. The extent of NJ Transit's discovery obligations while its Eleventh Amendment immunity motion are pending can be fully determined in the context of the motion to stay. Under the Southern District of New York's Local Rules, that motion will be fully briefed by August 5, 2022, at the latest. L.R. 6.1(b). Depending on the Court's resolution of that motion (and the letter requesting leave to move for summary judgment), NJ Transit may also need to seek relief via an interlocutory appeal. NJ Transit's status under the Eleventh Amendment is thus more appropriately dealt with in connection with NJ Transit's filings rather than a circuitous route via a potential motion to compel from Bytemark.

Lastly, while not pertinent to any issue that the Court needs to resolve, Defendants feel compelled to respond to Bytemark's misrepresentations regarding the timing of NJ Transit raising the Eleventh Amendment issue. Contrary to Bytemark's claim that "NJ transited waited until now—as the deadline to complete fact discovery approaches—to claim immunity," Dkt. 175 at 2, NJ Transit raised the issue with Bytemark in January, before a scheduling order was ever in place. Specifically, on January 18,[2] counsel for Defendants emailed counsel for Bytemark asking whether Bytemark would agree to dismiss its claims against NJ Transit in light of *Karns*:

---

[2] A week before, on January 11, the Court sustained Bytemark's objections to an opinion from Magistrate Judge Fox and ordered Defendants to respond to six Bytemark Requests for Production by January 19, 2022. Dkt. Before the Court's January 11 order, and NJ Transit's compliance with it on January 19, NJ Transit had produced seven documents during this litigation.

July 17, 2022
Page 3

> "[A]s an arm of the state of New Jersey, NJ Transit is entitled to immunity under the Eleventh Amendment. *See Karns v. Shanahan*, 879 F.3d 504 (3rd Cir. 2018). As such, we intend to ask the Court to dismiss Bytemark's claims against NJ Transit. Judge Gardephe's Individual Rules of Practice require that we let the Court know whether the motion is on the consent of all parties. Please let us know whether Bytemark opposes the motion."

Ex. 2 (January 2022 email thread between counsel for Defendants and counsel for Bytemark). Ten days later, counsel for Bytemark responded, "[w]e disagree with your position and we intend to oppose any such motion, we would be happy to have a meet and confer on this issue next week." *Id.*

The Court then entered a scheduling order for the first time on January 31, 2022, setting a fact discovery deadline of September 29, 2022. Dkt. 159 ¶ 6. Despite that scheduling order, Bytemark waited more than two months before serving any new requests for discovery when, on April 8, it eventually served its Second Set of Interrogatories. NJ Transit thus responded to these interrogatories by asserting its objections based on its Eleventh Amendment immunity and by filing its premotion letter with the Court, requesting leave to move for summary judgment based on Eleventh Amendment immunity. Dkt. 170 (filed May 9, 2022). NJ Transit filed that premotion letter just over three months after the scheduling order was entered, with nearly five months remaining in the discovery window. Moreover, Bytemark's July 8 letter acknowledges that in the parties' meet and confers in May, Defendants have consistently maintained that Bytemark cannot subject NJ Transit to discovery before its status under the Eleventh Amendment is resolved. There is thus no basis for Bytemark's claim that NJ Transit waited until the close of discovery to claim immunity.

### Conduent's Document Production

Bytemark's complaints regarding Conduent's document production[3] are wholly without merit for at least two reasons. **First**, Bytemark has not adequately reviewed Conduent's document productions to date. It now wants to use the threat of a motion to force Conduent to do this work for it. That is improper. To the extent that Bytemark wants to know which documents in Conduent's production contain various information, it can use its interrogatories to request that information, as it has done previously, and to which Conduent has fully responded. But it is not Conduent's responsibility to review and categorize documents in a manner that Bytemark could just as quickly perform itself every time Bytemark asks.

Bytemark's recurring failure to review Conduent's discovery is perhaps best illustrated by recent correspondence between counsel for the parties. On June 28, 2022, counsel for Bytemark emailed counsel for Defendants stating, "Counsel- We have been unable to locate the designated API documentation identified by Mr. Byler [Bytemark's technical consultant] during his

---

[3] Bytemark also complains Conduent's interrogatory responses, but Conduent believes that the response it provided to Bytemark's Revised Interrogatory No. 17 on July 14, 2022, should resolve those concerns.

July 17, 2022
Page 4

inspection, if they have already been produced please identity the Bates numbers for these documents. If they have not been produce [sic] please produce ASAP." Ex. 3. Bytemark served an interrogatory requesting this information, and Conduent identified the document over a month prior:

> **INTERROGATORY NO. 23:**
>
> Identify by Bates number all documents Defendants have produced that are responsive to Plaintiff's **REQUEST NO. 125** for production, which requests "[a]ll documents depicting technical and design specifications and information relating to the operation and maintenance of the Accused Systems."
>
> **RESPONSE:**
>
> Conduent objects to this interrogatory as overly broad and unduly burdensome insofar as it calls for information as readily ascertainable by Bytemark as it is to Conduent. Subject to and without waiving the foregoing objections, Conduent responds as follows:
>
> Pursuant to Rule 33(d), Conduent identifies at least the following documents as potentially responsive to this interrogatory: NJT0001292–1380.

Ex. 4 (Conduent's Objections and Responses to Bytemark's Second Set of Interrogatories) at 13.

Now Bytemark wants to use this same gambit more broadly and without needing to serve interrogatories. Conduent has already produced documents responsive to many of the categories of documents that Bytemark lists in its letter. For other categories of documents, Conduent continues to search for and produce documents.

**Second**, Bytemark's position that Conduent must complete its document production two and a half months before the close of discovery is belied by its conduct in this litigation. In May, Defendants served Bytemark 61 requests for production. On June 10, 2022, Bytemark committed to "produce documents as they are located" for dozens of these requests. To date, Bytemark has not produced a single document. In fact, **Bytemark has not produced a single document since the Court entered the scheduling order on January 31, 2022**. To the extent Bytemark wishes to set an earlier deadline than September 29, 2022, for the parties to substantially complete document production, Conduent is amenable to that request. But it must be reciprocal.

\* \* \*

For the reasons set forth above, Defendants believe that a motion to compel as to NJ Transit is unnecessary and a waste of the parties' and the Court's resources given NJ Transit's pending

motion to stay (Dkts. 181, 184). And any motion to compel documents as to Conduent is premature, particularly given Bytemark's failure to review Conduent's production to date.

> Respectfully submitted,
>
> **MCKOOL SMITH, P.C.**
>
> */s/ Jonathan Powers*
> **Douglas A. Cawley**
> **David Sochia**
> **Ashley N. Moore**
> **Jonathan Powers**
> **Eliza Beeney**
> 300 Crescent Court, Suite 1500
> Dallas, Texas 75201
> Tel:  (214) 978-4000
> Fax:  (214) 978-4044
> dcawley@mckoolsmith.com
> dsochia@mckoolsmith.com
> amoore@mckoolsmith.com
> jpowers@mckoolsmith.com
> ebeeney@mckoolsmith.com
>
> *Counsel for Defendants*

cc:   Dariush Keyhani, Esq. (via ECF)
      Frances Stephenson, Esq. (via ECF)