IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

BYTEMARK, INC.,

Plaintiff,

v.

XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP.,

Defendants.

Civil Action No. 1:17-cv-01803-PGG-JW

JURY TRIAL DEMANDED

**THIRD PARTY JENNIFER MEREDITH'S REPLY IN SUPPORT OF HER MOTION TO QUASH DEFENDANTS' SUBPOENA AND FOR A PROTECTIVE ORDER**

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I. PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

II. ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

A. Defendants' Subpoena Seeks Irrelevant Information Relating to Defendants' Meritless and Insufficiently Pled Inequitable Conduct Claim. . . . . . . . . . . . . . . . . . 4

B. Defendants' Subpoena Needlessly Threatens Privileged and Protected Information in an Attempt to Salvage Defendants' Futile Claim. . . . . . . . . . . . . . . . . . . . . . . . . .5

C. Defendants' Subpoena Unduly Burdens Meredith with Unreasonable Requests that Amount to Harassment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

III. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

# TABLE OF AUTHORITIES

## Cases

*Bytemark, Inc. v. Masabi Ltd.*,
No. 2:16-cv-00543, 2018 WL 7272023 (E.D. Tex. Nov. 26, 2018). . . . . . . . . . . . . . . . . . .2

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3, 4

*Mackey v. IDT Energy, Inc.*,
No. 19 MISC. 29, 2019 WL 2004280 (S.D.N.Y. May 7, 2019). . . . . . . . . . . . . . . . . . . . . .7

*In re Novartis & Par Antitrust Litig.*,
No. 18 CIV. 4361, 2020 WL 3317203 (S.D.N.Y. June 18, 2020). . . . . . . . . . . . . . . . . . . . 7

*Softview Computer Prod. Corp. v. Haworth, Inc.*,
No. 97 CIV. 8815, 2000 WL 351411 (S.D.N.Y. Mar. 31, 2000). . . . . . . . . . . . . . . . . . . . .6

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
No. 18-CV-5075, 2020 WL 3472597 (S.D.N.Y June 25, 2020). . . . . . . . . . . . . . . . . . . . . .4

## Rules

Fed. R. Civ. P. 26(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1, 8

Fed. R. Civ. P. 26(b)(2)(C)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Fed. R. Civ. P. 45(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Fed. R. Civ. P. 45(d)(3)(A)(iii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Fed. R. Civ. P. 45(d)(3)(A)(iv). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

## I. PRELIMINARY STATEMENT

Third party Jennifer Meredith ("Meredith") submits this Reply in Support of Her Motion to Quash Defendants' Subpoena and for a Protective Order ("Motion to Quash"). Defendants' Response in Opposition to Meredith's Motion to Quash ("Response") fails to refute that Defendants' Subpoena seeks discovery outside the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure and imposes an undue burden on Meredith.

Recognizing that their Subpoena exceeds the permitted scope of discovery, Defendants have already withdrawn almost a third of their document requests outright (Requests Nos. 8–9, 19–21, 23, 26, 28, 29). Response at 9 n.5. And in an attempt to justify their Subpoena, Defendants have now begun to reframe the scope of their remaining requests. For example, Defendants have now limited Request No. 17 to "prior art Meredith reviewed during the prosecution of the patents-in-suit,"[1] Request No. 2 to "prior art documents uncovered *pre*-litigation,"[2] and Request No. 22 to "final versions of [litigation related documents] which were shared with third parties like Masabi and the *Masabi* court."[3] Response at 10.

Despite these concessions, Defendants' Subpoena nevertheless seeks information that is privileged, protected, irrelevant, and not proportional to the needs of this case. And since the requested information falls outside the permitted scope of discovery, Defendants' Subpoena is

[1] In contrast, Request No. 17 reads, "[A]ll Prior art or potential Prior Art obtained, reviewed, or considered by You before, during, or after the prosecution of each Patent-in-Suit or Related Patents."

[2] In contrast, Request No. 2 reads, "Any Document created or discovered in connection with any Prior Art search and/or relating to pre-litigation investigations performed by or on behalf of Bytemark or an Inventor."

[3] In contrast, Request No. 22 reads, "[A]ll Documents relating to any other lawsuits or legal or administrative proceedings of any kind involving the Patents-in-Suit or Related Patents."

unreasonable and unduly burdensome. Accordingly, Meredith's Motion to Quash should be granted pursuant to Rules 26(b)(2)(C)(iii) and 45(d)(3)(A)(iii)–(iv).

Defendants do little to refute that their Subpoena imposes an undue burden, instead addressing and rehashing other issues concerning Plaintiff Bytemark, Inc. ("Bytemark"). Defendants devote a substantial portion of their Response to arguing against Bytemark's Motion to Dismiss Defendants' Counter Claim V and Strike Defendants' Twelfth Affirmative Defense ("Motion to Dismiss"), *see* Response at 4–7, 11–12, and raising issues with Bytemark's document production, *see* Response at 2, 12. Moreover, Defendants use their Response as a pseudo-sur-reply to Bytemark's Motion to Dismiss, presenting the Court with glaring mischaracterizations,[4] factual inaccuracies,[5] and false allegations that particular references were not disclosed to the U.S. Patent and Trademark Office ("PTO").[6]

Because Defendants have failed to refute that their Subpoena exceeds the scope of discovery and imposes an undue burden, Meredith respectfully requests that the Court quash Defendants' Subpoena and issue a protective order.

---

[4] For example, Defendants incorrectly state that "Bytemark now claims . . . 'the district court's notice' of the § 101 ruling had merely 'gotten lost in the mail.'" Response at 5 (citing to Dkt. 163, at 4 n.2). But that footnote reads, in its entirety, "**Even if**, **hypothetically**, the district court's notice had gotten lost in the mail . . . this would not come close to satisfying *Therasense*'s requirement that Bytemark and/or its counsel acted with specific intent to deceive the PTO." Dkt. 163, at 4 n.2 (emphasis added).

[5] For example, Defendants incorrectly state that "the *Masabi* Magistrate Judge" ruled "that the Children Patents should be found invalid under § 101." Response at 5. But the magistrate judge only considered the Parent Patents, U.S. Patent Nos. 8,494,967 and 9,239,993 (the Children Patent applications were pending at the time, their validity was not before the court, and they ultimately issued). *See Bytemark, Inc. v. Masabi Ltd.*, 2:16-cv-543, 2018 WL 7272023 (E.D. Tex. Nov. 26, 2018), *report and recommendation adopted*, 2019 WL 7882728 (E.D. Tex. Feb. 7, 2019), *aff'd*, 792 F. App'x 952 (Fed. Cir. 2020).

[6] For example, Defendants incorrectly state that Bytemark and Meredith did not disclose "references referred to as Cruz, Stanford, and Roldan" to the PTO. Response at 7. But a review of the prosecution history confirms that Bytemark and Meredith did disclose those specific references. *See* Declaration of Jennifer Meredith, ¶¶ 4–12.

## II. ARGUMENT

Defendants' Subpoena is unreasonable and unduly burdensome because it seeks information relating only to Defendants' facially meritless claim of inequitable conduct that Defendants have not sufficiently pled with particularity. Defendants premise their claim of inequitable conduct on the non-disclosure of information, stating that Meredith's knowledge of relevant materials and intent to withhold them from the PTO "is directly at the heart of Defendants' inequitable conduct claims." Response at 3. But in response to each of Defendants' allegations of non-disclosure, Bytemark has already demonstrated its transparency with the PTO and its diligent disclosure of all material information. And rather than abandon their debunked claims of withheld information,[7] Defendants have needlessly attacked Meredith's professional reputation with unfounded accusations of perpetrating fraud on the PTO.

To establish a claim of inequitable conduct premised on the non-disclosure of information, defendants must prove by "clear and convincing evidence" that the applicant "(1) knew of the withheld material information," and "(2) withheld . . . this information with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328–29, 1329 n.5

[7] Defendants regurgitate their baseless argument that the PTO did not have notice of the *Masabi* § 101 rulings while the Children Patents were pending. *See* Response at 4–5. Defendants point to entries in the PTO's electronic file showing the date (February 19, 2020) the PTO entered the § 101 invalidity into its system. But as detailed in Plaintiff's Reply in Support of its Motion to Dismiss (Dkt. #163), the date the PTO entered the notice of the *Masabi* § 101 rulings into its electronic filing system **does not equate** to the date the PTO actually received notice of the rulings from the Eastern District of Texas. This is confirmed by a simple review of the *Bytemark v. Masabi* docket on PACER, which clearly shows that on February 7, 2019, the district court mailed form AO 120 to the Director of the PTO (Civil docket for *Bytemark, Inc. v. Masabi Ltd.*, No. 2:16-cv-00543-JRG-RSP (E.D. Tex.), Dkt. #151). This form clearly states that the Parent Patents have been found invalid under § 101 and the action has been dismissed with prejudice. In their Response, Defendants misrepresent that "six months **after** the Children Patents issued, the ***Masabi* court notified the Patent office that the Parent Patents were invalid**" and that the *Masabi* § 101 rulings were provided to the PTO on February 19, 2020. Response at 4, 5. These misrepresentations are false.

(Fed. Cir. 2009). Moreover, "[t]o plead the 'circumstances' of inequitable conduct with the requisite 'particularity' under Rule 9(b), the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075, 2020 WL 3472597, at *6 (S.D.N.Y. June 25, 2020) (quoting *Exergen Corp.*, 575 F.3d at 1327).

Having failed to allege any set of facts that can support Defendants' allegations of inequitable conduct, Defendants have targeted attorney Meredith in an attempt to salvage their futile claim. And Defendants' Response makes this clear; rather than identifying the specific "who," "what," "when," "where," and "how" of the alleged inequitable conduct, Defendants have subpoenaed Meredith to determine "**whether** Meredith possessed [material information] and **when**, and **what** she did with [the information] once she had [it] (such as **whether** she disclosed them to the [PTO])." Response at 12 (emphasis added). Defendants' continued pursuit of their baseless claim has wasted the time and resources of both the parties and the Court, and Defendants now intend to waste the time and resources of a third party to this case.

Although Defendants would seemingly rather argue further against Bytemark's Motion to Dismiss than respond to Meredith's Motion to Quash, Defendants' facially meritless claim does bear on the reasonableness of Defendants' Subpoena. Given the futility of Defendant's inequitable conduct claim, Defendants' Subpoena seeks irrelevant information, threatens privileged communications and protected work-product, and harasses Meredith with unduly burdensome requests.

### A. Defendants' Subpoena Seeks Irrelevant Information Relating to Defendants' Meritless and Insufficiently Pled Inequitable Conduct Claim.

Because an alleged withholding of material information from the PTO is "the very heart of Defendants' inequitable conduct claims," Response at 9, and Defendants have not—and cannot—

identify any actual non-disclosure, the information requested in Defendants' Subpoena is irrelevant and outside the scope of discovery. With all material information provided to the PTO, Defendants' requests that relate to Meredith's knowledge, intent, possession, or disclosure are simply irrelevant. If, as here, all material information was diligently disclosed to the PTO, **it simply does not matter** what Meredith knew, intended, possessed, or disclosed. And yet that is exactly what Defendants contend their Subpoena is "designed to discover." Response at 9.

Although Defendants have withdrawn several of their document requests outright, many more remain that seek irrelevant information regarding Meredith's knowledge, intent, possession, and disclosure. For example, Defendants' Subpoena commands Meredith to produce "[a]ll Documents related to the Bytemark Litigations that you possessed prior to the issuance of the Patents-in-Suit," (Dkt. #174-2, No. 3); "[a]ll Documents related to Your knowledge of the court decisions finding the Parent Patents invalid," (Dkt. #174-2, No. 4); and "[a]ll Documents related to any disclosure to the USPTO during the prosecution of the Patents-in-Suit of the court decisions finding the Parent Patents invalid," (Dkt. #174-2, No. 5). *See also* Dkt. #174-2, Nos. 6, 11–12, 17–18, 25, 27 (requesting irrelevant documents related to Meredith's knowledge, intent, possession, and disclosure).

Because Defendant's Subpoena seeks irrelevant information relating to Defendants' meritless and insufficiently pled inequitable conduct claim, the Court should quash Defendants' Subpoena.

### B. Defendants' Subpoena Needlessly Threatens Privileged and Protected Information in an Attempt to Salvage Defendants' Futile Claim.

Because Defendants have targeted Bytemark's attorney Meredith in an attempt to salvage their futile claim, Defendants' Subpoena needlessly threatens privileged and protected information. Given the extent of Meredith's work on behalf of Bytemark in prosecuting the

Patents-in-Suit during the pendency of this action, Meredith's compliance with Defendants' subpoena would require her to compromise attorney-client and work-product privileges. And although Defendants correctly note that patent prosecution documents are not afforded sweeping protection, "documents pertaining to the patent application process which were also prepared because of actual or anticipated litigation may be protected by the work-product doctrine." *Softview Computer Prod. Corp. v. Haworth, Inc.*, No. 97 Civ. 8815, 2000 WL 351411, at *5 (S.D.N.Y. Mar. 31, 2000). Here, Meredith prosecuted the Patents-in-Suit not just in anticipation of litigation but during the very pendency of this lawsuit.

Contrary to Defendants' assertion, Meredith does not contend that "her relevant knowledge would be entirely protected by the attorney-client privilege or work-product doctrine." Response at 10. Rather, much of Meredith's relevant knowledge is available publicly or duplicative of information already requested of Bytemark. But the tedious process of identifying and asserting privileged and protected information bears on the reasonableness of Defendants' Subpoena, and Meredith's compliance would burden her with making these nuanced decisions—an undue burden in light of Defendants' futile inequitable conduct claim. Accordingly, the Court should quash Defendants' Subpoena.

**C. Defendants' Subpoena Unduly Burdens Meredith with Unreasonable Requests and Amounts to Harassment.**

Because Defendants make unreasonable requests for non-discoverable information while recklessly attacking Meredith's professional reputation, Defendants' Subpoena unduly burdens Meredith and amounts to harassment.

Defendants make the outlandish argument that serving process on Meredith somehow ameliorates the burdensomeness of Defendants' Subpoena. But to determine whether undue burden exists, courts consider "such factors as relevance, the need of the party for the documents,

the breadth of the document, the time period covered by it, the particularity with which the documents are described[,] . . . the burden imposed," and "the expense or inconvenience that compliance would cause." *In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 4361, 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020) (quoting *Mackey v. IDT Energy, Inc.*, No. 19 MISC. 29, 2019 WL 2004280, at *3 (S.D.N.Y. May 7, 2019)). And "[s]erving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Third parties need not surrender their constitutional right to due process so that they may later challenge the burden a subpoena imposes.

Once again, Defendants attempt to smear the reputation of an attorney and officer of the court with unfounded allegations, accusing Meredith of "avoiding service" and "making every effort to increase the burden for Conduent and Xerox." Response at 13–14. Like Defendants' false accusations of inequitable conduct, the facts simply do not support Defendants' serious—and reckless—accusations. Meredith did not evade service; she was served—at her home address. Meredith Decl. ¶ 13. Defendants make the conclusory leap that, because the process server was unsuccessful on his first attempt to deliver Defendants' Subpoena, "Meredith refused to answer the door." Response at 13. But the process server merely stated that "[t]here were cars in the driveway" (Meredith owns multiple cars) and "there are [sic] people inside of the house" (Meredith's children live in the house). Dkt #178-7, ¶ 4; *see also* Meredith Decl. ¶ 13. Two days later, when Meredith heard the process server knock, she answered, and the process server effected service. *See* Dkt #178-7, ¶ 5.

That Defendants must comply with the Federal Rules of Civil Procedure in no way affects the undue burden imposed by Defendants' Subpoena. Even after Defendants' concessions, Defendants' subpoena still seeks irrelevant, publicly available, duplicative, privileged, and protected information, as discussed above. Defendants' subpoena commands Meredith to respond

to twenty-one broad categories of requests described with only minimal particularity. And the significant burden imposed on Meredith is grossly disproportional to the needs of the case given Defendants' facially meritless and insufficiently pled inequitable conduct claim.

## III. CONCLUSION

For the foregoing reasons, Meredith respectfully requests that the Court quash Defendants' Subpoena. Furthermore, Meredith asks that the Court issue a protective order barring Defendants from continuing their baseless attacks on Meredith's professional reputation. Bytemark has repeatedly demonstrated its transparency and diligent disclosure of all material information to the PTO, and allowing Defendants to continue pursuing their Subpoena premised on their meritless claim amounts to harassment of Meredith. In the alternative, Meredith asks that the Court modify Defendants' Subpoena so that the discovery sought is within the scope of Rule 26(b)(1) and shift the costs associated with Meredith's compliance to Defendants.

Dated: July 19, 2022

Respectfully submitted,

/s/ Dariush Keyhani
Dariush Keyhani
Keyhani LLC
1050 30th Street NW
Washington, DC 20007
Telephone: (202) 748-8950
Fax: (202) 318-8958
dkeyhani@keyhanillc.com
*Attorneys for Jennifer Meredith*