## KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com
_____

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

July 20, 2022

**<u>VIA ECF</u>**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

      RE:      *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-KNF, Discovery Dispute

Dear Judge Gardephe:

      Plaintiff Bytemark, Inc. ("Bytemark") writes this letter to respond to Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc. (collectively, the "Xerox Entities"), Conduent, Inc. ("Conduent"), and New Jersey Transit Corp. ("NJ Transit") (collectively, "Defendants")'s July 17, 2022, letter and to follow up on the July 19, 2022, conference call with the Court.

      In their July 17th letter, Defendants incorrectly state that they have addressed all but two of the issues raised in Bytemark's July 8, 2022, letter. But Defendants have not rectified the issues. Defendants have yet to produce a complete version of the highly relevant 2018 contract between NJ Transit and Defendants.[1] Bytemark respectfully requests that the Court compel Defendants to provide a complete, legible copy of the 2018 contract with all attached exhibits.

      Likewise, Conduent has not provided precise responses to Bytemark's Interrogatories Nos. 16, 21, and Stipulated Revised Interrogatory No. 17. Rather, Conduent's responses include the following problematic language: "**at least** the following documents [are] potentially responsive" (emphasis added). Defendants' "at least" disclaimer renders their responses useless. Bytemark asks that the Court compel Conduent to identify **all** documents produced that it believes are responsive to

---

[1] Conduent produced five identical copies of the 2018 contract—with every even-numbered page missing. There are approximately 120 pages missing from this document.

the Requests identified in Bytemark's Interrogatories Nos. 16, 21, and Stipulated Revised Interrogatory No. 17.[2]

As detailed in Bytemark's July 8th letter, Defendants have not produced any documents responsive to several of Bytemark's Requests.  Defendants confirm this in their July 17th letter.[3]  Bytemark requests that the Court compel Defendants to produce information and documents responsive to Bytemark's Requests Nos. 67, 78, 81, 88, 100–04, and 107–08 or advise Bytemark that Defendant does not have responsive documents.

The issues regarding NJ Transit's unilateral decision to halt all discovery have not been remedied.  NJ Transit has no reason to shirk its discovery obligation at this time, and it is unlikely to be found an arm of the state under Second Circuit law (*see* Dkt. No. 171).  Accordingly, Bytemark respectfully requests an Order compelling NJ Transit to respond to Plaintiff's Second Set of Interrogatories and produce information and documents responsive to Plaintiff's Third Set of Requests for Production.

Finally, as discussed on the July 19th conference call, Bytemark reiterates its opposition to NJ Transit's Motion to Stay Pending the Court's Ruling on Eleventh Amendment Immunity (Dkt. # 181).  If the Court is inclined to grant NJ Transit leave to file motion for summary judgment, Bytemark requests a period during which to obtain discovery specific to the Eleventh Amendment issue of at least sixty days and up to ninety days—provided that NJ Transit **immediately** produces documents and information responsive to Bytemark's discovery requests during that time.

Very Truly Yours,

*/s/ Dariush Keyhani*

Dariush Keyhani

Served on Defendants' counsel of record via CM/ECF.

---

[2] In the context of Bytemark's trade secret misappropriation claim, this clarification is particularly important, for example, in Stipulated Revised Interrogatory No. 17, where Bytemark asks: "Identify by Bates number all documents Defendants have produced that are documents and communications shared between Bytemark and Defendants."

[3] In their July 17th letter, Defendants state, "Conduent has already produced documents responsive to many of the categories of documents that Bytemark lists in its letter.  For other categories of documents, Conduent continues to search for and produce documents."  Conduent has not produced any additional documents since its June 21, 2022, supplemental production.

2