UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BYTEMARK, INC.,

                      Plaintiff,

           -against-

XEROX CORP., ACS TRANSPORT SOLUTIONS, INC., XEROX TRANSPORT SOLUTIONS, INC., CONDUENT INC., and NEW JERSEY TRANSIT CORP.,

                      Defendants.

**ORDER**

17 Civ. 1803 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Pending before the Court are:

(1) pre-motion letters regarding Defendant New Jersey Transit's proposed motion for summary judgment based on Eleventh Amendment immunity (Dkt. Nos. 170-71) and Defendant New Jersey Transit's motion to stay pending the Court's ruling on its Eleventh Amendment immunity (Dkt. Nos. 181, 184);

(2) submissions regarding Plaintiff's motion to quash Defendants' third-party subpoena (Dkt. Nos. 173-74, 178, 186) and Defendant Xerox's and Conduent's motion to seal Exhibit 3 to their Opposition to Plaintiff's motion to quash (Dkt. No. 179); and

(3) submissions regarding Plaintiff's July 8, 2022 discovery letter (Dkt. Nos. 175-77, 185, 187), including Defendants' motion to strike this letter (Dkt. No. 176).

        Having considered the parties' requests, this Court hereby orders as follows: New Jersey Transit's motion to stay (Dkt. No. 181) is granted, with the exception that discovery on the limited issue of New Jersey Transit's sovereign immunity will be permitted. Discovery on this limited issue shall conclude within 60 days – no later than **September 23, 2022**.

The following briefing schedule will apply to New Jersey Transit's motion for summary judgment:

- New Jersey Transit's motion is due on **October 14, 2022**;
- Plaintiff's opposition papers are due on **November 4, 2022**; and
- New Jersey Transit's reply, if any, is due on **November 11, 2022**.

As to Plaintiff's motion to quash (Dkt. No. 173), this motion is granted to the extent that all discovery relating to Plaintiff's alleged inequitable conduct underlying Defendants' Counterclaim V and Twelfth Affirmative Defense (see Pltf. Motion to Dismiss (Dkt. No. 161)) is stayed pending the Court's decision on Plaintiff's motion at Docket Number 161.

As to Defendants Xerox's and Conduent's motion to seal (Dkt. No. 179), this motion is denied without prejudice. By **July 27, 2022**, Defendants Xerox and Conduent may refile their motion with an attached attorney declaration setting forth the particularized allegations justifying such relief. Defendants' application must be supported by applicable case law, including citations to Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).

As to the remaining discovery issues discussed in Plaintiff's July 8, 2022 Letter (Dkt. No. 175; see also Pltf. July 11, 2022 Ltr. (Dkt. No. 177); Pltf. July 20, 2022 Ltr. (Dkt. No. 187)), the parties are directed to meet and confer to discuss any possible joint resolution of these issues. If the parties are unable to resolve the disputes set forth in these letters, they are to file a jointly composed letter of no more than five pages by **July 28, 2022**. Defendants' motion to strike (Dkt. No. 176) is denied.

The Clerk of Court is directed to terminate the motions at Docket Numbers 170, 173, 175-76, 179, 181.

Dated: New York, New York
       July 21, 2022

                                              SO ORDERED.

                                              _____
                                              Paul G. Gardephe
                                              United States District Judge