# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com
───────────

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

August 30, 2022

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

      RE:    *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-JW, Discovery Dispute

Dear Judge Gardephe:

      Plaintiff Bytemark, Inc. ("Bytemark") submits this letter to the Court to request a pre-motion conference. The parties met and conferred over the phone on August 23, 2022, at 12:00 p.m. for approximately one hour. Dariush Keyhani and Frances Stephenson, representing Plaintiff, and Eliza Beeney and Kaylee Hoffner, representing Defendant New Jersey Transit Corp. ("NJ Transit"), were on the call. The parties have reached an impasse in their discovery dispute, and their respective positions are set forth below.

      The parties met and conferred to discuss the relevance and proportionality of Bytemark's discovery requests. Because of the Court's Order (Dkt. No. 188) for Bytemark to complete discovery related to NJ Transit's Eleventh Amendment defense by September 23, 2022, Bytemark requested that NJ Transit produce documents by the end of August so that Bytemark can prepare for the 30(b)(6) deposition noticed for September 8, 2022. Bytemark also asked that Defendant's counsel advise whether NJ Transit would agree to this timeframe by August 26, 2022—the end of the week.

      On Thursday, August 25, 2022, NJ Transit received a draft of this letter via email. Bytemark again asked whether NJ Transit would agree to produce and, if not, that NJ Transit include its position pursuant to Rule IV(E) of the Court's Individual Rules of Practice. Bytemark also indicated its intent to submit this letter, if necessary, to the Court the following day. On Friday, August 26, 2022, NJ Transit neither confirmed it would produce nor provided its position, instead indicating that it would move to strike this letter if filed that day. Bytemark replied, requesting that NJ Transit provide its position by the following Monday. On Monday, August 29, 2022, NJ Transit again indicated it would move to strike rather than provide its position. Pursuant to Defendant's request, a copy of the parties' email chain is attached.

Bytemark seeks an Order compelling NJ Transit to produce without delay all documents responsive to Plaintiff's Sixth Set of Requests for Production ("RFPs") and to answer Plaintiff's Third Set of Interrogatories. Bytemark's Requests and Interrogatories are all carefully targeted at the particular factors the Second Circuit considers when determining whether an entity is an arm of the state. But NJ Transit challenges the relevancy of these Requests and Interrogatories and has indicated that for most it will not produce or respond.

The Second Circuit applies both the six-factor *Mancuso* and two-factor *Clissuras* tests.[1] *Leitner v. Westchester Cmty. College*, 779 F.3d 130, 137 (2d Cir. 2015). Under Second Circuit law, the most important consideration, reflected in the first *Clissuras* factor and the third and sixth *Mancuso* factors, is "whether a judgment against the entity must be satisfied out of a State's treasury." *Id.* (quoting *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 31 (1994)). Bytemark targeted the majority of its Requests and Interrogatories (Requests Nos. 147–53, 155–56, 163–64, and Interrogatories Nos. 23–26) at the first *Clissuras* factor and the third and sixth *Mancuso* factors—the most important consideration in determining whether NJ Transit is an arm of the state.

Request No. 155, which requests "[a]ll Documents sufficient to evidence all payments by NJ Transit and/or insurers of NJ Transit for the purpose of settling legal actions and/or paying legal judgments from 2012 to the present," No. 164, which requests "[a]ll Documents sufficient to evidence all instances from 2012 to the present where the State of New Jersey paid NJ Transit's debts, liabilities, or financial obligations," and the related Interrogatories Nos. 24–25 are directly relevant to whether the State would be responsible for satisfying a judgment against NJ Transit—the first *Clissuras* factor.

Requests Nos. 148–51, which request "[d]ocuments sufficient to evidence all federal funding," "state funding," "local funding," and "private funding received annually by NJ Transit from 2012 to the present," and Interrogatory No. 26, which instructs NJ Transit to "[i]dentify the annual percentage from 2012 to the present of NJ Transit's overall funding, broken down into federal, state, local, private, and other funds," are directly relevant to how NJ Transit is funded—the third *Mancuso* factor.

Request No. 163, which requests "[a]ll Documents related to the State of New Jersey's legal responsibility to pay NJ Transit's debts, liabilities, or financial obligations," and Interrogatory No. 23, which instructs NJ Transit to "[i]dentify and describe each instance from 2012 to the present where the State of New Jersey assumed responsibility for the debts, liabilities, or financial obligations of NJ Transit," are directly relevant to whether NJ Transit's obligations are binding upon the State—the sixth *Mancuso* factor.

---

[1] The *Mancuso* factors are: "(1) how the entity is referred to in the documents that created it; (2) how the governing members of the entity are appointed; (3) how the entity is funded; (4) whether the entity's function is traditionally one of local or state government; (5) whether the state has a veto power over the entity's actions; and (6) whether the entity's obligations are binding upon the state." *Leitner*, 779 F.3d at 135 (quoting *Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 293 (2d Cir. 1996)). The *Clissuras* factors are: "(1) the extent to which the state would be responsible for satisfying any judgment that might be entered against the defendant entity, and (2) the degree of supervision exercised by the state over the defendant entity." *Id.* (quoting *Clissuras v. City Univ. of N.Y.*, 359 F.3d 79, 82 (2d Cir. 2004)).

Furthermore, several of Bytemark's discovery requests seek information relating to specific arguments already raised by NJ Transit to this Court. For example, in NJ Transit's letter (Dkt. No. 170) requesting a pre-motion conference, NJ Transit argues that, because NJ Transit operates at a deficit, "the practical effect of any judgment against NJ Transit . . . would be the same as a judgment against [New Jersey] itself." Dkt. No. 170 at 4. To challenge this argument, Bytemark has requested discovery related to NJ Transit's budget, deficit, insurance coverage, and investment expenditures. Request No. 147 requests "[a]ll of NJ Transit's annual budgets from 2012 to the present." No. 152 requests "[a]ll Documents sufficient to show NJ Transit's annual revenues, profits, and deficits from 2012 to the present." No. 153 requests "[a]ll Documents sufficient to evidence all insurance coverage NJ Transit maintains for the purpose of paying legal judgments or settlement agreements." And No. 156 requests "[a]ll Documents sufficient to evidence all funds spent annually by NJ Transit on capital investment projects from 2012 to the present."

The remainder of Bytemark's Requests and Interrogatories (Requests Nos. 157–62, 165, and Interrogatories Nos. 27–28) address the second *Clissuras* factor and the fourth and fifth *Mancuso* factors. And again, several of these discovery requests relate to specific arguments raised by NJ Transit in the present case or before the Third Circuit in *Karns v. Shanahan*, 879 F.3d 504, (3d Cir. 2018). In NJ Transit's letter (Dkt. No. 170) requesting a pre-motion conference, NJ Transit cites several state statutes that relate to NJ Transit's autonomy. See Dkt. No. 170 at 3–4. The Third Circuit also cited these statutes, and others, in its analysis of NJ Transit's autonomy. *See Karns*, 879 F.3d at 518. Since the Second Circuit considers "the degree of supervision exercised by the state over the defendant entity," *Clissuras*, 359 F.3d at 82, Bytemark has requested discovery to assess the extent to which the State exercises its control over NJ Transit pursuant to the statutes Defendant cites.

To that end, Requests Nos. 157–60, request "[a]ll Documents sufficient to evidence all instances from 2012 to the present where the New Jersey State Auditor or a legally authorized representative examined the accounts, books, or financial records of NJ Transit," "where the New Jersey Senate has not consented to the New Jersey Governor's selection of a NJ Transit governing board member," "where the New Jersey Governor has vetoed an action taken by NJ Transit's governing board" (Interrogatory No. 27 also relates to the Governor's veto power), and "where the New Jersey Legislature has passed a concurrent resolution pursuant to N.J. Stat. Ann. 27:25-13(h) preventing an acquisition by condemnation proposed by NJ Transit."

Request No. 161, which requests "[d]ocuments sufficient to show NJ Transit's organizational or personnel structure, including but not limited to organization charts, flow charts, and personnel directories," and No. 162, which requests "[d]ocuments sufficient to identify and show the roles and responsibilities of each officer and department within NJ Transit," are directly relevant to NJ Transit's autonomy and the limits of the State's veto power over NJ Transit's actions—the second *Clissuras* factor and the fifth *Mancuso* factor.

Request No. 165, which requests "[d]ocuments sufficient to evidence all instances where NJ Transit purchased or otherwise acquired a private transportation provider or carrier, and the related Interrogatory No. 28 are directly relevant to whether the services provided by NJ Transit as a result of the entities NJ Transit has acquired are traditionally one of local or state government—the fourth *Mancuso* factor.

During the meet and confer, Defendant's counsel reiterated NJ Transit's objections raised in its Responses that Bytemark's discovery requests are overly broad and not relevant. As of today, NJ Transit has produced no documents responsive to the discrete issue of sovereign immunity. And NJ Transit will not commit to producing responsive documents by the end of August—or before the 30(b)(6) deposition noticed for September 8, 2022. Rather, Defendant demands additional meet and confers, delaying and obstructing the discovery process.

Accordingly, Bytemark respectfully requests that the Court compel NJ Transit to produce all documents responsive to Plaintiff's Sixth Set of RFPs, including Requests Nos. 147–53 and 155–65, and to answer Plaintiff's Third Set of Interrogatories, including Interrogatories Nos. 23–28, by Tuesday, September 6, 2022, so that Bytemark can prepare for the 30(b)(6) deposition noticed for September 8, 2022, and have a reasonable opportunity to complete discovery related to NJ Transit's Eleventh Amendment defense by the Court ordered deadline of September 23, 2022.

Very Truly Yours,

/s/ *Dariush Keyhani*

Dariush Keyhani

Served on Defendants' counsel of record via CM/ECF.