# KEYHANI LLC

1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

——————

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

September 19, 2022

**VIA ECF**

Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

> RE:   *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-JW, Joint Letter on the Status of Discovery

Dear Judge Gardephe:

Plaintiff Bytemark, Inc. ("Bytemark") and Defendant New Jersey Transit Corp. ("NJ Transit") submit this joint letter to apprise the Court of the status of discovery on the limited Eleventh Amendment issue.

Bytemark submitted a letter to the Court on August 30, 2022, requesting a pre-motion conference and seeking an order compelling NJ Transit to answer and produce documents responsive to Bytemark's discovery requests. On September 9, 2022, NJ Transit made a production of documents. On September 15, 2022, Bytemark noted in an email to Defendant's counsel that NJ Transit had produced no or very limited documents in response to numerous categories of requests for documents. And on September 16, 2022, Bytemark deposed NJ Transit's 30(b)(6) witness.

Following the deposition, Bytemark again raised the issue that, specifically, Requests Nos. 157–60 and 163–64[1] lacked a meaningful response. Bytemark asked NJ Transit to either confirm that it had no additional responsive documents to produce or commit to supplementing its production with missing documents. NJ Transit confirmed that it produced documents sufficient to fully respond

---

[1] These Requests generally sought the production of "documents sufficient to evidence all instances from 2012 to the present" in which NJ Transit and the State of New Jersey had interacted in various ways.

1

to the identified Requests except Request No. 157[2], further stating that, to the extent that Request No. 157 is relevant, the burden associated with collecting all responsive documents outweighs any probative effect.

In reliance on NJ Transit's representations, Bytemark is satisfied with closing the discovery dispute.  Accordingly, the parties' discovery dispute has been resolved, and the Court's intervention is no longer necessary.

Respectfully submitted,

/s/ *Dariush Keyhani*
Dariush Keyhani

**Memo Endorsed:**  The Clerk of Court is directed to terminate the motion at Docket Number 191.
Dated:  September 28, 2022

SO ORDERED.

Paul G. Gardephe
United States District Judge

Served on Defendants' counsel of record via CM/ECF.

---

[2] This Request sought "All Documents sufficient to evidence all instances from 2012 to the present where the New Jersey State Auditor or a legally authorized representative examined the accounts, books, or financial records of NJ Transit."