KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

April 10, 2026

**VIA ECF**
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 705
New York, NY 10007

RE: *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-JW

Dear Judge Gardephe:

We respectfully submit this joint letter on behalf of Plaintiff Bytemark, Inc. ("Bytemark") and Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. ("NJ Transit") (collectively, "Defendants") to address the issues raised in your March 31, 2026 order (Dkt. # 216).

**The effect of the Patent and Trial Appeal Board decisions on this action**

On August 16, 2023, the Patent and Trial Appeal Board ("PTAB") issued a Final Written Decision in connection with an *inter partes* review of U.S. Patent No. 10,346,764 (the "'764 Patent"), one of the patents Plaintiff asserts in this case. The PTAB had previously denied institution of *inter partes* review of U.S. Patent No. 10,360,567 (the "'567 Patent"), the other patent Plaintiff asserts in this case. The PTAB found claims 1, 2, 9, 10, 15-24 and 26-28 of the '764 Patent to be unpatentable, meaning the only remaining claims are dependent claims 3-8, 11-14 and 25. Accordingly, claims of both asserted patents remain valid and asserted in this case.

With respect to Plaintiff's motion to dismiss Counterclaim V and strike Defendants' Twelfth Affirmative Defense ("Motion"), the parties agree that PTAB decisions have no effect because the IPR decisions did not involve findings relating to the subject matter of the Motion. The parties set out their respective positions on this issue below.

**Plaintiff's position:**

Bytemark had filed its Motion following Defendants' refusal to withdraw their Twelfth Affirmative Defense and Counterclaim V after the Court directed Defendants "to state whether they

agree to dismiss their Twelfth Affirmative Defense and Counterclaim V" following the Court's January 10, 2022 "finding that Defendants did not demonstrate in opposing the motion to amend that Plaintiff had engaged in inequitable conduct (Dkt. No. 147)." Dkt. # 155. Plaintiff maintains its position that Defendants cannot maintain their inequitable conduct defense and counterclaim, as fully set out in its Motion.

**Defendants' position:**

Defendants maintain their position set forth in the parties' joint letter dated January 28, 2022 (Dkt. 158), namely, that they do not agree to dismiss their inequitable conduct defense and counterclaim in light of the Court's January 10, 2022 finding. This is because the Court's finding was with respect to Defendants' opposition to Plaintiff's motion to amend the Complaint. In that context, Defendants bore the burden of proving the futility of Plaintiff's amendment. *Ferring B.V. v. Serenity Pharm., LLC*, No. 17 CIV. 9922, 2019 WL 117316, at *2 (S.D.N.Y. Jan. 7, 2019). But in Plaintiff's Motion, Plaintiff now bears the burden. *See United States v. Portrait of Wally*, 2002 U.S. Dist. LEXIS 6445, 2002 WL 553532, at *4 n.3 (S.D.N.Y. Apr. 12, 2002). And, in that context, the standard is much more favorable to Defendants. *See Salcer v. Enicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), cert. granted and judgment vacated on other grounds, 478 U.S. 1015 (1986) (holding that an affirmative defense should not be stricken "unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense."). The PTAB decisions have no effect on whether Plaintiff can meet its burden in the Motion, and therefore Defendants maintain their position that they do not agree to withdraw their inequitable conduct defense and counterclaim at this juncture.

**Discovery and future motion practice in this case**

Plaintiff filed its July 8, 2022 letter (Dkt. # 175) to address deficiencies in Defendants' discovery and sought an order compelling (1) NJ Transit to respond to Plaintiff's Second Set of Interrogatories, (2) compelling Conduent to fully respond to Plaintiff's Second Set of Interrogatories, and (3) Defendants to produce all information and documents responsive to Plaintiff's Third Set of Requests for Production. These discovery issues have not been resolved and remain pending.

With respect to future motion practice, as discovery resumes and proceeds in the case, the parties will determine the necessity of filing (or seeking leave to file) any motions to compel, or other discovery motions. *See e.g.,* Dkt. 158 at 5 (identifying Defendants' potential discovery motion).

In addition, at the close of fact discovery and expert discovery, the parties will also determine whether they will request leave from the Court to file any dispositive motions with respect to one or more claims asserted in its Third Amended Complaint and Daubert motions in connection with any expert reports. *See e.g.,* Dkt. 158 at 5 (identifying Defendants' potential motions as (1) a motion for judgment on the pleadings that the asserted patents are invalid under 35 U.S.C. § 101, (2) motions for summary judgment of invalidity and non-infringement, and (3) motions for summary judgment regarding Plaintiff's trade secret misappropriation, unfair competition, and unjust enrichment claims).

The parties' necessity for other motions during the course of this litigation, including pretrial motions, will be determined at a time consistent with and in accordance with Case Management Plan and Scheduling Order entered by the Court in this case.

**Prospect for settlement**

At this time, the prospect of settlement is unknown.

Respectfully submitted,

/s/ *Dariush Keyhani*
Dariush Keyhani

Served on Defendants' counsel of record via CM/ECF.