KEYHANI LLC
1050 30th Street NW
Washington, DC 20007
T. 202.748.8950
F. 202.318.8958
www.keyhanillc.com

Direct Email: dkeyhani@keyhanillc.com
Direct Dial: 202.903.0326

May 15, 2026

**VIA ECF**
Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 228
New York, NY 10007

RE: *Bytemark, Inc. v. Xerox Corp. et al.*, 1:17-cv-01803-PGG-JW

Dear Judge Willis:

We respectfully submit this joint letter on behalf of Plaintiff Bytemark, Inc. ("Bytemark") and Defendants Xerox Corp., ACS Transport Solutions, Inc., Xerox Transport Solutions, Inc., Conduent Inc., and New Jersey Transit Corp. ("NJ Transit") (collectively, "Defendants") to address the issues raised in your April 30, 2026, Order (Dkt. # 227).

On August 9, 2022 the Court stayed this case pending its decision on New Jersey Transit's proposed motion for summary judgment on the basis of Eleventh Amendment Immunity (Dkt. # 190). Prior to the stay, Bytemark had sought the Court's assistance in resolving discovery disputes between the parties.[1] The Court lifted the stay on March 30, 2026 after denying New Jersey Transit's motion following the Supreme Court's holding that New Jersey Transit is not entitled to immunity in *Galette v. New Jersey Transit Corp.*, 146 S. Ct. 854 (2026).

Since the stay was lifted, Plaintiff's counsel and Defendants' counsel have worked cooperatively in trying to resolve these issues. The parties had a meet and confer and Defendants agreed in principle to address Plaintiff's outstanding discovery issues including supplementing their interrogatory responses and producing the requested documents and therefore the parties are not currently at an impasse. Should an issue arise that the parties cannot resolve, we will bring it to the Court's attention.

[1] Specifically, with respect to New Jersey Transit, Bytemark sought responses and production in connection with its second and third set of Requests for Production, production of a legible version of the 2018 contract between New Jersey Transit and Defendant Conduent. Plaintiff also sought all Defendants' production in response to Plaintiff's RFPs numbers 67, 78, 81, 88, 100-104, 107-108, production in response to Plaintiff's fourth and fifth sets of RFPs, and Conduent's supplemental responses to its interrogatories Nos. 16, 21, and Stipulated Revised Interrogatory No. 17.

Respectfully submitted,

*/s/ Dariush Keyhani*
Dariush Keyhani

Served on Defendants' counsel of record via CM/ECF.