GT GreenbergTraurig

Elana Araj
Tel 212.801.6566
Elana.Araj@gtlaw.com

September 28, 2026

The Honorable Jennifer E. Willis
United States Magistrate Judge
United States District Court
Southern District of New York
40 Foley Square, Room 228
New York, New York 10007

Re: ***Bytemark, Inc. v. Xerox Corp. et al.*, No. 1:17-cv-01803-PGG-JW (S.D.N.Y)**

Dear Judge Willis:

We represent Defendants in the above-captioned action. Defendants respectfully submit this letter in response to Plaintiff's "status update" and request for a hearing to address discovery issues, set forth in Plaintiff's September 25, 2026 Letter to Your Honor ("Letter").

Plaintiff's Letter misrepresents the case status and the parties' communications. In terms of the schedule, Plaintiff had been silent for months following its submission. Nonetheless, as Defendants have now explained multiple times, they have been collecting documents for production. One such production has already occurred, with others set to roll out imminently. So even if the proposed schedule were adopted, Defendants have been—and will continue to—produce documents in order to substantially complete its production well in advance of the proposed December fact discovery deadline.

In fact, during the parties' most recent meet and confer, on September 24, 2026, Defendants advised that they would be producing documents no later than Monday, September 28, and would continue to do so on a rolling basis, with their document production being substantially complete within three weeks. Consistent with that representation, Defendants produced more than 1,000 pages of documents on Saturday, September 26 and will be producing additional documents this week. This is in addition to the over 15,000 pages of documents that Defendants had previously produced prior to the stay.

Thus, contrary to Plaintiff's Letter, Defendants have not changed their positions, refused to produce the requested discovery, or refused to participate in source-code review. Rather, Defendants have confirmed on multiple occasions that it would be producing documents and supplementing the requested interrogatories. Moreover, despite Plaintiff already having reviewed

Defendants' source code, Defendants agreed to another source-code review. In doing so, Defendants have simply been candid with Plaintiff regarding the internal difficulties arising from the transfer of this matter to new counsel while the case was stayed.

In view of the foregoing, Defendants respectfully submit that Court intervention is neither necessary nor warranted at this time. If, however, the Court is inclined to hold a hearing to address discovery issues, then Defendants respectfully request that the Court also address the following issues with respect to Plaintiff's and third-party discovery:

**Defendants' Request to Inspect the Confidential Information that Forms the Basis of Plaintiff's Trade Secret Claims.** Plaintiff brought this action because it contends that Defendants stole Plaintiff's trade secrets. In the Complaint, Plaintiff alleged that it "is the owner of trade secrets and confidential information relating to the design of applications and technical support systems and back-end management technical support and service of its V3 Ticketing Technology and related systems." Dkt. 1 at ¶ 23. Plaintiff represented that in 2022, it made available for inspection documents that "form the basis of its trade secret claims." Consistent with the parties' agreement to conduct another round of source-code reviews, during the parties' September 18 and September 24 meet and confers, Defendants requested the opportunity to inspect the documents that "form the basis of its trade secret claims." Thus far, Plaintiff has refused this request.

**Plaintiff's failure to meet its obligation under Fed. R. Civ. P. 26(e)(1) to supplement or correct its discovery responses.** Plaintiff has not provided a substantive response to any of Interrogatory Nos. 1-8 and 16 and instead is standing on its objection under Local Civil Rule 33.3(a). But that objection is no longer tenable given the present posture of discovery. This case is well beyond "the commencement of discovery." Defendants have made several document productions, including a significant number of confidential documents detailing the accused product. Indeed, Plaintiff conducted a source code review of the accused product in February 2022. To the extent Plaintiff relies on the Court's January 11, 2022 order for its failure to supplement its Interrogatory Responses, that reliance is misplaced. The Court did not hold that Plaintiff would never be required to answer these Interrogatories. Rather, the Court resolved the issue based on the case then being "in its very early stages." The circumstances underlying that ruling have materially changed, and Plaintiff's rationale for deferring substantive responses therefore no longer applies.

Plaintiff also has not supplemented or corrected its response to Interrogatory No. 15, which seeks a computation of Plaintiff's alleged damages. Local Civil Rule 33.3(a) expressly permits interrogatories seeking "the computation of each category of damage alleged," even at the commencement of discovery. Plaintiff nevertheless provided no damages computation. Plaintiff must therefore serve a complete, supplemental response setting forth its computation for each category of damages claimed, including the amounts sought, the methodology used, and the documents or other evidence on which the computation is based.

**Subpoena to Ms. Jennifer Meredith.** Defendants served a subpoena on Ms. Meredith to obtain discovery related to Defendants' Counterclaim V and Twelfth Affirmative Defense, both directed to Defendants' claim of inequitable conduct. A motion to quash the subpoena was briefed but not decided pending the Court's decision on Plaintiff's Motions to Dismiss and Strike Counterclaim

V and Defendants' 12th Affirmative Defense, respectively. The Court has not yet ruled on these Motions.

In sum, despite Plaintiff's September 25, 2026 Letter, Defendants remain committed to proceeding cooperatively with discovery and believe the parties can work together to address any issues without burdening the Court. However, should the Court decide to proceed with a hearing, then Defendants request that the Court address the above-identified issues with Plaintiff's and third-party discovery.

Respectfully submitted,

Elana Araj

Elana Araj